James A. Patten (ID No. 1191)
**PATTEN, PETERMAN, BEKKEDAHL & GREEN, P.L.L.C**
2817 2nd Avenue North, Ste. 300
Billings, Montana 59101
Telephone: (406) 252-8500
Facsimile: (406) 294-9500

Attorneys for Creditor, Mary Wilkinson

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF MONTANA

| | | |
|---|---|---|
| IN RE: | ) | Case No. 14-61357-7 |
| | ) | |
| JOHN HENRY SCHNEIDER, | ) | **MOTION FOR RELIEF FROM** |
| | ) | **AUTOMATIC STAY** |
| Debtor. | ) | |
| | ) | |

     Mary Wilkinson, by and through her attorney James A. Patten, moves for relief from the Automatic Stay as follows:

     1.     The Debtor, John H. Schneider, filed a Petition for Relief Under Chapter 7 on December 4, 2014. This Motion is filed to permit Mary Wilkinson to adjudicate her claim against the Debtor, and others, which was set for trial on December 8, 2014.

     2.     Mary Wilkinson is a claimant in the above entitled matter and asserts a medical malpractice claim against (i) the Debtor, (ii) John Henry Schneider, Jr. M.D., P.C. a Wyoming Corporation, and (iii) Northern Rockies Neuro-Spine, P.C., a Wyoming Corporation. As of the commencement of this bankruptcy case, Wilkinson's case was pending before the Fifth Judicial District of Wyoming as civil action number 27381 and a trial was set to commence on December 8, 2014.

     3.     The Debtor is an insured under a medical practice insurance policy issued by the Utah Medical Insurance Association, policy number WY040284, with a liability limit of

1

$3,000,000 for each loss and an aggregate limit of $5,000,000. Wilkinson's claim arose during the period of the policy. Wilkinson seeks relief from the Automatic Stay in order to complete the prosecution of her claim against the Debtor, John H. Schneider Jr. M.D. P.C., and Northern Rockies P.C. If this Motion is granted Wilkinson waives claims in this bankruptcy case, will seek no recovery from the Debtor beyond the available insurance coverage, and will not seek payment of her claims from assets of the bankruptcy estate. Any judgment Wilkinson may recover in the State Court action against the Debtor will be asserted only against the benefits payable under the Utah Medical Insurance Association policy.

4. If the stay is not lifted to allow the state court action to be prosecuted against the Debtor, and other defendants, then proceedings must commence in this Bankruptcy Court to liquidate Wilkinson's claim which claim, is covered by the Debtor's applicable insurance. Under 28 U.S. C. §157(5), either the U.S. District Court for the District of Montana or the U.S. District Court for the District of Wyoming will be the applicable court in which to liquidate Wilkinson's claim.

5. Wilkinson agrees that in the event the Utah Medical Insurance Association fails to defend the Debtor, the automatic stay shall be reinstated in full.

6. This Motion is made under 11 U.S.C. §362(d)(1); what constitutes "cause" is determined on a case by case basis. *In re Western Energy, Inc.,* 18 Mont. B.R. 199, 211-12 (Bankr. Mont. 2000). Relief from the stay to allow litigation which is ready for trial is permissible, especially if the debtor uses a bankruptcy filing to delay the trial. *In re Kemble,* 776 F.2d 802, 807 (9th Cir. 1985). Here, Wilkinson seeks to look only to the Debtor's insurer for any recovery against the Debtor. The bankruptcy estate is not implicated by the relief sought. "Cause" exists for modifying the stay.

7. The relief sought hereby does not prejudice or harm interest of the estate or parties in interest in this case. Wilkinson will be prejudiced if the stay remains in effect as it precludes her from recovery for her significant personal injuries.

WHEREFORE the foregoing reasons Mary Wilkinson respectfully requests this Court to modify the Automatic Stay to permit her to continue prosecution of her medical malpractice claim against the Debtor in the Fifth Judicial District of Wyoming, subject to the limitations of her claim set forth above.

SO MOVED this 15th day of January, 2015.

**PATTEN, PETERMAN, BEKKEDAHL & GREEN, PLLC**
2817 2nd Avenue North, Suite 300
Billings, MT 59101

By: /s/ James A. Patten
James A. Patten, Attorney for Mary Wilkinson

3

## NOTICE OF OPPORTUNITY TO RESPOND AND REQUEST A HEARING

**If you object to the application, you must file a written responsive pleading and request a hearing within fourteen (14) days of the date of the notice. The responding party shall schedule the hearing on the application at least 21 days after the date of the response and request for hearing and shall include in the caption of the responsive pleading, the date, time and location of the hearing by inserting in the caption the following:**

**NOTICE OF HEARING**
**Date:**_____
**Time:**_____
**Location:** _____

**If no response and request for hearing are timely filed, the Court may grant the relief requested as a failure to respond by any entity shall be deemed an admission that the relief requested should be granted.**

DATED this 15 day of January, 2015.

**PATTEN, PETERMAN, BEKKEDAHL & GREEN, PLLC**
2817 2nd Avenue North, Suite 300
Billings, MT 59101

By: /s/ James A. Patten
James A. Patten, Attorney for Mary Wilkinson

## CERTIFICATE OF SERVICE

The undersigned hereby certified under penalty of perjury that on the 15 day of January, 2015, a copy of the foregoing pleading was served (1) by electronic means, pursuant to LBR 7005-1, 9013-1(c) and 9036-1 on the parties noted in the Court's ECF transmission facilities.

By: /s/ James A. Patten
For Patten, Peterman, Bekkedahl & Green, PLLC