Joseph V. Womack
**Waller & Womack, P.C.**
Suite 805 US Bank Building
303 North Broadway
Billings, MT 59101
Telephone: (406) 252-7200
Fax: (406) 252-4266
Email: jwomack@jvwlaw.com
Attorney No. 2641

Attorney for Trustee

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In Re: <br> **SCHNEIDER, JOHN HENRY** <br><br> Debtor(s) | Case No. 14-61357-7 |

### TRUSTEE'S MOTION FOR TURNOVER

**COMES NOW**, **JOSEPH V. WOMACK,** Trustee in the above-captioned Bankruptcy case, and per 11 U.S.C. §521(a)(3) and (4) and 11 U.S.C. §542(a), moves this Court for its Order requiring the Debtor to deliver to Trustee the following documents and information:

1. All documents supporting Debtor's Chapter 7 petition for bankruptcy relief as specified on LBF 33, due no later than 14 days prior to the §341 Meeting of Creditors, scheduled for January 23, 2015. Trustee requests additional documents and information as specified below, including but not limited to:

   a. All financial and organization documents for any and all businesses, partnerships, corporations, etc. in which Debtor maintains an interest, or has maintained an interest in the past two years, including but not limited to Articles of Organization, asset/liability statements, profit/loss statements; balance sheets, inventory, accounts receivable, and tax returns for the years 2012 and 2013. Business include but are not limited to the following:

      i. Northern Rockies Neuro-Spine, PC (2012 and 2013 tax returns have been produced to Trustee);
     ii. Northern Rockies Insurance Company;
    iii. Northern Rockies Neuro-Monitoring Medical;
    iv. ONI Ambulatory Surgery Center;
     v. Prime Healthcare Properties;
    vi. Whispering Winds Ranch;
   vii. Schneider Limited Partnership, LLC;
  viii. Schneider Management, LLC;
    ix. John H. Schneider, MD, PC;
     x. Northern Rockies Management Group, Inc.; and
    xi. Northern Rockies Brain and Spine Center, PLLC.

b. All documents for all parcels of real property in which Debtor maintains an interest or has maintained an interest in the past four years in any state, specifically including Montana, Wyoming, and Utah. Properties include business and personal properties and include but are not limited to 3611 Tommy Armour Circle in Billings, Montana; 12735 Hidden Valley Trail in Molt, Montana; and Whispering Winds Ranch in Wyoming.

c. A copy of all insurance policies, including but not limited to E&O Insurance, malpractice insurance, homeowners/property insurance, vehicle insurance, etc., for all business and personal interests and property.

d. A copy of any all bank records Debtor maintains or has access to, or has had access to in the past four years, both business and personal, for the past four years through the date of filing, including but not limited to statements, opening or closing documents, canceled checks and deposits, accounting of cash transactions. Accounts include but are not limited to business and personal bank or credit union checking and savings accounts, brokerage accounts, money market accounts, mutual fund accounts.

Bank statements have been provided as follows:
     i. Personal account (Stockman Bank x1832) – July 17 through October 16, 2014;
    ii. Northern Rockies Neuro-Spine (US Bank x5331) – August 1 through October 31, 2014. Duplicate documents were provided for this account for these dates labeled as NRIC for Northern Rockies Insurance Company but were in fact duplicates of the Northern Rockies Neuro-Spine Account;
   iii. Schneider Limited Partnership (Stockman Bank x1263) – July 3 through September 3, 2014

e. Documentation of any and all transfers in the past four years, of property in which Debtor maintained a full or partial personal or business interest, including but not limited to real property, vehicles, investments, artwork,

  business interests, water/oil/mineral rights or leases, judgments or potential claims, inheritance, etc.

 f. All documents regarding any and all trusts to which Debtor has or may have had a beneficial interest (contingent or vested), operates or has operated as a trustee, and/or Debtor has invested funds into for past four years. Documents requested include but are not limited to the trust documents, any modifications or amendments thereto, any dissolution of trusts or changes to trustee, all financial and bank statements for the past four years, any distributions and accountings for the past four years, any tax returns filed for the past four years, etc. Trusts include but are not limited to the following:

   i. John Schneider Revocable Trust, dated November 20, 2007;
   ii. Michelle Schneider Revocable Trust, dated November 20, 2007;
   iii. Brandon Schneider Benefit Trust dated March 30, 2012;
   iv. Shannon Schneider Benefit Trust dated March 30, 2012;
   v. Caitlin Schneider Benefit Trust, dated March 30, 2012.

 g. Monthly statements for the past four years for any all investment and retirement accounts to which Debtor is currently or was previously a beneficiary or owner thereof within the past four years. Accounts requested include but are not limited to the following:

   i. DA Davidson IRA as scheduled on Schedule B;
   ii. TIAA CREF IRA as scheduled on Schedule B (monthly statement for September 2014 has been produced to Trustee);
   iii. Any and all retirement and investment accounts belonging to Michelle Schneider, Brandon Schneider, Shannon Schneider, and Caitlin Schneider.

 h. Any and all supporting documentation and basis for claims for the breach of contract and E&O claims as scheduled on Schedule B against Org, LLC, Brenda Olsen, and Rocky MT Medical services.

