| | |
|---|---|
| **From:** | Joe Womack <jwomack@jvwlaw.com> |
| **Sent:** | Wednesday, January 14, 2015 3:20 PM |
| **To:** | Lynsey Lund |
| **Subject:** | FW: Requested documents |
| **Attachments:** | 20150114 Womack to HVD.pdf |

**From:** Harold V. Dye [mailto:hdye@dyemoelaw.com]
**Sent:** Wednesday, January 14, 2015 2:22 PM
**To:** jwomack@jvwlaw.com
**Cc:** Ross Richardson; John Schneider
**Subject:** Requested documents

Joe,

I just got the attached from you.

My understanding is that Ross Richardson was going to be supplying documentation regarding Schneider Limited Partnership.   Since Schneider Management is the general partner of SLP, it may make more sense for him to supply you with this documentation as well.

Harold V. Dye
Dye & Moe, P.L.L.P.
120 Hickory Street; Suite B
Missoula, MT 59801-1820
406-542-5205 fax – 406-721-1616
hdye@dyemoelaw.com
**Board Certified in Consumer Bankruptcy by the American Board of Certification**

This electronic mail transmission is protected by the Electronic Communications Privacy Act, 18 U.S.C. § 2510 et seq., and may not be opened or forwarded without the consent of the named recipient(s).  Also, this electronic mail transmission may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail or by calling Dye & Moe, P.L.L.P., at 1-406-542-5205 so that our address record can be corrected.  Thank you.

# WALLER & WOMACK, P.C.
**Attorneys at Law**
Suite 805 US Bank Building
303 North Broadway
Billings, Montana 59101

**Robert J. Waller**
**Joseph V. Womack**
*Also Licensed in Wyoming*

Telephone: (406) 252-7200
Facsimile: (406) 252-4266
jwomack@jvwlaw.com
llund@jvwlaw.com

January 14, 2015

<u>Via Email (hdye@dyemoelaw.com)</u>
Harold V. Dye
Dye & Moe, PLLP
120 Hickory Street, Ste B
Missoula, MT 59801-1820

      Re:    John Schneider Bankruptcy; Case No. 14-61357-7
                 341 Document Production

Dear Mr. Dye:

    We have reviewed the documentation for the above-referenced bankruptcy in preparation for the §341 meeting of creditors scheduled for January 23, 2015. Several documents are covered by the scope of LBF 33 and were due to our 14 days prior to the 341 meeting. There are additional documents necessary to fully review this case. Please email all of the following documents and information:

a. All financial and organization documents for any and all businesses, partnerships, corporations, etc. in which Debtor maintains an interest, or has maintained an interest in the past two years, including but not limited to Articles of Organization, asset/liability statements, profit/loss statements; balance sheets, inventory, accounts receivable, and tax returns for the years 2012 and 2013. Business include but are not limited to the following:

    i. Northern Rockies Neuro-Spine, PC (2012 and 2013 tax returns have been produced to Trustee);
    ii. Northern Rockies Insurance Company;
    iii. Northern Rockies Neuro-Monitoring Medical;
    iv. ONI Ambulatory Surgery Center;
    v. Prime Healthcare Properties;
    vi. Whispering Winds Ranch;
    vii. Schneider Limited Partnership, LLC;
    viii. Schneider Management, LLC;
    ix. John H. Schneider, MD, PC;
    x. Northern Rockies Management Group, Inc.; and
    xi. Northern Rockies Brain and Spine Center, PLLC.

b. All documents for all parcels of real property in which Debtor maintains an interest or has maintained an interest in the past four years in any state, specifically including Montana, Wyoming, and Utah. Properties include business and personal properties and include but are not limited to 3611 Tommy Armour Circle in Billings, Montana; 12735 Hidden Valley Trail in Molt, Montana; and Whispering Winds Ranch in Wyoming.

c. A copy of all insurance policies, including but not limited to E&O Insurance, malpractice insurance, homeowners/property insurance, vehicle insurance, etc., for all business and personal interests and property.

d. A copy of any all bank records Debtor maintains or has access to, or has had access to in the past four years, both business and personal, for the past four years through the date of filing, including but not limited to statements, opening or closing documents, canceled checks and deposits, accounting of cash transactions. Accounts include but are not limited to business and personal bank or credit union checking and savings accounts, brokerage accounts, money market accounts, mutual fund accounts.

