## AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| STEPHEN F. EMERY M.D. and BEARTOOTH ORTHOPAEDIC AND SPINE, P.C., JAY WINZENRIED, M.D., ABSAROKA ORTHOPAEDICS, BIG HORN BASIN BONE AND JOINT, LLC, JOHN SCHNEIDER, M.D., SCHNEIDER LIMITED PARTNERSHIP, SCHNEIDER MANAGEMENT, LLC, ANDREW BAKER, and DANIEL MATTSON, <br><br> Claimants, <br><br> vs. <br><br> MERIDIAN SURGICAL PARTNERS, LLC and MERIDIAN SURGICAL PARTNERS – MONTANA, LLC, <br><br> Respondents. | Case No. 65-20-1400-0026 <br><br><br> **PROCEDURAL ORDER NO. 1** |

This case is the result of the consolidation of AAA Case No. 65-193-Y-00026-14 ("the Emery/Winzenried case") and AAA Case No. 65-193-Y-00139-13 ("the Schneider case"). Claimants Baker and Mattson have been added in this consolidated case. A telephonic Preliminary Hearing was held on August 25, 2014. Jim Ragain appeared for the Emery/Winzenried Claimants; John Van Atta appeared for Claimant Mattson; Kenneth Frazier and Burt Hurwitz appeared for the Schneider Claimants and Claimant Baker; Steele Clayton and Taylor Chenery appeared for the Respondents. Kelly Turner participated for the American Arbitration Association. This Procedural Order No. 1 reflects the agreements or orders arising from that Preliminary Hearing and subsequent communications, and it supersedes the Scheduling Orders and Procedural Orders entered in the Emery/Winzenried case and the Schneider case.



As an initial matter, it was agreed that: Claimants will file a Joint Demand for Arbitration by September 8, 2014, which they have done; Respondents will file their Answering Statement and any Counterclaims by September 22, 2014; Claimants will file their Reply to any Counterclaims by September 29, 2014.

1. **CONFLICTS:** Counsel for all parties confirmed that they have no concerns about or challenges to my independence and impartiality based on the information set forth in my disclosures.

2. **APPLICABLE RULES:** The Commercial Arbitration Rules, amended and effective October 1, 2013, will be applied to this arbitration, unless the parties agree otherwise.

3. **JURISDICTION:** Pursuant to paragraph 13.11 of the Operating Agreement of Orthopaedic Neuro Institute Surgical Center, LLC, dated March 4, 2011, and Section 8.3 of the Management Services Agreement dated March 4, 2011, a Joint Demand for Arbitration regarding "All disputes with respect to the interpretation of the provisions" of the agreements, and dated September 8, 2014, was filed by the Claimants, thus consolidating the two previously filed arbitrations into this arbitration. Respondents deny and dispute that the only proper claims in this arbitration are "'with respect to the interpretation of the provisions" of the agreements. Respondent Meridian Surgical Partners, LLC has agreed to be subject to personal jurisdiction in this arbitration but reserves all defenses as to the merits of any claims. Accordingly, any claims asserted by the Claimants and any counterclaims asserted by the Respondents within this arbitration shall be decided in this arbitration proceeding. The parties dispute whether claims asserted by certain Claimants in the United States District Court, District

of Montana, should be subject to this arbitration. A motion to dismiss and compel arbitration and an opposition to the motion have been filed by the affected parties. The parties will advise me when the District Court for Montana rules.

4. **SCHEDULE**: The parties agreed to the following pre-hearing schedule, with which I concur and now so order:

October 6, 2014: Discovery requests to be served

November 3, 2014: Discovery responses to be produced

February 2, 2015: Experts to be identified

March 2, 2015: Expert reports to be exchanged

March 30, 2015: All discovery to be completed

April 6, 2015: Pre-hearing briefs to be provided to Arbitrator and opposing counsel

April 13, 2015: Joint exhibit notebook(s) to be provided to Arbitrator

April 13, 2015, at 10:00 a.m. Central time: Pre-hearing telephonic conference.

April 20-28, 2015: Hearing (5-7 days) (hoping to be complete in five days, however reserving April 27 and 28 should they be necessary).

5. **DISCOVERY/DISCLOSURE:** The only discovery/disclosure permitted in this arbitration shall be limited interrogatories, document production, depositions, and expert reports. The parties shall confer in an effort to agree on the number of interrogatories per party. The Claimants (collectively) may take up to 12 depositions and Respondents (collectively) may take up to 12 depositions, each lasting no more than 7 hours. More depositions may be taken only on good cause shown and fewer depositions are encouraged. Should discovery disputes arise, counsel shall attempt to

resolve the dispute themselves. If that effort is unsuccessful, counsel may send succinct letters to me, with a copy to opposing counsel and the AAA Case Manager, concerning the dispute. Upon receipt of any such letters, I will either schedule a telephonic hearing with counsel or rule on the basis of the letters.

6.  **CONFIDENTIALITY**: The parties have agreed to a protective order in this matter requiring that information produced in discovery or disclosed during the hearing of this matter shall be kept confidential. The parties agree that the Stipulated Protective Order, dated June 2, 2014, and entered in the Schneider case shall apply, control and be valid in this case.

7.  **HEARING LOGISTICS:** The hearing will be held in Minneapolis, Minnesota, at a venue to be arranged by the parties. A joint exhibit 3-ring notebook(s), with index and tabs, containing one copy of each document any party wishes to offer into evidence, in chronological order, shall be submitted to me by April 13, 2015. Any party may elect to have a transcript of the hearing and, if so, shall arrange for a court reporter to be present.

8.  **FORM OF AWARD:** All parties request a reasoned Award, which I will render.

Dated: September 18, 2014

_David A. Ranheim, Arbitrator_