Harold V. Dye
Dye & Moe, P.L.L.P.
120 Hickory Street, Ste. B
Missoula, Montana 59801
406-542-5205
406-721-1616 fax
hdye@dyemoelaw.com
Attorney for Debtor
I.D. Number 408

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF MONTANA

In Re

JOHN HENRY SCHNEIDER,

    Debtor.

Case No. 14-61357

**NOTICE OF HEARING**
**Hearing Date: April 28, 2015**
**Hearing Time: 9:00 a.m.**
**Location: Bighorn Courtroom, United States Courthouse, 2601 2nd Ave North, Billings, Montana**.

## MOTION FOR RECONSIDERATION

Pursuant to Montana LBR 9013-1(g), Debtor requests that the Court reconsider its order for Rule 2004 Examination directed to Greear, Clark, King, P.C. [Doc # 110] on the grounds that it calls for the production of documents privileges by the work product and attorney client privilege.

1

**Memorandum In Support Of Motion**

The Greear law firm was an attorney for Debtor. The Rule 2004 motion and order calls for the production of materials that clearly are subject to attorney client and work product privileges including "all" files and "all" communications concerning Greear's representation of Debtor. The Trustee's position is that he controls Debtor's privileges so he can engage in a fishing expedition thought the attorney's files.[1] However, the Trustee is wrong.

The leading case holding that a bankruptcy trustee succeeds to a *corporate* debtor's power to waive attorney client privilege is *Commodity Futures Trading Com'n v. Weintraub*, 471 U.S. 343, 105 S.Ct. 1986, 85 L.Ed.2d 372 (1985). *Weintraub* held that the bankruptcy trustee of a corporation is analogous to successor management who have traditionally have had the power to waive attorney client privilege, 471 U.S. at 349, and therefore succeeds to management's power to waive the privilege. *Id.* at 354.

---

[1] It should be noted that the Trustee did not follow the correct procedure of requesting court permission to waive attorney client privilege but simply requested an ex parte Rule 2004 order.

*Weintraub* made is explicitly clear that it's holding that a bankruptcy trustee automatically succeeds to management's power to waive privilege does not apply to individual bankruptcy cases such as we have here:

> But our holding today has no bearing on the problem of Individual bankruptcy, which we have no reason to address in this case. As we have stated, a corporation, as an inanimate entity, must act through agents. See *supra*, at 1991. When the corporation is solvent, the agent that controls the corporate Attorney-client privilege is the corporation's management. Under our holding today, this power passes to the trustee Because the trustee's functions are more closely analogous To those of management outside of bankruptcy than are the functions of the debtor's directors. An individual, in contrast, can act for himself; there is no "management" that controls a solvent individual's attorney-client privilege. *If control over that privilege passes to a trustee, it must be under some theory different from the one that we embrace in this case.*

*Id.* at 356-7 (emphasis supplied).

Of couse we have no idea what "different theory" the Trustee would advocate since he has not asked for permission to waive privialge and apparently takes the position that he controls the privilege; can obltain any of Greear's documents that he wants and he wants all of them.

Debtor does not contend that all of the documents are privileged but only that the very broad demand clearly includes privileged materials. The proper procedure here would be to produce non-privileged materials and provide a privilege log as to documents withheld on grounds of privilege. If there remains a dispute the Court can inspect the disputed documents *in*

*camera*. *In re Rice*, 224 B.R. 464, 473 (Bankr. D. Or, 1998)(rejecting trustee's blanket turnover motion for attorney files and directing use of a privilege log procedure). However, it does appear that the Trustee is in need of some guidance from the Court as to the extent of his powers in this area.

 DATED: March 20, 2015.

        DYE & MOE, P.L.L.P.


        */s/ Harold V. Dye*
        Harold V. Dye

## CERTIFICATE OF SERVICE

I, the undersigned certify under penalty of perjury that on March 20, 2015, copies of the foregoing Motion For Reconsideration were served electronically by ECF notice to all persons/ entities requesting special notice or otherwise entitled to same and that in addition service by mailing a true and correct copy, first class mail, postage prepaid, was made to the following persons/ entities who are not ECF registered users

        */s/ Harold V. Dye*
        Harold V. Dye