# Trent Gardner

**From:** Trent Gardner
**Sent:** Wednesday, March 18, 2015 10:00 AM
**To:** 'Harold V. Dye'
**Cc:** jwomack@jvwlaw.com; Jeffrey Tierney; Karen D'Sa
**Subject:** RE: John Schneider Bankruptcy

That's fine.

Trent M. Gardner
Goetz, Baldwin & Geddes, P.C.
35 North Grand 59715
P.O. Box 6580
BOZEMAN, MONTANA 59771-6580
PH. (406) 587-0618
FAX (406) 587-5144

PRIVILEGED AND CONFIDENTIAL--ATTORNEY WORK PRODUCT/ATTORNEY-CLIENT PRIVILEGED COMMUNICATION: This e-mail message is attorney privileged and confidential and is intended solely for the use of the individual(s) named above. If you are not the intended recipient(s), or the person responsible for delivering it to the intended recipient(s), you are hereby advised that any dissemination, copying or distribution of this communication is prohibited. If you have received this e-mail in error, please immediately notify the sender by phone and destroy the original e-mail message.

---

**From:** Harold V. Dye [mailto:hdye@dyemoelaw.com]
**Sent:** Wednesday, March 18, 2015 9:58 AM
**To:** Trent Gardner
**Cc:** John Schneider
**Subject:** RE: John Schneider Bankruptcy

Actually, Trent, I intend to object to the Rule 2004 order and request a hearing pursuant to the LBR. We can work on production of non privaledged documents as the processes progresses.

Sent from my Verizon Wireless 4G LTE Smartphone

-------- Original message --------
From: Trent Gardner
Date:03/18/2015 9:49 AM (GMT-07:00)
To: "Harold V. Dye"
Cc: jwomack@jvwlaw.com, Karen D'Sa , Jeffrey Tierney
Subject: RE: John Schneider Bankruptcy

Van,

1



I agree that there is some conflicting authority. However, I believe in this case the Court would hold that the Trustee can waive the privilege and is entitled to all of the information.

In any event, we can fight about that later if need be. The Court granted my motion for a 2004 exam. I intend to serve the subpoena. In response, you and the Greear Firm can produce the large amount of information that you agree is not privileged. As to anything that you believe is objectionable, the Greear Firm can set that out in a letter pursuant to the rules. Once I see what is produced, I can determine whether we do, indeed, need to go to the Court and argue about the remainder.

Trent

Trent M. Gardner

Goetz, Baldwin & Geddes, P.C.

35 North Grand 59715

P.O. Box 6580

BOZEMAN, MONTANA 59771-6580

PH. (406) 587-0618

FAX (406) 587-5144

PRIVILEGED AND CONFIDENTIAL--ATTORNEY WORK PRODUCT/ATTORNEY-CLIENT PRIVILEGED COMMUNICATION: This e-mail message is attorney privileged and confidential and is intended solely for the use of the individual(s) named above. If you are not the intended recipient(s), or the person responsible for delivering it to the intended recipient(s), you are hereby advised that any dissemination, copying or distribution of this communication is prohibited. If you have received this e-mail in error, please immediately notify the sender by phone and destroy the original e-mail message.

**From:** Harold V. Dye [mailto:hdye@dyemoelaw.com]
**Sent:** Tuesday, March 17, 2015 4:28 PM
**To:** Trent Gardner
**Cc:** jwomack@jvwlaw.com; Karen D'Sa; Jeffrey Tierney
**Subject:** RE: John Schneider Bankruptcy

Trent,

I have done some further research and now feel that it is not at all clear that a Chapter 7 trustee controls an individual debtor's attorney client privilege. Most of the cases involve corporate bankruptcy or individual Chapter 11 cases. There is no controlling authority in the 9th Circuit that I can find. There are a few bankruptcy court level decisions and they point in opposite directions. If you or Joe have any controlling authority, I would appreciate being advised of it.

Quite a bit of what you want is not privileges but it is intermixed with privileged communications ("all communications"). I request that you recast your request to eliminate privileged communications and we will consent to production. Otherwise, you should tee up the issue of whether the trustee can waive attorney client privilege and we can litigate it.

Harold V. Dye

Dye & Moe, P.L.L.P.

