James H. Goetz
Robert K. Baldwin
J. Devlan Geddes
Trent M. Gardner
Benjamin J. Alke
Kyle W. Nelson
Jeffrey J. Tierney
Paul S. Burdett

**GOETZ, BALDWIN & GEDDES, P. C.**
**Attorneys at Law**
**35 North Grand (zip 59715)**
**P. O. Box 6580**
**Bozeman, MT 59771-6580**

Telephone
(406) 587-0618
Facsimile
(406) 587-5144
tgardner@goetzlawfirm.com

March 9, 2015

*Via Email & U.S. Mail*
Michael Greear
Greear, Clark, King, P.C.
1112 Robertson Ave.
Worland, WY 82401
c/o jacy@greearclarkking.com

   Re: *In re John Henry Schneider, U.S. Bankruptcy Court for the District of Montana*
     *Case No. 14-61357*

Dear Mr. Greear:

  This firm has been retained by Joseph V. Womack, the Chapter 7 Trustee for the Bankruptcy Estate of John Henry Schneider. I write in my capacity as attorney for the Trustee. I have been informed that your Firm has[1] represented Mr. Schneider in various matters throughout the years. The purpose of this letter is to request copies of the files pertaining to such representation.

  On March 5, 2015, I sent an email to Harold Dye, Mr. Schneider's bankruptcy counsel, informing him that your Firm's files pertaining to representation of Mr. Schneider are property of the bankruptcy estate and that the Trustee is entitled to such files. I provided Mr. Dye with a list of documents that I was requesting and asked if he would consent to you providing such documents. On March 5, 2015, Mr. Dye called to speak with me about that email. Mr. Dye indicated that he agreed that the files were property of the estate and should be provided to the Trustee. I am copying Mr. Dye on this letter to ensure that there is no mistake as to our conversation. I welcome you to contact Mr. Dye directly to discuss this matter.

  The documents I am requesting are those contained in the email to Mr. Dye, attached hereto. I would appreciate it if you would, after consulting with Mr. Dye and confirming his consent, send copies of the requested files and documents to my office.

---

[1] I understand that your Firm's name has recently been changed from Worral & Greear, P.C. to Greear, Clark, King, P.C. As used herein, the term "Firm" refers to both firms.



Michael Greear
March 9, 2015
Page 2

        Should you have any questions or if you would like to discuss this matter, please contact me.

                                          Sincerely,

                                          GOETZ, BALDWIN & GEDDES, P.C.

                                          Trent M. Gardner

TMG:kbd

cc:    Harold Dye

**Karen D'Sa**

**From:** Trent Gardner
**Sent:** Thursday, March 05, 2015 10:45 AM
**To:** Harold V. Dye
**Cc:** jwomack@jvwlaw.com; Karen D'Sa; Jeffrey Tierney
**Subject:** John Schneider Bankruptcy

Van,

As you know, I have been retained to act as counsel for Joseph V. Womack, trustee in the John Henry Schneider bankruptcy. As part of my investigation, I intend to seek copies of Michael Greear's files related to past representation of Mr. Schneider. I believe such files are property of the bankruptcy estate and, as such, the Trustee is entitled to such files. Of course, the simplest way to obtain these files would be for Mr. Schneider to inform Mr. Greear that he consents to the files being provided to the Trustee. Absent such consent, I must file a motion for a 2004 exam and subpoena the documents.

The following is the list of files and documents which I seek:

   a.  Complete copies of all files (including electronic copies in native format) related to any legal representation of Debtor John Henry Schneider from January 1, 2007 to the present. This includes, but is not limited to, all communications,[1] documents, pleadings, case files, memoranda, research, and work product;
   b.  Copies of all communications (including electronic copies in native format) with John Henry Schneider from January 1, 2007 to the present;
   c.  Copies of all communications (including electronic copies in native format) with John Henry Schneider related to Medport, LLC, Schneider Limited Partnership, Schneider Management, LLC, the John Schneider Revocable Trust dated 11/20/2007, the Michelle Schneider Revocable Trust dated 11/20/2007, the Brandon Schneider Benefit Trust dated 3/30/2012, the Caitlin Schneider Benefit Trust dated 3/30/2012, the Shannon Schneider Benefit Trust dated 3/30/2012 and BSC, LLC;
   d.  Copies of all files and communications (including electronic copies in native format), related to the formation and operation of Schneider Limited Partnership, but excluding any materials subject to an attorney-client privilege held by a person or entity other than John Henry Schneider;
   e.  Copies of all files and communications (including electronic copies in native format), related to the formation and operation of Schneider Management, LLC, but excluding any materials subject to an attorney-client privilege held by a person or entity other than John Henry Schneider;
   f.  Copies of all files and communications (including electronic copies in native format), related to the formation and operation of the John Schneider Revocable Trust dated 11/20/2007;
   g.  Copies of all files (including electronic copies in native format), related to the formation and operation of Medport, LLC, but excluding any materials subject to an attorney-client privilege held by a person or entity other than John Henry Schneider;
   h.  Copies of all files and communications (including electronic copies in native format), related to the formation and operation of the Michelle Schneider Revocable Trust dated 11/20/2007, but excluding any materials subject to an attorney-client privilege held by a person or entity other than John Henry Schneider;
   i.  Copies of all files and communications (including electronic copies in native format), related to the formation and operation of the Brandon Schneider Benefit Trust

1

       3/30/2012, but excluding any materials subject to an attorney-client privilege held by a person or entity other than John Henry Schneider;

j. Copies of all files and communications (including electronic copies in native format), related to the formation and operation of the Caitlin Schneider Benefit Trust dated 3/30/2012, but excluding any materials subject to an attorney-client privilege held by a person or entity other than John Henry Schneider;

k. Copies of all files and communications (including electronic copies in native format), related to the formation and operation of the Shannon Schneider Benefit Trust dated 3/30/2012, but excluding any materials subject to an attorney-client privilege held by a person or entity other than John Henry Schneider; and

l. Copies of all files and communications (including electronic copies in native format), related to the formation and operation of BSC, LLC, but excluding any materials subject to an attorney-client privilege held by a person or entity other than John Henry Schneider.

Please let me know whether your client will consent. If not, please inform me of that fact so that I can proceed with filing the Motion for 2004 exam, in which I will note that you object.

Thanks,

Trent M. Gardner
Goetz, Baldwin & Geddes, P.C.
35 North Grand 59715
P.O. Box 6580
BOZEMAN, MONTANA 59771-6580
PH. (406) 587-0618
FAX (406) 587-5144

PRIVILEGED AND CONFIDENTIAL--ATTORNEY WORK PRODUCT/ATTORNEY-CLIENT PRIVILEGED COMMUNICATION: This e-mail message is attorney privileged and confidential and is intended solely for the use of the individual(s) named above. If you are not the intended recipient(s), or the person responsible for delivering it to the intended recipient(s), you are hereby advised that any dissemination, copying or distribution of this communication is prohibited. If you have received this e-mail in error, please immediately notify the sender by phone and destroy the original e-mail message.

---

[1] All requests for "communications" should be construed as including all attachments, enclosures, and other documents transmitted therewith.

2