Trent M. Gardner (I.D. # 7477)
Jeffrey J. Tierney (I.D. # 12989)
**GOETZ, BALDWIN & GEDDES, P.C.**
35 North Grand
P.O. Box 6580
Bozeman, MT  59771-6580
Phone: (406) 587-0618
Fax:   (406) 587-5144
Email: tgardner@goetzlawfirm.com
       jtierney@goetzlawfirm.com

Joseph V. Womack (I.D. # 2641)
**WALLER & WOMACK, P.C.**
303 North Broadway, Suite 805
Billings, Montana 59101
Telephone:  (406) 252-7200
Facsimile: (406) 252-4266
Email: jwomack@jvwlaw.com

Attorneys for Joseph V. Womack, Trustee

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**JOHN HENRY SCHNEIDER**,<br><br>   Debtor. | Case No. 14-61357<br><br>NOTICE OF HEARING<br>Date: April 28, 2015<br>Time: 9:00 a.m.<br>Location: Bighorn Courtroom<br>U.S. Courthouse, 2601 2nd Ave. North<br>Billings, Montana |

RESPONSE TO OBJECTION AND MOTION TO QUASH SUBPOENA

Trustee Joseph V. Womack, as Chapter 7 Trustee for the Bankruptcy Estate

of John Henry Schneider, through counsel, responds to Debtor's Objection and

Motion to Quash Subpoena (Doc. 132).

Debtor advances three grounds for his objection and motion: (1) that the Trustee's subpoena to the Greear firm seeks attorney-client privileged communications, (2) that the subpoena seeks protected work product, and (3) that the subpoena would impose an undue burden and expense on the Greear firm. Stated simply, there is no need to quash or modify the subpoena.  Each objection is without merit, or has already been resolved by the parties' agreement such that further involvement of the Court is not required at this time.

## I.  DEBTOR'S PRIVILEGE AND WORK PRODUCT OBJECTIONS ARE NOT GROUNDS FOR QUASHING.

### A.  The agreement between the Debtor and Trustee alleviates the privilege and work product objections.

As explained in Trustee's Opposition to Debtor's Motion for Reconsideration (Doc. 134), the parties agree that the proper procedure is for the Greear firm to produce all responsive and unprivileged documents, and to produce a log of those documents withheld under a claim of privilege.  Then, the parties can determine whether there is, in fact, a dispute that needs to be resolved by the Court through an *in camera* inspection of any disputed documents.

### B.  Debtor's objection is without merit because the Trustee holds the privilege, any privilege still held by the Debtor is superseded by the crime-fraud exception, and Debtor's objection is unsubstantiated.

As was further explained in Trustee's Opposition to Debtor's Motion for Reconsideration, the Trustee actually holds the privilege and, even if he did not, the email communications with the Greear firm may be excluded from the attorney-

client privilege by the crime-fraud exception. That exception also extends to work product. *See In re Grand Jury Proceedings*, 867 F.2d 539 (9th Cir. 1989).

In any case, Debtor has made no particularized showing of what might be protected, and why. Debtor's blanket objection is particularly problematic with respect to alleged work product, which extends only to materials prepared "in anticipation of litigation[,]" *U.S. v. Richey*, 532 F.3d 559, 567 (9th Cir. 2011), a category that would exclude much of the business organization and estate planning work Greear is supposed to have done.[1] Greear cannot be excused from responding to the subpoena based on Debtor's general and unsubstantiated assertions. Instead, as agreed, Greear should produce a privilege log so any claims of privilege or work product protection can be meaningfully examined.

### III. DEBTOR'S UNDUE BURDEN AND EXPENSE OBJECTION IS NOT GROUNDS FOR QUASHING.

#### A. Debtor lacks standing to object based on undue burden or expense to a non-party.

Debtor's third objection (undue burden and expense) actually belongs to the subpoenaed party, and Debtor lacks standing to raise it. "In the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness." *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2nd Cir. 1975). Thus, because the burden of compliance is personal to the subpoenaed party, it is universally held that:

---

[1] Alternatively, if Debtor contends that his elaborate web of entities and transactions was constructed in anticipation of this litigation, it is an effective admission that counsel assisted Debtor in a scheme to defraud creditors and that the crime-fraud exception applies.

> A party's objection that the subpoena issued to the non-party seeks irrelevant information or imposes an undue burden on the non-party are not grounds on which a party has standing to move to quash a subpoena issued to a non-party, especially when the non-party, itself, has not objected.

*G.K. Las Vegas Ltd. P'ship v. Simon Prop. Grp., Inc.*, No. 2:04-cv-01199-DAE-GWF, 2007 WL 119148 (D. Nev. Jan. 9, 2007) (unreported) (citing *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636–37 (C.D. Cal. 2005).

B.  **Debtor's objection is unsubstantiated and without merit.**

Even if Debtor had standing to object based on undue burden, such an objection must be supported by a particularized showing based on "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996). Debtor's bald invocation of the undue burden rule is facially insufficient, and in any event, a few hours of time to respond to a subpoena does not constitute undue burden or expense.

DATED this 2nd day of April, 2015.

                GOETZ, BALDWIN & GEDDES, P.C.

                By: */s/Trent M. Gardner*
                Trent M. Gardner/Jeffrey J. Tierney
                Attorneys for Trustee Joseph V. Womack

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies under penalty of perjury that on April 2, 2015, a copy of the foregoing pleading was served (i) by electronic means pursuant to LBR 9013-1(d)(2) on the parties noted in the Court's ECF transmission facilities and/or (ii) by mail on the following parties: None.

                                                  */s/Trent M. Gardner*
                                                  Trent M. Gardner
                                                  Attorneys for Trustee Joseph V. Womack