Joseph V. Womack
**Waller & Womack, P.C.**
Suite 805 US Bank Building
303 North Broadway
Billings, MT 59101
Telephone: (406) 252-7200
Fax: (406) 252-4266
Email: jwomack@jvwlaw.com
Attorney No. 2641

Attorney for Trustee

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In Re: | |
| **SCHNEIDER, JOHN HENRY** | Case No.  14-61357-7 |
| Debtor(s) | |

### NOTICE OF INTENT TO SELL PROPERTY

**COMES NOW** Joseph V. Womack, Trustee in the above-captioned matter, and hereby moves this Court pursuant to 11 U.S.C. §363(b) to sell property of the bankruptcy estate and states as follows:

1.      This case is a voluntary Chapter 7 case commenced on December 4, 2014.

2.      As of the commencement of this case, Debtor was a party to an insurance contract with Utah Medical Insurance Association ("UMIA"), policy no. WYO40284, with policy limits of $3,000,000.00 for each loss and an aggregate limit of $5,000,000.00. The termination date of the policy was December 16, 2008. The policy contains a provision in Section VI, General Rules, which provides: "we will not settle any medical professional liability claim against you without your consent" ("Consent to Settle"). The power to consent to the settlement of any

medical professional liability claim is an asset of the bankruptcy estate. *Olah v. Baird (In re Baird),* 567 F.3d 1207, 1213 (10th Cir. 2009). Generally, a debtor's rights in an insurance policy are considered property of the bankruptcy estate. *The Minoco Group of Companies, Ltd. v. First State Underwriters Agency of New England Reins. Corp (In Re The Minoco Group of Companies, Ltd.)*, 799 F. 2d 517, 519 (9th Cir. 1986).

3.    Trustee has negotiated a sale of the Bankruptcy Estate's Consent to Settle power. The sale is to Mary Wilkinson for the sum of $5,000.00. Wilkinson asserts a medical malpractice claim against the Debtor which is covered by the UMIA insurance coverage.

4.    The automatic stay has been lifted to permit Wilkinson to proceed with her Wyoming state court medical malpractice claim, looking solely to the UMIA coverage as a source of payment of her claim.

5.    Trustee has determined that a sale of the Consent to Settle is in the best interest of the Bankruptcy Estate in that it is a property with little value to anyone, save Wilkinson. Wilkinson was ready, prepared, and able to try her medical malpractice claim against the Debtor which trial was stayed only through the bankruptcy filing on the eve of trial. Wilkinson has demonstrated that she will go to trial without regard to the Consent to Settle.

**WHEREFORE**, Trustee prays that the Court make its Order authorizing the sale of the "Consent to Settle" provisions of the UMIA Insurance policy to Mary Wilkinson for the sum of $5,000.00.

**DATED** this 3rd day of April, 2015.

WALLER & WOMACK, P.C.


By: /s/ Joseph V. Womack
        Joseph V. Womack
        Attorney for Trustee

## NOTICE OF OPPORTUNITY TO RESPOND
## AND REQUEST A HEARING

**If you object to this sale, you must file a written responsive pleading and request a hearing within fourteen (14) days of the date of the filing. The responding party shall schedule the hearing on the motion at least twenty-one (21) days after the date of the response and request for hearing and shall include in the caption of the responsive pleading in bold and conspicuous print the date, time and location of the hearing by inserting in the caption the following:**

### NOTICE OF HEARING

Date: _____

Time:_____

Location:_____

**If no objections are timely filed, the Court may grant the relief requested as a failure to respond by any entity shall be deemed an admission that the relief requested should be granted.**

**DATED** this 3rd day of April, 2015.

WALLER & WOMACK, P.C.

By: /s/ Joseph V. Womack_____

Joseph V. Womack

Attorney for Trustee

## CERTIFICATE OF SERVICE

I, the undersigned, certify under penalty of perjury that on this April 3, 2015, or as soon as possible thereafter, a copy of the foregoing was served electronically by the Court's ECF notice to all persons/entities requesting special notice or otherwise entitled to the same. In addition service by mailing a true and correct copy, first class mail, postage prepaid, was made to the following persons/entities who are not ECF registered users pursuant to the Court's Order limiting service by mail dated January 15, 2015 (Docket No. 24):

**Debtor:**
John Schneider
3611 Tommy Armour Circle
Billings, MT 59106

**Interested Parties**:
Creditor Mailing Matrix

By: /s/ Lynsey Lund_____

Lynsey Lund

Legal Asst. to Trustee