Laurence Stinson
Stinson Law Group, P.C.
1421 Rumsey Avenue
Cody, Wyoming 82414
(307) 587-0300
Fax: (307) 527-6092
laurence@stinsonlawyers.com
Attorney number 4521

Attorney for Emery, Winzenried
& Big Horn Basin Bone and Joint, LLC

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In Re: <br><br> **SCHNEIDER, JOHN HENRY** <br><br><br> Debtor(s) | Case No. 14-61357-7 |

### MOTION TO MODIFY STAY; AND NOTICE

Dr. Steve Emery, Dr. Jay Winzenried, and Big Horn Basin Bone and Joint, LLC (with Dr. Frank Schmidt as its member)(hereinafter "Wyoming Doctors") pursuant to 11 USC §362(d) seek relief, if applicable, from an automatic stay in order to continue to prosecute an arbitration proceeding, Case No. 65-20-1400-0026, before the American Arbitration Association. In support of this motion, the Wyoming Doctors respectfully represent the following:

1

1. On February 6, 2014, the Wyoming Doctors filed a Demand for Arbitration. Exhibit 1, attachments omitted. The arbitration alleged Meridian Surgical Partners (hereinafter "MSP"), and its subsidiaries failed to fulfill duties and caused harm to the Wyoming Doctors. Debtor John Schneider was not a party to that action.

2. Contemporaneously Debtor John Schneider was involved in arbitration with MSP, which did not name or involve the Wyoming Doctors.

3. On or before September 8, 2014, the Wyoming Doctors and the Debtor agreed to consolidate their cases and a joint claim was filed. Exhibit 2, attachments omitted.

4. Thereafter, on December 4, 2014, Debtor filed a petition in this Court seeking protection under Chapter 7 of the Bankruptcy Code. [Doc. #1].

5. On March 31, 2015 Meridian Surgical Partners – Montana, LLC and Meridian Surgical Partners, LLC, (herein jointly "MSP") sought relief from the automatic stay. [Doc. #129]. In that motion, MSP labeled itself as "Creditors." The motion is entirely directed to claims MSP has against the Debtor.

6. On the same day, March 31, 2015, the Bankruptcy Trustee Joseph Womack issued "Trustee's Consent to Motion to Modify Stay" [Doc

#131] that, by its language, addresses the claims between the MSP, as "Creditors" as identified in its Motion, and the Debtor. The Consent does not address the claims of the Wyoming Doctors or other claimants in the arbitration. The Consent [ Doc #131 ] states in ¶ 2 that the hearing on the Creditors [meaning MSP] claims shall not occur prior to March 1, 2016. By its plain language this means the hearing wherein MSP alleges claims against Dr. Schneider, the debtor. At the very least, this is how the Wyoming Doctors understand Documents #129 and 131. Counsel for the Wyoming Doctors received this Consent [Doc #131] via email in the arbitration matter and not from the Trustee or the Court.

7. While no direct stay has been issued against the Wyoming Doctors, the arbitration has been delayed and placed in an uncertain posture given the automatic stay of Debtor that precludes his involvement of the arbitration matter. It is unclear whether the bankruptcy court intended to stay the claims solely of Dr. Schneider or the claims of other arbitration parties as well. The Wyoming Doctors submit the latter would be prejudicial.

8. Given that the Debtor and/or the bankruptcy estate need to obtain counsel to prosecute the claims of Debtor in the arbitration, the

potential for prolonged delay exists. Likewise Creditor hearings remain pending.

9. The initial arbitration scheduling order had arbitration scheduled for March 2015, then April 2015, and then tentatively June 2015.

10. The timing of the arbitration is extremely concerning to the Wyoming Doctors. Along with Mr. Mattson and Mr. Baker, the Wyoming Doctors comprise the minority owners of the ONI Surgery Center, whose mismanagement lies at the heart of the arbitration dispute. The Wyoming Doctors are not able to weather long delays because they a.) continue to service the debt of the OMNI surgical complex which is not open and not earning income; and b.) they are currently involved in litigation with Plaintiff Western Security Bank who seeks nearly a million dollars in recovery from the Wyoming Doctors for the funding of the surgical center. The Wyoming Doctors have alleged it is MSP who is responsible for this debt. Arbitration will directly address this substantive issue.

11. Delay is extremely prejudicial to the Wyoming Doctors and the entire point of arbitration was to avoid delay.

12. This motion is brought pursuant to 11 USC §362(d). Section 362(d)(1) of the Bankruptcy Code permits a bankruptcy court to

terminate, annul, modify, or condition the stay for "cause." *In re R.J. Groover Const., L.L.C.,* 411 B.R. 460, 463 (Bankr. S.D. Ga. 2008) "Cause" for granting relief from the stay may exist if the equities in a particular case dictate that a lawsuit, or some other similar pending action, should proceed in a forum other than the bankruptcy court for the purpose of liquidating the claim on which the lawsuit is premised. *In re Marvin Johnson's Auto Serv., Inc.*, 192 B.R. 1008, 1013 (Bankr. N.D. Ala. 1996).

