Doug James
MOULTON BELLINGHAM PC
Suite 1900, Crowne Plaza
P. O. Box 2559
Billings, Montana 59103-2559
Telephone: (406) 248-7731
Doug.James@moultonbellingham.com

    Attorneys for Meridian Surgical Partners
    Montana, LLC and Meridian Surgical Partners, LLC

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| IN RE:<br><br>JOHN HENRY SCHNEIDER,<br><br>                           Debtor. | Case No. 14-61357-7<br><br>**OBJECTION**<br>**NOTICE OF HEARING**<br><br>**Date:      June 23, 2015**<br>**Time:     9:00 a.m.**<br>**Location:  James F. Battin**<br>             **U.S. Courthouse**<br>             **2619 2nd Avenue N.**<br>             **Billings, Montana** |

      Meridian Surgical Partners – Montana, LLC and Meridian Surgical Partners, LLC (collectively "Meridian") respectfully object to the Motion to Modify Stay of Dr. Steve Emory, Dr. Jay Winzenried, and Big Horn Basin Bone and Joint, LLC (with Dr. Frank Schmidt as its Member) collectively, "Wyoming Doctors" [Docket No. 147], for the following reasons:

      1.     The Doctor's motion does not comply with the requirements of Montana Local Bankruptcy Rule 4001-1 and Montana Local Bankruptcy Form 8.

2. The Wyoming Doctors seek relief from the Automatic Stay in order to continue prosecuting Case No. 65-20-1400-0026 before the American Arbitration Association. The Claimants in the foregoing Arbitration include the Debtor John Schneider, M.D., and certain related entities, Schneider Limited Partnership, Schneider Management, LLC. Dr. Schneider filed a Chapter 7 Bankruptcy Case on December 4, 2014. Accordingly, Dr. Schneider's Claim in the above-referenced Arbitration Proceeding became an asset of his Bankruptcy Estate. Debtor's Schedule B (Personal Property), Item 21, lists a claim against Meridian valued at $15,000,000.

Presumably, the Wyoming Doctors are seeking relief from the Automatic Stay in order to petition the American Arbitration Association to bifurcate and sever the Bankruptcy Estate's claims and although unclear, apparently Meridian's claims against Dr. Schneider, from those of the Wyoming Doctors. Bifurcation would severely prejudice Meridian, significantly increase the cost and complexity of this litigation and very easily result in inconsistent rulings on the Bankruptcy Estate's claims, Meridian's claims and the Doctors' claims.

The Bankruptcy Court should deny the Wyoming Doctors' Motion for Relief from the Automatic Stay because:

A. Dr. John Schneider is not only a claimant in the Arbitration Proceeding, he is a key witness and an indispensable party. Parties will seek to take the deposition of Dr. Schneider and will require his attendance at the Arbitration Hearing. In a separate pleading, Dr. Schneider acknowledged that his involvement in the Arbitration Proceeding is critical. Dr. Schneider argued:

> The Debtor is also a critical witness in an Arbitration proceeding pending before the America Arbitration Association (Meridian Surgical Partners v. Schneider; Case No. 62 193 Y 139 13) which could result in a recovery of millions of dollars to the Estate.

See Docket No. 41, p. 2.

      B.    The Wyoming Doctors as well as the other Claimants in the Arbitration Proceeding (including the Bankruptcy Estate) have asserted claims against Meridian. As a result, Meridian filed certain counterclaims including claims against Dr. John Schneider. See Meridian's Answering Statement and Counterclaims to Claimant's Second Joint Demand for Arbitration, attached hereto as Exhibit "A". Thus, even if the Wyoming Doctors' Motion to Bifurcate the Claims of Dr. John Schneider against Meridian from the pending Arbitration Proceeding was successful, Dr. Schneider would remain an indispensable party because he would remain a Counterclaim Defendant. In connection therewith, Meridian filed a Motion to Modify the Automatic Stay [Docket No. 129]. The Bankruptcy Trustee consented to Meridian's motion [Docket No. 131]. On April 20, 2015, the Bankruptcy Court entered an Order granting Meridian relief from the Automatic Stay in order to continue prosecuting its counterclaims against Dr. Schneider [Docket No. 152]. The Wyoming Doctors did not object to Meridian's Motion to Modify the Automatic Stay or the Trustee's Qualified Consent. The Trustee consented to Meridian's Motion to Modify the Automatic Stay, provided that no discovery take place before May 15, 2015, and provided that the Hearing and/or Trial not be held before March 1, 2016. The Trustee's Consent and the Court's Order granting Meridian's Motion to Modify Stay [Docket No. 152] allows the Arbitration to move forward in a

timely and efficient manner with all parties present that are essential to resolving the dispute between all parties, including Dr. Schneider, and without legal prejudice to any party to the arbitration.

C. The above referenced Arbitration Proceeding involves the efforts of Dr. John Schneider and the Claimants to create a neurological surgical center that was going to be located in Billings, Montana. It would be highly inefficient and prejudicial to bifurcate Dr. Schneider's claims (the Bankruptcy Estate's claims) from the remainder of the Arbitration Proceeding. The Debtor's claims are inextricably interwoven with the claims of the entities he created (Schneider Limited Partnership and Schneider Management, LLC), the claims of Meridian, the Doctors' claims against Meridian and Meridian's defenses to the claims of the Bankruptcy Estate and the Doctors' claims. If the Wyoming Doctors are successful in bifurcating Dr. Schneider's claim, the result would be two separate Arbitration Hearings that would involve the same transaction, the same facts, the same witnesses, the same documents and the same legal claims and defenses, as well as legal issues. Bifurcation would significantly increase the cost of litigation and create the very real possibility of inconsistent rulings.

D. If the Wyoming Doctors seek to bifurcate not only Dr. Schneider's claims against Meridian, but also Meridian's Counterclaim against Dr. Schneider. Meridian's defense to the claims asserted by the Wyoming Doctors is based upon the wrongful conduct of Dr. Schneider. Accordingly, Dr. Schneider is a necessary party to the Arbitration. Accordingly, Meridian would be severely prejudiced if Dr. Schneider's claim is bifurcated and Meridian's claim against Dr. Schneider is bifurcated.

E. Bifurcation is not necessary. The Trustee has agreed to allow the Arbitration to proceed in a timely manner in accordance with a schedule that is satisfactory to the Trustee. The Wyoming Doctors did not object to the Trustee's Qualified Consent that set forth the Trustee's proposed litigation schedule. As such, the Wyoming Doctors should not now be allowed to advance their bifurcation motion in order to obtain an alternative litigation schedule.

WHEREFORE, Meridian Surgical Partners – Montana, LLC and Meridian Surgical Partners, LLC respectfully pray that the Court denies the Wyoming Doctors' Motion for Relief from the Automatic Stay.

DATED this 27th day of April, 2015.

MOULTON BELLINGHAM PC


By /s/ Doug James
    DOUG JAMES
Suite 1900, Crowne Plaza
P. O. Box 2559
Billings, Montana 59103-2559

Attorneys for Meridian Surgical Partners
Montana, LLC and Meridian Surgical
Partners, LLC

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify under penalty of perjury that on the 27th day of April, 2015, a copy of the foregoing was served by (1) electronic means pursuant to LBR 9013-1(c) on the parties noted in the Court's ECF transmission facilities and to the following via U.S. mail, postage prepaid from Billings, Montana:

John Henry Schneider
3611 Tommy Armour Circle
Billings, MT 59106

        MOULTON BELLINGHAM PC

        /s/ Doug James
        DOUG JAMES

4815-9714-7171, v. 5