## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (this "Agreement") is made this 22nd day of July, 2015, by and between Kathleen T. Burrows ("Burrows"), with a mailing address of 15836 Astral St, Chino Hills, California 91709-2858, and Joseph V. Womack, as Trustee (the "Trustee") of the Chapter 7 bankruptcy estate of John Henry Schneider, Debtor, in the United States Bankruptcy Court for the District of Montana, Case No. 14-61357 (the "Estate"), with a mailing address of 303 North Broadway, Billings, Montana, 59101. Burrows, Trustee and Estate are hereinafter sometimes singularly referred to as a "Party" and collectively as the "Parties".

### RECITALS:

The background of this Agreement is as follows:

A. Trustee filed an adversary proceeding in the Bankruptcy Case, against Burrows, for the purpose of recovering sums received from Burrows' sale of a property in Molt, Montana (the "Molt Property"), which had been transferred to her by Debtor (Burrows' brother), as a fraudulent transfer, which is filed as Adversary Proceeding # 15-00008-RBK (the "Molt AP").

B. Trustee filed an adversary proceeding in the Bankruptcy Case, against Burrows and various other entities and individuals, alleging various claims against Burrows for her alleged role in Debtor's attempts to hide assets, which is filed as Adversary Proceeding # 15-00015-RBK (the "Alter Ego AP").

C. Burrows may have certain claims against the Debtor and/or Estate.

B. Burrows and the Trustee desire to finally compromise, settle and resolve all claims between and amongst them, subject to and upon the terms and conditions provided in this Agreement.

### AGREEMENT AND RELEASE:

Now, therefore, for valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties do hereby agree as follows:

1. **Incorporation of Recitals.** The foregoing recitals are true and correct, and are hereby incorporated into and made a part of this Agreement.

2. **Terms.** The Parties agree to settle all claims as follows:

    a. Burrows will pay to Trustee the sum of SEVENTY-FIVE THOUSAND DOLLARS ($75,000);

    b. Burrows shall release any and all claims against Trustee, the Estate and property of the Estate;

SETTLEMENT AGREEMENT       Page 1 of 3



    c. Trustee, on behalf of the Estate, shall release any and all claims against Burrows and shall dismiss the Molt AP with prejudice, and the claims in the Alter Ego AP against Burrows, with prejudice as to Burrows; and

    d. Burrows will fully cooperate with the Trustee's ongoing pursuit of claims on behalf of the Estate. Such cooperation shall include: 1. Providing all documents and materials in her possession related to Debtor, Debtor's affiliated entities, or Debtor's activities related to Debtor's Ch. 7 bankruptcy case, to the Trustee; and 2. making herself available, without a subpoena, to provide full and truthful testimony, such testimony to be given via video conference, if possible, at Trustee's expense, whether via deposition, affidavit, or trial and hearing testimony, in actions related to the Estate. This covenant of cooperation is ongoing and survives execution and Bankruptcy Court approval of this Agreement.

3.     Mutual Release of Claims by Burrows, the Trustee, and Estate. The parties hereto acknowledge and agree that, upon Court approval of this Agreement, all parties shall have no claims against the other parties, excepting only the obligations to fulfill this Agreement. In consideration of the terms and covenants contained in this Agreement, each of the parties hereby fully and forever acquit, release, and discharge the other parties and any and all of their past, present or future representatives, officers, directors, stock holders, members, partners, predecessors, successors, assigns, agents, subsidiaries, affiliates, member companies, employees and attorneys, of and from all past, present or future actions, causes of action, claims, cross-claims, counterclaims or other claims, demands, obligations, rights, damages, costs, loss of services, expenses and compensation (including, without limitation, any and all known and unknown injuries, property damages and all other types of damages, including attorney's fees and punitive damages), whether based on a tort, contract, or other theory of recovery ("Claims"), which each of the parties may now have, whether asserted or unasserted, known or unknown, foreseen or unforeseen, existing or which may arise in the future, as to the other parties, excepting any claims related to performance of this Agreement.

4.     Approval of Bankruptcy Court. The Parties acknowledge that the performance of this Agreement is contingent on approval of the Bankruptcy Court. Upon execution of this Agreement, Trustee shall diligently pursue approval from the Bankruptcy Court of this Agreement, and the Parties shall fully cooperate in such efforts. The Parties shall be bound by the terms of this Agreement unless the Bankruptcy Court fails to approve this Agreement, in which event this Agreement shall become null and void. All Parties agree that the Bankruptcy Court shall have jurisdiction to enforce this Agreement.

5.     Consent, Consultation with Counsel, and Authority. By signing, each Party represents and warrants that the Party has carefully read this Agreement, that the Party's respective attorneys have explained the contents of this Agreement, and that each Party signs this Agreement voluntarily, intending to be legally bound thereby. Each individual executing this Agreement on behalf of another entity represents and warrants that the individual has full power and authority to bind the entity to the Agreement.

6.     Attorney Fees. If any Party substantially defaults in his/her or its performance

hereunder and the other party employs an attorney because of such default, the defaulting Party agrees to pay, on demand, all costs, charges and expenses, including reasonable attorney and paralegal fees and costs, incurred at any time by the other Party because of the default.

7. Entire Agreement. This Agreement sets forth the entire agreement between the Parties, and the terms of this Agreement. Any and all prior writings, oral discussions, negotiations, or understandings are superseded by this Agreement.

8. Severability. If any portion of this Agreement is held to be void or unenforceable, the balance of this Agreement shall nevertheless be effective and enforceable, unless doing so materially vitiates the purpose of this Agreement.

9. Governing Law. This Agreement shall be governed by, and construed in accordance with, the laws of the State of Montana.

10. Facsimiles and Counterparts. This Agreement may be executed in two or more counterparts, whether by original or facsimile signature, each of which shall be deemed an original but all of which together shall be one and the same instrument.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of the dates set forth below.

Dated: July 22, 2015.

Kathleen T. Burrows

Trustee

Dated: July 22, 2015.

Joseph V. Womack, as Trustee of the Chapter 7 bankruptcy estate of John Henry Schneider, Debtor, in the United States Bankruptcy Court for the District of Montana, Case No. 14-61357