Joseph V. Womack
**Waller & Womack, P.C.**
Suite 805 US Bank Building
303 North Broadway
Billings, MT 59101
Telephone: (406) 252-7200
Fax: (406) 252-4266
Email: jwomack@jvwlaw.com
Attorney No. 2641

Attorney for Trustee

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In Re: **SCHNEIDER, JOHN HENRY** Debtor(s) | Case No. 14-61357-7 |

### NOTICE OF INTENT TO ABANDON AND DESTROY PROPERTY

**TO:   THE UNITED STATES TRUSTEE, DEBTOR(S), AND PARTIES IN INTEREST:**

Notice pursuant to 11 U.S.C. 554(a) is hereby given that the Trustee of the above-named Debtor's estate intends to abandon the following property as burdensome and of inconsequential value to the estate:

**Description of Property:**

Fifteen boxes of reports and paperwork from
Northern Rockies Neuro Spine ("NRNS")

Upon Trustee's request for specific documentation regarding Debtor's business entity, Debtor had several boxes of documents delivered to Trustee without notification. Trustee and his staff have reviewed the documents contained in these boxes, the majority of which was irrelevant to the bankruptcy estate and Trustee's requests. The documents produced include: 2009 - 2013 NRNS deposits, payroll, accounts payable, accounts receivable, receipts, bills and invoices, daily office banking reports, office procedures, advertising, insurance documents, licensing information, contracts, billing, and medical litigation expert witness documents. Debtor then delivered additional boxes of NRNS files to Trustee. Out of the many pages produced in said

boxes, only a couple hundred pages were possibly relevant and Trustee has made copies of those documents.

### Scheduled or Estimated Value:

The property has not been appraised but the value of all the records appears to be of nominal value for the reason that all of the records are older and of no value to the estate. The Trustee has made copies of those records that appear relevant to the estate. The Trustee does not believe that any of the remaining documents are relevant to the administration of the estate.

### Amount Secured or Exempt:

None known. Creditors of Debtor's business entities may have security interests in the property owned by the Debtor's respective businesses.

### Lienholder Name & Address:

Unknown

### Estimated Liquidation Expenses:

In excess of the value of the property.

### Net Value to Estate:

$0.00

### Reason for Abandonment:

The records have no value to the estate. Trustee has sent requests to Debtor and his counsel to retrieve the documents on several occasions, which have been ignored. Storage of the boxes is an unnecessary and burdensome hindrance on the estate and Trustee's law firm. In an effort to motivate Debtor to pick up the boxes, Trustee advised Debtor that he was going to start charging storage for the boxes if they were not picked up because the boxes were taking up valuable storage space and blocking access to other files and records of Trustee's law firm. Debtor continued to ignore Trustee. Recently Trustee sent Debtor another bill for storage and advised him that he would deliver the boxes to the supposed residence of Debtor in Billings if arrangements were not made for pick up. Debtor's new attorney, James H. Cossitt, responded to the demand letter and on January 24, 2016, stated that "[I]n the meantime, I will advise the client he needs to make arrangements to pick the stuff up or allow it to be destroyed." To date no arrangements have been made to pick up the documents or allow (presumably at Trustee's expense) the documents to be destroyed. Trustee has determined that given the lack of response by Debtor it would be best to seek authority from the Court to abandon the property and destroy it if necessary.

**WHEREFORE**, Trustee hereby moves this Court for its Order for the abandonment of

the fifteen boxes of Northern Rockies Neuro Science information; ordering Debtor to retrieve the

boxes within five days of the date of the Order; and authorizing Trustee to destroy the documents therein if not retrieved by Debtor pursuant to the Court's order.

**DATED** this 29th day of January, 2016.

**WALLER & WOMACK, P.C.**

By: /s/ Joseph V. Womack
    Joseph V. Womack
    Ch. 7 Bankruptcy Trustee

### NOTICE OF OPPORTUNITY TO RESPOND AND REQUEST A HEARING

**If you object to this sale, you must file a written responsive pleading and request a hearing within fourteen (14) days of the date of the.  The responding party shall schedule the hearing on the motion at least twenty-one (21) days after the date of the response and request for hearing and shall include in the caption of the responsive pleading in bold and conspicuous print the date, time and location of the hearing by inserting in the caption the following:**

### NOTICE OF HEARING

    **Date:** _____

    **Time:**_____

    **Location:**_____

**If no objections are timely filed, the Court may grant the relief requested as a failure to respond by any entity shall be deemed an admission that the relief requested should be granted.**

**DATED** this 29th day of January, 2016.

**WALLER & WOMACK, P.C.**

By: /s/ Joseph V. Womack
    Joseph V. Womack
    Ch. 7 Bankruptcy Trustee

## CERTIFICATE OF SERVICE

I, the undersigned, certify under penalty of perjury that on January 29, 2016, or as soon as possible thereafter, a copy of the was served electronically by the Court's ECF notice to all persons/entities requesting special notice or otherwise entitled to the same. In addition service by mailing a true and correct copy, first class mail, postage prepaid, was made to the following persons/entities who are not ECF registered users pursuant to the Court's Order limiting service by mail dated January 15, 2015 (Docket No. 24):

**Debtor:**
John Schneider
3611 Tommy Armour Circle
Billings, MT 59106

**Interested Parties**:
Limited Notice List

By: /s/ Lynsey Lund
      Lynsey Lund
      Legal Asst. to Trustee