James H. Cossitt (Mont. # 4773)
PO Box 1889
Kalispell, MT  59903-1889
Tel:  406-752-5616
Email: jhc@cossittlaw.com
ATTORNEY FOR DEBTOR

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MONTANA

| In Re: | Case #14-61357-7 |
|---|---|
| JOHN HENRY SCHNEIDER, | **NOTICE OF HEARING:** |
| Debtor. | Date: 3/22/2016  at 09:00  a.m. Location:   Bankruptcy Courtroom Bighorn Courtroom, Fifth Floor, Room 5503, 2601 Second Avenue North Billings MT |

## OBJECTION TO NOTICE OF
## INTENT TO ABANDON AND DESTROY PROPERTY

**COMES NOW** the debtor  and  pursuant to  § 541 & 554 of the Code, FRBP 9014 & 9019 and LBR 9013-1, objects to the Trustee's Notice at docket #211  (hereafter "Abandonment Notice") ,  and states:

1.  The court lacks jurisdiction over the notice as the records in question are not property of this bankruptcy estate under any reading of § 541, relate solely to a non debtor entity (Northern Rockies Neuro Spine) and, as such, the Court lacks jurisdiction over the property under 28 USC § 1334(e).

2.  If the  records are property of the estate / and or the Court does have jurisdiction over them, the Notice is not properly before the Court  and judicial

consideration of the request is premature as the notice is defective due to:

    a.    Notice is defective as not in compliance with FRBP 6007(a); and

    b.    Notice is defective as not incompliance with LBR 6007-1(a); and

    c.    The certificate of service is defective as not in compliance with LBR 6007-1 and 9013-1(d)(2) and because the alleged "Interested Parties: Limited Notice List" is not filed or attached;

    d.    Notice is defective as not in compliance with LBF 11 and the specific instructions thereto, which provides:

"[Must comply with Mont. LBR 9013-1(d)(2), by reflecting the name and address of each party served, and by being signed "under penalty of perjury" and by identifying the document served.  This Notice should be also be served upon all creditors, and all committees elected pursuant to 11 U.S.C. § 705 or appointed pursuant to 11 U.S.C. § 1102.]"

    3.    On 1/8/16 the trustee sent the debtor a letter demanding payment on behalf of his law firm in excess of $2,000 for alleged storage of the records (see attached Exhibit A).

    4.    The demand for payment by the trustee is void of any basis in fact or law and far exceeds any legitimate use of any powers of a chapter 7 trustee.

    5.    The trustee also attempted to assert interest charges against the debtor in violation of both state law and the Truth In Lending Act.

    6.    The trustee and debtor had agreed to address this topic at the upcoming mediation and this Notice and proceedings were unnecessary.  (see attached Exhibit B).

**WHEREFORE**, the debtor respectfully requests that the Court enter an Order:  a) that it lacks jurisdiction over this matter; and b) that under no circumstances can the trustee assert any storage or interest charges; and c)  for such other and further relief as may be just and equitable.

Dated: February 11, 2016  /s/ *James H. Cossitt*

James H. Cossitt (Mont. # 4773)
ATTORNEY FOR DEBTOR

Original filed via ECF

**Pursuant to FRBP 7005 & 9014 (b) and FRCP 5(b)(2)(D) all parties noted in the Court's ECF transmission facilities have been served via ECF.**

**The following have been served by mail:** None email or snail mail address

CERTIFICATE OF SERVICE BY MAIL / ECF

This document was served pursuant to FRBP 7004, 9001(8), 9013, 9014(b): 1) by mail, in envelopes addressed to each of the parties at the addresses above; and/or 2) by electronic means, pursuant to LBR 7005-1, 9013-1(c) and 9036-1 on the parties noted in the Court's ECF transmission facilities, on February 11, 2016. The undersigned declares, under penalty of perjury pursuant to 28 USC § 1746, that the foregoing is true and correct.

/s/ *James H. Cossitt*

L:\Clients\Schneider\14-61357\d\2016-02-11 - Object records.docx          Rev 2/11/16   JHC