In Re:  JOHN HENRY SCHNEIDER,  Case #14-61357-7

Exhibit B for hearing on Trustee Notice of Intent to Abandon

Date: 3/22/2016  at 09:00  a.m.

| | |
|---|---|
| From: | James H. (Jim) Cossitt |
| To: | "Joe Womack"; llund@jvwlaw.com |
| Cc: | "HAROLD V DYE" |
| Subject: | RE: Schneider 14-61357 / records disposition |
| Date: | Sunday, January 24, 2016 09:50:10 |

Minneapolis MN

Joe,    Thanks for the response and I agree: the reasonable thing to do is sit on them and address it at the mediation.  I do not want the background emails back and forth.  In the meantime, I will advise the client he needs to make arrangements to pick the stuff up or allow it to be destroyed.

However, for multiple reasons, I would like to see the legal or contractual authority for any C7 panel trustee to assert or impose such charges on any debtor.  Please forward it when you get a chance.

Thanks,     Best,    Jim

JAMES H. (JIM) COSSITT,  ATTORNEY & COUNSELLOR AT LAW
Board Certified, Business & Consumer Bankruptcy Law, American Board of Certification
JAMES H COSSITT, PC  |  PO BOX 1889  |   KALISPELL MT  59903-1889   |   Tel:  406-752-5616  (Mountain)   |   E-mail: jhc@cossittlaw.com |    Internet: www.cossittlaw.com

-----Original Message-----
From: Joe Womack [mailto:jwomack@jvwlaw.com]
Sent: Monday, January 18, 2016 11:06
To: James H. (Jim) Cossitt; llund@jvwlaw.com
Cc: 'Dr. Schneider MD'; 'HAROLD V DYE'
Subject: RE: Schneider 14-61357 / Letter and Invoice / Debtor response

Jim,

I am sure you have many questions about this. I have never made such a claim as a Trustee or as an attorney before but I was frankly uncertain what to do given the complete lack of response to my previous efforts to get Dr. Schneider to pick up the 16 banker boxes of NRNS records.

Let me tell you the history. I did make a request for all the usual documents required under Form 33. These records suddenly showed up at my doorstep early last year. Dr. Schneider did not ask if I wanted these records nor did he warn me that they were coming. Apparently Dr. Schneider was being audited by the MDOR, the MDOR said they were done and he had them sent to me. We reviewed the records and they are non-responsive. They may be important to Dr. Schneider since they are for years that he was being audited but they have nothing to do with the bankruptcy issues. I have requested on a number of occasions that he make arrangements to pick them up because they were taking up valuable space in my law firm and I did not need the records any more. He and counsel have not responded to any of my requests. I finally told him in writing that I was going to start billing him for storage if he did not pick up the records by a certain date, hoping that would prompt him to do the responsible thing as well as cooperate with me as Trustee, as is his duty, and make arrangements to take the boxes.
Still no response, except that at one of the 341 meetings I mentioned the boxes to Dr. Schneider, that there were a lot of them and that I did not need them not want them. He just laughed at me when I indicated that I needed to have them picked up.

We have the mediation coming up on the 17th of February and I am going to wait until then to see what happens. Perhaps we can get this worked out in some simple manner. I will also send you copies of all the communications that I have made regarding the 16 banker boxes that I don't need, don't want and did not request. We need to compile those communications and send them to you but I have other matters that I must take care of this week so I won't be able to get those to you until early next week. I do not plan on providing you with any legal authority for my position at this time but if necessary I will do so. We will not deliver the boxes to the Tommy Armour address

on the 22nd but will rather wait until we are able to discuss this and hopefully get it worked out in a reasonable manner.

Joseph V. Womack
Waller & Womack, P.C.
303 N. Broadway, Suite 805
Billings, MT 59101
Phone: (406) 252-7200
Fax: (406) 252-4266
jwomack@jvwlaw.com

CONFIDENTIALITY NOTICE
This email message may be protected by the attorney/client privilege, work product doctrine or other confidentiality protection.  If you believe that it has been sent to you in error, do not read it. Please reply to the sender that you have received the message in error, and then delete it.
Thank you.




