**EXHIBIT 1**

### SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (this "Agreement") is made this 2nd day of March, 2016, by and between:

1. John Henry Schneider ("Debtor"), with a mailing address of with a mailing address of 543 Camino De Orchidia, Encintas, CA   92024;
2. Michelle R. Schneider ("Michelle"), with a mailing address of 543 Camino De Orchidia, Encintas, CA   92024;
3. Michelle R. Schneider as trustee of the Brandon Schneider Benefit Trust, dated March 30, 2012 (the "Brandon Trust"), with a mailing address of 543 Camino De Orchidia, Encintas, CA   92024;
4. Michelle R. Schneider as trustee of the Shannon Schneider Benefit Trust, dated March 30, 2012 (the "Shannon Trust"), with a mailing address of 543 Camino De Orchidia, Encintas, CA   92024;
5. Michelle R. Schneider as trustee of the Caitlin Schneider Benefit Trust, dated March 30, 2012 (the "Caitlin Trust" and collectively with the Brandon Trust and the Shannon Trust, the "Children's Trusts"), with a mailing address of 543 Camino De Orchidia, Encintas, CA   92024;
6. Schneider Management, LLC ("Schneider Management"), with a mailing address of 543 Camino De Orchidia, Encintas, CA   92024;
7. Schneider Limited Partnership ("Schneider LP"), with a mailing address of 543 Camino De Orchidia, Encintas, CA   92024;
8. MedPort, LLC ("MedPort"), with a mailing address of 543 Camino De Orchidia, Encintas, CA   92024;
9. BSC, LLC ("BSC"), with a mailing address of 543 Camino De Orchidia, Encintas, CA   92024;
10. John Schneider, as trustee of the John Schneider Revocable Trust Dated November 20, 2007 (the "John Trust"), with a mailing address of 543 Camino De Orchidia, Encintas, CA   92024;
11. Michelle Schneider, as trustee of the Michelle Schneider Revocable Trust Dated November 20, 2007 (the "Michelle Trust"), with a mailing address of 543 Camino De Orchidia, Encintas, CA   92024; and
12. and Joseph V. Womack, as Trustee (the "Trustee") of the Chapter 7 bankruptcy estate of John Henry Schneider, Debtor, in the United States Bankruptcy Court for the District of Montana, Case No. 14-61357 (the "Estate"), with a mailing address of 303 North Broadway, Billings, Montana, 59101.

The above parties are hereinafter sometimes singularly referred to as a "Party" and collectively as the "Parties".

### RECITALS:

The background of this Agreement is as follows:

SCHNEIDER SETTLEMENT AGREEMENT                                                              Page **1** of **10**

    A.    Debtor filed a Chapter 7 bankruptcy proceeding on December 4, 2014, which is captioned *In re John Henry Schneider*, Case No. 14-61357-7, United States Bankruptcy Court for the District of Montana (the "Bankruptcy Case").

    B.    Trustee filed an adversary proceeding in the Bankruptcy Case, against Debtor, Michelle, the Children's Trusts, Schneider Management, Schneider LP, MedPort, BSC, the John Trust and the Michelle Trust (collectively the "Defendants") seeking substantive consolidation, alter/ego and reverse piercing, to set aside various alleged fraudulent transfers and various other claims, which is filed as Adversary Proceeding # 15-00015-RBK (the "AP 15").

    C.    Defendants may have certain claims against the Estate.

    D.    Defendants and the Trustee desire to finally compromise, settle and resolve all claims between and amongst them, subject to and upon the terms and conditions provided in this Agreement.

## AGREEMENT AND RELEASE:

Now, therefore, for valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties do hereby agree as follows:

    1.    <u>Incorporation of Recitals</u>.  The foregoing recitals are true and correct, and are hereby incorporated into and made a part of this Agreement.

