Joseph V. Womack
**Waller & Womack, P.C.**
Suite 805 US Bank Building
303 North Broadway
Billings, MT 59101
Telephone: (406) 252-7200
Fax: (406) 252-4266
Email: jwomack@jvwlaw.com
Attorney No. 2641

Attorney for Trustee

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In Re:<br><br>**SCHNEIDER, JOHN HENRY**<br><br>Debtor(s) | Case No. 14-61357-7 |

### TRUSTEE'S MOTION PURSUANT TO F.R.B.P. Rules 9019(a) and 7041
### TO APPROVE SETTLEMENT AND DISMISSAL OF ADVERSARY COMPLAINT
### TO DENY DEBTOR'S DISCHARGE, AND NOTICE

COMES NOW Joseph V. Womack, Trustee in the above named Bankruptcy Estate, and moves the Court pursuant to F.R.B.P. Rule 9019(a) and F.R.B.P. Rule 7041 for an order approving the Settlement Agreement and Release attached hereto as Exhibit A ("Discharge Settlement") wherein the parties have agreed to compromise and settle Adversary Proceeding # 15-00020 RBK (the "Discharge AP"), objecting to the discharge of Debtor pursuant to 11 U.S.C. § 727, and dismiss the Discharge AP with prejudice. Trustee makes this motion on the grounds that said agreement fairly compromises and settles this matter and is in the best interest of all interested parties. In support of this motion Trustee states as follows:

1.  Debtor filed a Chapter 7 bankruptcy proceeding on December 4, 2014, which is captioned *In re John Henry Schneider*, Case No. 14-61357-7, United States Bankruptcy Court for the District of Montana (the "Bankruptcy Case").

2.  On June 24, 2015, Trustee filed the Discharge AP against Debtor, objecting to the discharge of Debtor pursuant to 11 U.S.C. § 727, and alleging that Debtor violated multiple provisions of 11 U.S. C. § 727. Violations include transferring, removing or concealing his property within one year prior to the filing of the petition and after the filing of the petition, and making material false answers or omissions during his § 341 meeting and in connection with his schedules.

3.  Trustee also filed Adversary Proceeding No. 15-00015 ("Collection AP") on May 22, 2014. In it he alleged that Debtor had hidden his assets through a series of transfers from Schneider Limited Partnership ("Schneider LP;" owned one-half each by Debtor and his wife, Michelle Schneider ("Michelle"), through their revocable trusts) to various other entities.

4.  Trustee has also entered into a Settlement Agreement and Release for the Collection AP ("Collection Settlement") and has filed a motion seeking approval of the Collection Settlement.

5.  The Discharge Settlement resolves the Discharge AP, but it is contingent upon the Court's approval of the Collection Settlement and vice versa. This provision was included at the insistence of the Debtor and Defendants in the Collection AP. The basic terms of the Discharge Settlement are as follows:

    a.  Defendant Debtor and Michelle are to transfer their jointly-owned residential property located at 3611 Tommy Armour Circle, Billings, Montana 59106 (the "Residence") and the current listing agreement for the Residence to the Bankruptcy Estate. Under the terms of the Collection

    Settlement, this transfer shall be free and clear of any mortgages or other interests except for real property taxes.

  b. From the Residence, $450,000.00 of proceeds, consisting of Debtor's and Michelle's relinquishment of any homestead exemption claim in the residence and Michelle's relinquishment of any claim to any interest in the Residence, are allocated as consideration for the Discharge Settlement.

  c. Trustee shall dismiss the Discharge AP with prejudice and the Court must reject any attempt by any Creditor or other party in interest to intervene in, or continue the Discharge AP in any manner.

## APPLICABLE LAW

F.R.B.P. Rule 7041 governs dismissal of adversary proceedings and specifically references discharge actions, stating:

> Rule 41 F.R.Civ.P. applies in adversary proceedings, except that a complaint objecting to the debtor's discharge shall not be dismissed at the plaintiff's instance without notice to the trustee, the United States trustee, and such other persons as the court may direct, and only on order of the court containing terms and conditions which the court deems proper.

