```
                              * * * * * * * * * *
STATE OF MONTANA           )
                           :ss.
County of Yellowstone      )
```

  I.  I am John Schneider and I am a licensed medical doctor in the State of Montana.

  II.  I submit this affidavit as part of the notice of intent to terminate the existence of Northern Rockies Insurance Company, LLC, a Montana Captive insurance company operating under Certificate of Authority

  III.  I understand that upon receipt of this notice the Commissioner of Insurance of the State of Montana will revoke its Certificate of Authority

  IV.  In way of explanation I offer the following testimony to be placed in the file held by the Office of the Insurance commissioner.

  a.  My medical specialty is neurosurgery, with a focus on disorders of the spine and peripheral nervous system.

  b.  I have served as a neurosurgeon for 26 years. During the past 8 years (2005 through 2013) I have worked under surgical privileges at West Park Hospital, Cody, Wyoming; Northern Wyoming Surgical Center, Cody, Wyoming; Powell Hospital, Powell Wyoming; and, Sheridan Surgical Center, Sheridan Wyoming. I have held no surgical privileges in Montana during that time.

  c.  I was insured for malpractice through the Utah Medical Insurance Association (UMIA) until July of 2009 when my coverage was changed to the captive insurance company, NRIC.

1

**Exhibit 5**

d.  In regard to any past and future Montana based work:

i.  My principal office in Montana is the Northern Rockies Neuro-Spine Clinic located at 1739 Spring Creek Lane, Suite 200, Billings, Montana. For the past 8 years my medical practice in Montana has been limited to diagnosis, with referral of surgical work to the Wyoming institutions at which I held surgical privileges. Since 2004 I neither have had, nor have I sought, surgical privileges at Montana institutions.

ii.  My Wyoming (also my entire) surgical practice ceased in January of 2013 and I have performed no surgery since that time. I have now taken all recent surgical patients through a 90-day post operative period of care. On April 26, 2013 I will close my Billings office and cease work as a self-employed physician and surgeon.

iii)  I do intend to stay engaged as a physician and surgeon through *locum tenens* placement, but such placement will be institutional under an employee status and not as self employed. The employer will have malpractice coverage in *locum tenens* work.

iv)  In the past 9 years I have had no malpractice claim brought against me for work performed in Montana and I do not expect such a claim in the future.

e.  In regard to my past and future work at locations other than Montana:

i)  Since 1998 I have worked as a surgeon through privileges at three (sometimes four) Wyoming facilities.

2

ii) As of January 2013, my relationship ended with all Wyoming facilities and I no longer treat, or perform surgery on, patients. All recent surgical patients will have been provided 90 days post operative care as of April 26, 2013.

iii) NRIC or myself personally have resolved or are resolving the following claims made in the State of Wyoming:

1. *Biles v Schneider:* Case No. 11-CV-3666-F US District Court, District of Wyoming. Claim was settled on May 9, 2012, with NRIC providing coverage and payment of this claim in January 2013.

2. *Clark v Schneider:* Case No. 26812 Park County, Wyoming, State District Court. Settlement and release signed in March 2013. Schneider funded defense and settlement from personal assets. Schneider representative attorney Steve Emery, Casper WY.

3. *Thomas v Schneider:* Case No. CV 2012- 410 Sheridan County Wyoming, State District Court. Schneider funding defense and potential resolution from personal assets. Schneider representative attorney Steve Emery, Casper, WY.

4. *Monaco Estate v Schneider:* pending Wyoming Medical Review Panel July 2013. Schneider funding defense and potential resolution from personal assets. Schneider representative attorney Steve Emery, Casper, WY.

5. *Rasmussen vs. Westpark Hospital, Schneider et al.:* pending Wyoming Medical Review Panel fall 2013. Schneider defense and resolution has probable medical malpractice insurance coverage under UMIA. Schneider representative attorney Dave Clark, Worland ,WY.

6. John Schneider, MD claim (as to NRIC funds) against any insurance coverage for reimbursement on costs and fees associated with dealing with licensing issues at the Wyoming board of medicine related to *Monaco v Schneider* and above associated

3

claims. Schneider representative attorney Steve Kline and partners of Cheyenee, WY.

V. It is my desire and intention to close NRIC as a functioning entity and resolve the Wyoming related litigation, to the best of my ability, using my own resources. I do not know if any further Wyoming claims will be made other than those listed above.

