James A. Patten (ID No. 1191)
**PATTEN, PETERMAN, BEKKEDAHL & GREEN, P.L.L.C**
2817 2nd Avenue North, Ste. 300
Billings, Montana 59101
Telephone: (406) 252-8500
Facsimile: (406) 294-9500

Attorneys for Creditor, Estate of Russell Monaco, et al.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF MONTANA

| IN RE: <br><br> JOHN HENRY SCHNEIDER, <br>         Debtor. | Case No. 14-61357-7 <br><br> **NOTICE OF HEARING** <br> Date: April 26, 2016 <br> Time: 9:00 a.m. <br> Place: Bighorn Courtroom <br>     2601 2nd Ave North <br>     Billings, Montana |
|---|---|
| **OBJECTION TO TRUSTEE'S MOTION PURSUANT TO F.R.B.P. RULES 9019(a) and 7041 TO APPROVE SETTLEMENT AND DISMISSAL OF ADVERSARY COMPLAINT TO DENY DEBTOR'S DISCHARGE** ||

   Annette Thomas, Harley Morrell, Scherry Lee, Beverly Curtis, Harry A. Knopp and Jo Anne Dewards Knopp, the Estate of Russell Monaco, Mike Green, and Walt Morris (collectively the "Objectors") holders of claims in the above entitled matter, hereby object to the Trustee's Motion to Approve Settlement and Dismissal of Adversary Complaint [Doc. #220] on the following grounds:

   1. The Trustee has moved this Court pursuant to F.R.B.P. Rules 9019(a) and 7041 to approve a settlement and dismissal of his adversary complaint seeking denial of the Debtor's discharge in consideration of the payment of $450,000.

   2. The Objectors assert the following claims in this case:

      a. Annett Thomas- $1,000,000 [POC #16];

      b. Harley Morrell- $300,000 [POC #17];

      c. Scherry Lee- $1,000,000 [POC #18];

      d. Beverly Curtis- $1,500,000 [POC #19];

      e. Harry and Jo Anne Knopp - $1,000,000 [POC #20];

      f. Estate of Russell Monaco- $2,000,000 [POC #21];

      g. Mike Green- $337,792 [POC #14]; and

      h. Walt Morris – unknown amount [POC #15]

Collectively, the Objectors assert claims totaling $7,137,792 or 61% of the total claims filed in this case.

    3. The proposed settlement is neither fair nor equitable as it will, if approved, provide de minimus financial benefit to the Objectors while providing the Debtor with an undeserved discharge. The Trustee notes in his Motion that he is "confident he will prevail in his complaint to deny discharge." Motion at page 6. If the Trustee's confidence is correct, which the Objectors believe it to be, their claims against the Debtor will otherwise survive this bankruptcy case. The Objectors will have the opportunity to continue pursuit of their claims and seek full recovery from the Debtor. The ability to pursue the Debtor in the future and the prospect of a better recovery outweighs the minimal financial benefit that the Objectors will receive under the settlement.

    4. There are total claims filed of $11,787,324. Not taking into account any administrative expenses including Trustee's fees, the settlement will result in a distribution of $0.038 on the dollar. The Objectors assert claims totaling $7,137,792. A distribution of the

entirety of the proposed settlement will provide the Objectors, all of whom have suffered personal injury including a death as a result of the Debtor's conduct, distributions totaling $271,236. This amount is inadequate to provide any reasonable payment on account of their claims and the Objectors prefer to pursue their claim rather than collectively receiving $271,236.

5. The Debtor should not be allowed to purchase his discharge in this case. The Trustee has alleged the Debtor has employed a variety of schemes to divest his property leaving nothing for his creditors. The Debtor is alleged to have concealed his assets in this bankruptcy. In addition, the Debtor is alleged to have manipulated the terms of coverage of his captive malpractice insurance carrier, Northern Rockies Insurance Company, LLC, to include coverage for defamation claims subsequent to his settlement of a defamation claim; Northern Rockies Insurance Company then paid the defamation claim depleting all assets and rendering the Debtor "bare" with respect to the Objectors' malpractice claims. The Debtor pledged to the Montana Commissioner of Securities & Insurance that he would resolve the pending malpractice claims using his own resources. See attached letter, marked "Exhibit A," from the Commissioner of Securities & Insurance to the U.S. Trustee with its attached Order of Suspension and the Debtor's affidavit. The Debtor is not the "unfortunate but honest" debtor and his pre- and post-bankruptcy conduct demands he should be denied a discharge, particularly if his purchase of a discharge will benefit the creditors in an amount less than 4% of the amount of their claims.

WHEREFORE the foregoing reasons, Annette Thomas, Harley Morrell, Scherry Lee, Beverly Curtis, Harry A. Knopp and Jo Anne Dewards Knopp, the Estate of Russell Monaco, Mike Green, and Walt Morris object to the proposed settlement and urge that it be denied.

DATED this 18th day of March, 2016.

**PATTEN, PETERMAN, BEKKEDAHL
 & GREEN, P.L.L.C.**
2817 2ND Avenue North, Ste. 300
Billings, Montana 59101

By: /s/JA Patten
James A. Patten
Attorneys for Objectors

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify, under penalty of perjury, that on the 18th day of March, 2016, a copy of the foregoing was electronically by the Court's ECF notice to all persons/entities requesting special notice or otherwise entitled to the same and that in addition service by mailing a true and correct copy, first class mail, postage prepaid, was made to the following persons/entities who are not ECF registered users: None.

By: /s/JA Patten
For Patten, Peterman, Bekkedahl & Green

4