# EXHIBIT C

```
 1              IN THE UNITED STATES DISTRICT COURT

 2                   FOR THE DISTRICT OF WYOMING

 3   ----------------------------------------------------------

 4   JIMMIE G. BILES, JR., M.D.,
     a resident of Wyoming,
 5
             Plaintiff,                    Case No. 11-CV-366-F
 6
             vs.                           Cheyenne, Wyoming
 7                                         April 26, 2012
     JOHN HENRY SCHNEIDER, JR., M.D.,      7:42 a.m.
 8   MICHELLE RENE SCHNEIDER, husband
     and wife, both residents of Montana;
 9   JOHN HENRY SCHNEIDER, JR., M.D.,
     P.C., a Montana corporation;
10   and JOHN DOES I-XXX,                  CERTIFIED COPY

11           Defendants.
     ----------------------------------------------------------
12   JIMMIE G. BILES, JR., M.D.,

13           Plaintiff,                    Case No. 11-CV-294-F

14           vs.

15   LISA SHAURETTE FALLON,
     a resident of Indiana,
16
             Defendant.
17
     JOHN H. SCHNEIDER and
18   MICHELLE SCHNEIDER,
             Non-Party Movants.
19   ----------------------------------------------------------

20         TRANSCRIPT OF STATUS CONFERENCE PROCEEDINGS

21         BEFORE THE HONORABLE NANCY D. FREUDENTHAL
                CHIEF UNITED STATES DISTRICT JUDGE
22
     Court Reporter:        LISA D. ANTHONY, RPR, CRR
23                          320 North Impala Drive
                            Fort Collins, CO  80521
24                          (970)224-9363
     Proceedings recorded by mechanical stenography,
25   transcript produced by computer.
```

```
 1   APPEARANCES:

 2   For the Plaintiff:     MR. R. DANIEL FLECK
                            MS. M. KRISTEEN HAND
 3                          Attorneys at Law
                            THE SPENCE LAW FIRM, LLC
 4                          15 South Jackson Street
                            P.O. Box 548
 5                          Jackson, Wyoming  83001

 6                          MR. WILLIAM L. SIMPSON
                            Attorney at Law
 7                          BURG SIMPSON ELDREDGE HERSH & JARDINE
                            P.O. Box 490
 8                          Cody, Wyoming  82414

 9                          MR. CHRISTOPHER C. VOIGT
                            Attorney at Law
10                          CROWLEY FLECK
                            490 North 31st Street, Suite 500
11                          P.O. Box 2529
                            Billings, Montana  59103
12
     For Defendants         MR. BRADLEY D. BONNER
13   Schneider:             MR. LAURENCE W. STINSON
                            Attorneys at Law
14                          BONNER STINSON, P.C.
                            1421 Rumsey Avenue
15                          Cody, Wyoming  82414

16   For Defendant          MR. P. CRAIG SILVA
     Fallon:                Attorney at Law
17                          WILLIAMS PORTER DAY & NEVILLE
                            159 North Wolcott, Suite 400
18                          P.O. Box 10700
                            Casper, Wyoming  82602
19
              (All counsel appeared by telephone)
20
                                 INDEX
21   STATEMENTS                                            PAGE

22   By Mr. Bonner                                         3, 17

23   By Mr. Fleck                                              9

24   By Mr. Silva                                             15

25   Ruling by the Court                                      19
```

1       (Proceedings commenced at 7:42 a.m.,
2       April 26, 2012.)
3           THE COURT: Good morning. This is Nancy
4   Freudenthal. Could I get a roll call from the phone?
5           MR. BONNER: In Cody, this is Brad Bonner and
6   Laurence Stinson for the Schneiders.
7           MR. SILVA: In Casper, this is Craig Silva on
8   behalf of Lisa Fallon.
9           MR. VOIGT: Chris Voigt in Billings on behalf of
10  Dr. Biles.
11          MR. SIMPSON: Bill Simpson here in Cody on behalf
12  of Biles.
13          MR. FLECK: Dan Fleck in Jackson for Biles.
14  Kristeen Hand is also on the phone. She's out in Berkeley,
15  California.
16          THE COURT: All right. Who would like to proceed?
17          MR. BONNER: I will, Judge. This is Brad Bonner.
18          THE COURT: Let me just say just for the record,
19  we're here discussing -- the case is Biles versus Fallon and
20  Biles versus Schneider, Docket 11-CV-294 and 366.
21          Go ahead, Mr. Bonner.
22          MR. BONNER: Thank you, Your Honor.
23          You know, from the letter which we sent to you
24  yesterday, the purpose of our call today is for us to make a
25  disclosure to this tribunal. We have determined this

1    disclosure is necessary pursuant to Rule 3.3(b), Rule
2    3.3(c), and the corresponding Comment 12 of the Wyoming
3    Rules of Professional Conduct for attorneys of law. I will
4    talk about the specifics of those rules in a moment.

5    The disclosure today, Your Honor, concerns conduct
6    of our client, defendant John Schneider, which we learned of
7    for the first time on Monday of this week. That was April
8    23. This is an extraordinary and difficult circumstance.
9    In my 20 years of practicing law, this is not only the first
10   time I've ever had to make such a disclosure, but it's the
11   first time I've ever witnessed a disclosure to a tribunal
12   under rules such as these.

13   I never liked tattletaling, and that's sort of what
14   this feels like. Our reading of the rules tells us that it
15   is our duty to do this. We reached this conclusion of our
16   own accord after extensive consultation with bar counsel
17   Mark Gifford.

