Doug James (#2237)
MOULTON BELLINGHAM PC
Suite 1900, Crowne Plaza
P. O. Box 2559
Billings, Montana 59103-2559
Telephone: (406) 248-7731
Doug.James@moultonbellingham.com

Attorneys for Meridian Surgical Partners – Montana, LLC
and Meridian Surgical Partners, LLC

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| IN RE:<br><br>**JOHN HENRY SCHNEIDER,**<br><br>Debtor. | Case No. 14-61357-7<br><br>**OBJECTION TO MOTION TO CONTINUE AND REQUEST FOR EMERGENCY TELEPHONE CONFERENCE** |

Meridian Surgical Partners, LLC and Meridian Surgical Partners – Montana, LLC (collectively "Meridian") respectfully object to the Debtor's Motion to Continue the Hearing Scheduled for April 26, 2016. Meridian requests an emergency telephone hearing on Debtor's Motion. Meridian objects on the following grounds:

1. Debtor's Motion to Continue is untimely. Meridian filed its objections to the Trustee's Rule 9019 Motions [Docket No. 226] on March 11, 2016. Debtor waited 24 days before filing a Motion for Continuance. Debtor's Motion represents that Michelle Schneider's plans to travel to Zimbabwe were scheduled approximately eight

months ago. Accordingly, Debtor has known that there was a scheduling conflict for 24 days. Yet, Debtor did not seek an alternative Hearing date.

2. A continuance would be prejudicial to Meridian. A two week Arbitration Hearing is scheduled to begin on June 13, 2016, in Minneapolis, see Exhibit "A", Procedural Order No. 4. That Arbitration proceeding includes a claim that was originally asserted by Dr. Schneider that is now an asset of the Schneider Bankruptcy Estate. The Trustee's proposed settlements, if approved, would result in the transfer of the Bankruptcy Estate's Claim to Dr. Schneider, in his individual capacity. The ownership of the Schneider claim must be resolved in advance of the Arbitration Hearing. Furthermore, the ownership of the Schneider claim must be resolved as soon as possible, in order to give the parties time to prepare for the Arbitration Hearing.

3. Debtor seeks to continue the Hearing on the Trustee's Motions from April 26, 2016, until May 17, 2016. However, the Court's regularly scheduled Hearings for Billings are set for May 24, 2016.

4. Counsel for Meridian proposed seven alternative Hearing dates to Debtor's counsel. Those dates included April 11, 12, 13, 14, 15, 18, or 19, see Exhibit "B" hereto. None of those dates would conflict with Michelle Schneider's African travel schedule. Apparently, Debtor was not agreeable to an earlier Hearing date. After waiting 24 days, Debtor simply moved to continue the Hearing. Meridian submits that the Hearing should go forward on April 26, as originally scheduled or should be held on one of the earlier dates. If Michelle Schneider cannot appear at the April 26 Hearing, then the Debtor may elect to take her deposition on one of the earlier dates proposed.

5. The urgency of resolving the Trustee's Rule 9019 Motions has been heightened by Dr. Schneider's recent actions. Since the Trustee filed his Rule 9019 Motions [Docket Nos. 215, 216 and 220], Dr. Schneider has taken it upon himself to litigate the Bankruptcy Estate's claims against Meridian in the Arbitration proceeding. See Exhibit "C". It is uncontroverted that the claims at issue are an asset of the Schneider Bankruptcy Estate. Nevertheless, Dr. Schneider has taken it upon himself, in his individual capacity, to file pleadings and motions in connection with the Bankruptcy Estate's claim. In essence, Dr. Schneider is acting as if the settlements have already been approved and he is assuming ownership and control of Bankruptcy Estate assets.

6. The urgency of this case is additionally demonstrated by Dr. Schneider's continuing post-petition misconduct. Based upon representations from the Trustee, Meridian understands that Dr. Schneider has continued to liquidate property of the Bankruptcy Estate, without the Trustee's knowledge or consent. Specifically, Dr. Schneider has been selling household furniture and goods from the Whispering Winds Ranch and his home in the Yellowstone Country Club area of Billings. Further delay will not only be prejudicial to Meridian, but to the Trustee, and all of the Estate's creditors. Further delay will simply afford the Debtor an opportunity to continue to liquidate, transfer and dispose of Estate assets.

WHEREFORE, Meridian prays that the Court deny the Debtor's Motion for a Continuance, Docket Nos. 230 and 231.

DATED this 4th day of April, 2016.

             MOULTON BELLINGHAM PC


             By /s/ Doug James
               DOUG JAMES
             Suite 1900, Crowne Plaza
             P. O. Box 2559
             Billings, Montana 59103-2559

             Attorneys for Meridian Surgical Partners
             Montana, LLC and Meridian Surgical
             Partners, LLC

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify under penalty of perjury that on the 4th day of April, 2016, a copy of the foregoing was served by (1) electronic means pursuant to LBR 9013-1(c) on the parties noted in the Court's ECF transmission facilities and to the following via U.S. mail, postage prepaid from Billings, Montana:

Laurence W. Stinson
Gregory G. Costanza
STINSON LAW GROUP, PC
1421 Rumsey Avenue
Cody, WY  82414

Jim Ragain
RAGAIN LAW FIRM
3639 Ave. B, Suite A2
Billings, MT 59102

John Van Atta
PATTEN PETERMAN BEKKEDAHL & GREEN, PLLC
2817 Second Avenue North, Suite 300
Billings, MT 59101

David M. Clark
GREEAR CLARK KING
1112 Robertson Avenue
Worland, WY 82401

Joseph Womack
303 N. Broadway, Suite 805
Billings, MT 59101

John Henry Schneider
543 Camino de Orchidia
Encinitas, California 92024

        MOULTON BELLINGHAM PC

        /s/ Doug James
          DOUG JAMES

4829-6657-3872, v.  1