Joseph V. Womack
**Waller & Womack, P.C.**
Suite 805 US Bank Building
303 North Broadway
Billings, MT 59101
Telephone: (406) 252-7200
Fax: (406) 252-4266
Email: jwomack@jvwlaw.com
Attorney No. 2641

Attorney for Trustee

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In Re: <br><br> **SCHNEIDER, JOHN HENRY** <br><br><br> Debtor(s) | Case No. 14-61357-7 |

### TRUSTEE'S OBJECTION TO DEBTOR'S AMENDED
### MOTION TO CONTINUE HEARING

**COMES NOW** the Trustee, Joseph V. Womack, and hereby enters his objection to Debtor's Amended Motion to Continue Hearing filed today at Docket No. 231 and he states as follows:

1. On March 4, 2016, Trustee's council filed a Motion for Approval of Compromise Settlement, including Approval of Sale Free and Clear (Docket No. 216). This Motion seeks Court approval of a settlement agreement of the AP 15-60015 filed by Trustee against Debtor, Debtor's non-filing spouse, Michelle Schneider, and several entities under their control.

2. On March 4, 2016, Trustee filed his Motion Pursuant to F.R.B.P. Rules 9019(a) and 7041 to Approve Settlement and Dismissal of Adversary Complaint to Deny Debtor's Discharge, and Notice (Docket No. 220). This Motion seeks Court approval of a settlement

agreement of the adversary filed against Debtor by Trustee seeking denial of his discharge (AP 15-00020).

3. Both Motions were filed to seek approval of the settlement agreements signed by all parties of both adversary actions at the mediation held on February 17-18, 2016.

4. The first objection to the settlement agreements was filed on March 11, 2016 (Docket No. 226), which noticed the hearing on the settlement agreements for April 26, 2016, at 9:00 AM ("Hearing").

5. Trustee was contacted by Debtor's counsel, seeking consent to reschedule the hearing set for April 26, 2016, and indicated he opposed such a motion. Counsel for creditor Meridian Surgical Partners also indicated that they objected to the continuance and proposed seven (7) alternate dates so that the hearing could be held prior to April 26, 2016.

6. Of the available dates, Mr. York, representing the United States Trustee's office, indicated availability for five of the dates. Debtor and Michelle Schneider have not responded regarding their availability to those dates other than to say that they opposing moving the hearing date up.

7. Trustee objects to continuing the hearing of this matter and to leaving this matter open and undecided until May as requested by Debtor's counsel, for the following reasons:

  a. Debtor and Michelle acted and have continued to act in violation of the automatic stay by attempting to liquidate the jointly-owned property identified as 3611 Tommy Armour Circle ("House") in Billings, Montana, by listing the property with local realtor, Ron Thom. Trustee spoke with Mr. Thom on or about May 13, 2015, and informed him that bankruptcy estate had a claim to

the property and Debtor was not authorized to list the House without Trustee's consent and a Court order.

b. Trustee received confirmation from Dr. Schneider's attorney, Harold Dye, that he had advised Dr. Schneider his interest in the house is property of the estate and cannot be sold without court permission. See copy of that email dated May 13, 2016, attached as Exhibit A. Based on subsequent conversations with Debtor and his counsel, Trustee understood that Debtor would no longer attempt to sell the house without an agreement with Trustee and order of the Court.

c. Despite these assurances, in the fall of 2015, Debtor and Michelle listed the property again for sale without Trustee's knowledge or consent. Mediation was then scheduled for February 17 and 18, 2016. Without Trustee's knowledge or consent Debtor and Michelle's realtor held an open house for the property, just nine days after the mediation was concluded. See the attached advertisements on the Billings Gazette website from February 26 and February 27, 2016, for a February 28, 2016 open house (Exhibit B).

d. Mediation resulted in the pending settlement agreements being reached. On March 12, 2016, Debtor and Michelle advertised an "Estate Sale" on Craigslist, advertising furniture and furnishings, art, exercise equipment, electronics, and more; to be held March 18 through March 20, 2016, from 7:30 AM to 5:00 PM each day "until everything is gone!". Photos accompanying the listing show items from both the House and the Whispering Winds Ranch property in Powell, Wyoming. (See Exhibit C). The Estate has

       an interest in some or all of the property listed for sale as asserted in Paragraph 89 of the Complaint to deny Debtor's discharge. Again, this was done without the Trustee's knowledge or consent.

