Joseph V. Womack
**Waller & Womack, P.C.**
Suite 805 US Bank Building
303 North Broadway
Billings, MT 59101
Telephone: (406) 252-7200
Fax: (406) 252-4266
Email: jwomack@jvwlaw.com
Attorney No. 2641

Attorney for Trustee

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In Re:<br>**SCHNEIDER, JOHN HENRY**<br><br>Debtor(s) | Case No. 14-61357-7 |

### BRIEF IN SUPPORT OF TRUSTEE'S OBJECTION TO DEBTOR'S AMENDED MOTION TO CONTINUE HEARING

**COMES NOW** the Trustee, Joseph V. Womack, and hereby provides the following brief in support of his Objection to Debtor's Amended Motion to Continue Hearing filed April 4, 2016 (Docket No. 233).

Debtor, by and through counsel, requests to continue the hearing currently set for April 26, 2016 at 9:00 AM, on approval of two settlement agreements now pending before the Court. One would settle AP 15-00015 ("Fraud Adversary"), filed by Trustee against Debtor, his non-filing spouse, and several entities under their control, and the other would settle AP 15-00020 ("Discharge Adversary"), filed by Trustee against Debtor seeking to deny Debtor his discharge. The settlement agreements were signed by all parties at the conclusion of the mediation, which was held February 17 and February 18, 2016. All parties worked with the mediator late into the night to finalize the agreements. Despite the parties' commitment to the settlement agreements, all

parties were aware that the motions would likely be objected to. Trustee conveyed to opposing counsel that the United States Trustee would likely issue an objection to the settlement of the Discharge Adversary given its policy against settling discharge cases. The Court's calendar for hearing dates is set and regular, and Debtor's counsel knew or should have known that any objections to the settlement, likely or not, would be set for April 26, 2016. At no time did the Debtor, Michelle Schneider, or counsel for either party, indicate that there was a conflict with the likely hearing date, even though we have now learned that Michelle Schneider's plans to be out of the country were made well before the mediation was even scheduled. In fact, Debtor's counsel did not contact the other parties until *twenty* days after the hearing was scheduled, and did not file the motion to continue the hearing date for another four days. Trustee and other parties have offered no less than five earlier alternate dates, subject to the Court's availability, to hold the hearing which will accommodate Michelle's travel plans. Debtor's counsel has not responded to any of these suggestions other than to state that Debtor will not agree to hold the hearing earlier than scheduled.

When presented with a similar issue, the 9th Circuit Bankruptcy Appellate Panel cited four factors used in determining that the presiding court had not abused its discretion in not continuing the hearing:

> First, we consider the extent of appellant's diligence in his [or her] efforts to ready his [or her] defense prior to the date set for hearing. Second, we consider how likely it is that the need for a continuance could have been met if the continuance had been granted. Third, we consider the extent to which granting the continuance would have inconvenienced the court and the opposing party, including its witnesses. Finally, we consider the extent to which the appellant might have suffered harm as a result of the district court's denial.

*Berry v. United States Tr. (In re Sustaita)*, 438 B.R. 198, 211 (B.A.P. 9th Cir. 2010) (Citing *United States v. 2.61 Acres of Land*, 791 F.2d 666, (9th Cir. Cal. 1985)).

With respect to the first factor, the Trustee believes that in the time remaining, adequate preparations can be made for the hearing. Whether or not the Debtor and Michelle have worked to prepare for the hearing is not really relevant, because the simple fact is that the parties moving for approval of the settlement agreements have time to prepare now. It is not a question of any need for additional time in order to prepare.

The second factor is within the province of the Court. Whether or not another time exists to schedule the hearings is up to the Court.

With respect to the third factor, there will be significant continued problems if the settlement is not heard as soon as possible. As noted in the objection, Debtor and Michelle have continued to try and liquidate property of the estate that the estate claims an interest in. They have, to this point, refused to provide an accounting of all property that the Trustee claims an interest in and they have refused to agree not to attempt to sell any of this property. Debtor has involved himself in the Meridian Arbitration without Trustee's prior knowledge or consent and the Trustee objects to this. It is important to resolve the settlement so that the respective parties can deal with the property as provided in the settlement.

Continuing the hearing and/or leaving the record open until the end of May unduly delays the administration of the estate by Trustee, and any distribution to creditors. As such, the Estate is harmed and inconvenienced if the Court grants Debtor's motion to continue. The Court has already been inconvenienced by the Motion by fielding objections and an emergency hearing on such a continuance. All other parties, including the debtor himself and Michelle Schneider's representative counsel, have been preparing for the April 26 hearing and to further delay the proceedings is an unjust inconvenience.

The BAP review of *Sustaita* indicated there was no due process violations by the lower court's failure to grant the continuance since he was "adequately notified of [the] pending

lawsuit . . ..” *Id*. at 210 (citing *Espinosa V. United Student Aid Funds*, 553 F.3d 1193 (9th Cir. Ariz. 2008)). As identified above, Debtor and his counsel, as well as Michelle Schneider and her counsel, were aware of the potential scheduling conflict at the time the settlement agreements were signed, at the time the hearing on the approval of the agreements was scheduled, and for the twenty-four days from the date the hearing was set until the Motion to Continue was filed. Their failure to proceed with full disclosure to the other parties does not result in a need to inconvenience all other parties and the Court, and to damage the estate by extending the resolution of this matter until the end of May. Both Michelle Schneider's testimony and her travel plans can be preserved by trial deposition or by scheduling an earlier hearing. There is no judicial need served by leaving the record open.

Finally, no party will suffer harm should the Court deny the motion to continue. Debtor's testimony and position in the settlement agreements are unaffected by Michelle Schneider's absence. It is also clear that Michelle Schneider's interests, both individually and in her representative capacities, also remain preserved even though she is not the moving party. Michelle Schneider's testimony can be taken prior to her departure and presented at the hearing via trial deposition. Her travel plans can remain unchanged and her interests can still be adequately represented; or the hearing can be held prior to Michelle Schneider's departure so she can appear in person if she so chooses.

For all the foregoing reasons, as well as those set forth in the Trustee's objection it is respectfully requested that the Court deny Debtor's motion to continue the April 26, 2016 hearing.

**DATED** this 5th day of April, 2016.

                              **WALLER & WOMACK, P.C.**

                              By: /s/ Joseph V. Womack
                                  Joseph V. Womack
                                  Ch. 7 Bankruptcy Trustee

## **CERTIFICATE OF SERVICE**

I, the undersigned, certify under penalty of perjury that on April 5, 2016 or as soon as possible thereafter, a copy of the foregoing was served electronically by the Court's ECF notice to all persons/entities requesting special notice or otherwise entitled to the same and that in addition service by mailing a true and correct copy, first class mail, postage prepaid, was made to the following persons/entities who are not ECF registered users:

John Schneider
3611 Tommy Armour Circle
Billings, MT 59106

John Schneider
543 Camino de Orchidia
Encinitas, CA 92024

Attached Creditor Mailing Matrix

                                                           By: /s/ Lynsey Lund
                                                               Lynsey Lund
                                                               Legal Asst. to Trustee