James H. Cossitt (Mont. # 4773)
PO Box 1889
Kalispell, MT  59903-1889
Tel:  406-752-5616
Email: jhc@cossittlaw.com
ATTORNEY FOR DEBTOR

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In Re:<br><br>JOHN HENRY SCHNEIDER,<br><br>Debtor. | Case #14-61357-7 |

## MOTION TO COMPEL TRUSTEE TO
## FULFILL DUTY TO OBJECT TO CLAIMS

**COMES NOW** the debtor and pursuant to § 502 & 704 of the Code, FRBP 9014 and Mont. LBR 9013-1 and in support of this Motion, state:

1. This chapter 7 proceeding was commenced by the filing of a voluntary petition on 12/4/14.

2. Joseph V. Womack (Womack) was appointed as chapter 7 trustee on or about the same date.  In that capacity, Womack convened and presided over multiple § 341 Meetings of Creditors and conducted an extensive investigation into the administration of the estate.

3. As a result of his appointment as trustee, Womack's conduct as trustee is subject to and governed by a broad body of law that includes:

    a. the explicit statutory duties outlined in § 704; and

    b.    a host of common law fiduciary duties;

    c.    duties, directives and obligations in the US Trustee Handbook for Chapter 7 Trustees.

4.    A good summary of the duties is outlined in: "The Fiduciary and Institutional Obligations of a Chapter 7 Bankruptcy Trustee", Spring, 2006, 80 Am. Bankr. L.J. 147, 154-155, by Hon. Steven Rhodes (hereafter "the Rhodes article"), and includes:

> The label "fiduciary obligations" n35 neatly bundles an array of substantive obligations that a trustee must undertake in each case - the duties of loyalty, **distribution maximization, diligence,** due care, accountability, **competence, claims review**, information disclosure, candor, civility, proper litigation preparation and conduct, impartiality and its appearance, enforcement, supervision, compliance, and good faith and fair dealing. n36 It also includes duties owed to [*155] secured creditors, n37 priority creditors n38 and the debtor, n39 as well as post-closing obligations. n40 In carrying out these fiduciary duties, however, a trustee is not an agent of the creditors and they have no power to direct the trustee's activities. n41

5.    In this case, there are multiple claims (POC # 12-21, 23 &24) filed that assert personal injury or death claims arising out of medical treatment; all such claims are contingent, unliquidated, unmatured, disputed and unsecured.

6.    In addition, the claims are inflated and the existence of so many of these claims dilutes the pro rata share of other claimants and reduces the amount of any dividend that might be paid to the unsecured creditor class under § 726.

7.    In fact, some of the holders of contingent and unliquidated have filed an objection to approval of the settlement at docket #227 and, as the basis for their objection, have asserted they hold 61% of the total claims filed and that the distribution in this case will be inadequate.

8.    These claims (POC # 12-21, 23 & 24) total many millions of dollars and, if

allowed as filed, dilute the dividend that would be otherwise payable to those unsecured creditors holding bona fide, legitimate, non contingent and liquidated claims.

9. The failure of the trustee to object to these contingent claims has resulted in the holders of these contingent claims receiving far more of a dividend than would be allowed under § 502(b), which is prejudicial to the holders of non contingent, liquidated claims that are allowed for the proper amount.

## BRIEF IN SUPPORT OF MOTION

This motion is based on the trustee's statutory and fiduciary duties of diligence, distribution maximization, due care, accountability, competence and claims review as noted above in the Rhodes article and also grounded in the plain language of § 704(a)(5) of the Code, which provides:

### § 704. Duties of trustee

(a) The trustee shall—

(1) collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest;

(5) if a purpose would be served, examine proofs of claims and object to the allowance of any claim that is improper;

In discussing that duty, a leading treatise, Collier on Bankruptcy, has observed:

### P 704.08 Trustee's Duty to Examine Proofs of Claim; § 704(a)(5)

Section 704(a)(5) imposes on the chapter 7 trustee the duty to examine proofs of claim and to object to the allowance of improper claims n1 except when the objection would serve no purpose. n2

> Under section 701, an interim trustee is appointed in every chapter 7 case n3 and there will therefore be a trustee in every chapter 7 case even when the creditors do not exercise their right to elect a trustee under section 702. This means that trustees will be confronted with many no-asset, no-dividend cases in which no purpose will be served by their either examining or objecting to claims. However, a trustee must always keep in mind that he or she is an officer of the court and is bound to exercise reasonable diligence in the examination of the debtor's schedules and all other matters filed in the case and to follow up all leads that they suggest.
>
> The trustee represents all unsecured creditors and therefore performs the role of examining claims and objecting to those that are improper. n4 The court does not have this responsibility because placing it on the court would put the court in an adversary position and potentially lead the court to prejudge the merits of objections to claims.

