transfers. These transfers are therefore also avoidable. Further, Michelle Schneider is now the Trustee of the Children's Trusts.

121.    Michelle Schneider is not the Trustee for the Children's Trusts.

122.    Joseph V. Womack, as Chapter 7 trustee for Debtor, has all of the rights of creditors to bring avoidance claims under applicable state law.

123.    Pursuant to 11 U.S.C. § 544(b), the Whispering Winds Ranch transfers were fraudulent transfer under WYO. STAT. ANN. §§ 34-14-205 and 206.

124.    The Trustee is therefore entitled to an order that the Whispering Winds Ranch transfers may be avoided pursuant to 11 U.S.C. § 550.

125.    Pursuant to 11 U.S.C. § 551, the Whispering Winds Ranch transfers avoided under § 544(b) are preserved for the benefit of the Bankruptcy Estate.

126.    In the alternative to avoidance of the fraudulent transfers, pursuant to 11 U.S.C. § 550(a) and WYO. STAT. ANN. § 34-14-209(b), the Trustee is entitled to a money judgment against Michelle Schneider and the Children's Trusts for the value of the Whispering Winds Ranch.

## COUNT IV – FRAUDULENT TRANSFER RE: LOAN TO MEDPORT
### (MedPort)

127.    Plaintiff hereby restates each and every paragraph in this Complaint, as if specifically stated herein.

128.    On May 1, 2012, MedPort executed a Promissory Note in favor of Schneider LP, allowing MedPort to borrow up to $5,000,000 from Schneider LP.

129.    Kathleen Burrows executed the MedPort Note in her capacity as manager of MedPort, at the direction of Debtor. At the same time, at the director of

Debtor, Burrows was the named manager of Schneider Management, and therefore acted as the general partner of Schneider LP, under the direction of Debtor.

130.   Pursuant to the MedPort Note, Schneider LP transferred funds to MedPort in an amount exceeding $3,000,000.

131.   In January of 2013, at Debtor's direction, the MedPort Note was amended to provide that no payments of principal or interest were required until 2018.

132.   The MedPort Note is a sham, and has been used by Debtor to funnel personal funds through Schneider LP in an attempt to hide assets from the creditors of Debtor and Schneider LP. MedPort has not made any principal or interest payments on the MedPort Note.

133.   Because Schneider LP is the alter ego of Debtor, the transfer of funds from Schneider LP to MedPort was a transfer of Debtor's property.

134.   Schneider LP and Debtor did not receive any valid consideration, much less reasonably equivalent value, for the funds transferred to MedPort, purportedly pursuant to the MedPort Note.

135.   At the time of the transfer of funds to MedPort:

   (a)   Schneider LP's and Debtor's remaining assets were unreasonably small and they should have reasonably believed that they would be unable to pay its debts as they came due;

   (b)   Schneider LP and Debtor were insolvent or became insolvent as a result of the transfers;

      (c)    Schneider LP and Debtor were engaged or about to engage in a business or transaction for which their remaining assets were unreasonably small in relation to such business or transaction; and/or

      (d)    Schneider LP and Debtor intended to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay as they became due.

136.   The insolvency of Schneider LP and Debtor caused by the transfer of funds to MedPort is demonstrated by the fact that Debtor and Schneider LP did not pay the judgment obtained against them by Wells Fargo, as described above. Instead, MedPort used the funds it obtained from Schneider LP to facilitate the purchase of the judgment by the Children's' Trusts, and to create further encumbrances against Debtor's property.

137.   The transfer of funds to MedPort was made with the intent to hinder, delay, or defraud creditors of Schneider LP and Debtor and their affiliated entities.

138.   MedPort was not a good faith transferee. Rather, through Burrows and at Debtor's direction, it was complicit in Debtor's scheme to conceal asset from Debtor's and Schneider LP's creditors.

139.   Joseph V. Womack, as Chapter 7 trustee for Debtor, has all of the rights of creditors to bring avoidance claims under applicable state law.

140.   Pursuant to 11 U.S.C. § 544(b), the transfer of funds to MedPort was a fraudulent transfer under Wyo. Stat. Ann. §§ 34-14-205 and 206.

141. The Trustee is therefore entitled to an order that the transfer of funds to MedPort may be avoided pursuant to 11 U.S.C. § 550. In addition, the Trustee is entitled to all assets purchased with the avoided transfer, including the Encinitas Property.

142. Pursuant to 11 U.S.C. § 551, the transfer of funds to MedPort avoided under § 544(b) are preserved for the benefit of the Bankruptcy Estate.

143. In the alternative to avoidance of the fraudulent transfer, pursuant to 11 U.S.C. § 550(a) and WYO. STAT. ANN. § 34-14-209(b), Trustee is entitled to a money judgment against MedPort for the total value of the funds transferred to MedPort.

### COUNT V – FRAUDULENT AND PREFERENTIAL TRANSFER RE: JUDGMENT LIEN AND MEDPORT MORTGAGE
(MedPort and Michelle Schneider, as Trustee of the Children's Trusts)

144. Plaintiff hereby restates each and every paragraph in this Complaint, as if specifically stated herein.

145. As set forth above, Wells Fargo obtained a judgment against Debtor, Michelle Schneider, Schneider LP, the John Trust, the Michelle Trust, and Schneider Management in the amount of $695,220.15.

146. Wells Fargo domesticated the judgment in Montana and obtained the Judgment Lien against Debtor's residence in Billings, Montana.

147. Rather than paying the judgment, Debtor seized this opportunity to further conceal his assets from creditors

148. Debtor, using his sister, Kathleen Burrows, executed a scheme whereby MedPort, an entity now owned by the Children's Trusts, used funds it had

borrowed from Schneider LP to loan $650,000 to Debtor's Children's Trusts, of which Burrows was also the Trustee. In return, MedPort received a mortgage against the Whispering Winds Ranch.

149.   Then, using the funds loaned by MedPort, Burrows, as Trustee for the Childrens' Trusts, purchased the judgment from Wells Fargo, obtaining as part of the deal the Judgment Lien against Debtor's home.

150.   Thus, rather than pay the judgment against him and remove the Judgment Lien, Debtor orchestrated a scheme whereby MedPort obtained a mortgage against the Whispering Winds Ranch and the Children's Trusts obtained the Judgment Lien against Debtor's residence, further prejudicing creditors.

151.   Now, Michelle Schneider is the Trustee of the Children's Trusts, and the Children's Trusts are the sole owners of MedPort.

152.   The Court should collapse these various transfers and treat them as a single, integrated transaction for fraudulent transfer purposes.

153.   As described above, at the start of the transfers, Schneider LP was in a financial state sufficient to satisfy the statutory requirements for a finding of a constructively fraudulent transfer.

154.   This scheme was executed with the intent to hinder, delay and defraud Debtor's and Schneider LP's creditors.

155.   Pursuant to 11 U.S.C. § 544(b), MedPort's mortgage on the Whispering Winds Ranch and the Judgment Lien held by the Children's Trusts constitute fraudulent transfers under WYO. STAT. ANN. §§ 34-14-205 and 206, and MONT. CODE. ANN. §§ 31-2-333 and 334.

156.   Further, MedPort's mortgage on the Whispering Winds Ranch and the Judgment Lien held by the Children's Trusts constitute fraudulent transfers under 11 U.S.C. § 548.

157.   MedPort and the Children's Trusts were not good faith transferees. Rather, through Burrows and at Debtor's direction, they were complicit in Debtor's scheme to conceal asset from creditors.

158.   Finally, MedPort's mortgage on the Whispering Winds Ranch and the Judgment Lien held by the Children's Trusts constitute preference payments made to insiders pursuant to 11 U.S.C. § 547.

159.   The Trustee is therefore entitled to an order that MedPort's mortgage on the Whispering Winds Ranch and the Judgment Lien held by the Children's Trusts may be avoided pursuant to 11 U.S.C. § 550.

160.   Pursuant to 11 U.S.C. § 551, the Medport mortgage on the Whispering Winds Ranch and the Judgment Lien held by the Children's Trusts avoided under § 547 are preserved for the benefit of the Bankruptcy Estate.

161.   In the alternative, the Judgment Lien and MedPort's mortgage on the Whispering Winds Ranch should be transferred to Trustee.

<u>COUNT VI – FRAUDULENT AND PREFERENTIAL</u>
<u>TRANSFER RE: SCHNEIDER LP DISTRIBUTIONS</u>
(Michelle Schneider)

162.   Plaintiff hereby restates each and every paragraph in this Complaint, as if specifically stated herein.

163.   Beginning in February of 2013, and continuing into 2014, Michelle Schneider took distributions from Schneider LP in an amount of at least $1,658,431.30, either in cash or in property.

164.   Michelle Schneider was an insider of Schneider LP, which was the alter ego of Debtor under his control. Thus, the funds taken as distributions from Schneider LP were property of the bankruptcy estate.

