Joseph V. Womack
**Waller & Womack, P.C.**
Suite 805 US Bank Building
303 North Broadway
Billings, MT 59101
Telephone: (406) 252-7200
Fax: (406) 252-4266
Email: jwomack@jvwlaw.com
Attorney No. 2641

Attorney for Trustee

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In Re:<br>**SCHNEIDER, JOHN HENRY**<br><br>Debtor(s) | Case No. 14-61357-7<br><br>**NOTICE OF HEARING**<br>Date: May 24, 2016<br>Time: 9:00 AM<br>Location: 2601 2nd Avenue North, Bighorn Courtroom, Room 5503, Billings, MT |

### TRUSTEE'S RESPONSE TO DEBTOR'S MOTION TO COMPEL
### TRUSTEE TO FULFILL DUTY TO OBJECT TO CLAIMS

**COMES NOW** Joseph V. Womack, Trustee, and hereby enters his response to Debtor's Motion to Compel Trustee to Fulfill Duty to Object to Claims at Docket No. 246.

Trustee disagrees that he has not fulfilled his duties as a Trustee by not objecting to all proofs of claims that Debtor takes issue with within a time frame convenient to Debtor. The proper time to object to claims is not necessarily when it meets the goals and objectives of the Debtor rather than the estate as a whole. Trustee normally waits until he knows whether or not there are assets to distribute to creditors before he engages in objecting to proofs of claims because to do so

can be expensive and time consuming and maybe ultimately unnecessary. Nonetheless, Trustee has objected to the proofs of claims identified by Debtor because at the present time the Debtor and Trustee have a common interest in seeking approval of the settlement reached by Debtor and Trustee with respect to AP-20 and Ap-15. The Trustee objections highlight the contingent nature of Creditor's claims and the reality that it is difficult to determine the true interest of the creditors in this case.

Debtor also asserts that "[t]he failure of the trustee to object to these contingent claims has resulted in the holders of these contingent claims receiving far more of a dividend than would be allowed . . .." There is no basis in fact for Debtor to make this statement. The time to object to claims has not passed and certainly there remains time for ruling on the claims should the estate recover any funds as a result of AP-15 that seeks to avoid the fraudulent transfers of the Defendants named in that case. In light of creditors' objections to the proposed settlements, Trustee has objected to the claims filed in this case but depending on the outcome of the hearing on the settlement reserves the right to withdraw those objections.

**DATED** this 25th day of April, 2016.

                                                **WALLER & WOMACK, P.C.**

                                                By: /s/ Joseph V. Womack
                                                      Joseph V. Womack
                                                      Ch. 7 Bankruptcy Trustee

## **CERTIFICATE OF SERVICE**

      I, the undersigned, certify under penalty of perjury that on April 25, 2016 or as soon as possible thereafter, a copy of the foregoing was served electronically by the Court's ECF notice to all persons/entities requesting special notice or otherwise entitled to the same and that in addition service by mailing a true and correct copy, first class mail, postage prepaid, was made to the following persons/entities who are not ECF registered users:

John Schneider
3611 Tommy Armour Circle
Billings, MT 59106

John Schneider
543 Camino de Orchidia
Encinitas, CA 92024

Attached Creditor Mailing Matrix

                                                  By: /s/ Joseph V. Womack
                                                          Joseph V. Womack