Doug James (#2237)
Joseph A. Soueidi (#4285)
MOULTON BELLINGHAM PC
Suite 1900, Crowne Plaza
P. O. Box 2559
Billings, Montana 59103-2559
Telephone: (406) 248-7731
Doug.James@moultonbellingham.com

    Attorneys for Meridian Surgical Partners – Montana, LLC
    and Meridian Surgical Partners, LLC

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| IN RE:<br><br>**JOHN HENRY SCHNEIDER**,<br><br>                    Debtor. | Case No. 14-61357-7<br><br>**RESPONSE TO OBJECTIONS TO MERIDIAN'S REQUEST FOR JUDICIAL NOTICE** |
|---|---|

       Meridian Surgical Partners – Montana, LLC ("MSP-Montana") and Meridian Surgical Partners, LLC (collectively "Meridian") responds to the Trustee's Objection to Meridian's Request for Judicial Notice (Docket No. 286) and the Debtor's Objection (Docket No. 288).

       The Trustee and Debtor object to items 1 and 2 of Meridian's Request for Judicial Notice (Doc. No. 247). Item 1 is the Debtor's Bankruptcy Schedules ("Schedules") (Docket No. 17), and Item 2 is the Debtor's Amended Bankruptcy Schedules ("Amended Schedules") (Docket No. 113). Meridian requested the Court take judicial notice of the indisputable fact the Schedules and Amended Schedules were filed with the Court, but it did not make any request for judicial notice for the contents of either item. The filing of the

Schedules and Amended Schedules is indisputable and can be readily determined from review of the Court's records, thus Meridian's request complies with the limitations set forth in Federal Rule of Evidence 201(b).

Despite Meridian's limited request for judicial notice, it is important to note the contents of the Debtor's Schedules and Amended Schedules are not treated as hearsay, but as admissions easily admissible under Fed. R. Evid. 801(d)(2).[1] They were prepared by the Debtor by under the penalty of perjury and consist of the Debtor's own statements which he has manifested an adoption or belief in their truth. "The verified Schedules and Statements filed by a debtor are not just pleadings, motions or exhibits thereto. They are evidentiary admissions." *In Re Cobb*, 56 B.R. 440, 442 n. (Bankr. N.D. Ill. 1985). Thus, judicial notice of these documents do not amount to an attempt to avoid the Federal Rules of Evidence, as they would be easily admissible under Fed. R. Evid. 801(d)(2).

The Trustee also objects to item 3 of Meridian's Request for Judicial Notice (Doc. No. 247). Item 3 is a letter from the Office of the Montana State Auditor, Commissioner of Securities and Insurance the U.S. Trustee regarding the Bankruptcy Case of John H. Schneider, Case No. 14-61357 (the "Commissioner's Letter"). Meridian requested the Court take judicial notice of the existence of Commissioner's Letter's, but did not make a request for judicial notice of the its contents. This request was within the limitations of Fed. R. Evid. 201(b) as the existence of the letter is an indisputable fact readily capable of verification through review of a copy of the actual letter. The Court could easily verify

---

[1] "Does Anybody Even Notice," Terry L. Myers (Chief Bankruptcy Judge, District of Idaho), available at http://www.id.uscourts.gov/Content_Fetcher/index.cfml/Does_Anybody_Even_Notice_1982.pdf?Content_ID=1982.

the existence of the letter as a true and correct copy of the Commissioner's Letter was attached to Meridian's Request for Judicial Notice.

Finally, the Trustee and Debtor also object items 4 through 9 of Meridian's Request for Judicial Notice. Items 4 through 9 are pleadings filed with this Court by the Trustee in the three adversary proceedings associated with the Debtor's Bankruptcy case. As with the items 1 and 2, Meridian only sought judicial notice of the fact that the pleadings were filed with the Court. Meridian demonstrated an understanding of its limited request by quoting *NuCal Foods, Inc. v. Quality Egg LLC*, 887 F. Supp. 2d 977, 986, which states "While the court cannot accept the veracity of the representations made in the documents, it may properly take judicial notice of the existence of those documents and of the representations having been made therein." (internal citation and quotations omitted). Meridian Request, p. 3.

