James H. Cossitt (Mont. # 4773)
PO Box 1889
Kalispell, MT  59903-1889
Tel:  406-752-5616
Email: jhc@cossittlaw.com
ATTORNEY FOR DEBTOR

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In Re:<br><br>JOHN HENRY SCHNEIDER,<br><br>Debtor. | Case #14-61357-7 |

## DEBTORS NOTICE  OF:   1)  REVOCATION OF CONSENT TO SETTLEMENT AGREEMENTS  (dockets 216 & 220); 2) INABILITY OF PARTIES TO OBTAIN CONDITIONS PRECEDENT TO APPROVAL;   3) CONSENT TO ENTRY OF ORDER DENYING APPROVAL OF BOTH AGREEMENTS.

**COMES NOW** the debtor  and Withdraws his consent to the settlement agreements now pending before the Court at dockets #216 & 220 and, in support, states:

1. On 3/4/16, at docket # 216, the trustee filed an Motion to Approve Settlement Agreement in Adversary # 15-15 and a copy of the agreement at docket #216-1, which provided:

> 4. Approval of Bankruptcy Court. The Parties acknowledge that the performance of this Agreement is **contingent on approval of the Bankruptcy Court of this Agreement and the Settlement Agreement in AP 15-20**. Upon execution of this Agreement, Trustee shall diligently pursue approval from the Bankruptcy Court of this Agreement, and the Parties shall fully cooperate in such efforts. The Parties shall be bound by the terms of this Agreement unless the **Bankruptcy Court fails to approve this Agreement and the Settlement Agreement in AP 15-20, in which event this Agreement shall become null and void**. All Parties agree that the Bankruptcy Court shall have jurisdiction

to enforce this Agreement. Defendants acknowledge and affirm that making this Agreement contingent on approval of the settlement in AP 15-20 was done solely at Defendants' insistence and was not a condition sought or desired by Trustee.

2. On 3/4/16, at docket # 220, the trustee filed an Motion to Approve Settlement Agreement in Adversary # 15-20 and a copy of the agreement at docket #220-1, which provided:

> 3. Approval of Bankruptcy Court. The Parties acknowledge that the performance of this Agreement is contingent on approval of the Bankruptcy Court of both this agreement and the agreement in Adversary # 15-15. Upon execution of this Agreement, Trustee shall, in good faith, diligently pursue approval from the Bankruptcy Court of this Agreement, and the Parties shall fully cooperate in such efforts. The Parties shall be bound by the terms of this Agreement unless the Bankruptcy Court fails to approve this Agreement and the settlement agreement in Adversary # 15-15, in which event both Agreements shall become null and void. All Parties agree that the Bankruptcy Court shall have jurisdiction to enforce this Agreement. Approval of the Bankruptcy Court must include dismissal of AP 20, with prejudice, and rejection by the Court of any attempt by any Creditor or other party in interest to intervene in, or continue AP 20 in any manner. Debtor acknowledges and affirms that making this Agreement contingent on approval of the settlement in Adversary #15-15 was done solely at Debtor's insistence and was not a condition sought or desired by Trustee.
>
> 4. Consent, Consultation with Counsel, and Authority. By signing, each Party

3. It is obvious that dismissal with prejudice of AP 15-20 will not occur in light of the Courts Orders at:

    a. docket # 309 in the main chapter 7 case; and

    b. dockets # 25, 26 & 34 in adversary # 15-20.

4. Accordingly, the conditions in ¶ 3 of the settlement agreement (dismissal with prejudice) at docket 220-1 will not be met and have no reasonable of prospect of ever being met.

5. The debtor's willingness and informed consent to settle was premised on the bargained for terms in ¶ 3 of docket # 220-1 and the avoidance of the risk and cost

associated with trial of adversary # 15-20.

  6. Given the inability of the trustee and or settling parties to obtain the approval necessary to secure a dismissal with prejudice in adversary # 15-20, the changed circumstances with the passage of time now means the trustee:

  a. has no further standing to seek approval of the agreements at docket # 216 & 220; and

  b. cannot do so consistent with the requirements of FRCP 11, FRBP 9011 or Montana Rule of Professional Conduct 3.3.

  **WHEREFORE**, the debtor files this Notice and respectfully requests that the Court enter an Order:

1. Confirming the revocation of consent; and
2. Confirming the inability of the parties to meet a material term; and
3. Denying approval of both agreements; and
4. for such other and further relief as may be just and equitable.

Dated: May 12, 2016          /s/ *James H. Cossitt*
                James H. Cossitt (Mont. # 4773)
                ATTORNEY FOR DEBTOR

Original filed via ECF

**Pursuant to FRBP 7005 & 9014 (b) and FRCP 5(b)(2)(D) all parties noted in the Court's ECF transmission facilities have been served via ECF.**

**The following have been served by mail:** None

CERTIFICATE OF SERVICE BY MAIL / ECF

This document was served pursuant to FRBP 7004, 9001(8), 9013, 9014(b): 1) by mail, in envelopes addressed to each of the parties at the addresses above; and/or 2) by electronic means, pursuant to LBR 7005-1, 9013-1(c) and 9036-1 on the parties noted in the Court's ECF transmission facilities, on May 12, 2016. The undersigned declares, under penalty of perjury pursuant to 28 USC § 1746, that the foregoing is true and correct.

/s/ James H. Cossitt

L:\Clients\Schneider\14-61357\d\2016-05-12 - WD Settlement consent.docx          Rev  5/12/16    JHC