James H. Cossitt (Mont. # 4773)
PO Box 1889
Kalispell, MT  59903-1889
Tel:  406-752-5616
Email: jhc@cossittlaw.com
ATTORNEY FOR DEBTOR

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MONTANA

| In Re:<br><br>JOHN HENRY SCHNEIDER,<br><br>Debtor. | Case #14-61357-7 |
|---|---|

## OBJECTION TO ONI MOTION TO CONTINUE
## HEARINGS ON CLAIM OBJECTIONS    (DOCKET #327)
_____

**COMES NOW** the debtor, by counsel, and pursuant to the provisions of Mont. LBR 5071-1 & 9013-1 (g)(2) and in support of this Objection, states:

1. The debtor admits ¶¶ 1, 3 and 10.

2. For response to ¶ 2, the debtor denies it for lack of information and notes that:

    a. ONI chose to wait or delay almost a full month before retaining local counsel in Montana; and

    b. the delay by ONI to timely address the matter is of its own doing and for which a continuance should be denied; OR

    c. the economic burden (cost to debtor of having counsel attend twice, approximately 14 hours round trip travel time, mileage, lodging and hearing time) of granting the same should be placed on ONI as the party seeking the continuance.

3. For response to ¶ 4, 5 & 6, the debtor denies them for lack of information and notes that:

    d. ONI chose to wait or delay almost a full month before retaining local counsel in Montana; and

    e. the delay by ONI to timely address the matter is of its own doing.

4. For response to ¶ 7 and 8, the debtor denies that any of the matters raised therein are relevant to the allowance or disallowance of the ONI claims.

5. For response to ¶ 9, the debtor notes that duplicate claims should have not been filed in the first place and provided an artificially inflated amount of total claims that were used at the mediation proceedings in February 2016.

6. Normally a continuance of such a matter would be routinely consented to but, here, the debtor objects due to:

    a. The trustee has a fiduciary duty to the entire estate to object to claims so all creditors get only allowed claim only in the proper amount after they liability; and

    b. The trustee was slow in fulfillment of that duty which necessitated the debtor to file the Motion to Compel at docket #246;

    c. The debtor has now filed objections in an effort to move this case along and bring it to a timely conclusion;

    d. The debtor is paying counsel to travel from Kalispell to Billings to prosecute the claims objections that are all set on a single day, a continuance will add to the cost to the debtor, the economic burden of this request should be allocated to the party seeking the relief; and

    e. Given the past history of this case (and both adversary proceedings) the Court has made comments and entered Orders consistent with the desire to move it along expeditiously and in a timely manner

7. Debtor requests the Court take judicial notice per FRE 201 of the docket & the claims register herein and that:

    a. The claims bar date was 4/4/15 per docket #22; and

    b. All of the ONI claims, claim # 26-28, were filed on 11/11/15 and are late filed claims.

**WHEREFORE**, the debtor respectfully request that the Court enter an Order(s):

a.    Denying the Motion to Continue; OR

b.    Grant the Motion to Continue and Order ONI to pay the travel costs (allocate the economic burden of the request to ONI, cost to debtor of having counsel attend twice, approximately 14 hours round trip travel time, mileage, lodging and hearing time) of counsel occasioned by the Motion

c.    for such other & further relief as is just & equitable or authorized by FRCP 54(c).


Dated: May 16, 2016                           /s/ *James H. Cossitt*

                                           James H. Cossitt (Mont. # 4773)
                                           ATTORNEY FOR DEBTOR

Original filed via ECF

**Pursuant to FRBP 7005 & 9014 (b) and FRCP 5(b)(2)(D) all parties noted in the Court's ECF transmission facilities have been served via ECF.**

**The following have been served by mail:**    None

CERTIFICATE OF SERVICE BY MAIL / ECF

This document was served pursuant to FRBP 7004, 9001(8), 9013, 9014(b): 1) by mail, in envelopes addressed to each of the parties at the addresses above; and/or 2) by electronic means, pursuant to LBR 7005-1, 9013-1(c) and 9036-1 on the parties noted in the Court's ECF transmission facilities, on May 16, 2016. The undersigned declares, under penalty of perjury pursuant to 28 USC § 1746, that the foregoing is true and correct.


                                                    /s/ *James H. Cossitt*