Joseph V. Womack
Waller & Womack, P.C.
Suite 805 US Bank Building
303 North Broadway
Billings, MT 59101
Telephone: (406) 252-7200
Fax: (406) 252-4266
Email: jwomack@jvwlaw.com
Attorney No. 2641

James A. Patten
Patten, Peterman, Bekkedahl & Green, PLLP
2817 2nd Avenue North, Ste 300
Billings, MT 59101
Telephone: (406) 252-8500
Fax: (406) 294-9500
Email: apatten@ppbg.com
Attorney No. 1191

Attorneys for Trustee

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In Re:<br><br>**SCHNEIDER, JOHN HENRY**<br><br>Debtor(s) | Case No. 14-61357-7 |

### STIPULATION TO WAIVE DISCHARGE AND 9019 MOTION FOR APPROVAL

  **COMES NOW** Joseph V. Womack, Trustee, and Debtor, hereby stipulate and agree as follows:

  1. Debtor filed a voluntary petition for relief on December 4, 2014.

  2. In June 24, 2015, Trustee filed an adversary complaint seeking to deny the entry of Debtor's discharge (AP 15-00020).

3. Trustee and Debtor agree that upon the filing of a waiver of discharge signed by the Debtor, the Court may enter an order: a) approving the waiver; and b) not granting John Henry Schneider's discharge in this case, pursuant to 11 U.S.C. § 727(a)(10) in exchange for and on condition that the parties stipulate to dismiss AP 15-00020 in accordance with FRCP 41 and FRBP 7041.

4. Attorney for the United States Trustee, Neal G. Jensen, has been contacted and does not object to the waiver of Debtor's discharge.

5. Waiver of Debtor's discharge is voluntary, and is in the best interest of the estate and the unsecured creditors.

6. This agreement is subject to approval by the Bankruptcy Court, and may be executed by facsimile and in counterparts.

7. In exercising its discretion, a bankruptcy court may approve a settlement that it finds to be "fair and equitable" and in the best interest of the estate. *See, e.g., Protective Comm. For Indep. Stockholders of CMT Trailer Ferry Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *In re BLX Group Inc.*, No. 09-61893, 2010 WL 248966, at *5 (Bankr. D. Mont. June 15, 2010) (*citing Woodson*, 839 F.2d at 620). In the Ninth Circuit, the following factors (collectively, the "A&C Factors") must be considered when approving a settlement under Bankruptcy Rule 9019(a):

    (a) The probability of success in litigation;

    (b) The difficulties, if any, to be encountered in the matter of collection;

    (c) The complexity of litigation involved, and the expense, inconvenience and delay necessarily attending it;

    (d) The paramount interest of the creditors and a proper deference to the reasonable views of the premises.

*Martin v. Kane* (*In re A&C Props.*), 784 F.2d 1377, 1381 (9th Cir. 1986), *cert. denied sub nom. Martin v. Robinson*, 479 U.S. 854 (1986) (citation omitted); *In re MGS Marketing*, 111 B.R. 264, 268 (B.A.P. 9th Cir. 1990); *Woodson v. Firemens Fund Insurance Company*, 839 F.2d *supra* at 620. In addition, consideration must be given to judicial policy of encouraging settlement and favoring compromises, particularly in the bankruptcy context. *See, BLX Group*, 2010 WL 248 3966 at *5 ("It is well established that the law favors compromise") (citing *In re Blair*, 538 F.2d 8, 49, 851 (9th Cir. 1976)); *In re TSIC, Inc.*, 393 B.R. 71, 78 (Bankr. D. Del. 2008) (noting settlement are "generally favored and, in fact encouraged in a bankruptcy proceedings, as they provide for an often needed and efficient resolution of the bankruptcy case.").

8. The A& C Factors are met here. While Trustee is confident in the Estate's position going into trial regarding denial of Debtor's discharge, the outcome of litigation is never certain. Trustee is prepared to proceed with trial, but doing so will result in significant costs for the estate in the form of attorneys' fees and costs. The waiver of discharge effectively resolves the claim, and. as such, the settlement is the best interest of the creditors and the Estate.

WHEREFORE, the undersigned hereby requests the Court enter its order approving the voluntary waiver of Debtor John Henry Schneider's Chapter 7 discharge pursuant to 11 U.S.C. § 727(a)(10).

**DATED** this 17th day of May, 2016.

           **WALLER & WOMACK, P.C.**

           By: /s/ Joseph V. Womack
             Joseph V. Womack
             Ch. 7 Bankruptcy Trustee

**DATED** this _____ day of May, 2016.

By: /s/ *John Schneider*

John Schneider

DATED this ____ day of May, 2016.

**JAMES H. COSSITT, PC**

By: /s/ *James H. Cossitt*

James H. Cossitt
Attorney for Defendant

**APPROVED**
*By James H (Jim) Cossitt at 1:40 pm, May 17, 2016*

### NOTICE OF OPPORTUNITY TO RESPOND AND REQUEST A HEARING

**If you object to this notice, you must file a written responsive pleading and request a hearing within fourteen (14) days of the date of filing. The responding party shall schedule the hearing on the motion at least twenty-one (21) days after the date of the response and request for hearing and shall include in the caption of the responsive pleading in bold and conspicuous print the date, time and location of the hearing by inserting in the caption the following:**

**NOTICE OF HEARING**
Date: _____
Time: _____
Location: _____

**If no objections are timely filed, the Court may grant the relief requested as a failure to respond by any entity shall be deemed an admission that the relief requested should be granted**

DATED this _____ day of May, 2016.

**WALLER & WOMACK, P.C.**

By: /s/ _____

By: /s/ _____
       John Schneider

**DATED** this ____ day of May, 2016.

       **JAMES H. COSSITT, PC**

By: /s/ _____
       James H. Cossitt
       Attorney for Defendant

## NOTICE OF OPPORTUNITY TO RESPOND AND REQUEST A HEARING

**If you object to this notice, you must file a written responsive pleading and request a hearing within fourteen (14) days of the date of filing. The responding party shall schedule the hearing on the motion at least twenty-one (21) days after the date of the response and request for hearing and shall include in the caption of the responsive pleading in bold and conspicuous print the date, time and location of the hearing by inserting in the caption the following:**

       **NOTICE OF HEARING**
       **Date:** _____
       **Time:**_____
       **Location:**_____

**If no objections are timely filed, the Court may grant the relief requested as a failure to respond by any entity shall be deemed an admission that the relief requested should be granted**

DATED this 17th day of May, 2016.

       **WALLER & WOMACK, P.C.**

By:  /s/ Joseph V. Womack
       Joseph V. Womack
       Attorney for Trustee

## CERTIFICATE OF SERVICE

I, the undersigned, certify under penalty of perjury that on May 17, 2016 or as soon as possible thereafter, a copy of the foregoing was served electronically by the Court's ECF notice to all persons/entities requesting special notice or otherwise entitled to the same and that in addition service by mailing a true and correct copy, first class mail, postage prepaid, was made to the following persons/entities who are not ECF registered users:

John Schneider
3611 Tommy Armour Circle
Billings, MT 59106

John Schneider
543 Camino de Orchidia
Encinitas, CA 92024

Creditor Mailing Matrix

By: /s/ Lynsey Lund
Lynsey Lund
Asst. to Trustee
