**EXHIBIT 1**

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (this "**Settlement Agreement**") is made this 16th day of May, 2016, by and between:

1. John Henry Schneider ("**Debtor**"), with a mailing address of with a mailing address of 543 Camino De Orchidia, Encintas, CA 92024;
2. Michelle R. Schneider ("**Michelle**"), with a mailing address of 543 Camino De Orchidia, Encintas, CA 92024;
3. Michelle R. Schneider as trustee of the Brandon Schneider Benefit Trust, dated March 30, 2012 (the "**Brandon Trust**"), with a mailing address of 543 Camino De Orchidia, Encintas, CA 92024;
4. Michelle R. Schneider as trustee of the Shannon Schneider Benefit Trust, dated March 30, 2012 (the "**Shannon Trust**"), with a mailing address of 543 Camino De Orchidia, Encintas, CA 92024;
5. Michelle R. Schneider as trustee of the Caitlin Schneider Benefit Trust, dated March 30, 2012 (the "**Caitlin Trust**" and collectively with the Brandon Trust and the Shannon Trust, the "**Children's Trusts**"), with a mailing address of 543 Camino De Orchidia, Encintas, CA 92024;
6. Schneider Management, LLC ("**Schneider Management**"), with a mailing address of 543 Camino De Orchidia, Encintas, CA 92024;
7. Schneider Limited Partnership ("**Schneider LP**"), with a mailing address of 543 Camino De Orchidia, Encintas, CA 92024;
8. MedPort, LLC ("**MedPort**"), with a mailing address of 543 Camino De Orchidia, Encintas, CA 92024;
9. BSC, LLC ("**BSC"**), with a mailing address of 543 Camino De Orchidia, Encintas, CA 92024;
10. John Schneider, as trustee of the John Schneider Revocable Trust Dated November 20, 2007 (the "**John Trust**"), with a mailing address of 543 Camino De Orchidia, Encintas, CA 92024;
11. Michelle Schneider, as trustee of the Michelle Schneider Revocable Trust Dated November 20, 2007 (the "**Michelle Trust**"), with a mailing address of 543 Camino De Orchidia, Encintas, CA 92024; and

The above parties (1-11) are referred to as the "**Schneider Parties**."

12. Joseph V. Womack, as Trustee (the "**Trustee**") of the Chapter 7 bankruptcy estate of John Henry Schneider, Debtor, in the United States Bankruptcy Court for the District of Montana, Case No. 14-61357 (the "**Estate**"), with a mailing address of 303 North Broadway, Billings, Montana, 59101.

The parties hereto are hereinafter sometimes singularly referred to as a "Party" and collectively as the "Parties".

## RECITALS:

The background of this Agreement is as follows:

A. Debtor filed a Chapter 7 bankruptcy proceeding on December 4, 2014, which is captioned *In re John Henry Schneider*, Case No. 14-61357-7, United States Bankruptcy Court for the District of Montana (the "**Bankruptcy Case**").

B. Trustee filed an adversary proceeding in the Bankruptcy Case, against Debtor, Michelle, the Children's Trusts, Schneider Management, Schneider LP, MedPort, BSC, the John Trust and the Michelle Trust (collectively the "**Schneider Parties**") seeking substantive consolidation, alter/ego and reverse piercing, to set aside various alleged fraudulent transfers and various other claims, which is filed as Adversary Proceeding # 15-00015-RBK (the "**AP 15**").

C. Trustee and the Schneider Parties previously reached settlement of AP 15, subject to bankruptcy Court approval (the **"Prior Settlement Agreement**"). The Trustee filed motions to approve that settlement in the Bankruptcy Case at Doc. 216. Based on objections and that approval of the Prior Settlement Agreement was unlikely, the Parties have terminated the Prior Settlement Agreement and withdrawn the motion for approval. This Agreement replaces and supersedes the Prior Settlement Agreement.

E. The Schneider Parties may have certain claims against the Estate.

F. Debtor/Estate, Schneider LP and various other entities and individuals are presently involved in an arbitration proceeding captioned as Stephen F. Emery, M.D. et al, Claimants, v Meridian Surgical Partners – Montana, LLC and Meridian Surgical Partners, LLC, Case No. 65-20-1400-0026 (the "**Arbitration**").

G. The Parties hereto desire to finally compromise, settle and resolve certain claims between and amongst them, subject to and upon the terms and conditions provided in this Agreement.

**AGREEMENT AND RELEASE:**

Now, therefore, for valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties do hereby agree as follows:

1. Incorporation of Recitals. The foregoing recitals are true and correct, and are hereby incorporated into and made a part of this Agreement.

