James A. Patten (ID No. 1191)
**PATTEN, PETERMAN, BEKKEDAHL & GREEN, P.L.L.C**
2817 2nd Avenue North, Ste. 300
Billings, Montana 59101
Telephone: (406) 252-8500
Facsimile: (406) 294-9500
Email: apatten@ppbglaw.com

*Attorneys for Creditors Beverly Curtis, Michael Green, Harry Allan and Jo Ann Knopp, Scherry Lee, Estate of Russell Monaco, Harley Morrell, and Annette Thomas*

IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF MONTANA BILLINGS DIVISION

| | |
|---|---|
| IN RE:<br><br>JOHN HENRY SCHNEIDER,<br><br>Debtor. | Bankruptcy Case No. 14-61357-7<br><br>**STIPULATION FOR WITHDRAWAL OF CHAPTER 7 TRUSTEE'S OBJECTIONS TO PERSONAL INJURY CREDITORS' PROOFS OF CLAIM** |

**STIPULATION FOR WITHDRAWAL OF CHAPTER 7 TRUSTEE'S OBJECTIONS TO PERSONAL INJURY CREDITORS' PROOFS OF CLAIM**

Creditors Beverly Curtis, Michael Green, Harry Allan and Jo Ann Knopp, Scherry Lee, Estate of Russell Monaco, Harley Morrell, and Annette Thomas ("Personal Injury Creditors") by and through their attorney James A. Patten, and the Chapter 7 Trustee by and through his attorney Joseph V. Womack, do hereby stipulate as follows:

1

## RECITALS

1. The Debtor filed his voluntary petition under Chapter 7 of the Bankruptcy Code on December 4, 2014. (Bankruptcy Dkt. No. 1).

2. Within the Debtor's schedules he disclosed some 340 pages (Bankruptcy Dkt. No. 17, pp. 15 – 355) of "possible negligence claims" within Schedule F, listing the Personal Injury Creditors among them. (*See* Schedules, Bankruptcy Dkt. No. 17).

3. The Chapter 7 Trustee filed a Motion to Fix Claims Bar Date on January 14, 2015, and the Court fixed the date at April 14, 2015. (*See* Bankruptcy Dkt. No. 22).

4. The Personal Injury Creditors thereafter filed their Proofs of Claim ("Personal Injury Claims") against the bankruptcy estate. (*See* Proof of Claim Nos. 14; 16 – 21).

5. The Personal Injury Claims were objected to by the Chapter 7 Trustee. (*See* Dkt. Nos. 260-61; 263-65; 267-68) (the "Objections").

6. The Chapter 7 Trustee's Objections set the matter for hearing on May 24, 2016.

7. The Chapter 7 Trustee has completed an analysis and review of the Personal Injury Claims through information and documentation provided by the

Personal Injury Creditors. He has completed a review of the medical and legal opinions and bases underpinning each Personal Injury Claim.

8. The Chapter 7 Trustee has also reviewed the objections to the Personal Injury Claims filed by the Debtor wherein the Debtor asserts certain Medical record facts in support of his objections.

9. The Chapter 7 Trustee is familiar with the facts and circumstances attendant to each of the Personal Injury Claims based on his review of the above.

10. The Chapter 7 Trustee is satisfied that the facts underlying the Claims are sufficient to establish liability of the Debtor's Estate. He is further satisfied and has concluded the Personal Injury Claims are reasonable and appropriately valued. The foregoing conclusions made by the Chapter 7 Trustee are informed, and are reached upon his review of the facts and expert legal and medical opinions substantiating each of the Personal Injury Claims.

11. The Chapter 7 Trustee believes that the estate is best served by allowing the claims as filed as permitted under 11 USC § 502 (c) to prevent undue delay in the administration of the case.

12. The Chapter 7 Trustee believes that the estate is best served in view of the totality of the circumstances of this case. He submits that a trial and liquidation of each of the claims would be time consuming, expensive, would unduly

delay the administration of the case, is unlikely to result in disallowance of the claims and is not justified given all circumstances of this case.

13. Those circumstances include not only his opinion that the claims are reasonably valid but also the fact that Debtor waived his discharge less than 9 days before trial on the Trustee's 11 USC § 727 Complaint to Deny discharge detailing the wrongful conduct of the Debtor. That wrongful conduct included giving false oaths and concealing assets from the Trustee. Debtor has little or no credibility with the Trustee and Trustee believes he would be a terrible witness in any hearing or proceeding challenging or defending the liability and damages asserted in the claims. Trustee believes that the chances of successfully defending the claims at trials on the claims is very questionable.

14. Trustee asserts that it would be unfair to the all the creditors of this estate to expend resources of the estate to defend these claims when the chances of success in defending the claims is uncertain at best. Debtor can object and defend these claims if he wishes, using his own resources. Estate resources should not be used to help a dishonest debtor meet his strategic objective of preventing, to the greatest extent possible, the allowance of claims that will survive the bankruptcy, regardless of whether or not the claims are valid.

## **STIPULATION**

1. The Chapter 7 Trustee shall immediately withdraw his Objections to the following Claims:
    a. Beverly Curtis – Proof of Claim #19;
    b. Michael Green – Proof of Claim #14;
    c. Harry Allen and JoAnn Knopp – Proof of Claim #20;
    d. Scherry Lee – Proof of Claim #18;
    e. Estate of Russell Monaco – Proof of Claim #21;
    f. Harley Morrell – Proof of Claim #17; and
    g. Annette Thomas – Proof of Claim #16.
2. The Chapter 7 Trustee hereby consents to allowance of all Personal Injury Claims as filed.
3. The Chapter 7 Trustee shall not hereafter reinstate any objection to the Personal Injury Claims, nor shall the Chapter 7 Trustee withhold consent hereby given to the allowance of all Personal Injury Claims as filed.

**SO STIPULATED** this 19th day of May, 2016.

*(signatures follow on the next page)*

**WALLER & WOMACK, P.C.**
Suite 805 US Bank Building
303 North Broadway
Billings, MT 59101

By: /s/ Joseph V. Womack
 Joseph V. Womack
 Attorney for Chapter 7 Trustee


**PATTEN, PETERMAN, BEKKEDAHL
& GREEN, PLLC**
2817 2nd Avenue North, Suite 300
Billings, MT 59101

By: /s/ J.A. Patten
 James A. Patten
 Attorney for Personal Injury Creditors

6

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify, under penalty of perjury, that on the 19th day of May, 2016, a copy of the foregoing was electronically by the Court's ECF notice to all persons/entities requesting special notice or otherwise entitled to the same and that in addition service by mailing a true and correct copy, first class mail, postage prepaid, was made to the following persons/entities who are not ECF registered users: None.

By: /s/ J.A. Patten
For Patten, Peterman, Bekkedahl & Green, PLLC