Joseph V. Womack
**Waller & Womack, P.C.**
Suite 805 US Bank Building
303 North Broadway
Billings, MT 59101
Telephone: (406) 252-7200
Fax: (406) 252-4266
Email: jwomack@jvwlaw.com
Attorney No. 2641

Attorney for Trustee

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In Re:<br>**SCHNEIDER, JOHN HENRY**<br><br>Debtor(s) | Case No. 14-61357-7 |

### TRUSTEE'S F.R.B.P. Rule 9019(a) MOTION TO APPROVE
### COMPROMISE AND SETTLEMENT AND NOTICE

COMES NOW Joseph V. Womack, Trustee in the above named Bankruptcy Estate, and moves the Court pursuant to F. R. B. P. Rule 9019(a) for an order approving the Settlement Agreement and Release attached hereto as Exhibit A, ("**Settlement**") entered in to between Joseph V. Womack, as Trustee (the "**Trustee**") of the Chapter 7 bankruptcy estate of John Henry Schneider, Debtor, in the United States Bankruptcy Court for the District of Montana, Case No. 14-61357 (the "**Estate**"), and Meridian Surgical Partners – Montana, LLC and Meridian Surgical Partners, LLC (collectively referred to as "**Meridian**"), for the reason that said agreement fairly compromises and settles the issues described therein and is in the best interest of all interested parties. In the Settlement Trustee has agreed that the Estate will pay Meridian $6,500.00. Trustee requests that said payment

be treated as an administrative expense of the estate. In support of this motion Trustee states as follows:

1. Debtor John Henry Schneider filed a Chapter 7 bankruptcy proceeding on December 4, 2014, which is captioned *In re John Henry Schneider*, Case No. 14-61357-7, United States Bankruptcy Court for the District of Montana.

2. In Connection with his Chapter 7 Bankruptcy Proceeding, John Henry Schneider ("Debtor") filed Bankruptcy Schedules and Amended Bankruptcy Schedules that included as an asset of the Debtors' Bankruptcy Estate, a contingent and unliquidated claim against Meridian valued at $15,000,000.

3. Meridian, Debtor/Estate and various other entities and individuals are presently involved in an arbitration proceeding captioned as Stephen F. Emery, M.D. et al, Claimants, v Meridian Surgical Partners – Montana, LLC and Meridian Surgical Partners, LLC, Case No. 65-20-1400-0026 (the "**Arbitration**"). In the Arbitration Proceeding, Meridian asserted claims against John Debtor and in connection with those claims, Meridian filed a Proof of Claim in the Schneider Bankruptcy case ("POC 10"). In the Arbitration Proceeding, Debtor asserted claims against Meridian, which claims are now property of the Estate.

4. Trustee and Meridian have agreed to compromise and settle the claims between them on the terms set forth in the Settlement and generally described as follows:

  a. The Bankruptcy Estate is to pay Meridian the sum of SIX THOUSAND FIVE HUNDRED and No/100 Dollars ($6,500.00), with such funds to be paid upon approval of the Stipulation by the Court.

  b. Meridian shall withdraw POC 10 in the Bankruptcy Case with prejudice.

    c.    Meridian and the Estate shall provide full mutual releases to each other, including a release by Meridian of all claims in the Arbitration between the Debtor/Estate and Meridian.

    d.    In the Arbitration proceeding, all of the claims of John Henry Schneider and/or the Bankruptcy Estate against Meridian shall be dismissed with prejudice. Similarly, all of Meridian's claims against John Henry Schneider and/or the Bankruptcy Estate of John Henry Schneider shall be dismissed with prejudice. Each party shall be responsible for its own costs, expenses and attorneys' fees.

## DISCUSSION

This settlement should be approved pursuant to F.R.B.P. 9019(a), which provides, in pertinent part, that:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Under this rule, the bankruptcy court is vested with considerable discretion in approving compromises and settlements. *In re Duncan*, L 981162, 1-2 (Bankr. D. Mont. 2009) (citing *Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1988)). The proposal must be "fair and equitable," however. *Id*. (citing *In re Schrock*, 9 Mont. B.R. 414, 416–417 (1991)). In evaluating whether a settlement would be "fair and equitable," the Court must weigh the following:

(a) The probability of success in the litigation;
(b) the difficulties, if any, to be encountered in the matter of collection;
(c) the complexity of the litigation involved, and the expense,
inconvenience and delay necessarily attending it;
(d) the paramount interest of the creditors and a proper deference to their
reasonable views.

*Id.* (citing *In re A & C Properties*, 784 F.2d 1377 1381 (9th Cir. 1986)). It is also well established that the law favors compromise. *Id.* (citing *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976)).

### 1. Probability of Success.

With respect to the first factor, results in litigation are always uncertain. *See In re Duncan*, at *4. A precise or exact judicial determination of the likely outcome is not required because that would defeat the purpose of compromising in the first place. *Id.* at *6 (citing *In re Telesphere Comm. Inc.*, 179 BR 544, 553 (Bankr. N.D. Ill. 1994); *In re Energy Co-op. Inc.*, 886 F.2d 921, 929 (7th Cir. 1989); *In re Penn Central Transp. Co.*, 596 F.2d 1102, 1114 (3rd Cir. 1979)). It is sufficient that, after apprising itself of all facts necessary for an intelligent and objective opinion concerning the claim's validity, the court determines that the outcome of litigation the claim is in doubt. *Id.* (citing *Matter of Walsh Const. Inc.*, 669 F.2d 1325, 1328 (9th Cir. 1982)).