 i. Complaint and Answer and Counterclaim related to the Meridian Surgical Parnets [sic] v. Schneider as scheduled on the Statement of Financial Affairs Paragraph 4.

 j. All financial records, bank statements, expenditures, claim documents, tax returns, and insurance commission documents for the past four years for any and all insurance companies owned or operated by Debtor, or in which Debtor has any interest or has had any interest in the past four years, including but not limited to Northern Rockies Insurance Company.

 k. A complete and itemized listing of "office equipment for NRNS" and "Inventory" as scheduled on Schedule B, including but not limited to

        applicable model or serial numbers, age, date of purchase, perfected secured interests, depreciation taken, and current market value.

   l. A copy of all titles, loan documents, loan status or payoff, registration, insurance, transfer or sale documents, and all original purchase documents any and all vehicles, business or personal, Debtor has an interest in, or has had an interest in the past four years, or which Debtor has purchased or contributed funds or credit to purchase. Vehicles include but are not limited to the following:

      i. 2001 Harley Davidson Motorcycle, VIN 1HD1BMY121Y081295;
      ii. 2005 Trailer, VIN 1W9GH1627YW301348;
      iii. 2006 Boat, VIN USHA88CT1506;
      iv. 2006 Trailer, VIN 5KTBS23216F184618;
      v. 2009 Trailer, VIN 4LAAS242X95047635;
      vi. 2010 Polaris SX5, VIN 4XAZN55A0AA011963;
      vii. 2011 SHAR 6X Trailer, VIN 1S9BE0815B1870855
      viii. 2001 GMC Sienna, VIN 1GTHK29U41E302524;
      ix. 2007 GMC Savanna; VIN 1GDFS15T571158619;
      x. 2008 Trailer, VIN 4H102131180426693;
      xi. 2010 SS2 Quad, VIN L0BBTRGY6A0000171
      xii. 2010 SS2 Quad, VIN L0BBTRGY0A0000263;
      xiii. 2011 GMC Yukon, VIN 1GKS2CE07BR210515;
      xiv. 2009 Hummer, VIN 5GTEN13E698139271;
      xv. 2014 Ford Mustang GT Convertible, VIN 1ZVBP8FF7E5232570;
      xvi. 2006 Hummer, VIN 5GTDN136668251097;
      xvii. 2010 Dodge Viper, VIN 1B3AZ6EZ8AV100051; and
      xviii. 2001 Ford F150, VIN 1FTRW08L51KA90384.

   m. Any and all documents related to claims with Utah Medical Insurance Association ("UMIA"), specifically including but not limited to communication between UMIA, Steve Emery; the law firm of Williams, Porter, Day & Neveille; and the debtor's captive insurance carrier, Northern Rockies Insurance Company, and any combination thereof. Documents requested include but are not limited to correspondence; electronic correspondence; notes; emails; letters; handwritten notes; transcriptions of voicemails, telephone calls or meetings; notes relating to any telephone calls or conferences; any applicable diary, journal, or calendar entries; and any other form of communication or correspondence encompassed in this request.

Documents identified in Form 33 must be turned over to the Trustee 14 days prior to the 341 meeting of creditors. As can be seen from the itemization of documents above the vast majority of documents have not been produced as required by the rule. Trustee also needs the

other documents identified in order to fully review this case in a timely manner and has therefore filed this motion to expedite administration of the case.

DATED this 16th day of January.

WALLER & WOMACK, P.C.

By: /s/ Joseph V. Womack
    Joseph V. Womack
    Ch. 7 Bankruptcy Trustee

### NOTICE OF OPPORTUNITY TO RESPOND AND REQUEST A HEARING

**If you object to this motion you must file a written responsive pleading and request a hearing within fourteen (14) days of the date of filing. The responding party shall schedule the hearing on the motion at least twenty-one (21) days after the date of the response and request for hearing and shall include in the caption of the responsive pleading in bold and conspicuous print the date, time and location of the hearing by inserting in the caption the following:**

**NOTICE OF HEARING**
**Date:** _____
**Time:**_____
**Location:**_____

**If no objections are timely filed, the Court may grant the relief requested as a failure to respond by any entity shall be deemed an admission that the relief requested should be granted.**

DATED this 16th day of January, 2015.

WALLER & WOMACK, P.C.

By: /s/ Joseph V. Womack
    Joseph V. Womack
    Ch. 7 Bankruptcy Trustee

**CERTIFICATE OF SERVICE**

      I, the undersigned, certify under penalty of perjury that on January 16, 2015, or as soon as possible thereafter, a copy of the foregoing Motion for Turnover was served electronically by the Court's ECF notice to all persons/entities requesting special notice or otherwise entitled to the same. In addition service by mailing a true and correct copy, first class mail, postage prepaid, was made to the following persons/entities who are not ECF registered users pursuant to the Court's Order limiting service by mail dated January 15, 2015 (Docket No. 24):

**Debtor:**

John Schneider
3611 Tommy Armour Circle
Billings, MT 59106

**Interested Parties**:

Montana Department of Revenue
ATTN: Kim Davis
PO Box 7701
Helena, MT 59601-7701

Internal Revenue Service
Centralized Insolvency Unit
PO Box 7346
Philadelphia, PA 19101-7346

      By: /s/ Lynsey Lund
           Lynsey Lund
           Legal Asst. to Trustee