   Bank statements have been provided as follows:

   i. Personal account (Stockman Bank x1832) – July 17 through October 16, 2014;
   ii. Northern Rockies Neuro-Spine (US Bank x5331) – August 1 through October 31, 2014. Duplicate documents were provided for this account for these dates labeled as NRIC for Northern Rockies Insurance Company but were in fact duplicates of the Northern Rockies Neuro-Spine Account;
   iii. Schneider Limited Partnership (Stockman Bank x1263) – July 3 through September 3, 2014

e. Documentation of any and all transfers in the past four years, of property in which Debtor maintained a full or partial personal or business interest, including but not limited to real property, vehicles, investments, artwork, business interests, water/oil/mineral rights or leases, judgments or potential claims, inheritance, etc.

f. All documents regarding any and all trusts to which Debtor has or may have had a beneficial interest (contingent or vested), operates or has operated as a trustee, and/or Debtor has invested funds into for past four years. Documents requested include but are not limited to the trust documents, any modifications or amendments thereto, any dissolution of trusts or changes to trustee, all financial and bank statements for the past four years, any distributions and accountings for the past four years, any tax returns filed for the past four years, etc. Trusts include but are not limited to the following:

      i. John Schneider Revocable Trust, dated November 20, 2007;
      ii. Michelle Schneider Revocable Trust, dated November 20, 2007;
      iii. Brandon Schneider Benefit Trust dated March 30, 2012;
      iv. Shannon Schneider Benefit Trust dated March 30, 2012;
      v. Caitlin Schneider Benefit Trust, dated March 30, 2012.

g. Monthly statements for the past four years for any all investment and retirement accounts to which Debtor is currently or was previously a beneficiary or owner thereof within the past four years. Accounts requested include but are not limited to the following:

      i. DA Davidson IRA as scheduled on Schedule B;
      ii. TIAA CREF IRA as scheduled on Schedule B (monthly statement for September 2014 has been produced to Trustee);
      iii. Any and all retirement and investment accounts belonging to Michelle Schneider, Brandon Schneider, Shannon Schneider, and Caitlin Schneider.

h. Any and all supporting documentation and basis for claims for the breach of contract and E&O claims as scheduled on Schedule B against Org, LLC, Brenda Olsen, and Rocky MT Medical services.

i. Complaint and Answer and Counterclaim related to the Meridian Surgical Parnets [sic] v. Schneider as scheduled on the Statement of Financial Affairs Paragraph 4.

j. All financial records, bank statements, expenditures, claim documents, tax returns, and insurance commission documents for the past four years for any and all insurance companies owned or operated by Debtor, or in which Debtor has any interest or has had any interest in the past four years, including but not limited to Northern Rockies Insurance Company.

k. A complete and itemized listing of "office equipment for NRNS" and "Inventory" as scheduled on Schedule B, including but not limited to applicable model or serial numbers, age, date of purchase, perfected secured interests, depreciation taken, and current market value.

l. A copy of all titles, loan documents, loan status or payoff, registration, insurance, transfer or sale documents, and all original purchase documents any and all vehicles, business or personal, Debtor has an interest in, or has had an interest in the past four years, or which Debtor has purchased or contributed funds or credit to purchase. Vehicles include but are not limited to the following:

 i. 2001 Harley Davidson Motorcycle, VIN 1HD1BMY121Y081295;
 ii. 2005 Trailer, VIN 1W9GH1627YW301348;
 iii. 2006 Boat, VIN USHA88CT1506;
 iv. 2006 Trailer, VIN 5KTBS23216F184618;
 v. 2009 Trailer, VIN 4LAAS242X95047635;
 vi. 2010 Polaris SX5, VIN 4XAZN55A0AA011963;
 vii. 2011 SHAR 6X Trailer, VIN 1S9BE0815B1870855
 viii. 2001 GMC Sienna, VIN 1GTHK29U41E302524;
 ix. 2007 GMC Savanna; VIN 1GDFS15T571158619;
 x. 2008 Trailer, VIN 4H102131180426693;
 xi. 2010 SS2 Quad, VIN L0BBTRGY6A0000171
 xii. 2010 SS2 Quad, VIN L0BBTRGY0A0000263;
 xiii. 2011 GMC Yukon, VIN 1GKS2CE07BR210515;
 xiv. 2009 Hummer, VIN 5GTEN13E698139271;
 xv. 2014 Ford Mustang GT Convertible, VIN 1ZVBP8FF7E5232570;
 xvi. 2006 Hummer, VIN 5GTDN136668251097;
 xvii. 2010 Dodge Viper, VIN 1B3AZ6EZ8AV100051; and
 xviii. 2001 Ford F150, VIN 1FTRW08L51KA90384.

Thank you for your cooperation. If you have any questions, please call or email me or my assistant, Lynsey.

Sincerely,
**WALLER & WOMACK, PC**

Joseph V. Womack
Ch. 7 Bankruptcy Trustee

JVW/ll

cc: John Schneider