120 Hickory Street; Suite B

Missoula, MT 59801-1820

406-542-5205 fax – 406-721-1616

hdye@dyemoelaw.com

**Board Certified in Consumer Bankruptcy by the American Board of Certification**

This electronic mail transmission is protected by the Electronic Communications Privacy Act, 18 U.S.C. § 2510 et seq., and may not be opened or forwarded without the consent of the named recipient(s). Also, this electronic mail transmission may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail or by calling Dye & Moe, P.L.L.P., at 1-406-542-5205 so that our address record can be corrected. Thank you.

**From:** Trent Gardner [mailto:TGardner@Goetzlawfirm.com]
**Sent:** Thursday, March 05, 2015 10:45 AM
**To:** Harold V. Dye

3

**Cc:** jwomack@jvwlaw.com; Karen D'Sa; Jeffrey Tierney
**Subject:** John Schneider Bankruptcy

Van,

As you know, I have been retained to act as counsel for Joseph V. Womack, trustee in the John Henry Schneider bankruptcy. As part of my investigation, I intend to seek copies of Michael Greear's files related to past representation of Mr. Schneider. I believe such files are property of the bankruptcy estate and, as such, the Trustee is entitled to such files. Of course, the simplest way to obtain these files would be for Mr. Schneider to inform Mr. Greear that he consents to the files being provided to the Trustee. Absent such consent, I must file a motion for a 2004 exam and subpoena the documents.

The following is the list of files and documents which I seek:

    a. Complete copies of all files (including electronic copies in native format) related to any legal representation of Debtor John Henry Schneider from January 1, 2007 to the present. This includes, but is not limited to, all communications,[1] documents, pleadings, case files, memoranda, research, and work product;

    b. Copies of all communications (including electronic copies in native format) with John Henry Schneider from January 1, 2007 to the present;

    c. Copies of all communications (including electronic copies in native format) with John Henry Schneider related to Medport, LLC, Schneider Limited Partnership, Schneider Management, LLC, the John Schneider Revocable Trust dated 11/20/2007, the Michelle Schneider Revocable Trust dated 11/20/2007, the Brandon Schneider Benefit Trust dated 3/30/2012, the Caitlin Schneider Benefit Trust dated 3/30/2012, the Shannon Schneider Benefit Trust dated 3/30/2012 and BSC, LLC;

    d. Copies of all files and communications (including electronic copies in native format), related to the formation and operation of Schneider Limited Partnership, but excluding any materials subject to an attorney-client privilege held by a person or entity other than John Henry Schneider;

    e. Copies of all files and communications (including electronic copies in native format), related to the formation and operation of Schneider Management, LLC, but excluding any materials subject to an attorney-client privilege held by a person or entity other than John Henry Schneider;

    f. Copies of all files and communications (including electronic copies in native format), related to the formation and operation of the John Schneider Revocable Trust dated 11/20/2007;

4

g. Copies of all files (including electronic copies in native format), related to the formation and operation of Medport, LLC, but excluding any materials subject to an attorney-client privilege held by a person or entity other than John Henry Schneider;

h. Copies of all files and communications (including electronic copies in native format), related to the formation and operation of the Michelle Schneider Revocable Trust dated 11/20/2007, but excluding any materials subject to an attorney-client privilege held by a person or entity other than John Henry Schneider;

i. Copies of all files and communications (including electronic copies in native format), related to the formation and operation of the Brandon Schneider Benefit Trust dated 3/30/2012, but excluding any materials subject to an attorney-client privilege held by a person or entity other than John Henry Schneider;

j. Copies of all files and communications (including electronic copies in native format), related to the formation and operation of the Caitlin Schneider Benefit Trust dated 3/30/2012, but excluding any materials subject to an attorney-client privilege held by a person or entity other than John Henry Schneider;

k. Copies of all files and communications (including electronic copies in native format), related to the formation and operation of the Shannon Schneider Benefit Trust dated 3/30/2012, but excluding any materials subject to an attorney-client privilege held by a person or entity other than John Henry Schneider; and

l. Copies of all files and communications (including electronic copies in native format), related to the formation and operation of BSC, LLC, but excluding any materials subject to an attorney-client privilege held by a person or entity other than John Henry Schneider.

Please let me know whether your client will consent. If not, please inform me of that fact so that I can proceed with filing the Motion for 2004 exam, in which I will note that you object.

Thanks,

Trent M. Gardner

Goetz, Baldwin & Geddes, P.C.

35 North Grand 59715

P.O. Box 6580

BOZEMAN, MONTANA 59771-6580

PH. (406) 587-0618

FAX (406) 587-5144