13. The Wyoming Doctors submit they have valid cause for this Court to lift or modify the automatic stay, assuming the stay applies to them. In support of their *Motion for Relief from Automatic Stay* and/or sever Dr. Schneider, the Wyoming Doctors submit that:

    a. The initial arbitration between the Wyoming Doctors and MSP did not include Dr. Schneider.

    b. Dr. Schneider is not an indispensable party to the arbitration and the Schneider entity claims are not indispensable to the Wyoming Doctors' claims.

    c. The outcome of the arbitration between the Wyoming Doctors and MSP is not binding on the Debtor and the Debtor is not prejudiced by allowing the litigation to go forward. The

contrary is in fact true. The arbitration decision on the claims of the Wyoming Doctors will likely provide guidance for Debtor and his counsel as to how Debtor's claims would be received.

d. While efficiency is valued, such efficiency is outweighed by the prejudice to the Wyoming Doctors who will incur thousands of dollars of continuing debt in servicing a surgery center that has yet to open. Further, the Wyoming Doctors may be required to pay Western Security Bank in advance of an arbitration ruling if they lose the pending motion to stay the litigation in Federal Court.

e. The bankruptcy estate is not implicated by the relief sought. The relief does not prejudice or harm the interest of the estate or Debtor in this case.

f. If the date of arbitration (March 1, 2016) set forth in the Trustee's Consent [Doc #131] becomes effective by an Order from this Court, the Wyoming Doctors (and presumably Mr. Mattson) will be prejudiced due to extensive delay. Per several prior scheduling conferences, the parties absent Debtor could

      schedule and have this matter heard this year; probably in the late summer or early fall.

14. The undersigned advises that, in an effort to seek clarification, he placed a call to he bankruptcy trustee office on April 13, 2015 and April 15, 2015 and left a message. On the second call, the undersigned was advised that the bankruptcy trustee is out of the office for a family matter.

15. For the reasons set forth herein, the Wyoming Doctors will move the arbitrator to sever the Schneider parties from existing arbitration.

Wherefore, the Wyoming Doctors respectfully request this Court advise if it takes the position that the automatic stay applies to the arbitration claims of the Wyoming Doctors (which claims are not against Debtor); if so, consent to lifting/removal of the automatic stay as against the claims of the Wyoming Doctors; and, possibly alternatively, advise of any objection to the severing of Debtor John Schneider from the arbitration and returning the Debtor to the arbitration posture he held before filing for bankruptcy protection.

## NOTICE OF OPPORTUNITY TO RESPOND AND REQUEST A HEARING

**If you object to the motion, you must file a written responsive pleading and request a hearing within fourteen (14) days of the date of the motion. The objecting party shall schedule the hearing and shall include in the caption of the responsive pleading**

7

in bold and conspicuous print the date, time and location of the hearing by inserting in the caption the following:

**NOTICE OF HEARING**
**Date:** _____
**Time:** _____
**Location:** _____

**This contested matter shall be scheduled for hearing for the next hearing date scheduled in the division within which the case is filed. The date, time and location of the hearing can be obtained from the Clerk of Court or from the Court's website at www.mtb.uscourt.gov. In the event such scheduled hearing date is thirty (30) days beyond the filing date of the motion for relief, then a preliminary hearing within such thirty (30) day period shall be scheduled by the responding party after such party contacts the Clerk of Court to confirm the preliminary telephone hearing date and time, which shall be set forth in the response.**

**If you fail to file a written response to the above Motion to Modify Stay with the particularity required by Mont. LBR 4001-1(c), and request a hearing, within fourteen (14) days of the date of this Notice, with service on the undersigned and all parties entitled to service under all applicable rules, then your failure to respond or to request a hearing will be deemed an admission that the motion for relief should be granted without further notice or hearing.**

DATED this 15th day of April, 2015.

**STINSON LAW GROUP, P.C.**

By: /s/ Laurence W. Stinson
Laurence W. Stinson
Attorney for Emery, Winzenried, and
Big Horn Basin Bone & Joint, LLC

## **CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify under penalty of perjury that on the 15th day of April, 2015 a copy of the foregoing was serviced by electronic means pursuant to LBR 9013-1(c) on the parties noted on the Court's ECF transmission facilities and to the following via U.S. mail, postage prepaid:

John Henry Schneider
3611 Tommy Armour Circle
Billings, MT 59106

By: /s/ Maria Rissell
 Maria Rissell