-----Original Message-----
From: James H. (Jim) Cossitt [mailto:jhc@cossittlaw.com]
Sent: Sunday, January 17, 2016 9:33 PM
To: llund@jvwlaw.com; 'jwomack@jvwlaw.com' <jwomack@jvwlaw.com>
Cc: Dr. Schneider MD <OMNINeuro@LIVE.COM>; 'HAROLD V DYE (hdye@dyemoelaw.com)' <hdye@dyemoelaw.com>
Subject: FW: Schneider 14-61357 / Letter and Invoice / Debtor response

Joe,            Your letter was forwarded to me and I have numerous
questions about the legal and factual basis of the law firm asserting a debt claim vs.  Schneider.  Although  I am the new kid on the block, I assume the
C7 trustee requested records from debtor and he complied ?  That is how you, as C7 trustee, came into possession of this stuff ?

If so, please provide some legal basis (statute, contract, promise to pay,
whatever)  which forms the basis of the alleged debt or any legally enforceable agreement or promise to pay.

Let's not forget that as a fiduciary of the estate, you duties that run to the debtor as well, as noted by former Judge Steve Rhodes,  including the duty The Duty of Impartiality and Its Appearance, the duty of Good Faith and Fair Dealing and an explicit duty to the debtor:

2006 National Conference of Bankruptcy Judges,  American Bankruptcy Law Journal Spring, 2006
80 Am. Bankr. L.J. 147
ARTICLE: The Fiduciary and Institutional Obligations of a Chapter 7 Bankruptcy Trustee
NAME: by Hon. Steven Rhodes*
BIO: * Chief United States Bankruptcy Judge, Eastern District of Michigan.


R. Duties to the Debtor

A trustee owes a specific duty to account to the debtor for any estate assets to which the debtor is entitled, whether because of the debtor's exemptions n219 or the estate's solvency. n220 In reality if not in law, the debtor [*197] becomes a creditor of the estate for those limited purposes.
In appropriate circumstances, this duty may also include the obligation to consider the debtor's interest when selling estate property or when settling the estate's claims against others. n221 When the debtor is a corporation, this duty is owed to shareholders. n222 In addition and more generally, a trustee must recognize and respect the humanitarian

purpose and spirit of bankruptcy law when administering estate business. n223

Thank you.        Best,    Jim
_____
JAMES H. (JIM) COSSITT,  ATTORNEY & COUNSELLOR AT LAW Board Certified, Business & Consumer Bankruptcy Law, American Board of Certification
JAMES H COSSITT, PC  |  PO BOX 1889  |  KALISPELL MT  59903-1889   |  *
Tel:  406-752-5616  (Mountain)   |  * E-mail: jhc@cossittlaw.com<mailto:jhc@cossittlaw.com> | *   Internet: www.cossittlaw.com<http://www.cossittlaw.com/>

From: Dr. Schneider MD [mailto:omnineuro@live.com]
Sent: Friday, January 08, 2016 10:08
To: Harold Dye; James H. (Jim) Cossitt
Subject: Fwd: Schneider 14-61357 / Letter and Invoice


Begin forwarded message:
From: "Lynsey Lund" <llund@jvwlaw.com<mailto:llund@jvwlaw.com>>
Date: January 8, 2016 at 11:47:58 EST
To: "'John Schneider MD'" <omnineuro@live.com<mailto:omnineuro@live.com>>
Cc: "'Joe Womack'" <jwomack@jvwlaw.com<mailto:jwomack@jvwlaw.com>>, "Harold V. Dye" <hdye@dyemoelaw.com<mailto:hdye@dyemoelaw.com>>
Subject: Schneider 14-61357 / Letter and Invoice Dear Dr. Schneider:

Please see attached Joe's letter of today's date. The original will follow in today's mail.

Regards,

Lynsey Lund, CP
Certified Paralegal
Waller & Womack, PC
303 N. Broadway, Ste 805
Billings, MT 59101
406.252.7200
406.252.4266 - fax
llund@jvwlaw.com<mailto:llund@jvwlaw.com>