    2.    <u>Terms</u>.  The Parties agree to settle all claims as follows:

        a. Debtor and Michelle Schneider agree to convey fee simple title to 3611 Tommy Armour Circle ("the Billings House"), including the land and all improvements thereto, and fixtures (including all appliances), but not including household goods and personalty, free and clear of all liens and encumbrances (save for property tax claims) to the Trustee. The value of the Billings House in excess of $450,000 (which is the consideration given for the settlement of AP-20, a separate and distinct settlement), constitutes consideration for the terms of this Agreement.

        b. The Children's Trusts shall release the judgment lien they hold against the Billings House

        c. The Children's Trusts shall jointly convey to the Trustee fee simple title to the Wyoming Property, generally referred to as the Whispering Winds Ranch, together with all improvements, fixtures and appurtenances, but not including household goods and personalty, but including all appliances, free and clear of all judgment liens, mortgages and encumbrances, other than property taxes.

        d. MedPort shall release its mortgage against the Wyoming Property.

e.  Debtor, Michelle Schneider, the Children's Trusts, and MedPort, jointly agree to fully cooperate with the Trustee with regard to executing such documentation as may be necessary to effectuate such transfers and releases, and further agree to execute authorizations and releases as needed to permit their accountants to communicate directly with the Trustee's accountants with regard to the properties, their operations, their tax attributes and other relevant accounting information.

f.  The monies in the Goetz, Baldwin & Geddes P.C. Trust account ("Goetz Trust Account") shall be apportioned between the Trustee ($60,000) and Michelle Schneider ($290,000). The disposition of the portion attributable to Michelle Schneider shall be subject to the provisions of subparagraphs (g) and (h) below.

g.  Schneider Management shall monetize, sell or liquidate its interest in KBS REIT within 60 days of the date of this Agreement. , and convey such monies to the Trustee upon the later of the entry of the court order approving this Agreement or 10 business days following the receipt of funds by Schneider Management. In the event that the monetization yields less than $180,000, then the Trustee shall recoup the difference from that portion of the funds held by the Trustee in the Goetz Trust Account attributable to Michelle Schneider pursuant to this Agreement. If the aforesaid monetization, sale or liquidation does not occur within 60 days of this agreement, the Trustee shall, in lieu thereof, be entitled to retain $180,000 from that portion of the Goetz Trust Account attributable to Michelle Schneider pursuant to this Agreement. In the event the monetization yields more than $180,000, the amount in excess of $180,000 shall be retained by Schneider Management.

h.  Upon approval of this Agreement by the Bankruptcy Court, under a final and nonappealable order, the Trustee shall immediately release $110,000 of the funds attributable to Michelle Schneider. The balance of the funds attributable to her interest shall be distributed in accordance with subparagraph (g).

i.  Debtor and Michelle Schneider are entitled to a tax refund for the year 2014 in the amount of $123,250 (the "Tax Refund"). The Tax Refund shall be split equally between the Trustee and Michelle Schneider.

j.  By signing this Agreement, Debtor and Michelle Schneider confirm that the representations made on the attached Exhibit A are materially true and correct to the best of their knowledge.

k.  The Trustee shall convey to Michelle Schneider or her designee any and all interest the estate might have or claim to have in Schneider LP and Schneider Management by way of a sale pursuant to 11 U.S.C. § 363(f).

l.  The Trustee shall abandon any and all interest in any claims that the estate might have against the following third parties:

  i.  Claims against any third party professionals who prepared or advised the Debtor on any matter prior to the commencement of the bankruptcy case

  ii.  Claims of Schneider LP, Schneider Management, MedPort, BSC, NRNS, and the Children's Trusts.

  iii.  Claims against Meridian, subject to the following conditions:

   (i)  Debtor agrees to fully defend in good faith all claims of Meridian against his bankruptcy estate or him individually in the arbitration, and

   (ii)  Debtor agrees that, in the event the Estate's claims so abandoned to him are settled, such settlement shall require that Meridian withdraw its proof of claim in the Schneider Bankruptcy Case.

m.  The Trustee shall abandon any and all interest in MedPort, NRNS, and BSC.

n.  The Parties stipulate that the causes of action asserted by the Trustee are all property of the bankruptcy estate, to the exclusion of any creditor, and shall request a finding of fact and conclusion of law to this effect by the court that approves this settlement. It shall be a condition precedent to this settlement that the court make such a finding and conclusion.