Parties seeking approval of a discharge settlement may do so under F.R.B.P. 9019, as the parties have done here. However, F.R.B.P. 7041 applies specifically to discharge actions and the Advisory Committee Note to F.R.B.P. 7041 states that there are special concerns in a discharge dismissal because a plaintiff may have been induced to dismiss a case by an advantage given or promised. Some courts have imposed conditions by way of local rule or order that enable them to address those concerns. *F.R.B.P. Rule 7041, Advisory Committee Note (1983).*

On its face, F.R.B.P. 7041 does not provide a blanket prohibition to compromise and dismissal of discharge actions. Dismissal may only be granted after proper notice is given, and only on such terms and conditions as the court deems proper.

*In re Babb* identifies three different approaches taken by bankruptcy courts across the country in dealing with quid pro quo settlement of 727 actions: (1) the per se prohibition of such settlements; (2) allowing compromises that serve the public interest; and (3) examining whether the proposed settlement is fair and equitable and in the estate's best interests. *In re Babb*, 346 B.R. 774, 779 (Bankr. E.D. Tenn. 2006); and *In re Perez*, 411 B.R. 386, 397 (D. Colo. 2009).

Cases which have allowed compromises have identified a number of different factors to be considered in approving or denying a motion to approve a § 727 settlement. In the 9th Circuit case of *Bankruptcy Receivables Mgmt. v. De Armond (In re De Armond)*, 240 B.R. 51 (Bankr. C. D. Ca. 1999) the Court noted that such a "compromise may be approved if it is 'fair and equitable'". *In re De Armond* at 54, (citing *Woodson v. Fireman's Fund Ins. Co. (In re Woodson),* 839 F.2d 610, 620 (9th Cir. 1988); *Martin v Kane (In re A&C Properties)*, 784 F.2d 1377, 1380-81 (9th Cir. 1986)). Under this standard the court considers (1) the probability of success in the litigation; (2) the collectability of a resulting judgment; (3) the complexity, expense, inconvenience, and delay attendant to continued litigation; and (4) the interests of creditors. *Id*. Other Circuits have dealt with the issue and have applied varying standards.

The Tenth Circuit has noted that there is no litmus test for determining whether a dismissal based upon such a settlement should be approved; rather, a bankruptcy court must be satisfied, based on an objective consideration of developed facts, that the dismissal is in the best interest of the estate, which requires balancing the creditors' interests and the estate's interest with the policy objectives of the discharge provision of the Bankruptcy Code, 11 U.S.C.A. *In re Perez*, at 398.

Settlement of a claim under § 727 of the Bankruptcy Code governing objections to a debtor's discharge, whether brought by an individual creditor or the Chapter 7 trustee, will have an impact on all creditors, and that impact must be weighed by the bankruptcy court after notice and opportunity to be heard is given to trustee and all creditors affected. *In re Hass*, 273 B.R. 45, 47, Collier Bankr. Cas. 2d (MB) 1272 (Bankr. S.D. N.Y. 2002)

Approval of a settlement of a denial-of-discharge complaint is required if the settlement is fair and equitable, to wit, where (1) the court is unable to predict the likely outcome of litigation, that is, the legal issue raised is too close to call; (2) trial of the claim would be complex, lengthy, or expensive; (3) settlement proposal provides more cash than plaintiff is likely to recover even if successful because of anticipated impediments to collection; and (4) bankruptcy court, in its discretion, finds that principles of equity and fairness would be furthered by approval of the proposed settlement. *In re Maynard*, 273 B.R. 369 (Bankr. D. Vt. 2002), order aff'd, 290 B.R. 67 (D. Vt. 2002).