Further Affiant sayeth not.

DATED this 15th day of April, 2013.

_____
John Schneider, MD

On this 15th day of April, 2013 before me, a notary public, personally appeared John Schneider, known to me to be the person whose name is subscribed to the within instrument, and acknowledged to me that he executed the same.

Becky L Ceniceros
Notary Public for the
State of Montana
Residing at:
My commission expires:

BECKY L CENICEROS
NOTARY PUBLIC for the
State of Montana
Residing at Billings, Montana
My Commission Expires
November 15, 2013

4



**Monica J. Lindeen**
Commissioner of Securities & Insurance
Montana State Auditor
840 Helena Ave
Helena, MT 59601

Phone: 406.444.2040
800.332.6148
Fax: 406.444.3497
www.csi.mt.gov

## 2012 PREMIUM TAX STATEMENT-CAPTIVE INSURANCE COMPANIES
*Due on or before March 1st*

### For Captives Filing the Annual Report on the Short Form

| Insurer Name (Attach list if necessary) | | | FEIN |
|---|---|---|---|
| NORTHERN ROCKIES INSURANCE COMPANY, LLC | | | 26-2793867 |
| Mailing Address | City | State | Zip Code |
| 2924 Millennium Circle, Suite B | Billings | MT | 59102 |
| Administrative Office Fax Number | Contact Person Telephone Number | | |
| 406-651-8196 | John H. Schneider, MD 406-651-8197 | | |

INSTRUCTIONS: A reinsurance premium tax does not apply to premiums for risks or portions of risks that are subject to taxation on a direct basis. For example, assume captive insurer "X" has gross direct premiums collected of $5,000,000 and cedes $1,500,000 of that business to captive insurer "Y". Captive insurer "X" is subject to premium tax on the entire $5,000,000 of gross direct premiums collected, but captive insurer "Y" is not subject to a reinsurance tax on the $1,500,000 of assumed reinsurance because the premiums were already taxed on a direct basis. If captive insurer "Y" assumed other reinsurance premiums not subject to tax on a direct basis, then a reinsurance tax would apply to those premiums.

### SCHEDULE A - TAX ON DIRECT PREMIUMS WRITTEN
1. Gross Direct Premiums (Annual Report, Page 8, Column 1) — $ 126,680 [01]
2. Less return premiums — $ - [02]
3. Other deductions (provide explanation by attachment) — $ - [03]
4. Premiums subject to Tax (line 1 minus line 2 minus line 3) — $ 126,680 [04]
5. First $20 million of line 4 x .4% — $ 126,680   0.400%  $ 507 [05]
6. Each subsequent dollar of line 4 x .3% — $ -   0.300%  $ - [06]
7. Total (sum of lines 5 and 6) — $ 507 [07]

### SCHEDULE B - TAX ON ASSUMED REINSURANCE PREMIUMS
8. Gross Assumed Reinsurance (Annual Report, Pg 8, Column 2+3) — $ - [08]
9. First $20 million of reinsurance premiums on line  $ -   0.225%  $ - [09]
10. Next $20 million of reinsurance premiums on line  $ -   0.150%  $ - [10]
11. Each subsequent dollar of reinsurance on line 8 x  $ -   0.050%  $ - [11]
12. Total (sum of lines 9 through 11) — $ - [12]

### SCHEDULE C - CALCULATION OF TOTAL AMOUNT DUE
13. Total Premium Tax (sum of lines 7 and 12). If greater than $100,000 then use $100,000. — $ 507 [13]
14. Captives licensed during 2011, the minimum tax is prorated using date (1st qtr- $5,000; 2nd qtr $3,750; 3rd qtr $2,500; 4th qtr $1,250) — $ - [14]
15. Captives licensed prior to 2011, the minimum premium tax is **$5,000** — $ 5,000 [15]
16. Minimum Tax per § 33-28-201(3), MCA (line 14 or 15) — $ 5,000 [16]
17. Tax Due (greater of line 13 or line 16) — $ 5,000 [17]
18. License Annual Renewal Fee of $300 per § 33-28-102(4)(b), — $ 300 [18]
19. Total due to: Commissioner of Insurance (sum of lines 17 and 18) — $ 5,300 [19]

| This is a true report of premiums written in the past calendar year and complies with the requirements of applicable law. | Name of Officer (Type or print) | JOHN H. SCHNEIDER, MD |
|---|---|---|
| Signature of Officer   3/11/2013   Date | Job Title of Officer | CHIEF EXECUTIVE MANAGER |