18   Let me first identify the pertinent provision of
19   the Rules of Professional Conduct at issue. Rule 3.3,
20   Judge, is titled "Candor Toward the Tribunal." The specific
21   provision we're focused on is Rule 3.3(b). And the
22   pertinent provisions of that rule state:

23   "A lawyer who represents a client in an adjudicated
24   proceeding and who knows that a person has engaged in
25   criminal or fraudulent conduct related to the proceeding

1  shall take remedial measures, including, if necessary,
2  disclosure to a tribunal."
3      Rule 3.3(c) then provides the duties stated in
4  paragraph (b), the one I just read, apply even if compliance
5  requires disclosure of information protected by Rule 1.6.
6  And that rule is the duty of client confidentiality.
7      Comment 12 then provides further guidance about
8  these rules. It is entitled "Preserving Integrity of the
9  Adjudicative Process." The pertinent provisions of that
10 comment state as follows: "Lawyers have a special
11 obligation to protect a tribunal against criminal or
12 fraudulent conduct that undermines the integrity of the
13 adjudicative process, such as bribing, intimidating or
14 otherwise unlawfully communicating with a witness."
15     The comment goes on to state, Judge, "Thus,
16 paragraph (b)," and it's referring to Rule 3.3(b), "requires
17 a lawyer to take reasonable remedial measures, including
18 disclosure, if necessary, whenever the lawyer knows that a
19 person, including the lawyer's client, has engaged in
20 criminal or fraudulent conduct related to the proceeding."
21     It is the comment's description of criminal or
22 fraudulent conduct to include bribing, intimidating, or
23 otherwise unlawfully communicating with a witness which
24 persuaded us that this disclosure is necessary. Against
25 that backdrop, Judge, I will relate pertinent facts.

1    On Monday of this week, April 23, plaintiff's
2    counsel sent us an email, and the email included a number of
3    attachments that included both emails and documents which we
4    were previously unaware of. The documents were obtained by
5    plaintiff's counsel as a result of their service of a
6    subpoena upon the Indiana hospital where Ms. Fallon works.
7    The emails contain communication between Mr. Schneider and
8    Ms. Fallon during the period October and November 2011.
9    During that time Ms. Fallon was a defendant in Biles v.
10   Fallon, but Biles v. Schneider had not yet been filed and
11   served.

12   In general, the emails concern Ms. Fallon's answers
13   to interrogatories and the testimony that she would be
14   giving in an upcoming scheduled deposition. There is
15   considerable communication from Dr. Schneider where -- and
16   it's to Ms. Fallon -- where Dr. Schneider quite apparently
17   is instructing Ms. Fallon on what to say, what not to say,
18   and how to say it, both in her deposition and in her
19   interrogatories. There is also a document that quite
20   apparently appears to be -- and it's provided from him to
21   her -- that appears to be his proposed text of her
22   interrogatory answers.

23   While all of that is a really, really, really bad
24   idea, I don't know if that conduct in and of itself would
25   necessarily motivate this disclosure. However, the emails

1  also contain communication in which Dr. Schneider provides
2  Ms. Fallon with a doctor's note for signature by her
3  personal physician. And the purpose of the note, it is
4  stated in their communication, is to prevent Ms. Fallon from
5  having to give her deposition in the litigation.

6  Then, Your Honor, when Ms. Fallon relates in an
7  email to Dr. Schneider that she has secured her doctor's
8  commitment to sign the doctor's note, thus hopefully in
9  their mind precluding the deposition, Dr. Schneider writes
10 in a responding email, "That should be a 250K-plus payoff
11 for your future. Thank you."

12 Your Honor, after careful consideration of all of
13 this information, in consideration of Rule 3.3(b) and the
14 comments, we determined it was our duty to bring these
15 matters to the attention of the Court. The rules go no
16 further than dictating a duty of candor, in this case
17 disclosure. The rules don't say what the tribunal should
18 do, if anything, with the information that is disclosed.
19 The plaintiff will have the ability to take whatever steps
20 they desire.

21 The rules and the comments do discuss the issue of
22 withdrawal of counsel following a lawyer's compliance with
23 the duty of candor. I'm alerting the Court at this time
24 that we will be filing a motion to withdraw as counsel for
25 Mr. and Mrs. Schneider, accordingly, and we will do so

1  promptly.
2       For now, Judge, that's the disclosure that we make.
3  If the Court has questions, I'll do my best to answer them.
4  Thank you.
5       THE COURT: What discussions have occurred to
6  protect the Schneiders until they can secure replacement
7  counsel in terms of a stay? What have the discussions, if
8  any, been?
9       MR. BONNER: We have not had that discussion
10 specifically with plaintiff's counsel. I can tell you that
11 due to some ongoing settlement negotiations, there has not
12 been a filing with respect to any of the information that we
13 have been talking about today. There is no agreement in
14 place that that information will not be filed, but it has
15 not been filed as of this time.
16      I can tell the Court that it would be our hope that
17 there be a period of time permitted for the Schneiders to be
18 able to obtain separate counsel when we withdraw.
19      THE COURT: Do you know -- well, without seeking
20 improper disclosures, I'd like to gain a better sense about
21 when the Fallons (sic) were advised of your withdrawal.
22 Have they signed documents acknowledging that? Do you know
23 what efforts, if any, they've taken to secure replacement
24 counsel?
25      MR. BONNER: Judge, the first time that we provided