e. One of highly contested claims/assets in this case concerns the "Meridian Surgical Partners" claim. Arbitration to resolve this claim is ongoing. The claim has not yet been assigned to Debtor but that assignment is part of the pending settlement agreements. Debtor has taken control of that claim and without Trustee's prior knowledge or consent has filed numerous pleadings in the arbitration. The longer the issue of who holds the Meridian claim is in limbo the greater the morass that will exist as a result of Debtor's pleadings filed in the Arbitration. Trustee has determined that the claim is of little or no value to the estate but Debtor believes it has value and wishes to pursue the claim.

f. At the time of the mediation, which concluded on February 18, 2016, it was foreseeable to all parties that if any objections were filed a hearing regarding approval of the settlement agreements would be held at the April date set for Billings hearings. The parties were also all aware that at a minimum, the US Trustee would file an objection. At the time the motions for approval were filed on March 4, 2016, the deadline for objections to the motions was set for March 18, 2016. Therefore, any objection to the settlement agreements would be set for the April hearing date.

g. On March 11, 2016, the first objection to the settlement agreements was filed and the Court set the matter for hearing on for the April hearing date

scheduled for Billings hearings. Despite their knowledge regarding the hearing date for approval of the settlement agreements, Debtor's counsel did not notify any other party of a potential conflict with the hearing date until March 31, 2016.

8. Trustee is deeply concerned that Debtor and Michelle will continue to violate the stay and to dissipate assets and potential assets of the Estate, and are attempting to delay the hearing regarding the settlement agreements in attempt to obliterate potential assets for recovery should the settlements not be approved.

9. Trustee has represented to Debtor's council that he claims an interest in several motor vehicles. Trustee has not yet formally asserted these claims given the pending approval of the settlement agreements. Trustee is concerned that, despite his representation, Debtor and/or Michelle will attempt to transfer the vehicles and/or severely compromise the quality of the vehicles, so that there would be no meaningful recovery for the estate. Holding the record open until the end of May severely prejudices the estate and the creditors.

10. In order to resolve this issue, on March 31, 2016, Trustee sent all parties involved in the adversary proceedings a stipulation that provided that proceeds from any property sold would be held in escrow, that an accounting of all property sold would be provided, and that no other property would be sold. Trustee has received no response to the stipulation other than from attorney James Cossett, who stated on April 1, 2016, that he would review it with his client and get back to the Trustee. He then asked "Where specifically in the pleadings in either Ap15-15 or 15-20 does the estate assert a claim to the HH goods?"

11. Given the above facts and allegations, it is essential that the Court hold the hearing regarding the settlement agreements as soon as possible, in order to resolve ownership of the property and claims and the party entitled to assert an interest in the same.

**WHEREFORE**, Trustee prays the Court deny Debtor's motion to continue the April 26, 2016 Hearing to May 24, 2016, and order as follows:

1. That Michelle Schneider, in her individual and representative capacities, be ordered to appear at the hearing scheduled for April 26, 2016 in person or in the alternative via trial deposition; AND

2. That the hearing will remain as scheduled on April 26, 2016, with the record to be closed upon conclusion of the hearing; OR in the alternative,

3. That the hearing on the settlement agreements currently scheduled for April 26, 2016 be held at an earlier date, to be determined via emergency hearing ordered by the Court pursuant to Trustee's Motion filed concurrently, with the record to be closed upon conclusion of the hearing.

**DATED** this 4th day of April, 2016.

                                                             **WALLER & WOMACK, P.C.**

                                                       By: /s/ Joseph V. Womack
                                                            Joseph V. Womack
                                                            Ch. 7 Bankruptcy Trustee

## CERTIFICATE OF SERVICE

      I, the undersigned, certify under penalty of perjury that on April 4, 2016 or as soon as possible thereafter, a copy of the foregoing was served electronically by the Court's ECF notice to all persons/entities requesting special notice or otherwise entitled to the same and that in addition service by mailing a true and correct copy, first class mail, postage prepaid, was made to the following persons/entities who are not ECF registered users:

John Schneider
3611 Tommy Armour Circle
Billings, MT 59106

John Schneider
543 Camino de Orchidia
Encinitas, CA 92024

Attached Creditor Mailing Matrix

                                                                             By: /s/ Lynsey Lund
                                                                                     Lynsey Lund
                                                                                     Legal Asst. to Trustee