In addition, the Rhodes article also comments on:

> **"C. The Duty of Diligence**
>
> Section 704 of the Bankruptcy Code provides, "The trustee shall - (1) collect and reduce to money the property of the estate for which such trustee [*169] serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest ... ." n93 The Supreme Court has observed that the overriding purpose of bankruptcy liquidation is "the expeditious reduction of the debtor's property to money, for equitable distribution to creditors." n94  The courts of appeals also emphasize the importance of this duty. n95 Federal Rule of Bankruptcy Procedure 3009 similarly provides, "In a Chapter 7 case, dividends to creditors shall be paid as promptly as practicable." The Handbook concisely summarizes the consequences of delay in administering assets in Chapter 7:
>
>> Delays in case closure diminish the return to creditors, undermine the creditors' and public's confidence in the bankruptcy system, increase the trustee's exposure to liability, raise the costs of administration, and, in cases involving non-dischargeable pre-petition tax liabilities, expose the debtor to [*170] increased penalties and interest. Delays also give rise to public criticism of the bankruptcy process. n96
>
> The trustee's diligence in closing the estate is also important in the debtor's fresh start. n97."

With respect to the Duty of Claims Review, the Rhodes article advises the duty to review

claims is one  of a chapter 7 trustee's principal duties:

### G. THE DUTY TO REVIEW CLAIMS

This duty is established in § 704(5), which states that the trustee shall "if ***176** a purpose would be served, examine proofs of claims and object to the allowance of any claim that is improper ...."[126] Therefore, "[i]f a proof of claim appears proper, the trustee may rely on the proof of claim without further investigation and may properly decide not to object to it because the proof of claim is prima facie evidence of the validity and amount of the claim."[127] At the same time, "[i]t is not a trustee's duty to protect individual creditors against the consequences of failing to file a claim, filing a late claim, filing an insufficient claim, or failing to properly assert a deficiency claim. **It is a trustee's principal duty to object to unsubstantiated, excessive, or unallowable claims.**"[128] The same duty applies to any request for payment for an administrative expense under § 503(b),[129] including any professional fee application under § 330.[130]

**In determining whether a purpose would be served, the inquiry is whether other creditors would receive a greater distribution if the claims objections were pursued**.[131] Accordingly, when there are insufficient assets to make a distribution to general unsecured creditors, objecting to the claims of such creditors serves no purpose.[132] Similarly, when an estate is solvent and the debtor or its owners do not object to a claim, the trustee has no duty to do so.[133] The trustee's duty to examine and object to claims is intended to **\*177** promote the efficient and orderly administration of the estate.[134]

Applied here, the trustee clearly has a duty to object to these contingent and unliquidated claims and reduce the liabilities against the estate, so as to provide a fair dividend to those creditors that hold bona fide, non contingent and liquidated claims.  The cost of so doing should be borne by the estate.

    **WHEREFORE**, the  debtor respectfully request that the Court enter an Order(s):

a.     Requiring the trustee to object to claims 12-21, 23 & 24;

b.     Show cause why he has not done so thus far in the administration of this case;

c.     for such other & further relief as is just & equitable or authorized by FRCP 54(c).

_____

## NOTICE OF OPPORTUNITY TO RESPOND
## AND REQUEST A HEARING

      **If you object to this motion, you must file a written responsive pleading and request a hearing within fourteen (14) days of the date of this motion. The responding party shall schedule the hearing on the motion at least twenty-one (21) days after the date of the response and request for hearing and shall include in the caption of the responsive pleading in bold and conspicuous print the date, time and location of the hearing by inserting in the caption the following:**

                **NOTICE OF HEARING**
                **Date: _____**
                **Time:_____**
                **Location:_____**

**If no objections are timely filed, the Court may grant the relief requested as a failure to respond by any entity shall be deemed an admission that the relief requested should be granted.**

_____

Dated: April 11, 2016                                */s/ James H. Cossitt*

                                                James H. Cossitt (Mont. # 4773)
                                                ATTORNEY FOR DEBTOR

Original filed via ECF

**Pursuant to FRBP 7005 & 9014 (b) and FRCP 5(b)(2)(D) all parties noted in the Court's ECF transmission facilities have been served via ECF.**

**The following have been served by mail:**    None email or snail mail address

## CERTIFICATE OF SERVICE BY MAIL / ECF

This document was served pursuant to FRBP 7004, 9001(8), 9013, 9014(b):  1) by mail, in envelopes addressed to each of the parties at the addresses above; and/or  2) by electronic means, pursuant to LBR 7005-1, 9013-1(c) and 9036-1 on the parties noted in the Court's ECF transmission facilities, on April 11, 2016.  The undersigned declares, under penalty of perjury pursuant to 28 USC § 1746, that the foregoing is true and correct.

*/s/ James H. Cossitt*

L:\Clients\Schneider\14-61357\d\2016-04 - M Compel TT object claims.docx            Rev  4/11/16   JHC