165.   Schneider LP and Debtor did not receive any consideration, much less reasonably equivalent value, for the distributions to Michelle Schneider.

166.   At the time of the transfer of the distributions to Michelle Schneider, Schneider LP's and Debtor's remaining assets were unreasonably small and they should have reasonably believed that they would be unable to pay its debts as they came due.

167.   At the time of the distributions to Michelle Schneider:

   (a)   Schneider LP and Debtor were insolvent or became insolvent as a result of the transfers;

   (b)   Schneider LP and Debtor were engaged or about to engage in a business or transaction for which their remaining assets were unreasonably small in relation to such business or transaction; and/or

   (c)   Schneider LP and Debtor intended to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay as they became due;

168.    The distributions to Michelle Schneider were made with the intent to hinder, delay, or defraud creditors of Schneider LP and Debtor and their affiliated entities.

169.    Michelle Schneider was not a good faith transferee. Rather, she was complicit in Debtor's scheme to conceal Debtor's and Schneider LP's assets from creditors.

170.    Joseph V. Womack, as Chapter 7 trustee for Debtor, has all of the rights of creditors to bring avoidance claims under applicable state law.

171.    Pursuant to 11 U.S.C. § 544(b), the distributions to Michelle Schneider were fraudulent transfers under WYO. STAT. ANN. §§ 34-14-205 and 206, and/or MONT. CODE. ANN. §§ 31-2-333 and 334.

172.    Further, the distributions to Michelle Schneider constitute fraudulent transfers under 11 U.S.C. § 548.

173.    Finally, certain distributions to Michelle Schneider constitute preference payments made to insiders pursuant to 11 U.S.C. § 547.

174.    The Trustee is therefore entitled to an order that the distributions to Michelle Schneider may be avoided pursuant to 11 U.S.C. § 550.

175.    Pursuant to 11 U.S.C. § 551, the distributions to Michelle Schneider avoided under §§ 544(b) and 547 are preserved for the benefit of the Bankruptcy Estate.

176.    In the alternative to avoidance of the fraudulent transfer, pursuant to 11 U.S.C. § 550(a) and WYO. STAT. ANN. § 34-14-209(b) or MONT. CODE. ANN. § 31-2-



340(2, Trustee is entitled to a money judgment against Michelle Schneider for the total value of the distributions from Schneider LP.

## COUNT VII – FRAUDULENT TRANSFER RE: BILES SETTLEMENT
### (Michelle Schneider)

177.    Plaintiff hereby restates each and every paragraph in this Complaint, as if specifically stated herein.

178.    In 2011, Debtor and his wife, Michelle Schneider, were sued by Dr. Jimmie G. Biles, Jr. for defamation.

179.    In May of 2012, due to the discovery of incriminating evidence of Debtor's wrongful actions in the Biles litigation, Debtor and Debtor's wife, Michelle Schneider, entered into a multi-million dollar settlement with Dr. Biles.

180.    The settlement as to both defendants (Debtor and his wife) was paid with Debtor's individual earnings. Specifically, Debtor caused his solely owned entity, NRNS, to pay the full settlement amount, including the portion representing the individual liability of Michelle Schneider. Michelle Schneider made no personal contribution for the amount paid to Dr. Biles to resolve his claims against her.

181.    The funds used to satisfy Dr. Biles' settlement with Michelle Schneider were the property of Debtor and solely owned entity, NRNS, and therefore property of the bankruptcy estate. The payment of an obligation owed by Michelle Schneider constitutes a transfer of Debtor's assets to Michelle Schneider.

182.    Debtor received no consideration for the amounts paid to Dr. Biles on behalf of Michelle Schneider.

183.    At the time of the settlement of the Biles litigation:

    (a)    Debtor was insolvent or became insolvent as a result of the transfers;

    (b)    Debtor was engaged or about to engage in a business or transaction for which his remaining assets were unreasonably small in relation to such business or transaction; and/or

    (c)    Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

184.    This settlement arrangement was intended to defraud creditors of Debtor and his affiliated entities.

185.    Joseph V. Womack, as Chapter 7 trustee for Debtor, has all of the rights of creditors to bring avoidance claims under applicable state law.

186.    Pursuant to 11 U.S.C. § 544(b), the transfers to Michelle Schneider for the purposes of satisfying her personal liability in the Biles Settlement were fraudulent under WYO. STAT. ANN. §§ 34-14-205 and 206 and/or MONT. CODE. ANN. §§ 31-2-333 and 334, as well as 11 U.S.C. § 548.

187.    The Trustee is therefore entitled to an order that the transfers to Michelle Schneider for the purpose of settling the Biles litigation may be avoided pursuant to 11 U.S.C. § 550.

188.    Pursuant to 11 U.S.C. § 551, the payments made on behalf of Michelle Schneider for purposes of settling the Biles litigation avoided under §§ 544(b) and 548 are preserved for the benefit of the Bankruptcy Estate.

189.    In the alternative to avoidance of the fraudulent transfer, pursuant to 11 U.S.C. § 550(a) and WYO. STAT. ANN. § 34-14-209(b) or MONT. CODE. ANN. § 31-2-340(2), the Trustee is entitled to a money judgment against Michelle Schneider for the total value of her half of the Biles Settlement, as paid by the Debtor and his solely owned entity, NRNS.

### COUNT VIII – DIRECT AND DERIVATIVE CLAIM FOR CONVERSION
(Michelle Schneider, individually and as Trustee of the Children's Trusts)

190.    Plaintiff hereby restates each and every paragraph in this Complaint, as if specifically stated herein.

191.    The Trustee brings this claim directly on behalf of the estate by virtue of the fact that Schneider LP is an alter ego of the Debtor. Alternatively, the Trustee brings this claim as a derivative claim on behalf of Schneider LP.

192.    Debtor, through the John Trust, held a minimum of a 49.5% limited partnership interest in Schneider LP. Pursuant to 11 U.S.C. § 541, the John Trust is property of the estate. Thus, the Trustee has succeeded to a minimum of a 49.5% limited partnership interest in Schneider LP.

193.    Pursuant to WYO. STAT. ANN. § 17-14-1101, a limited partner may bring a derivative action on behalf of a limited partnership where an effort to cause the general partner to bring the action is not likely to succeed.

194.    The general partner of Schneider LP is Schneider Management, which is currently managed by Debtor's wife, Michelle Schneider. Michelle is also the Trustee of the Children's Trusts, the mother of the children who nominally stand to benefit from the Children's Trusts, the husband of Debtor who actually stands to

*Womack v. Schneider Limited Partnership, et al.* – First Amended Complaint                    Page 39

benefit from the Children's Trusts, and, in her individual capacity, is potentially personally liable for this claim. Michelle is complicit in Debtor's scheme to conceal his assets from creditors, is personally and financially tied to Debtor, and a demand upon the general partner of Schneider LP to pursue claims for conversion would effectively require Michelle Schneider to bring claims against herself and her family. Thus, a demand to the general partner of Schneider LP to pursue claims for conversion would be futile, and the Trustee may bring such claims derivatively.

195.  Debtor's wife, Michelle Schneider, and Debtor, using his sister, Kathleen Burrows, devised a scheme to divest Schneider LP of the Whispering Winds Ranch. To accomplish that end, Burrows, as manager of Schneider Management and at Debtor's direction, executed a deed transferring the Whispering Winds Ranch from Schneider LP to Michelle Schneider. No consideration was given to Schneider LP for this transfer. Michelle Schneider then completed the scheme by deeding the Whispering Winds Ranch back to Kathleen Burrows, in her capacity as Trustee of the Children's Trusts, also with no consideration. Now, Michelle Schneider has replaced Burrows as Trustee of the Children's Trusts.

196.  The Whispering Winds Ranch rightfully belongs to Schneider LP, and, accordingly, to the bankruptcy estate. Burrows, as Trustee of the Children's Trusts, unlawfully took possession of and title to the Whispering Winds Ranch, and now, Michelle Schneider, as the replacement Trustee, is exercising unlawful dominion over it.

197.    Additionally, beginning in February of 2013, and continuing into 2014, Michelle Schneider wrongfully took distributions from Schneider LP in an amount of at least $1,658,431.30 in cash or property. This money or property is rightfully property of the bankruptcy estate.

198.    Schneider LP, the Trustee and the bankruptcy estate have been damaged by these acts of conversion and are entitled to an order requiring Michelle Schneider, as Trustee of the Children's Trusts, to transfer the Whispering Winds Ranch back to Schneider LP, and an order requiring Michelle Schneider to return any distributions from Schneider LP, or, in the alternative, to recover such damages as proven at trial.