Furthermore, despite the fact Meridian did not request judicial notice of the contents of any of the items, it should be noted the Trustee has testified to the veracity of the contents of the filed pleadings. Specifically, when asked about item 5, the Amended Complaint in the Discharge Adversary, Doc. 4 in *Womack v. John H. Schneider*, Adversary Case No. 15-00020, the Trustee stated he had a good faith basis for filing the complaint and believed that the allegations contained in the amended complaint were true and accurate. Depo. Trustee Joseph Womack, 44:10-20 (March 21, 2016) A copy of the quoted portions of the Trustee's Deposition is attached hereto as Exhibit A. Similarly, when asked about Item 6 and 7, the Fraudulent Transfer Action, *Womack v. Schneider Limited Partnership, et al.* Adversary Case No. 15-00015, the Trustee stated he had a

good faith basis to believe the allegations contained in the amended complaint were true when filed, and he has not learned of any information since filing that has changed his belief. Depo. Trustee Joseph Womack, 60:1-15 (March 21, 2016). Thus, as the Trustee has stated the pleadings were made under a good faith belief that their contents were true and accurate, requesting Judicial notice that they were merely filed with the Court should pose no threat as an attempt to circumvent the Federal Rules of Evidence. The Trustee and Debtor's Objections should be viewed in light of the Trustee's sworn testimony:

> Q   So did you read and evaluate the allegations contained in the discharge Amended Complaint before you filed it?
>
> A   **Yeah, I did.**
>
> Q   And did you have a good faith basis for the allegations that you asserted in your Amended Complaint?
>
> A   **I think so.**
>
> Q   And did you believe the allegations contained in your Amended Complaint were true?
>
> A   **Yeah, based on everything that I knew, I did, you know.**
>
> Q   When you filed your Amended Complaint, did you believe that there were circumstances that warranted the denial of Dr. Schneider's discharge?
>
> A   **Yes.**
>
> Q   Why did you believe that the Court should deny Dr. Schneider a discharge?
>
> A   **At the time I filed it, I felt he had violated certain provisions of Section 727 and felt that I should file the Complaint and present the evidence in that regard and let the Court make its decision.**

Q      Since you filed the Amended Complaint, have you learned anything that would cause you to draw a different conclusion?

A      **Not really.**

\*     \*     \*

Q      On the whole, do you believe that your claims remain well founded?

A      **On the whole, yes.**

Q      In other words, you may not prevail in every single factual allegation, but overall substantial grounds exist for denying Dr. Schneider a discharge?

A      **Yeah, I think so.**

Q      Can you give me any examples of when you believe that Dr. Schneider did not testify truthfully?

A      **Well, we've already talked about those, I think. Specifically, with regard to the Harley Davidson. Specifically, he stated that all assets were disclosed in his Schedules with true and correct values, and I learned that there were assets that he had control of that were not disclosed, particularly the Burrows account that existed Post-Petition and those funds that were in there. Those are two that I would look at specifically.**

(Womack, 44: 6-46, 14, Exhibit A, hereto)

WHEREFORE, Meridian responds to the Trustee's objection and the Debtor's objection by stating that its requests for judicial notice of Items 1-9 were properly made and this Court Order (Doc No. 272) was property granted.

DATED this 25th day of April, 2016.

        MOULTON BELLINGHAM PC

        By /s/ Doug James
           DOUG JAMES
           JOSEPH A. SOUEIDI
        Suite 1900, Crowne Plaza
        P. O. Box 2559
        Billings, Montana 59103-2559

        Attorneys for Meridian Surgical Partners Montana, LLC and Meridian Surgical Partners, LLC

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify under penalty of perjury that on the 25th day of April, 2016, a copy of the foregoing will be served by (1) electronic means pursuant to LBR 9013-1(c) on the parties noted in the Court's ECF transmission facilities and to the following via U.S. mail, postage prepaid from Billings, Montana:

John Henry Schneider
543 Camino de Orchidia
Encinitas, California 92024

        MOULTON BELLINGHAM PC

        /s/ Doug James
           DOUG JAMES

4817-2491-7808, v. 4