2. Terms. The Trustee and the Schneider Parties agree to settle all claims between them as follows:

   a. Debtor and Michelle Schneider agree to convey fee simple title to 3611 Tommy Armour Circle ("**the Billings House**"), including the land and all improvements thereto, and fixtures (including all appliances), but not including household goods and personalty, free and clear of all liens and encumbrances (save for property tax claims)

to the Trustee. John and Michelle Schneider shall each receive $100,000.00 from the sale of the Billings House, paid directly from the title company (not through the estate) at the time of closing.

b. The Children's Trusts shall release the judgment lien they hold against the Billings House.

c. The Children's Trusts shall jointly convey to the Trustee fee simple title to the Wyoming Property, generally referred to as the Whispering Winds Ranch, together with all improvements, fixtures and appurtenances, but not including household goods and personalty, but including all appliances, free and clear of all judgment liens, mortgages and encumbrances, other than property taxes.

d. MedPort shall release its mortgage against the Wyoming Property.

e. The Schneider Parties agree to cooperate with the Trustee with regard to:

   i. executing such documentation as may be necessary to effectuate such transfers and releases; and

   ii. execute authorizations and releases as needed to permit their accountants to communicate directly with the Trustee's accountants with regard to the properties, their operations, their tax attributes and other relevant accounting information.

f. The monies in the Goetz, Baldwin & Geddes P.C. Trust account ("Goetz Trust Account") shall be apportioned between the Trustee ($240,000) and Michelle Schneider ($110,000).

g. The KBS REIT owned by Schneider Management shall be apportioned between the Trustee (5% market value at liquidation after costs) and Michelle Schneider (95% market value at liquidation after costs). The order approving this settlement shall contain a directive ordering that the KBS REIT be liquidated.

h. Debtor and Michelle Schneider are entitled to a tax refund for the year 2014 in the amount of $123,250 (the "Tax Refund"). The Tax Refund shall be split equally between the Trustee and Michelle Schneider.

i. The Trustee and the Estate shall retain Debtor's individual claims against Meridian. Without waiving any defenses that Trustee/Estate shall have, Trustee/Estate shall assume responsibility for settlement of

all costs and fees determined to be attributable to Trustee's/Estate's retention of John Schneider's individual claims against Meridian in the Arbitration.

j. By signing this Agreement, Debtor and Michelle Schneider confirm that the representations made on the attached Exhibit A are materially true and correct to the best of their knowledge.

k. The Trustee shall convey to Michelle Schneider or her designee any and all interest the estate might have or claim to have in Schneider LP and Schneider Management by way of a sale pursuant to 11 U.S.C. § 363(f).

l. The Trustee shall abandon any and all interest, if any, in claims that the estate might have against:

   i. Claims against any third party professionals who prepared or advised the Debtor on any matter prior to the commencement of the bankruptcy case

   ii. Claims of Schneider LP, Schneider Management, MedPort, BSC, NRNS, and the Children's Trusts.

   iii. Claims against Meridian held by any of the Schneider Parties other than Debtor.

   iv. MedPort, NRNS, and BSC;

   v. All household goods in (Billings, Whispering Winds & CA residence);

   vi. The California land and property located at 543 Camino De Orchidia, Encintas, Ca. 92024.

   vii. All other assets disclosed on any schedules to date.

   viii. Any assets identified in either adversary proceeding;

   ix. All claims that are identified in the PI section below.

m. Trustee agrees to make no further claims against:

   i. any party named in either adversary proceeding; and

   ii. any asset identified in either adversary proceeding; and

iii. any matter reasonably disclosed on the schedules, statements, in any of the § 341 testimony or court hearing testimony or related to or arising out of any of these matters to date.

n. The Parties stipulate that the causes of action asserted by the Trustee in AP 15 are all property of the bankruptcy estate, to the exclusion of any creditor, and shall request a finding of fact and conclusion of law to this effect by the court that approves this settlement. It shall be a condition precedent to this settlement that the court make such a finding and conclusion.

o. The Trustee shall request an order of the court that authorizes and directs the trustee not to share with any other person or entity any work product with respect to this adversary proceeding or discuss any aspect of this adversary proceeding with any other person or entity, other than what is reasonably necessary to obtain court approval or to otherwise comply with this agreement or the trustee's duties as a chapter 7 panel trustee, or except as otherwise compelled pursuant to a court order or enforceable subpoena.

p. The Trustee agrees in good faith to seek court approval of this Agreement.

q. The Trustee and the Schneider Parties agree to mutual releases of all claims (as set forth below), said release being subject to the following conditions:

i. In the event that an asset that should have been disclosed in the representations regarding assets referenced in this Agreement, or the debtor's schedules, is discovered, then the Schneider Parties are not released from liability with respect to claims to that asset and any costs that might be incurred in recovering said asset or its value as of the date of this Agreement from the non-disclosing party.

ii. In the event that any party fails to perform its obligations as set out in this agreement, then such party shall not be released with regard to its obligation to perform, or for any damages that might accrue from such failure to perform.