In the Arbitration, it is the Trustee's opinion that a favorable outcome to the Estate is unlikely. Debtor, individually, was not an investor in the business transaction that is the basis of the disputes in the Arbitration. Moreover, Debtor was not a party to the contracts under which he is asserting claims against Meridian. Absent any investment or privity, there is a strong question as to whether Debtor even has a legal basis to assert any claims in the Arbitration. Accordingly, Debtor's success in the Arbitration and the value of his claims are highly uncertain.

Even if Debtor is found to have a legal basis to assert claims in the Arbitration, Meridian's claim against Debtor would likely eliminate or significantly limit any recovery by the Estate. Meridian has asserted that Debtor breached his fiduciary duty as a board member for the business that is the basis of the dispute. Meridian's claim rests upon allegations that Debtor engaged in egregious conduct that ultimately prevented Meridian and the other investors in the business from going forward. It is the Trustee's opinion that Meridian has a legal basis for its claim. Given the

strengths of Meridian's claim against Debtor, Trustee believes that the settlement is fair and reasonable.

### 2. Difficulties in Collecting.

The second factor considers the difficulties, if any, to be encountered in the matter of collection. Should the Estate lose in the Arbitration, Meridian will have no difficulty collecting on the allowed amount of its liquidated claim.

### 3. Complexities in the Litigation.

The third factor to consider is the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it. This factor, more than any other, supports the Trustee's position that the settlement agreement should be approved on the terms presented.

The Arbitration is set for June in Minneapolis, Minnesota and is expected to take two weeks to try. If the Trustee is forced to defend and prosecute the claim, he will have to hire outside counsel to do so. He has secured an attorney that will do so on an hourly basis and the estimated attorney fees and costs for preparation and trial of the matter is over $25,000.00, which would be an administrative expense of the Estate. Given the uncertainty of the result, it is in the best interest of the estate to settle for the $6,500.00 rather than risk incurring over $25,000.00 in attorney fees and costs for a doubtful recovery.

### 4. Paramount Interests of the Creditors.

With respect to the fourth factor, the paramount interest of the creditors and a proper deference to their reasonable views, Trustee Womack is confident that this settlement is in the best interests of the creditors. The Settlement provides for Meridian to withdraw its claim, thus significantly increasing the pro-rata share of the other creditors in the ultimate distribution to them. Trustee recently entered into a settlement agreement on the adversary proceeding filed to recovery

property and money for the estate. The gross value of that settlement is estimated at approximately $2,100,000.00 and it is believed that it will result in a net distribution to unsecured creditors of over $1,000,000.00. The remaining creditors will clearly benefit from the Settlement.

## CONCLUSION

Based on the A&C Properties factors, this settlement is "fair and equitable" and in the best interests of the Estates and their creditors. Accordingly, the Trustee asks that it be approved by this Court in accordance with the stipulated settlement attached hereto as Exhibit A.

**WHEREFORE**, the undersigned Trustee moves the Court for an order approving the terms of the settlement as set forth herein.

**DATED** this 19th day of May, 2016.

                                            **WALLER & WOMACK, P.C.**

                                            By: /s/ Joseph V. Womack
                                                  Joseph V. Womack
                                                  Attorney for Trustee

## NOTICE OF OPPORTUNITY TO RESPOND AND REQUEST A HEARING

**If you object to this Motion, you must file a written responsive pleading and request a hearing within fourteen (14) days of the date of the filing. The responding party shall schedule the hearing on the motion at least twenty-one (21) days after the date of the response and request for hearing and shall include in the caption of the responsive pleading in bold and conspicuous print the date, time and location of the hearing by inserting in the caption the following:**

                         **NOTICE OF HEARING**
              **Date:** _____
              **Time:**_____
              **Location:**_____

**If no objections are timely filed, the Court may grant the relief requested as a failure to respond by any entity shall be deemed an admission that the relief requested should be granted.**

**DATED** this 19th day of May, 2016.

**WALLER & WOMACK, P.C.**

By: /s/ Joseph V. Womack
  Joseph V. Womack
  Attorney for Trustee

### CERTIFICATE OF SERVICE

I, the undersigned, certify under penalty of perjury that on May 19, 2016 or as soon as possible thereafter, a copy of the foregoing was served electronically by the Court's ECF notice to all persons/entities requesting special notice or otherwise entitled to the same and that in addition service by mailing a true and correct copy, first class mail, postage prepaid, was made to the following persons/entities who are not ECF registered users:

John Schneider
3611 Tommy Armour Circle
Billings, MT 59106

John Schneider
543 Camino de Orchidia
Encinitas, CA 92024

Creditor Mailing Matrix

By: /s/ Lynsey Lund
  Lynsey Lund
  Asst. to Trustee