o.  The Trustee shall request an order of the court that authorizes and directs the trustee not to share with any other person or entity any work product with respect to this adversary proceeding or discuss any aspect of this adversary proceeding with any other person or entity, other than what is reasonably necessary to obtain court approval or to otherwise comply with this agreement or the trustee's duties as a chapter 7 panel trustee, or except as otherwise compelled pursuant to a court order or enforceable subpoena.

    p. The Trustee agrees in good faith to seek court approval of this Agreement.

    q. The Trustee agrees that he will accept assignment of the real estate listing agreements executed with respect to the Billings House and the Wyoming Property, subject to court approval.

    r. The parties agree to mutual releases of all claims (as set forth below), said release being subject to the following conditions:

        i. In the event that an asset that should have been disclosed in the representations regarding assets referenced in this Agreement, or the debtor's schedules, is discovered, then the Defendants to this Agreement are not released from liability with respect to claims to that asset and any costs that might be incurred in recovering said asset or its value as of the date of this Agreement from the non-disclosing party.

        ii. In the event that any party fails to perform its obligations as set out in this agreement, then such party shall not be released with regard to its obligation to perform, or for any damages that might accrue from such failure to perform.

3.     <u>Mutual Release of Claims</u>.  The parties hereto acknowledge and agree that, upon Court approval of this Agreement, all parties shall have no claims against the other parties, excepting only the obligations to fulfill this Agreement, or except as otherwise provided in this Agreement.  In consideration of the terms and covenants contained in this Agreement, each of the parties hereby fully and forever acquit, release, and discharge the other parties and any and all of their past, present or future representatives, officers, directors, stock holders, members, partners, predecessors, successors, assigns, agents, subsidiaries, affiliates, member companies, employees and attorneys, of and from all past, present or future actions, causes of action, claims, cross-claims, counterclaims or other claims, demands, obligations, rights, damages, costs, loss of services, expenses and compensation (including, without limitation, any and all known and unknown injuries, property damages and all other types of damages, including attorney's fees and punitive damages), whether based on a tort, contract, or other theory of recovery ("<u>Claims</u>"), which each of the parties may now have, whether asserted or unasserted, known or unknown, foreseen or unforeseen, existing or which may arise in the future, as to the other parties, excepting any claims related to performance of this Agreement.

4.     <u>Approval of Bankruptcy Court</u>.  The Parties acknowledge that the performance of this Agreement is contingent on approval of the Bankruptcy Court of this Agreement and the Settlement Agreement in AP 15-20.  Upon execution of this Agreement, Trustee shall diligently pursue approval from the Bankruptcy Court of this Agreement, and the Parties shall fully cooperate in such efforts.  The Parties shall be bound by the terms of this Agreement unless the Bankruptcy Court fails to approve this Agreement and the Settlement Agreement in AP 15-20, in which event this Agreement shall become null and void.  All Parties agree that the Bankruptcy

Court shall have jurisdiction to enforce this Agreement. Defendants acknowledge and affirm that making this Agreement contingent on approval of the settlement in AP 15-20 was done solely at Defendants' insistence and was not a condition sought or desired by Trustee.

5. <u>Consent, Consultation with Counsel, and Authority</u>.  By signing, each Party represents and warrants that the Party has carefully read this Agreement, that the Party's respective attorneys have explained the contents of this Agreement, and that each Party signs this Agreement voluntarily, intending to be legally bound thereby.  Each individual executing this Agreement on behalf of another entity represents and warrants that the individual has full power and authority to bind the entity to the Agreement.

6. <u>Further Documentation</u>.  This Agreement sets forth the agreement between the parties, but the parties agree and understand that the said Agreement was prepared and executed at the conclusion of a mediation, and that therefore there may be errors that later require correction. In the event, the parties agree to resolve any differences they might have regarding such errors. They further agree that, in the event they are unable to resolve such differences, they shall submit their differences to the mediator, who shall render a decision regarding how the difference should be resolved, consistent with the intentions of the parties as expressed during the course of the mediation, and such resolution shall be deemed binding on all parties. Subject to the foregoing, any and all prior writings, oral discussions, negotiations, or understandings are superseded by this Agreement.