The court in *In re Sheffer* held that a proposed global settlement of multiple adversary proceedings which challenged the debtor's right to a Chapter 7 discharge would be approved, as it was fair and equitable and in best interests of estate, despite objection by the United States Trustee that debtor should not be allowed to buy his discharge. Approval was deemed proper where settlement was negotiated upon appropriate notice to all parties in interest; where settlement did not just secure some private benefit for complaining creditors, but would result in $200,000.00 payment to the estate without need for any further expenditure of estate funds; and where the risk of non-collection was great, especially given debtor's age and possibility that, if settlement failed, he could simply retire. *In re Sheffer*, 350 B.R. 402, 56 Collier Bankr. Cas. 2d (MB) 1330 (Bankr. W.D. Ky. 2006).

## DISCUSSION

A discussion of the various factors from cases that permit settlement of § 727 actions, as applied to this case, follows.

**1. Probability of success in the litigation.** Trustee is confident that he will prevail in his complaint to deny discharge. While he may not be able to prove each of the allegations of the Amended Complaint, he is confident that he can prove sufficient material violations by Debtor such that he is likely to prevail at trial. No doubt the Debtor/Defendant disagrees with this assessment and of course, results in litigation are always uncertain. *In re Duncan*, L 981162, 1-2 (Bankr. D. Mont. 2009), (citing *Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1988)). A precise or exact judicial determination of the likely outcome is not required because that would defeat the purpose of compromising in the first place. *Id*. So, even though Trustee believes he will prevail, that alone is not enough to deny approval of the Discharge Settlement.

**2. Collectability of Judgment.** Trustee does not seek collection of damages in the Discharge AP, so the recovery of the $450,000.00 as part of this settlement should weigh heavily in favor of settlement. In other words, the benefit to the estate is $0.00 versus $450,000.00 if the settlement is approved, obtained from assets claimed as exempt and/or are not property of the estate. While recovery of the Residence is a claim in the Collection AP, its recovery is one of the most difficult aspects of that adversary. This is because the Residence was the home of Michelle and the Debtor and they have claimed a homestead exemption against it. It is also encumbered by a judgment lien held by the three Schneider Children Irrevocable Trusts. Any recovery of the Residence is uncertain at best under any circumstances. Accordingly, this factor weighs heavily in favor of approving the Discharge Settlement.

### 3. Complexities in the Litigation.

The third factor to consider is the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it. The Discharge AP is being prosecuted by the Trustee on an hourly basis so that continued litigation will cause the estate to incur more attorney fees and costs. There will also be significant discovery that Defendants have indicated they wish to conduct that must be completed at significant expense. It is likely that the Discharge AP will take until late this year to try, excluding appeals. Not only will there be a delay in its conclusion, litigation of the discharge will consume assets of the Estate and assets of the Debtor that could be recovered in the Collection AP.

### 4. Paramount Interests of the Creditors.

With respect to the fourth factor, the paramount interest of the creditors and a proper deference to their reasonable views, Trustee is confident that this settlement is in the best interests of the creditors. In Trustee's view, this is the most compelling reason for the Court to accept the Discharge Settlement. The $450,000.00 will provide a certain and meaningful distribution to creditors without creditors having to pursue the Debtor outside of bankruptcy and wait years to receive any funds. The settlement provides certainty and finality in this matter that continued litigation cannot give to the creditors.

The settlement provides $450,000.00 to the Estate that arguably could not be recovered any other way. These funds will come from the sale of the real property owned jointly by Debtor and his non-filing spouse, Michelle. Michelle's half-interest is unavailable to creditors of the bankruptcy, as she did not file bankruptcy and the creditors have not directly indicated that she owes them any money. Absent approval of this settlement, recovery of $450,000.00 from this asset would be difficult and uncertain at best, even if Debtor did not receive his discharge.

It should also be noted, and testimony can be provided, that Debtor is no longer engaged in an active medical practice and it is unlikely that he will ever be able to do so. His earning potential has been greatly diminished, so that if his discharge is denied, it is unlikely that creditors will have any meaningful avenue to recover any significant amount of money. Further, as noted earlier any recovery would almost certainly not be anywhere near what will be recovered through this settlement because Debtor and Michelle will continue to deplete their resources in fighting the claims brought by Trustee.