**Monica J. Lindeen**
Commissioner of Securities & Insurance
Montana State Auditor
840 Helena Ave
Helena, MT 59601



Phone: 406.444.2040
800.332.6148
Fax: 406.444.3497
www.csi.mt.gov

## 2013 PREMIUM TAX STATEMENT-CAPTIVE INSURANCE COMPANIES
*Due on or before March 1st*

### For Captives Filing the Annual Report on the Short Form

| Insurer Name (Attach list if necessary) | | | FEIN |
|---|---|---|---|
| NORTHERN ROCKIES INSURANCE COMPANY, LLC | | | 26-2793867 |
| Mailing Address | City | State | Zip Code |
| 2924 Millennium Circle, Suite B | Billings | MT | 59102 |
| Administrative Office Fax Number | Contact Person Telephone Number | | |
| 406-651-8196 | John H. Schneider, MD 406-651-8197 | | |

**INSTRUCTIONS:** A reinsurance premium tax does not apply to premiums for risks or portions of risks that are subject to taxation on a direct basis. For example, assume captive insurer "X" has gross direct premiums collected of $5,000,000 and cedes $1,500,000 of that business to captive insurer "Y". Captive insurer "X" is subject to premium tax on the entire $5,000,000 of gross direct premiums collected, but captive insurer "Y" is not subject to a reinsurance tax on the $1,500,000 of assumed reinsurance because the premiums were already taxed on a direct basis. If captive insurer "Y" assumed other reinsurance premiums not subject to tax on a direct basis, then a reinsurance tax would apply to those premiums.

### SCHEDULE A - TAX ON DIRECT PREMIUMS WRITTEN
1. Gross Direct Premiums (Annual Report, Page 8, Column 1)     $ - [01]
2. Less return premiums     $ - [02]
3. Other deductions (provide explanation by attachment)     $ - [03]
4. Premiums subject to Tax (line 1 minus line 2 minus line 3)     $ - [04]
5. First $20 million of line 4 x .4%    $ -    0.400% $ - [05]
6. Each subsequent dollar of line 4 x .3%    $ -    0.300% $ - [06]
7. Total (sum of lines 5 and 6)     $ - [07]

### SCHEDULE B - TAX ON ASSUMED REINSURANCE PREMIUMS
8. Gross Assumed Reinsurance (Annual Report, Pg 8, Column 2+3)     $ - [08]
9. First $20 million of reinsurance premiums on line 8 $ -    0.225% $ - [09]
10. Next $20 million of reinsurance premiums on line 8 $ -    0.150% $ - [10]
11. Each subsequent dollar of reinsurance on line 8 x .1 $ -    0.050% $ - [11]
12. Total (sum of lines 9 through 11)     $ - [12]

### SCHEDULE C - CALCULATION OF TOTAL AMOUNT DUE
13. Total Premium Tax (sum of lines 7 and 12) If greater than $100,000 then use $100,000.     $ - [13]
14. Captives licensed during 2011, the minimum tax is prorated using date licensed.
     (1st qtr- $5,000; 2nd qtr $3,750; 3rd qtr $2,500; 4th qtr $1,250)     $ - [14]
15. Captives licensed prior to 2011, the minimum premium tax is **$5,000**     $ 5,000 [15]
16. This Captive was licensed for less than 1 month in 2013. (5000 divided by 12=416.67)     $ 417
16. Minimum Tax per § 33-28-201(3), MCA (line 14 or 15)     $ 417 [16]
17. Tax Due (greater of line 13 or line 16)     $ 417 [17]
18. License Annual Renewal Fee of $300 per § 33-28-102(4)(b),     $ - [18]
19. Total due to: Commissioner of Insurance (sum of lines 17 and 18)     $ 417 [19]

| This is a true report of premiums written in the past calendar year and complies with the requirements of applicable law. | Name of Officer (Type or print) | JOHN H. SCHNEIDER, MD |
|---|---|---|
| _signature_    1/17/2013 <br> Signature of Officer      Date | Job Title of Officer | CHIEF EXECUTIVE MANAGER |