### COUNT IX – DIRECT AND DERIVATIVE CLAIM FOR NEGLIGENCE
(Kathleen Burrows and Michelle Schneider,
Individually, and as Managers of Schneider Management)

199.    Plaintiff hereby restates each and every paragraph in this Complaint, as if specifically stated herein.

200.    The Trustee brings this claim directly on behalf of the estate by virtue of the fact that Schneider LP is an alter ego of the Debtor. Alternatively, the Trustee brings this claim as a derivative claim on behalf of Schneider LP.

201.    Debtor, through his revocable trust, held a minimum of a 49.5% limited partnership interest in Schneider LP. Pursuant to 11 U.S.C. § 541, the revocable trust is property of the estate. Thus, Trustee has succeeded to a minimum of a 49.5% limited partnership interest in Schneider LP.

202.    Pursuant to WYO. STAT. ANN. § 17-14-1101, a limited partner may bring a derivative action on behalf of a limited partnership where an effort to cause the general partner to bring the action is not likely to succeed.

203.    The general partner of Schneider LP is Schneider Management, which is currently managed by Debtor's wife, Michelle Schneider. Thus, a claim for negligence on behalf of Schneider LP would have to be brought by Michelle Schneider against herself and/or her sister-in-law, Kathleen Burrows, the former manager of Schneider Management. Michelle is personally and financially tied to Debtor, and is complicit in Debtor's scheme to conceal his assets from creditors, including using Burrows in furtherance of such concealment. A demand to the general partner of Schneider LP to pursue claims for negligence would therefore be futile and the Trustee may bring such claims derivatively.

204.    Burrows and Michelle Schneider, as managers of Schneider Management and therefore technical general partners of Schneider LP, owed duty to the limited partners to carry out partnership business in a reasonable and prudent manner in order to protect and advance the interests of the partnership.

205.    Burrows and Michelle Schneider breached these duties in various ways, notably including the following.

206.    Kathleen Burrows, as manager of Schneider Management, executed a deed transferring the Whispering Winds Ranch from Schneider LP to Michelle Schneider. No consideration was given to Schneider LP for this transfer.

207.    The Whispering Winds Ranch rightfully belongs to Schneider LP, and, accordingly, to the bankruptcy estate. Burrows, as Trustee of the Children's Trusts, unlawfully took possession of and title to the Whispering Winds Ranch.

208.    Michelle Schneider, as the replacement Trustee of the Children's Trusts, continues to exercise unlawful dominion over the Ranch. As manager of Schneider Management and therefore technical general partner of Schneider LP, she has failed to take action to recover what is rightfully partnership property, or otherwise protect the interests of the limited partners.

209.    Additionally, beginning in February of 2013, and continuing into 2014, Burrows, at Debtor's direction, allowed Michelle Schneider to take distributions from Schneider LP in an amount of at least $1,658,431.30 at a time when Schneider LP could not afford to give such distributions.

210.    By transferring the Whispering Winds Ranch to Michelle Schneider for no consideration, Burrows negligently breached the duties she owed to Schneider LP and its limited partners.

211.    Burrows further breached her duties by permitting Michelle Schneider to wrongfully receive distributions from Schneider LP.

212.    Michelle Schneider breached her duties by participating in the foregoing fraudulent transfers and wrongful distributions and failing to take action to protect the interests of the limited partners, including recovering and restoring partnership property which was wrongfully distributed to her and others.

213.    Schneider LP, the Trustee and Debtor's estate have been damaged by these negligent acts and are entitled to recover such damages from Burrows and/or Michelle Schneider as are found at trial.

<u>COUNT X – DIRECT AND DERIVATIVE CLAIM FOR
BREACH OF FIDUCIARY DUTY</u>
(Kathleen Burrows and Michelle Schneider,
Individually, and as Managers of Schneider Management)

214.    Plaintiff hereby restates each and every paragraph in this Complaint, as if specifically stated herein.

215.    The Trustee brings this claim directly on behalf of the estate by virtue of the fact that Schneider LP is an alter ego of the Debtor. Alternatively, the Trustee brings this claim as a derivative claim on behalf of Schneider LP.

216.    Debtor, through his revocable trust, held at minimum a 49.5% limited partnership interest in Schneider LP. Pursuant to 11 U.S.C. § 541, the revocable trust is property of the estate. Thus, Trustee has succeeded to a minimum of a 49.5% limited partnership interest in Schneider LP.

217.    Pursuant to WYO. STAT. ANN. § 17-14-1101, a limited partner may bring a derivative action on behalf of a limited partnership where an effort to cause the general partner to bring the action is not likely to succeed.

218.    The general partner of Schneider LP is Schneider Management, which is currently managed by Debtor's wife, Michelle Schneider. Thus, a claim for breach of fiduciary duty on behalf of Schneider LP would have to be brought by Michelle Schneider against herself and/or her sister-in-law, Kathleen Burrows, the former manager of Schneider Management. Michelle is personally and financially tied to

Debtor, and is complicit in Debtor's scheme to conceal his assets from creditors, including using Burrows in furtherance of such concealment. A demand to the general partner of Schneider LP to pursue claims for breach of fiduciary duty would therefore be futile and the Trustee may bring such claims derivatively.

219. Burrows, as the manager of Schneider Management, which is the general partner of Schneider LP, owed fiduciary duties to Schneider LP and its limited partners, including the Trustee, including but not limited to: a duty of loyalty, a duty to account and keep accurate records, a duty to use partnership funds for partnership purposes, a duty to act for the benefit of the partnership and the limited partners, a duty to not accept or allow others to accept personal benefits at the expense of the partnership, a duty to refrain from engaging in harmful or illegal conduct or allowing others to do so on behalf of the partnership, and a duty to act in a reasonable and prudent manner to protect and advance the interests of the limited partners.

220. Burrows and Michelle Schneider breached these duties in various ways, notably including the following.

221. Burrows and Michelle Schneider breached their fiduciary duties by failing to exercise independent judgment and allowing Debtor to control and manipulate Schneider Management, and therefore Schneider LP, for his personal benefit and for the purpose of concealing assets in furtherance of his fraudulent scheme.

222. Burrows and Michelle Schneider breached their fiduciary duties to keep accurate records and account for partnership funds, and instead allowed



Debtor to alter, manipulate and contrive partnership records in order to conceal his fraudulent activities.

223.   Burrows breached her fiduciary duty by transferring the Whispering Winds Ranch to Michelle Schneider for no consideration, and by permitting wrongful distributions to Michelle Schneider.

224.   Schneider LP, the Trustee and Debtor's estate have been damaged by these breaches of fiduciary duty and are entitled to recover such damages from Burrows and/or Michelle Schneider as are found at trial.

## COUNT XI – CONSPIRACY
### (Michelle Schneider, Debtor, John Does 1–10 and XYZ Corps. 1–10)

225.   Plaintiff hereby restates each and every paragraph in this Complaint, as if specifically stated herein.

226.   The wrongs complained of herein all have a common link—they have been perpetrated at Debtor's direction, with the assistance of Debtor's wife, Michelle Schneider, and with the assistance of professional advice sought and obtained from John Does 1–10 and XYZ Corps. 1–10.

227.   Debtor, Michelle Schneider, John Does 1–10 and XYZ Corps. 1–10 conspired among themselves to cause Debtor to divest himself of technical ownership of his assets.

228.   Debtor, Michelle Schneider, John Does 1–10 and XYZ Corps. 1–10 had a meeting of minds regarding such conspiracy, the object of which was to defraud Debtor's creditors.

229. Debtor and Michelle Schneider, individually and in various other capacities on behalf of entities which they own and/or control, with the assistance and advice of John Does 1–10 and XYZ Corps. 1–10, took one or more unlawful overt acts in furtherance of such conspiracy. The wrongful actions taken by Debtor, Michelle Schneider, John Does 1–10 and XYZ Corps. 1–10 include, but are not limited to:

(a) Plotting out and creating a web of business entities for the purposes of concealing Debtor's assets and obscuring the transfers of those assets in order to defraud legitimate creditors;

(b) Fraudulently transferring the Whispering Winds Ranch to Michelle and then to the Children's Trusts;

(c) Fraudulently transferring funds to MedPort;

(d) Devising a scheme whereby MedPort obtained a mortgage on the Whispering Winds Ranch and the Children's Trusts obtained the Judgment Lien on Debtor's residence;

(e) Breaching duties to Debtor and Schneider LP through the divestment of various assets; and

(f) Fraudulently transferring funds to Michelle Schneider in the form of distributions from Schneider LP.

230. Debtor, Michelle Schneider, John Does 1–10 and XYZ Corps. 1–10 are each liable for all actions of each and every other co-conspirator taken in furtherance of the conspiracy.



231.   Trustee and Debtor's bankruptcy estate have been damaged as a result of the conspiracy and the unlawful acts taken in further of the conspiracy and Trustee is entitled to recover damages against Debtor, Michelle Schneider, John Does 1–10 and XYZ Corps. 1–10 in an amount to be proven at trial.