3. Trustee's Counsel's Waiver of Fees. In order to facilitate settlement, the Trustee and his counsel will (1) waive $100k ($80k from Goetz Firm and $20k from Womack) in attorney fees at the time of submitting their final fee applications, or (2) waive any attorney fees on a total recovery from this settlement which exceeds $2,000,000, whichever results in a larger reduction in fees.

4. Mutual Release of Claims – Trustee and the Schneider Parties. The Trustee/Estate and the Schneider Parties acknowledge and agree that, upon Court approval of this Agreement, they shall have no claims against each other, excepting only the obligations to fulfill this Agreement, or except as otherwise provided in this Agreement. In consideration of the terms and covenants contained in this Agreement, the Trustee/Estate and the Schneider Parties hereby fully and forever acquit, release, and discharge the other and any and all of their past, present or future representatives, officers, directors, stock holders, members, partners, predecessors, successors, assigns, agents, subsidiaries, affiliates, member companies, employees and attorneys, of and from all past, present or future actions, causes of action, claims, cross-claims, counterclaims or other claims, demands, obligations, rights, damages, costs, loss of services, expenses and compensation (including, without limitation, any and all known and unknown injuries, property damages and all other types of damages, including attorney's fees and punitive damages), whether based on a tort, contract, or other theory of recovery ("Claims"), which each of the parties may now have, whether asserted or unasserted, known or unknown, foreseen or unforeseen, existing or which may arise in the future, as to the other parties, excepting any claims related to performance of this Agreement.

5. Approval of Bankruptcy Court. The Parties acknowledge that the performance of this Agreement is contingent on approval of the Bankruptcy Court of this Agreement. Upon execution of this Agreement, Trustee shall diligently pursue approval from the Bankruptcy Court of this Agreement, and the Parties shall fully cooperate in such efforts. The Parties shall be bound by the terms of this Agreement unless the Bankruptcy Court fails to approve this Agreement, in which event this Agreement shall become null and void. All Parties agree that the Bankruptcy Court shall have sole and exclusive jurisdiction to enforce this Agreement. Upon Bankruptcy Court approval, AP 15 shall be dismissed, with prejudice.

6. Consent, Consultation with Counsel, and Authority. By signing, each Party represents and warrants that the Party has carefully read this Agreement, that the Party's respective attorneys have explained the contents of this Agreement, and that each Party signs this Agreement voluntarily, intending to be legally bound thereby. Each individual executing this Agreement on behalf of another entity represents and warrants that the individual has full power and authority to bind the entity to the Agreement.

7. Attorneys' Fees. In the event of a breach of this agreement that remains uncured after a 20 day notice to cure, attorneys' fees may be awarded to the prevailing party in any later court proceeding with regard to such breach, at the sole discretion of the court.

8. Severability. If any portion of this Agreement is held to be void or unenforceable, the balance of this Agreement shall nevertheless be effective and enforceable, unless doing so materially vitiates the purpose of this Agreement.

9. Governing Law. This Agreement shall be governed by, and construed in accordance with, the laws of the State of Montana. All terms used herein shall have the meanings set forth in:

      a. 11 USC §§ 101 and 102.

10. Facsimiles and Counterparts. This Agreement may be executed in two or more counterparts, whether by original, facsimile signature or electronic signature with appropriate authority, each of which shall be deemed an original but all of which together shall be one and the same instrument.

11. Further Assurances. Each Party shall, at any time after the execution of this Agreement, deliver to the other Party hereto any such additional instruments of conveyance, assignments, certificates or other documents as such other Party may reasonably request to effectuate this Agreement or assist in Trustee's recovery of property, or to take any other actions necessary to carry out the purposes of this Agreement.

12. Implementation of Settlement. The Trustee shall be responsible to implement all closings contemplated by this agreement, and to pay related closing costs.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of the dates set forth below.[*signatures on following pages*]

**Trustee**

Dated: May 16, 2016.

/s/*Joseph V. Womack*_________________________
Joseph V. Womack, as Trustee of the Chapter 7 bankruptcy estate of John Henry Schneider, Debtor, in the United States Bankruptcy Court for the District of Montana, Bankr. Case No. 14-61357

Approved by: */s/Trent M. Gardner*____
Trent M. Gardner
Attorney for Trustee

Dated: May 16, 2016.