7. <u>Attorneys' Fees.</u>  In the event of a breach of this agreement that remains uncured after a 20 day notice to cure, attorneys' fees may be awarded to the prevailing party in any later court proceeding with regard to such breach, at the sole discretion of the court.

8. <u>Severability</u>.  If any portion of this Agreement is held to be void or unenforceable, the balance of this Agreement shall nevertheless be effective and enforceable, unless doing so materially vitiates the purpose of this Agreement.

9. <u>Governing Law</u>.  This Agreement shall be governed by, and construed in accordance with, the laws of the State of Montana.

10. <u>Facsimiles and Counterparts</u>.  This Agreement may be executed in two or more counterparts, whether by original, facsimile signature or electronic signature with appropriate authority, each of which shall be deemed an original but all of which together shall be one and the same instrument.

11. <u>Further Assurances</u>.  Each Party shall, at any time after the execution of this Agreement, deliver to the other Party hereto any such additional instruments of conveyance, assignments, certificates or other documents as such other Party may reasonably request to effectuate this Agreement or assist in Trustee's recovery of property, or to take any other actions necessary to carry out the purposes of this Agreement.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of the dates set forth below.[*signatures on following pages*]

**Trustee**

Dated: March 2, 2016.         /s/*Joseph V. Womack*_____
Joseph V. Womack, as Trustee of the Chapter 7 bankruptcy estate of John Henry Schneider, Debtor, in the United States Bankruptcy Court for the District of Montana, Bankr. Case No. 14-61357

| | |
|---|---|
| **Party: John Schneider, Debtor**<br><br><br>**By:** *John H Schneider*<br>  Name:    John H Schneider | **Counsel:**<br><br><br><br>**By:** _____<br>Name: |
| **Party: Michelle Schneider**<br><br><br><br>**By:** _____<br>Name: | **Counsel:**<br><br><br><br>**By:** _____<br>Name: |
| **Party: MedPort LLC**<br><br><br><br>**By:** _____<br>Name: | **Counsel:**<br><br><br><br>**By:** _____<br>Name: |
| **Party: Schneider L.P.**<br><br><br><br>**By:** _____<br>Name: | **Counsel:**<br><br><br><br>**By:** _____<br>Name: |

| | |
|---|---|
| ~~Party: Schneider Management LLC~~<br>**Party: Schneider Management LLC**<br><br><br>**By:** _____<br>**Name:** | ~~Counsel:~~<br>**Counsel:**<br><br><br>**By:** _____<br>**Name:** |
| **Party:  BSC LLC**<br><br><br>**By:** *John H Schneider*<br> **Name:**   John H Schneider | **Counsel:**<br><br><br>**By:** _____<br>**Name:** |
| **Party: Brandon Schneider Benefit Trust**<br><br><br>**By:** _____<br>**Name: Michelle Schneider, Trustee** | **Counsel:**<br><br><br>**By:** _____<br>**Name:** |
| **Party:  Shannon Schneider Benefit Trust**<br><br><br>**By:** _____<br>**Name: Michelle Schneider, Trustee** | **Counsel:**<br><br><br>**By:** _____<br>**Name:** |

| | |
|---|---|
| **By:** _____<br>**Name:** | **By:** _____<br>**Name:** |
| **Party: Caitlin Schneider Benefit Trust**<br><br><br>**By:** _____<br>**Name: Michelle Schneider, Trustee** | **Counsel:**<br><br><br>**By:** _____<br>**Name:** |
| **Party: Michelle Schneider Revocable Trust**<br><br><br>**By:** _____<br>**Name: Michelle Schneider, Trustee** | **Counsel:**<br><br><br>**By:** _____<br>**Name:** |
| **Party: John Schneider Revocable Trust**<br><br><br>**By:** *John H Schneider*<br>**Name: John Schneider, Trustee** | **Counsel:**<br><br><br>**By:** _____<br>**Name:** |