**5. The Policy Objectives of the Discharge Provision of the Bankruptcy Code.** Trustee is mindful that the Courts do not favor a Debtor being able to "buy his discharge". The Bankruptcy Court for the District of Minnesota asserted that "[a] debtor cannot be guilty of 'buying the discharge' unless he not entitled to the discharge in the first place." *In re Bates*, 211 B.R. 338, 347-8 (D. Minn. 1997). The *Bates* court discusses that the allegations asserted by Trustee in the complaint to deny the debtor's discharge are just that: allegations. No misconduct has been "judicially determined" and therefore the debtor cannot be buying something to which he is still entitled to receive. *Id*.

It is submitted that the benefit to the creditors outweighs public policy considerations for denial of the discharge. In *In re Bates*, the court acknowledged that, given the public policy consideration, "settlements of this type are to be viewed with skepticism . . ." (*Id* at 348); but "[n]evertheless, a *per se* rule against settlement in all cases in inappropriate, as such a rule would wholly deny the benefits of compromise in cases where settlement is in the best interests of the estate." *Id*. Trustee maintains such is the situation in the instant case. If Debtor's discharge is denied and this settlement disallowed, creditors will have the ability to pursue collection of their debts, but as noted earlier, Debtor is not going on with life as it was in the past. His income potential has been

severely curtailed and it is unlikely that creditors could recover anything meaningful if this settlement is not approved.

A per se prohibition against compromises for egregious conduct is simply not reasonable. Criminal courts allow compromise of criminal charges; sentences are deferred, probation is granted, and restitution is allowed as a part of plea agreements. A compromise such as the one that has been reached here is reasonable and fair and results in significant distribution to the creditors, significantly more than could be realized should Debtor's discharge be revoked.

### CONCLUSION

Trustee believes that the Discharge Settlement is in the best interests of the Estate. Accordingly, the Trustee asks that the Motion be granted and an order be issued approving the terms of the settlement as set forth herein.

**DATED** this 4th day of March, 2016.

                                      **WALLER & WOMACK, P.C.**

                                      By: /s/ Joseph V. Womack
                                          Joseph V. Womack
                                          Attorney for Trustee

### NOTICE OF OPPORTUNITY TO RESPOND AND REQUEST A HEARING

**If you object to this Motion, you must file a written responsive pleading and request a hearing within twenty one (21) days of the date of the filing. The responding party shall schedule the hearing on the motion at least twenty-one (21) days after the date of the response and request for hearing and shall include in the caption of the responsive pleading in bold and conspicuous print the date, time and location of the hearing by inserting in the caption the following:**

**NOTICE OF HEARING**
Date: _____
Time: _____
Location: _____

**If no objections are timely filed, the Court may grant the relief requested as a failure to respond by any entity shall be deemed an admission that the relief requested should be granted.**

**DATED** this 4th day of March, 2016.

                                                **WALLER & WOMACK, P.C.**

                                            By: /s/ Joseph V. Womack
                                                  Joseph V. Womack
                                                  Attorney for Trustee

**CERTIFICATE OF SERVICE**

      I, the undersigned, certify under penalty of perjury that on March 4, 2016 or as soon as possible thereafter, a copy of the foregoing was served electronically by the Court's ECF notice to all persons/entities requesting special notice or otherwise entitled to the same and that in addition service by mailing a true and correct copy, first class mail, postage prepaid, was made to the following persons/entities who are not ECF registered users:

John Schneider
3611 Tommy Armour Circle
Billings, MT 59106

John Schneider
543 Camino de Orchidia
Encinitas, CA 92024

Neal Jensen                (via email and US Mail)
Office of US Trustee
301 Central Avenue, Ste 204
Great Falls, MT 59401-3113
neal.g.jensen@usdoj.gov

Attached Creditor Mailing Matrix

                                                By: /s/ Lynsey Lund
                                                  Lynsey Lund
                                                  Legal Asst. to Trustee