### COUNT XII – DECLARATORY JUDGMENT RE: JOHN TRUST
(John Trust)

232.   Plaintiff hereby restates each and every paragraph in this Complaint, as if specifically stated herein.

233.   The John Trust is a self-settled, revocable trust formed on November 20, 2007, of which Debtor was the grantor and is the Trustee.

234.   The John Trust, including all assets or claims that it owns, is property of the bankruptcy estate.

235.   Debtor, as Trustee of the John Trust, disputes that the John Trust is property of the bankruptcy estate.

236.   There is an actual and existing controversy regarding whether the John Trust is property of Debtor's estate, and a judicial declaration is necessary to determine the parties' respective rights.

237.   The Trustee is entitled to a judicial declaration that the John Trust is property of the estate.

### COUNT XIII – DECLARATORY JUDGEMENT RE: CHILDREN'S TRUSTS
(Michelle Schneider, as Trustee of the Children's Trusts)

238.   Plaintiff hereby restates each and every paragraph in this Complaint, as if specifically stated herein.

239. Pursuant to WYO. STAT. ANN. § 4-10-405, a "trust may be created only to the extent its purposes are lawful [and] not contrary to public policy ..." and a trust terminates if those conditions are not met. WYO. STAT. ANN. § 4-10-411(a).

240. Avoidance of the grantor's creditors is an unlawful purpose and is contrary to public policy.

241. There is an actual and existing controversy regarding whether the Children's Trusts are void, and a judicial declaration is necessary to determine the parties' respective rights.

242. The Trustee is entitled to a judicial declaration that the Children's Trusts were formed for an illegal and improper purpose and have been used in furtherance of illegal acts, and are therefore void, and declaring all assets of the Children's Trusts to be property of the bankruptcy estate.

## COUNT XIV – DECLARATORY RELIEF, ACCOUNTING AND TURNOVER OF ESTATE PROPERTY
### (Debtor and Michelle Schneider)

244. Plaintiff hereby restates each and every paragraph in this Complaint, as if specifically stated herein.

245. The furnishings and household goods that Debtor and his wife, Michelle, removed from their Billings residence and the Whispering Winds Ranch are property of the estate. Debtor and/or Michelle Schneider are in possession of such property.

246. Debtor and Michelle Schneider dispute that this property is property of the estate.

247. Thus, there is an actual and existing dispute regarding the furnishing and household goods and a judicial declaration is necessary to determine the parties' respective rights.

248. Trustee is entitled to a declaration that the household furnishings and goods are property of the estate.

249. The Court should order an accounting of all such property, order that such property is property of the estate, and order Debtor and Michelle to turn over all such property to the Trustee.

COUNT XV –
FRAUDULENT TRANSFER RE: DEBTOR-BURROWS ACCOUNT
(Michelle Schneider)

250. Plaintiff hereby restates each and every paragraph in this Complaint, as if specifically stated herein

251. The transfer of the Molt Property to Kathleen Burrows was a fraudulent transfer.

252. After the fraudulent transfer, Burrows sold the Molt Property. Burrows kept $150,000 of the proceeds of the sale and intended to transfer the remaining $146,000 to Debtor, as those funds were Debtor's property. However, Debtor instructed Burrows to open a new account, in her name, in which the Debtor could hold funds. Burrows complied and opened the account. This is the Debtor-Burrows Account. At all times, the Debtor-Burrows Account was Debtor's funds and Debtor had control of such account.

253. In addition to the $146,000, Debtor deposited an additional $393,736.22 of Debtor's funds into the Debtor-Burrows Account.

254.   On May 8, 2014, Debtor transferred $100,000 from the Debtor-Burrows Account to the account of his wife, Michelle, at US Bank.

255.   In February, 2015, Burrows transferred $305,045.50 to the account of Michelle Schneider at US Bank.

256.   Thus, Michelle Schneider is a subsequent transferee of a fraudulent transfer, as to the proceeds of the sale of the Molt Property. The transfer of the remaining funds constitutes a fraudulent transfer.

257.   Michelle Schneider is not a good faith transferee. Instead, Michelle is complicit in Debtor's scheme to conceal Debtor's assets from creditors, and the entire Molt Property transaction was a scheme by Debtor and Michelle Schneider to monetize the Molt Property and attempt to hide the proceeds from Debtor's creditors.

258.   Joseph V. Womack, as Chapter 7 trustee for Debtor, has all of the rights of creditors to bring avoidance claims under applicable state law.

259.   Pursuant to 11 U.S.C. § 544(b), the transfers from the Debtor-Burrows Account to Michelle Schneider were fraudulent transfers under MONT. CODE. ANN. §§ 31-2-333 and 334.

260.   Further, the transfers from the Debtor-Burrows Account to Michelle Schneider constitute fraudulent transfers under 11 U.S.C. § 548.

261.   Further, transfers from the Debtor-Burrows Account to Michelle Schneider constitute preference payments made to insiders pursuant to 11 U.S.C. § 547.

262.    Finally, the transfer in February of 2015 is an unauthorized post-petition transfer of property of the estate pursuant to 11 U.S.C. § 549.

263.    The Trustee is therefore entitled to an order that the transfers from the Debtor-Burrows Account to Michelle Schneider may be avoided pursuant to 11 U.S.C. § 550.

264.    Pursuant to 11 U.S.C. § 551, the distributions to Michelle Schneider avoided under §§ 544(b), 547, 548 and 549 are preserved for the benefit of the Bankruptcy Estate.

265.    In the alternative to avoidance of the fraudulent transfer, pursuant to 11 U.S.C. § 550(a) and MONT. CODE. ANN. § 31-2-340(2, Trustee is entitled to a money judgment against Michelle Schneider for the total value of the transfers from the Debtor-Burrows Account.

## COUNT XVI – FRAUDULENT AND PREFERETIAL TRANSFERS
### (Michelle Schneider)

266.    Plaintiff hereby restates each and every paragraph in this Complaint, as if specifically stated herein.

267.    Beginning in 2012, Debtor began depositing his personal funds into the accounts of his wife, Michelle Schneider, in order to hide such funds from creditors.

268.    For example, in December of 2012, Debtor received a check from NRNS for services he performed as an owner and employee of NRNS. However, Debtor deposited that check in the account of Michelle Schneider. Debtor has done the same with other checks which were his assets, including for sales of equipment from the Whispering Winds Ranch.

269.   Michelle Schneider is an insider of Debtor.

270.   Debtor did not receive any consideration, much less reasonably equivalent value, for the deposits to Michelle Schneider's account.

271.   At the time of the transfer of the transfers to Michelle Schneider, Debtor's remaining assets were unreasonably small and he should have reasonably believed that he would be unable to pay his debts as they came due.

272.   At the time of the transfers to Michelle Schneider:

    (a)   Debtor was insolvent or became insolvent as a result of the transfers;

    (b)   Debtor was engaged or about to engage in a business or transaction for which his remaining assets were unreasonably small in relation to such business or transaction; and/or

    (c)   Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

273.   The transfers to Michelle Schneider were made with the intent to hinder, delay, or defraud creditors of Debtor.

274.   Michelle Schneider was not a good faith transferee. Rather, she was complicit in Debtor's scheme to conceal Debtor's assets from creditors.

275.   Joseph V. Womack, as Chapter 7 trustee for Debtor, has all of the rights of creditors to bring avoidance claims under applicable state law.

276.   Pursuant to 11 U.S.C. § 544(b), the transfers to Michelle Schneider were fraudulent transfers under WYO. STAT. ANN. §§ 34-14-205 and 206 and/or MONT. CODE. ANN. §§ 31-2-333 and 334,.

277.   Further, certain of the transfers to Michelle Schneider constitute fraudulent transfers under 11 U.S.C. § 548.

278.   Finally, certain transfers to Michelle Schneider constitute preference payments made to insiders pursuant to 11 U.S.C. § 547.

279.   The Trustee is therefore entitled to an order that the distributions to Michelle Schneider may be avoided pursuant to 11 U.S.C. § 550.

280.   Pursuant to 11 U.S.C. § 551, the transfers to Michelle Schneider avoided under §§ 544(b), 547 and 548 are preserved for the benefit of the Bankruptcy Estate.

281.   In the alternative to avoidance of the fraudulent transfer, pursuant to 11 U.S.C. § 550(a) and WYO. STAT. ANN. § 34-14-209(b) or MONT. CODE. ANN. § 31-2-340(2), Trustee is entitled to a money judgment against Michelle Schneider for the total value of the transfers from Debtor.

## COUNT XVII -- PRELIMINARY INJUNCTION
### (All Defendants)

282.   Plaintiff hereby restates each and every paragraph in this Complaint, as if specifically stated herein.

283.   The Trustee requires preliminary injunctive relief to maintain the status quo and prevent any further transfer or dissipation of assts.