/s/*John Henry Schneider*_____________________
John Henry Schneider

Approved by: */s/James H. Cossitt*____
James H. Cossitt
Attorney for John Henry Schneider

**APPROVED**

*By James H (Jim) Cossitt at 12:44 pm, May 17, 2016*

Dated: May 16, 2016. /s/*Michelle R. Schneider*_____________________
Michelle Schneider

Approved by: */s/Mark D. Parker*____
Mark D. Parker
Attorney for Michelle R. Schneider

**Brandon Schneider Benefit Trust**

Dated: May 16, 2016. /s/*Michelle R. Schneider*_____________________
Michelle Schneider, Trustee

Approved by: */s/Mark D. Parker*____
Mark D. Parker
Attorney for Brandon Schneider Benefit Trust

**Shannon Schneider Benefit Trust**

Dated: May 16, 2016. /s/*Michelle R. Schneider*_____________________
Michelle Schneider, Trustee

Approved by: */s/Mark D. Parker*____
Mark D. Parker
Attorney for Shannon Schneider Benefit Trust

**Caitlin Schneider Benefit Trust**

Dated: May 16, 2016. /s/*Michelle R. Schneider*_____________________
Michelle Schneider, Trustee

Approved by: */s/Mark D. Parker*____
Mark D. Parker
Attorney for Caitlin Schneider Benefit Trust

**Schneider Management, LLC**

Dated: May 16, 2016.

/s/*Michelle R. Schneider*____________________
Michelle Schneider, Manager

Approved by: */s/Mark D. Parker*____
Mark D. Parker
Attorney for Schneider Management, LLC

**Schneider Limited Partnership**

Dated: May 16, 2016.

/s/*Michelle R. Schneider*____________________
Michelle Schneider, Manager of Schneider Management, LLC, General Partner

Approved by: */s/Mark D. Parker*____
Mark D. Parker
Attorney for Schneider Limited Partnership

**MedPort, LLC**

Dated: May 16, 2016.

/s/*Brandon Schneider*____________________
Brandon Schneider, Manager/Authorized Agent

Approved by: */s/Jason T. Holden*____
Jason T. Holden
Attorney for MedPort, LLC

**BSC, LLC**

Dated: May 16, 2016.

/s/*John Henry Schneider*____________________
John Henry Schneider, Authorized Agent

**Michelle Schneider Revocable Trust**

Dated: May 16, 2016. /s/*Michelle R. Schneider*____________________

Michelle Schneider, Trustee

Approved by: */s/Mark D. Parker*____

Mark D. Parker

Attorney for Michelle Schneider Revocable Trust

**John Schneider Revocable Trust**

Dated: May 16, 2016. /s/*John Henry Schneider*____________________

John Henry Schneider, Trustee

Approved by: */s/James H. Cossitt*____

James H. Cossitt

Attorney for John Schneider Revocable Trust

In re Schneider, chapter 7 # 14-61357; adversary # 15-15, exhibit A

| Entity | Asset | liability |
| --- | --- | --- |
| John Schneider | 1. Ownership interest in tort claims<br>2. pension 1.50mm<br>3. tax refund 63K | To be determined |
| Michelle Schneider | 1. US Bank Account -100K<br>2. 100% ownership Michelle trust (cash 0)<br>3. 50% Schneider management, LLC<br>4. 49.5% Schneider LP<br>5. Two cars -80-90K<br>6. Pension fund - 625K<br>7. Tax return - 63K | 0 |
| Childrens irrevocable trusts (Brandon, Shannon and Caitlin) | 1. Cash -5K Brandon trust, US Bank<br>2. Ranch asset 100%<br>3. 75% value Medport, LLC<br>4. Lien on Billings home 100% (620K)<br>5. Goetz law firm trust account 365K | 0 |
| Schneider LP | 1. cash 2500 Stockman bank account<br>2. Loan to Medport -promisary note 3.5mm | 380K judgment Westei<br>1.2mm loan Wells Farg<br>Claim by Samples prop |
| Schneider Management, LLC | 1. KBS Reit - value 180K<br>2. Alphatec stock value (nontransferable 20K) | |
| Medport, LLC | 1. US Bank account 15K<br>2. Stockman Bank account 75K<br>3. Ca. building 1.8mm | Note to Schneider LP 3 |
| BSC, LLC | 1. 0.00 | 1. 0.00 |

2:14-bk-61357-JDP Doc#: 340-1 Filed: 05/19/16 Page 12 of 13

n security against SLP
o note on OMNI Building
rty for back funds for lease on OMNI

5mm

**EXHIBIT B – CLAIMS REFERENCED IN PARAGRAPH 2.l.ix.**

The following are the claims referenced in paragraph 2.l.ix. of the Settlement Agreement:

i. hospitals and Ambulatory Surgery Center, NRIC - based upon WY DOI decision, never had the authority to cover John H Schneider medical malpractice in WY;

ii. third party professionals including past legal counsel and past accounting firm: Dye, Jurovich;

iii. The accountant Heiser in WY;

iv. NRIC & NRNS claims against ORG/Brenda Olsen and the state of MT DOI for their representations regarding NRIC as having E/O coverage that was effective in WY; and

v. Potential qui tam claim against Stable Spine and its progeny Elite Spine.