| | |
|---|---|
| **Party: John Schneider, Debtor**<br><br><br><br><br>**By:** _____<br>**Name:** | **Counsel:**<br><br><br><br><br>**By:** _____<br>**Name:** |
| **Party: Michelle Schneider**<br><br><br><br><br>**By:** _____<br>**Name:** | **Counsel:**<br><br><br><br><br>**By:** _____<br>**Name:** |
| **Party: MedPort LLC**<br><br><br><br><br>**By:** _____<br>**Name:** | **Counsel:**<br><br><br><br><br>**By:** _____<br>**Name:** |
| **Party: Schneider L.P.**<br><br><br><br><br>**By:** _____<br>**Name:** | **Counsel:**<br><br><br><br><br>**By:** _____<br>**Name:** |

**APPROVED**
By James H (Jim) Cossitt at 9:56 am, Mar 02, 2016

| | |
|---|---|
| **Party: John Schneider, Debtor**<br><br><br><br>By: _____<br>Name: | **Counsel:**<br><br><br><br>By: _____<br>Name: |
| **Party: Michelle Schneider**<br><br><br><br>By: _____<br>Name: | **Counsel:**<br><br><br><br>By: _____<br>Name: |
| **Party: MedPort LLC**<br><br><br><br>By: *[signature]*<br>Name: | **Counsel:**<br><br><br><br>By: _____<br>Name: |
| **Party: Schneider L.P.**<br><br><br><br>By: _____<br>Name: | **Counsel:**<br><br><br><br>By: _____<br>Name: |

| | |
|---|---|
| **Party: John Schneider, Debtor**<br><br><br><br>**By:** _____<br>**Name:** | **Counsel:**<br><br><br><br>**By:** _____<br>**Name:** |
| **Party: Michelle Schneider**<br><br><br><br>**By:** _____<br>**Name:** | **Counsel:** Mark D. Parker<br><br><br><br>**By:** /s/*Mark D. Parker*_____<br>**Name:** |
| **Party: MedPort LLC**<br><br><br><br>**By:** _____<br>**Name:** | **Counsel:** Jason T. Holden<br><br><br><br>**By:** /s/*Jason T. Holden*_____<br>**Name:** |
| **Party: Schneider L.P.**<br><br><br><br>**By:** _____<br>**Name:** | **Counsel:** Mark D. Parker<br><br><br><br>**By:** /s/*Mark D. Parker*_____<br>**Name:** |

| | |
|---|---|
| ~~Party: Schneider Management LLC~~<br>**Party: Schneider Management LLC**<br><br>**By:** _____<br>**Name:** | ~~Counsel:~~<br>**Counsel: Mark D. Parker**<br><br>**By:** */s/Mark D. Parker*<br>**Name:** |
| **Party: BSC LLC**<br><br><br>**By:** _____<br>**Name:** | **Counsel: Harold V. Dye**<br><br><br>**By:** */s/Harold V. Dye*<br>**Name:** |
| **Party: Brandon Schneider Benefit Trust**<br><br><br>**By:** _____<br>**Name: Michelle Schneider, Trustee** | **Counsel: Mark D. Parker**<br><br><br>**By:** */s/Mark D. Parker*<br>**Name:** |
| **Party: Shannon Schneider Benefit Trust**<br><br><br>**By:** _____<br>**Name: Michelle Schneider, Trustee** | **Counsel: Mark D. Parker**<br><br><br>**By:** */s/Mark D. Parker*<br>**Name:** |

| | |
|---|---|
| By: _____<br>Name: | By: _____<br>Name: |
| **Party: Caitlin Schneider Benefit Trust**<br><br><br>By: _____<br>**Name: Michelle Schneider, Trustee** | **Counsel: Mark D. Parker**<br><br><br>**By:** */s/Mark D. Parker*_____<br>**Name:** |
| **Party: Michelle Schneider Revocable Trust**<br><br><br>By: _____<br>**Name: Michelle Schneider, Trustee** | **Counsel: Mark D. Parker**<br><br><br>**By:** */s/Mark D. Parker*_____<br>**Name:** |
| **Party: John Schneider Revocable Trust**<br><br><br>By: _____<br>**Name: John Schneider, Trustee** | **Counsel: Harold V. Dye**<br><br><br>**By:** */s/Harold V. Dye*_____<br>**Name:** |