284. The Trustee has alleged numerous causes of action against the Defendants, and as indicated in this Complaint, the Trustee has shown a probable right of recovery and likelihood of success on the merits. Trustee and the bankruptcy estate will suffer imminent, irreparable harm without Court intervention, and there is no adequate remedy at law.

285. Debtor, individually and by and through various agents and entities, has continued to perpetrate his fraudulent scheme and by all indications intends to continue to do so. As a direct and proximate result of the Defendants' wrongful actions as alleged in this petition, the Trustee and bankruptcy estate will suffer imminent injury for which no remedy at law exists without the protection of injunctive relief against such continuing wrongful acts.

286. The only adequate, effective, and complete relief to the Trustee and bankruptcy estate is to restrain the Defendants from further engaging in certain proscribed activities, as set forth below. Pursuant to FED. R. CIV. P. 65(a) and F. R. BANKR. P. 7065, and in order to preserve the status quo during the pendency of this action, the Trustee seeks, upon hearing, a preliminary injunction ordering and immediately restraining Defendants, including the Defendants' agents, servants, employees, independent contractors, attorneys, representatives, and those persons or entities in active concert or participation with them from transferring, concealing, encumbering or otherwise dissipating any of the assets currently held by Debtor, Michelle Schneider, the Children's Trusts, MedPort, Schneider Management, the John Trust, the Michelle Trust, and/or Schneider LP.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:

1.      An order of this Court substantively consolidating into Debtor's estate Schneider LP, Schneider Management, and MedPort, *nunc pro tunc* to the date of Debtor's bankruptcy filing, as well as deeming any and all property of those entities the property of the bankruptcy estate and permitting the Trustee to pursue all claims and entitlements of said entities on behalf of the estate;

2.      An order of this Court that Schneider LP, Schneider Management, MedPort, and BSC are the alter egos of the Debtor, and that the corporate shields as to those entities should be pierced in reverse, as well as deeming any and all property of those entities the property of the bankruptcy estate and permitting the Trustee to pursue all claims and entitlements of said entities on behalf of the estate;

3.      An order of this Court that the transfer of the Whispering Winds Ranch to the Children's Trusts can be set aside and voided, or, in the alternative, a declaration that the transfer was fraudulent and an award of a money judgment against Michelle Schneider and the Children's Trusts for the value of the Ranch;

4.      An order of this Court that the 2012 loan from Schneider LP to MedPort was fraudulent, transfer of the Encinitas Property to Trustee and an award of a money judgment against MedPort in the amount of any funds so transferred;

5.      An order of this Court that MedPort's mortgage on the Whispering Winds Ranch and the Judgment Lien held by the Children's Trusts can be set aside

and voided, or, in the alternative, an order transferring the mortgage and Judgment Lien to the Trustee;

6.    An order of this Court that the distributions to Michelle Schneider from Schneider LP were fraudulent and preferential, and an order for the return of such distributions or an award of a money judgment against Michelle Schneider in the amount of said distributions;

7.    An order of this Court that the payments made for the benefit of Michelle Schneider for the purposes of satisfying her portion of the Biles settlement were fraudulent transfers of estate property, and an award of a money judgment against Michelle Schneider in the amount of said transfer;

8.    An award of damages against Michelle Schneider, Kathleen Burrows, Schneider Management, John Does 1-10, XYZ Corps. 1-10 and the Children's Trusts, in an amount to be proven at trial, for their acts of conversion, negligence, breaches of fiduciary duty, and conspiracy;

9.    A declaration that the John Trust is property of the bankruptcy estate;

10.    A declaration that the Children's Trusts are void as a matter of law because they were created for an illegal purpose and contrary to public policy and declaring all property of the Children's Trusts to be property of the estate;

11.    A declaration that all furnishing and household goods removed from the Debtor's Billings residence and Whispering Winds Ranch are property of the estate, requiring Debtor and Michelle Schneider to account for all such property, and requiring Debtor and Michelle Schneider to turn over all such property to Trustee;

12.    Money damages against Michelle Schneider in the amount of the transfers from the Debtor-Burrows Account to Michelle Schneider;

13.    An order of this Court that the deposits of Debtor's funds in Michelle Schneider's bank account were fraudulent and preferential, and an order for the return of such transfers or an award of a money judgment against Michelle Schneider in the amount of said transfers;

14.    An order granting a preliminary injunction immediately restraining Defendants, including the Defendants' agents, servants, employees, independent contractors, attorneys, representatives, and those persons or entities in active concert or participation with them from transferring, concealing, encumbering or otherwise dissipating any of the assets currently held by Debtor, Michelle Schneider, the Children's Trusts, MedPort, Schneider Management, the John Trust, the Michelle Trust or Schneider LP.

15.    An award of prejudgment interest;

16.    An award of attorneys' fees and costs, to the extent allowed by applicable rule or law; and

17.    Such other and further relief that the Court deems proper.

DATED this 14th day of July, 2015.

GOETZ, BALDWIN & GEDDES, P.C.

By: /s/Trent M. Gardner
Trent M. Gardner/Jeffrey J. Tierney
Attorneys for Trustee Joseph V. Womack



## CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury that on July 14, 2015, a copy of the foregoing pleading was served (i) by electronic means pursuant to LBR 9013-1(d)(2) on the parties noted in the Court's ECF transmission facilities and/or (ii) by mail on the following parties:

Michael D. Greear
P.O. Box 552
Worland, WY 82401
*Registered Agent for Schneider Limited Partnership, Schneider Management, LLC, and Medport, LLC*

Harold V. Dye
Dye & Moe, P.L.L.P.
120 Hickory Street, Ste. B
Missoula, MT 59801
*Attorney for John Henry Schneider, John Schneider, as Trustee of the John Schneider Revocable Trust, and BSC, LLC*

Michelle R. Schneider
P.O. Box 315
South Coast Hwy 101
Suite U-102
Encinitas, CA 92024
*Individually, and as Trustee for the Brandon Schneider Benefit Trust, as Trustee of the Shannon Schneider Benefit Trust, as Trustee of the Caitlin Schneider Benefit Trust, and as Trustee of the Michelle Schneider Revocable Trust*

Michelle R. Schneider
543 Camino De Orchidia
Encinitas, CA 92024-3817
*Individually, and as Trustee for the Brandon Schneider Benefit Trust, as Trustee of the Shannon Schneider Benefit Trust, as Trustee of the Caitlin Schneider Benefit Trust, and as Trustee of the Michelle Schneider Revocable Trust*

Michelle R. Schneider
137 Cadmus Street
Encinitas, CA  92024-2030
*Individually, and as Trustee for the Brandon Schneider Benefit Trust, as Trustee of the Shannon Schneider Benefit Trust, as Trustee of the Caitlin Schneider Benefit Trust, and as Trustee of the Michelle Schneider Revocable Trust*

Steven M. Johnson
Church, Harris, Johnson & Williams, P.C.
114 3rd St. South
P.O. Box 1645
Great Falls, MT  59403-1645
*Attorneys for Kathleen T. Burrows*

/s/*Trent M. Gardner*

Trent M. Gardner
Attorneys for Trustee Joseph V. Womack

JOHN HENRY SCHNEIDER
CASE NO. 14-61357-7
SUMMARY OF DOCUMENTS AND MOTION FOR TURNOVER/DOCKET 30

**Demonstrative Exhibit:**
Summary of documents request on Motion for Turnover received and still missing as of March 4, 2015

1.      All documents supporting Debtor's Chapter 7 petition for bankruptcy relief as specified on LBF 33, due no later than 14 days prior to the §341 Meeting of Creditors, scheduled for January 23, 2015. Trustee requests additional documents and information as specified below, including but not limited to:

      a.  All financial and organization documents for any and all businesses, partnerships, corporations, etc. in which Debtor maintains an interest, or has maintained an interest in the past two years, including but not limited to Articles of Organization, asset/liability statements, profit/loss statements; balance sheets, inventory, accounts receivable, and tax returns for the years 2012 and 2013. Business include but are not limited to the following:

            i.  Northern Rockies Neuro-Spine, PC
               -Taxes 2012, 2013
               -K1 to Schneider Indiv. - 2013 (100%)
               -Northern Rockies Neuro-Spine (US Bank x5331) – August 1 through October 31, 2014.
               -Promissory Note from Schneider Ltd for $2.5mill with amortization agmt and security pledge 5-9-12
               -Numerous boxes of files dated prior to 1/1/11
               -Substantially all of deposits, copies' of checks and invoices paid, payroll information for 2011, 2012 and the beginning of 2013
               -Wells Fargo acct x7988 1/1/11-7/31/11; 1/31/12-5/31/12; 8/1/12-8/31/12

            ii.  Northern Rockies Insurance Company;
               -Statement of Work with ORG
                -2009 Annual Report
                -2011 Premium Tax Statement for Captive Insurance Companies, signed 2/29/11
                -Payment request from Montana Commission of Insurance 2/15/12
                -Confirmation of filing of 2012 Annual Report with Montana Secretary of State
                -T.Trier resignation from Board of Managers 5/29/12