| Party: John Schneider, Debtor | Counsel: |
|---|---|
| By: _____<br>Name: | By: _____<br>Name: |

| Party: Michelle Schneider | Counsel: |
|---|---|
| By: *[signature]*<br>Name: | By: _____<br>Name: |

| Party: MedPort LLC | Counsel: |
|---|---|
| By: _____<br>Name: | By: _____<br>Name: |

| Party: Schneider L.P. | Counsel: |
|---|---|
| By: *[signature]*<br>Name: | By: _____<br>Name: |

| | |
|---|---|
| ~~Party: Schneider Management LLC~~<br>Party: Schneider Management LLC<br><br>By: _Michelle Schneider_ (signature)<br>Name: | ~~Counsel:~~<br>Counsel:<br><br><br>By: _____<br>Name: |
| Party: BSC LLC<br><br><br><br>By: _____<br>Name: | Counsel:<br><br><br><br>By: _____<br>Name: |
| Party: Brandon Schneider Benefit Trust<br><br><br>By: _Michelle Schneider, Trustee_ (signature)<br>Name: Michelle Schneider, Trustee | Counsel:<br><br><br><br>By: _____<br>Name: |
| Party: Shannon Schneider Benefit Trust<br><br><br>By: _Michelle Schneider, Trustee_ (signature)<br>Name: Michelle Schneider, Trustee | Counsel:<br><br><br><br>By: _____<br>Name: |

SCHNEIDER SETTLEMENT AGREEMENT                    Page **9** of **10**

| | |
|---|---|
| By: _____<br>Name: | By: _____<br>Name: |
| Party: Caitlin Schneider Benefit Trust<br><br>By: *[signature]*<br>Name: Michelle Schneider, Trustee | Counsel:<br><br>By: _____<br>Name: |
| Party: Michelle Schneider Revocable Trust<br><br>By: *[signature]*<br>Name: Michelle Schneider, Trustee | Counsel:<br><br>By: _____<br>Name: |
| Party: John Schneider Revocable Trust<br><br><br><br>By: _____<br>Name: John Schneider, Trustee | Counsel:<br><br><br><br>By: _____<br>Name: |

SCHNEIDER SETTLEMENT AGREEMENT                                   Page 10 of 10

| Entity | Asset | liability |
|---|---|---|
| John Schneider | 1. Ownership interest in tort claims<br>2. pension 1.50mm<br>3. tax refund 63K | To be determined |
| Michelle Schneider | 1. US Bank Account -100K<br>2. 100% ownership Michelle trust (cash 0)<br>3. 50% Schneider management, LLC<br>4. 49.5% Schneider LP<br>5. Two cars -80-90K<br>6. Pension fund - 625K<br>7. Tax return - 63K | 0<br><br>In re Schneider, chapter 7 # 14-61357; adversary # 15-15, exhibit A |
| Childrens irrevocable trusts (Brandon, Shannon and Caitlin) | 1. Cash -5K Brandon trust, US Bank<br>2. Ranch asset 100%<br>3. 75% value Medport, LLC<br>4. Lien on Billings home 100% (620K)<br>5. Goetz law firm trust account 365K | 0 |
| Schneider LP | 1. cash 2500 Stockman bank account<br>2. Loan to Medport -promisary note 3.5mm | 380K judgment Western<br>1.2mm loan Wells Farg<br>Claim by Samples prop |
| Schneider Management, LLC | 1. KBS Reit - value 180K<br>2. Alphatec stock value (nontransferable 20K) | Note to Schneider LP 3 |
| Medport, LLC | 1. US Bank account 15K<br>2. Stockman Bank account 75K<br>3. Ca. building 1.8mm | |
| BSC, LLC | 1. 0.00 | 1. 0.00 |

rn security against SLP
:o note on OMNI Building
erty for back funds for lease on OMNI

.5mm

*[signature]*