EXHIBIT
5
Womack

-Wells Fargo acct x2733 1/1/12-4/30/12
-Wells Fargo acct x2468 10/1/11-3/31/12; 5/1/12-6/30/12

iii.  Northern Rockies Neuro-Monitoring Medical;
-Taxes 2010, 2011, 2012, 2013
-K1 to Schneider Ltd – 2013 (25%)
-Articles of Organization (NR Neuromonitoring, LLC) (Word file, not signed)
-Operating Agreement (Word file, not signed)
-Subscription Agreement (Word file, not signed)
-Wells Fargo acct x6922 1/1/11-1/31/11; 3/1/11-7/31/11

iv.  ONI Ambulatory Surgery Center or Orthopaedic Neuro Institute Surgical Center, LLC (ONI and OMNI are possibly sometimes the same? Schneider seemed to refer to them interchangeably);
-Summary of Cash Flow 4/30/12, 10/31/11
-12 Month Detail 12/31/12, 4/30/12, 12/31/11
-Balance sheet 12/31/12, 4/30/12, 12/31/11
-Cash Flow statement 12/31/12, 4/30/12
-Comparative Detail Statement 4/30/12, 12/31/11
-Change in Terms Agreement for ONI Realty Investors, LLC (different company? No other docs)
-Default of WSB loan, ltr to Schneider SLP (for guarantee) dated 10/11/13 (loan to OMNI Funding Corp.
-10/9/13 ltr from WSB re Put Option

v.  Prime Healthcare Properties;
NONE

vi.  Whispering Winds Ranch;
NONE

vii.  Schneider Limited Partnership, LLC;
-Certificate and Agreement
-WY SoS Registration 2007
-EIN – 26-1498675
-Articles of Organization 12-5-07
-Greear consent to Registered Agent 7-1-07
-Restated Operating Agreement 11-1-11
-John Trust assignment of half of its Schneider Ltd interest to Michelle Trust 10-25-11
-Schneider Indiv and Michelle requests for liquidation of capital accounts 2-15-13
-Minutes of Joint Mtg w/Schneider Mgt LLC 5-1-12
-2011 IRS Extension
-2012 taxes original and amended

-2013 taxes original and amended
-K1 Elite Medical Holding, LLC – 2013 (12.5%)
-Ltr to Schneider SLP dated 10/11/13 re OMNI default of WSB Loan
-10/9/13 ltr from WSB re Put Option
-Prudential Term Essential Policy with death benefit of Schneider to Schneider Ltd of $2mill – 6/21/12
- Ltr to Northern WY Surgical Center 4-17-12 req to liquidate shares (owned my Schneider Ltd)

-Change in Terms Agreement for ONI Realty Investors, LLC
-Waiver of service for Schneider Ltd – Meridian case (unsigned)

-WY SoS UCC statement for MedPort LLC 5/1/13
-Notice of Satisfaction to NRNeuro Spine for $2.5mill 2-15-13
-Ltr to NRNeuro Spine dated 2/11/13 confirming receipt of past-due interest of $144,280.20, recd 2/7/13
-Ltr to NRNeuro Spine demand for pmt of $2.5mill 1-28-13
-Promissory Note to NRNeuro Spine for $2.5mill with amortization agmt and security pledge 5-9-12
-Promissory Note to MedPort, LLC for $5mill with security pledge 5-1-12

   viii.  <u>Schneider Management, LLC</u>;
       -EIN – 26-1498591
       -Ownership Certificate Class A Member – John Trust .1% interest
       -Ownership Certificate Class B Voting Member – Michelle Trust 1.0% interest
       -Ownership Certificate Class B Non-Voting Member – Michelle Trust 98.9% interest
       -Minutes of Joint Mtg w/Schneider Ltd 5-1-12
       -Minutes of Organization Meeting 11-20-07

   ix.  <u>John H. Schneider, MD, PC</u>;
       -Wells Fargo acct x2978 1/1/11-1/31/11 (closing statement)

   x.  <u>Northern Rockies Management Group, Inc.</u>;
       NONE

   xi.  <u>Northern Rockies Brain and Spine Center, PLLC</u>.
       NONE

b. All documents for all parcels of real property in which Debtor maintains an interest or has maintained an interest in the past four years in any state, specifically including Montana, Wyoming, and Utah. Properties include business and personal properties and include but are not limited to 3611 Tommy

Armour Circle in Billings, Montana; 12735 Hidden Valley Trail in Molt, Montana; and Whispering Winds Ranch in Wyoming.

MOLT PROPERTY
-Warranty Deed – Schneider Indiv to Burrows 5-30-12
-Warranty Deed– Schneider Ltd to Schneider Indiv 5-30-12
-Warranty Deed – Schneider Indiv to Schneider Ltd 11-15-09
-Warranty Deed – Trier to Schneider Indiv 3-16-09

WHISPERING WINDS
-Warranty Deed – Michelle to Kid Trusts 6-8-12 (4 parcels)
-Warranty Deed – Schneider Ltd to Michelle 6-8-12 (4 parcels)
-Warranty Deed – Michelle to Kid Trusts 6-5-12 (2 M parcels)
-Warranty Deed – Schneider Ltd to Michelle 6-5-12 (2 M parcels)
-Warranty Deed – BSC, LLC to Schneider Ltd 2-4-11 (2 M parcels)
-Warranty Deed – Barngrover to Schneider Ltd 1-19-11 (4 parcels)
-Warranty Deed – Morrison to BSC, LLC 8-8-06 (2 M parcels)

HOMESTEAD
-Appraisal 2012
-Warranty Deed – John and Michelle Trusts to Brandon 6-5-12
-Warranty Deed – Brandon to John and Michelle Indiv. 8-16-12
-Declaration of Homestead – John and Michelle, 8-28-12

c.   A copy of all insurance policies, including but not limited to E&O Insurance, malpractice insurance, homeowners/property insurance, vehicle insurance, etc., for all business and personal interests and property.
-Minnesota Life insurance policy for Schneider Indiv for $1.5mill, no beneficiary or terms noted. 2/26/12

d.   A copy of any all bank records Debtor maintains or has access to, or has had access to in the past four years, both business and personal, for the past four years through the date of filing, including but not limited to statements, opening or closing documents, canceled checks and deposits, accounting of cash transactions. Accounts include but are not limited to business and personal bank or credit union checking and savings accounts, brokerage accounts, money market accounts, mutual fund accounts.

-Personal account (Stockman Bank x1832) – July 17 through October 16, 2014;
-Northern Rockies Neuro-Spine (US Bank x5331) – August 1 through October 31, 2014. Duplicate documents were provided for this account for these dates labeled as NRIC for Northern Rockies Insurance Company but were in fact duplicates of the Northern Rockies Neuro-Spine Account;
-Schneider Limited Partnership (Stockman Bank x1263) – 2/4/13-4/2/13; 6/4/13-1/2/15. *Missing 1/1/11-2/3/13; 4/3/13-5/2/13*



-Northern Rockies NeuroSpine (Wells Fargo acct x7988) 1/1/11-7/31/11; 1/31/12-5/31/12; 8/1/12-8/31/12

-Northern Rockies Insurance Company (Wells Fargo acct x2733) 1/1/12-4/30/12

-Northern Rockies Insurance Company (Wells Fargo acct x2468) 10/1/11-3/31/12; 5/1/12-6/30/12

-Northern Rockies NeuroMonitoring (Wells Fargo acct x6922) 1/1/11-1/31/11; 3/1/11-7/31/11

-John Schneider MD, PC (Wells Fargo acct x2978) 1/1/11-1/31/11 (closing statement)

e.   None received.
Documentation of any and all transfers in the past four years, of property in which Debtor maintained a full or partial personal or business interest, including but not limited to real property, vehicles, investments, artwork, business interests, water/oil/mineral rights or leases, judgments or potential claims, inheritance, etc.

-Warranty Deeds for Molt property, Homestead, and WWR as noted above.

f.   None received.
All documents regarding any and all trusts to which Debtor has or may have had a beneficial interest (contingent or vested), operates or has operated as a trustee, and/or Debtor has invested funds into for past four years. Documents requested include but are not limited to the trust documents, any modifications or amendments thereto, any dissolution of trusts or changes to trustee, all financial and bank statements for the past four years, any distributions and accountings for the past four years, any tax returns filed for the past four years, etc. Trusts include but are not limited to the following:

   i.   John Schneider Revocable Trust, dated November 20, 2007;
   ii.  Michelle Schneider Revocable Trust, dated November 20, 2007;
   iii. Brandon Schneider Benefit Trust dated March 30, 2012;
   iv.  Shannon Schneider Benefit Trust dated March 30, 2012;
   v.   Caitlin Schneider Benefit Trust, dated March 30, 2012.

-Assignment of WF Judgment to Kid Trusts
-Judgment Sale Agreement
-Mortgage on WWR from Kid Trusts to MedPort LLC ($650K)
-Promissory note from Kid Trusts to MedPort 3/19/14 ($650K)
-Foreign Judgments in Park County, WY and Yellowstone County, MT

g.   None received.
Monthly statements for the past four years for any all investment and retirement accounts to which Debtor is currently or was previously a beneficiary or owner

thereof within the past four years. Accounts requested include but are not limited to the following:

**-DA Davidson IRA 9/1/30-9/30/14**
**-TIAA CREF IRA 7/1/14-9/30/14**

-Any and all retirement and investment accounts belonging to Michelle Schneider, Brandon Schneider, Shannon Schneider, and Caitlin Schneider.

h. **None Received.**
Any and all supporting documentation and basis for claims for the breach of contract and E&O claims as scheduled on Schedule B against Org, LLC, Brenda Olsen, and Rocky MT Medical services.

i. Complaint and Answer and Counterclaim related to the Meridian Surgical Parnets [sic] v. Schneider as scheduled on the Statement of Financial Affairs Paragraph 4.
**-Waiver of service for Schneider Ltd (unsigned)**
**-Various documents and information from other parties to arbitration**

j. **None received.**
All financial records, bank statements, expenditures, claim documents, tax returns, and insurance commission documents for the past four years for any and all insurance companies owned or operated by Debtor, or in which Debtor has any interest or has had any interest in the past four years, including but not limited to Northern Rockies Insurance Company.

k. **None received.**
A complete and itemized listing of "office equipment for NRNS" and "Inventory" as scheduled on Schedule B, including but not limited to applicable model or serial numbers, age, date of purchase, perfected secured interests, depreciation taken, and current market value.

l. A copy of all titles, loan documents, loan status or payoff, registration, insurance, transfer or sale documents, and all original purchase documents any and all vehicles, business or personal, Debtor has an interest in, or has had an interest in the past four years, or which Debtor has purchased or contributed funds or credit to purchase. Vehicles include but are not limited to the following:

    i. 2001 Harley Davidson Motorcycle, VIN 1HD1BMY121Y081295;
    ii. 2005 Trailer, VIN 1W9GH1627YW301348;
    iii. 2006 Boat, VIN USHA88CT1506;
    iv. 2006 Trailer, VIN 5KTBS23216F184618;
    v. 2009 Trailer, VIN 4LAAS242X95047635;
    vi. 2010 Polaris SX5, VIN 4XAZN55A0AA011963;

# WALLER & WOMACK, P.C.

### Attorneys at Law
### Suite 805 US Bank Building
### 303 North Broadway
### Billings, Montana 59101

Robert J. Waller
Joseph V. Womack
Also Licensed in Wyoming

Telephone: (406) 252-7200
Facsimile: (406) 252-4266
jwomack@jvwlaw.com
llund@jvwlaw.com

May 13, 2015

Via Email (hdye@dyemoelaw.com)
Harold V. Dye
Dye & Moe, PLLP
120 Hickory Street, Ste B
Missoula, MT 59801-1820

      Re:     John Schneider Bankruptcy; Case No. 14-61357-7
              Document Production

Dear Mr. Dye:

Pursuant to your request, we have compiled a comprehensive and up-to-date list of all documents we are still missing and which have not been produced in response to prior requests, both in writing and orally, including at 341 meetings. Those documents outlined below are related to the Motion for Turnover and other requests. To the extent the information is not available or does not exist, please identify, in writing, that information which does not exist and, as to information not available, specifically state the reasons why it is not available. If you contend you have already produced any requested documents, please identify, in writing, when and how you produced such documents. Unless otherwise specified, all documents are requested from January 1, 2011 through present.

## BUSINESS INFORMATION

Northern Rockies Neuro-Spine, PC
1. Compiled financial reports including profit/loss, asset/liabilities, and balance sheet;
2. Itemized and detailed list of all inventory, including but not limited to the items being stored at Whispering Winds Ranch;
3. Outstanding accounts receivable;
4. Organization documents, including Articles of Organization; minutes of board meetings; any documents filed with the Secretary of State in any state; any correspondence, memos, diaries, journals, or calendar entries related to the board or any business decisions;
5. Any banking information, statements, canceled checks and correspondence related to banking which was not produced pursuant to the Subpoena Duces Tecum to Stockman Bank, Wells Fargo, and US Bank; and

Ltr to Dye re missing docs 5/13/15

EXHIBIT
6
Womack

Page 1 of 7

6. Any and all banking information, statements, canceled checks and correspondence related to banking for accounts at any financial institutions other than Stockman Bank, Wells Fargo, or US Bank.

Schneider Limited Partnership, LLC
1. Compiled financial reports including profit/loss, asset/liabilities, and balance sheet;
2. Any banking information, statements, canceled checks, and correspondence related to banking which was not produced pursuant to the Subpoena Duces Tecum to Stockman Bank, Wells Fargo, and US Bank;
3. Any and all banking information, statements, canceled checks, and correspondence related to banking for accounts at any financial institutions other than Stockman Bank, Wells Fargo, or US Bank;
4. Any and all electronic accounting files, including Quickbooks or any similar program; and
5. All emails, documents and other communications relating to the operation, assets or transfers of assets.

MedPort, LLC
1. Compiled financial reports including profit/loss, asset/liabilities, balance sheet, accounts receivable, and accounts payable;
2. Itemized and detailed list of all inventory and assets;
3. Organization documents, including Articles of Organization; minutes of board meetings; any documents filed with the Secretary of State in any state; any correspondence, memos, diaries, journals, or calendar entries related to the board or any business decisions;
4. Any banking information, statements, canceled checks, and correspondence related to banking for accounts at any financial institution;
5. Any and all electronic accounting files, including Quickbooks or any similar program; and
6. All emails, documents and other communications relating to the operation, assets or transfers of assets.

Schneider Management, LLC
1. Compiled financial reports including profit/loss, asset/liabilities, and balance sheet;
2. State and federal income tax returns for 2011, 2012, 2013, and 2014;
3. Any banking information, statements, canceled checks, and correspondence related to banking which was not produced pursuant to the Subpoena Duces Tecum to Stockman Bank, Wells Fargo, and US Bank;
4. Any banking information, statements, canceled checks, and correspondence related to banking for accounts at any financial institutions other than Stockman Bank, Wells Fargo, or US Bank;
5. Any and all electronic accounting files, including Quickbooks or any similar program; and

6.  All emails, documents and other communications relating to the operation, assets or transfers of assets.

Northern Rockies Insurance Company
1.  Compiled financial reports including profit/loss, asset/liabilities, and balance sheet;
2.  Outstanding accounts receivable;
3.  Organization documents, including Articles of Organization; minutes of board meetings; any documents filed with the Secretary of State in any state; any correspondence, memos, diaries, journals, or calendar entries related to the board or any business decisions;
4.  Any and all correspondence, memos, forms, applications, etc. from any insurance commission regarding the status as an insurance company, the process with each commission to serve as an insurance company, information or requests for information, etc.
5.  State and federal income tax returns for 2011, 2012, 2013, and 2014;
6.  Any banking information, statements, canceled checks, and correspondence related to banking which was not produced pursuant to the Subpoena Duces Tecum to Stockman Bank, Wells Fargo, and US Bank;
7.  Any banking information, statements, canceled checks, and correspondence related to banking for accounts at any financial institutions other than Stockman Bank, Wells Fargo, or US Bank;
8.  Any and all electronic accounting files, including Quickbooks or any similar program; and
9.  All emails, documents and other communications relating to the operation, assets or transfers of assets.

Northern Rockies Neuro-Monitoring Medical
1.  Compiled financial reports including profit/loss, asset/liabilities, and balance sheet;
2.  Any banking information, statements, canceled checks, and correspondence related to banking which was not produced pursuant to the Subpoena Duces Tecum to Stockman Bank, Wells Fargo, and US Bank;
3.  Any banking information, statements, canceled checks, and correspondence related to banking for accounts at any financial institutions other than Stockman Bank, Wells Fargo, or US Bank;
4.  Any and all electronic accounting files, including Quickbooks or any similar program; and
5.  All emails, documents and other communications relating to the operation, assets or transfers of assets.

John H. Schneider, MD, PC
Dr. Schneider has testified that this entity no longer exists and morphed into Northern Rockies Neuro Spine; however, during testimony about Northern Rockies Insurance Company he references claims made by and paid to this entity. Please

clarify the terms of operation for this entity as well as providing the relevant documents from 2011 through 2014 or closure of operations.

1. Compiled financial reports including profit/loss, asset/liabilities, and balance sheet;
2. State and federal income tax returns for 2011, 2012, 2013, and 2014.
3. Any banking information, statements, canceled checks, and correspondence related to banking which was not produced pursuant to the Subpoena Duces Tecum to Stockman Bank, Wells Fargo, and US Bank;
4. Any banking information, statements, canceled checks, and correspondence related to banking for accounts at any financial institutions other than Stockman Bank, Wells Fargo, or US Bank;
5. Any and all electronic accounting files, including Quickbooks or any similar program; and
6. All emails, documents and other communications relating to the operation, assets or transfers of assets.

ONI Ambulatory Surgery Center and/or Orthopaedic Neuro Institute Surgical Center, LLC, and/or OMNI

Dr. Schneider appears to use these business names interchangeably. Please clarify which of these are entities and, if more than one entity, please provide the documents for each entity.

1. Compiled financial reports including profit/loss, asset/liabilities, and balance sheet;
2. Organization documents, including Articles of Organization; minutes of board meetings; any documents filed with the Secretary of State in any state; any correspondence, memos, diaries, journals, or calendar entries related to the board or any business decisions;
3. State and federal income tax returns for 2011, 2012, 2013, and 2014;
4. Any banking information, statements, canceled checks, and correspondence related to banking for accounts at any financial institution.

Prime Healthcare Properties

Please explain what this business is, and its function. It is listed on the Statement of Financial Affairs, but we do not have enough information to determine if we need any documents.

**PERSONAL INFORMATION**

Banking

1. Any banking information, statements, canceled checks, and correspondence related to banking which was not produced pursuant to the Subpoena Duces Tecum to Stockman Bank, Wells Fargo, and US Bank; and
2. Any banking information, statements, canceled checks, and correspondence related to banking for accounts at any financial institutions other than Stockman Bank, Wells Fargo, or US Bank.



## Trust Documents

Please provide the following documents for each of the trusts for John Schneider, Michelle Schneider, Brandon Schneider, Shannon Schneider, and Caitlin Schneider, as well as any other trusts which Debtor, his family, or any related business have or have had a beneficial interest, either contingent or vested.

1. Compiled financial reports including profit/loss, asset/liabilities, and balance sheet;
2. Itemized and detailed listing of any and all inventory, assets and property held, and the disposition or transfer thereof;
3. Any correspondence, emails, memos, diaries, journals, or calendar entries related to the trustee or any decisions regarding the trust(s)' interests, property or assets;
4. State and federal income tax returns for 2011, 2012, 2013, and 2014.
5. Any banking information, statements, canceled checks, and correspondence related to banking for accounts at any financial institution; and
6. All documents, communications or emails related to the operation of the trust(s), changes in structure of the trust(s) or changes in management/trustee of the trust(s).

For the John Schneider and Michelle Schneider trusts only we need the trust instruments.

## Retirement and Investments

1. All retirement, educational savings or investment account statements and documents for Brandon Schneider, Shannon Schneider, and Caitlin Schneider;
2. All statements, account documents and correspondence for any retirement or investment accounts for John or Michelle Schneider;
3. Northern Rockies Neuro Spine 401K statements for all employees;
4. Northern Rockies Neuro Spine Cash Balance Pension Plan documents and statements for all employees;
5. EXXACT Pension documents and statements for all employees;
6. AUL Plan documents and statements for all employees;
7. All account statements and documents for DA Davidson SEP IRA x2216;
8. All account statements and documents for DA Davidson SEP IRA x8238;
9. All account statements and documents for TIAA CREF IRA;
10. All account statements and documents for any life insurance policies, plans or trusts.

## Transfers

1. Documentation of any and all transfers of real or personal property which Debtor owns or owned, or caused to be transferred, or which Debtor has or had a tangential interest in through any family member or any business referenced herein;
2. All policies, claims, correspondence, checks, receipts, and other documentation regarding the claimed property loss for the fire at Whispering Winds Ranch in 2011 and accounting of insurance moneys received and spent;

3.  Documentation regarding the sale of personal property, machinery, vehicles, trailers, and equipment from Whispering Winds Ranch as testified to by Dr. Schneider:
    a.  Bills of Sale;
    b.  Copies of all payments and receipts;
    c.  All advertisements;
    d.  All correspondence, diaries, notes, emails, transcripts of voicemail, diary, journal or calendar entries regarding the sale of assets;
    e.  Accounting and description of $18,235.00 payment made to Schneider Ltd Partnership and explanation of deductions for services pursuant to summary previously provided to Trustee.
4.  An itemized accounting of all household goods and furnishings and other personal property located at Tommy Armour Circle in the past four years and the current location of each item and/or the disposition thereof with supporting documentation for any transfers;
5.  Name and address of moving company(ies) used by John and/or Michelle Schneider to move items from 3611 Tommy Armour Circle;
6.  Name and address of moving company(ies) used by John and/or Michelle Schneider to move items from Whispering Winds Ranch;
7.  Copy of the bill(s) of lading for property moved from 3611 Tommy Armour Circle;
8.  Copy of the bill(s) of lading for property moved from Whispering Winds Ranch.

Insurance Policies
1.  Current insurance policies showing coverage and proof of payment for any and all policies covering Whispering Winds Ranch;
2.  Current insurance policies showing coverage and proof of payment for any and all policies covering 3611 Tommy Armour Circle;
3.  Current insurance policies showing coverage and proof of payment for any and all policies covering E&O or malpractice for officer and directors or members of any business or individual referenced herein; and
4.  Any and all documents related to claims with Utah Medical Insurance Association ("UMIA"), specifically including but not limited to communication between UMIA, Steve Emery; the law firm of Williams, Porter, Day & Neveille; and the debtor's captive insurance carrier, Northern Rockies Insurance Company, and any combination thereof. Documents requested include but are not limited to correspondence; electronic correspondence; notes; emails; letters; handwritten notes; transcriptions of voicemails, telephone calls or meetings; notes relating to any telephone calls or conferences; any applicable diary, journal, or calendar entries; and any other form of communication or correspondence encompassed in this request.

Claims Identified on Schedules
All supporting documentation and basis for claims for the breach of contract and E&O) claims as scheduled on Schedule B against Org, LLC and Brenda Olsen.

Vehicle Information

Information is requested for each vehicles owned or purchased by Dr. Schneider and/or his immediate family members, from 2011 to present, including but not limited to the following. Please include all vehicles registered in any state, including but not limited to Montana, Wyoming, Utah, and California.

1. Purchase documents;
2. Lien documentation for the any liens used to purchase any vehicles, including proof of perfection and the lien release;
3. Explanation of the disposition or transfer of any vehicles no longer in the possession or control of Dr. Schneider, his family, or a related business entity, and all documents related to such disposition;
4. Proof of insurance coverage and payment of policy;
5. Current registration.
   a. 2001 Harley Davidson Motorcycle, VIN 1HD1BMY121Y081295;
   b. 2005 Trailer, VIN 1W9GH1627YW301348;
   c. 2006 Boat, VIN USHA88CT1506;
   d. 2006 Trailer, VIN 5KTBS23216F184618;
   e. 2009 Trailer, VIN 4LAAS242X95047635;
   f. 2010 Polaris SX5, VIN 4XAZN55A0AA011963;
   g. 2011 SHAR 6X Trailer, VIN 1S9BE0815B1870855
   h. 2001 GMC Sienna, VIN 1GTHK29U41E302524;
   i. 2007 GMC Savanna; VIN 1GDFS15T571158619;
   j. 2008 Trailer, VIN 4H102131180426693;
   k. 2010 SS2 Quad, VIN L0BBTRGY6A0000171
   l. 2010 SS2 Quad, VIN L0BBTRGY0A0000263;
   m. 2011 GMC Yukon, VIN 1GKS2CE07BR210515;
   n. 2009 Hummer, VIN 5GTEN13E698139271;
   o. 2014 Ford Mustang GT Convertible, VIN 1ZVBP8FF7E5232570;
   p. 2006 Hummer, VIN 5GTDN136668251097;
   q. 2010 Dodge Viper, VIN 1B3AZ6EZ8AV100051; and
   r. 2001 Ford F150, VIN 1FTRW08L51KA90384.

   Please immediately forward all of these documents to us. Dr. Schneider's discharge is in jeopardy given the lack of cooperation and timely production with the repeated requests for documents and information. Thank you for your cooperation. If you have any questions, please call or email me or my assistant, Lynsey.

Sincerely,
WALLER & WOMACK, PC

*Joseph V. Womack*

Joseph V. Womack
Ch. 7 Bankruptcy Trustee

JVW/ll
cc:     John Schneider (via email)

Ltr to Dye re missing docs 5/13/15

