## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (this "**Settlement Agreement**") is made this 18th day of May, 2016, by and between:

1. Joseph V. Womack, as Trustee (the "**Trustee**") of the Chapter 7 bankruptcy estate of John Henry Schneider, Debtor, in the United States Bankruptcy Court for the District of Montana, Case No. 14-61357 (the "**Estate**"), with a mailing address of 303 North Broadway, Billings, Montana, 59101; and

2. Meridian Surgical Partners – Montana, LLC and Meridian Surgical Partners, LLC (both LLC's are collectively referred to as "**Meridian**" for the purposes of this Agreement.

The parties hereto are hereinafter sometimes singularly referred to as a "**Party**" and collectively as the "**Parties**".

## RECITALS:

The background of this Agreement is as follows:

A. Debtor John Henry Schneider filed a Chapter 7 bankruptcy proceeding on December 4, 2014, which is captioned *In re John Henry Schneider*, Case No. 14-61357-7, United States Bankruptcy Court for the District of Montana (the "**Bankruptcy Case**"). Joseph V. Womack is the Trustee of the Bankruptcy Estate of John Henry Schneider, Debtor.

B. In Connection with his Chapter 7 Bankruptcy Proceeding, John Henry Schneider ("Debtor") filed Bankruptcy Schedules and Amended Bankruptcy Schedules under penalty of perjury. Debtor's Bankruptcy Schedules included as an asset of the Debtors' Bankruptcy Estate, a contingent and unliquidated claim against Meridian valued at $15,000,000.

C. On or about May 22, 2015, the Trustee filed an Adversary Action against Schneider Limited Partnership, Schneider Management, LLC, MedPort, LLC, BSC, LLC, John Henry Schneider, Michelle Schneider, Kathleen T. Burrows, Michelle R. Schneider, as Trustee of the Brandon Schneider Benefit Trust dated March 30, 2012, Michelle R. Schneider, as Trustee of the Shannon Schneider Benefit Trust dated March 30, 2012, Michele R. Schneider, as Trustee of the Caitlin Schneider Benefit Trust dated March 30, 2012, John Schneider as Trustee of the John Schneider Revocable Trust dated November 20, 2007, Michelle R. Schneider as Trustee of the Michelle Schneider Revocable Trust dated November 20, 2007, and John Does 1-10, XYZ Corp. 1-10. The Adversary Complaint is identified as Case No. 15-00015, before the United States Bankruptcy Court for the District of Montana. On or about July 14, 2015, the Trustee filed an Amended Complaint in the forgoing Adversary action wherein the Trustee is asserting the following claims:

EXHIBIT A

    Count I – Substantive Consolidation, Count II – Reverse Piercing/Alter Ego, Count III – Fraudulent Transfer of Whispering Winds Ranch, Count IV – Fraudulent Transferee: Loan to MedPort, Count V – Fraudulent and Preferential Transfer Re: Judgment Lien and Medport Mortgage, Count VI – Fraudulent and Preferential Transfer Re: Schneider LP Distributions, Count VII – Fraudulent Transfer Re: Biles Settlement, Count VIII – Direct and Derivative Claim for Conversion, Count IX – Direct and Derivative Claim for Negligence, Count X – Direct and Derivative Claim for Breach of Fiduciary Duty, Count XI – Conspiracy, Count XII – Declaratory Judgment Re: John Trust, Count XIII – Declaratory Judgment re: Children's' Trusts, Count XIV – Declaratory Relief, Accounting and Turnover of Estate Property, Count XV – Fraudulent Transfer Re: Debtor – Burrows Account, Count XVI – Fraudulent Preferential Transfers, and Count XVII – Preliminary Injunction

D. On June 24, 2015, the Trustee filed an Adversary Action against John Henry Schneider in order to deny him a Discharge pursuant to 11 USC § 727. The Trustee's Adversary case is identified as Adversary No. 15-00020, before the United States Bankruptcy Court for the District of Montana. In his Amended Complaint, the Trustee alleges: Count I – Intent to Hinder, Delay or Defraud or Trustee Pursuant to 11 U.S.C. § 727(a)(2)(A) and § 727(a)(2)(B), Count II – Concealing or Failing to Keep or Preserve Recorded Information Pursuant to 11 U.S.C. § 727(a)(3), Count III – False Oath or Account pursuant to 11 U.S.C. § 727(a)(4)(A), Count IV – Withholding Information from the Trustee Pursuant to 11 U.S.C. § 727(a)(4)(D), Count V – Failure to Explain Satisfactorily, the Loss of Assets or Deficiency of Assets to Meet Creditor's Liabilities Pursuant to 11 U.S.C. § 727(a)(5), and Count VI – Failure to Obey a Lawful Order of the Court Pursuant to 11 U.S.C. § 727(a)(6)(A).

E. Meridian, Debtor/Estate and various other entities and individuals are presently involved in an arbitration proceeding captioned as Stephen F. Emery, M.D. et al, Claimants, v Meridian Surgical Partners – Montana, LLC and Meridian Surgical Partners, LLC, Case No. 65-20-1400-0026 (the "**Arbitration**"). In the Arbitration Proceeding Meridian asserted claims against John Henry Schneider ("Debtor") in connection with those claims, Meridian filed a Proof of Claim in the Schneider Bankruptcy case. In the Arbitration Proceeding, John Henry Schneider asserted claims against Meridian which claims are now property of the Schneider Bankruptcy Estate.

F. The Parties hereto desire to finally compromise, settle and resolve certain claims between and amongst them, subject to and upon the terms and conditions provided in this Agreement.

**AGREEMENT AND RELEASE:**

  Now, therefore, for valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties do hereby agree as follows:

1. <u>Incorporation of Recitals</u>. The foregoing recitals are true and correct, and are hereby incorporated into and made a part of this Agreement.

2. <u>Terms</u>. The Trustee/Estate and Meridian agree to settle between them as follows:

    a. The Estate shall pay Meridian Six Thousand Five Hundred Dollars ($6,500). No payment shall be made until after the entry of a Final Order approving this Settlement, with no appeal having been taken or with the appeal having been favorably resolved in favor to the Trustee and Meridian.;

    b. Meridian shall withdraw the Meridian POC in the Bankruptcy Case ("POC 10"), with prejudice. The Claim shall not be withdrawn until after the entry of a Final Order approving this Settlement, with no appeal having been taken or with the appeal having been favorably resolved in favor to the Trustee and Meridian;

    c. Meridian and the Estate shall provide full mutual releases to each other, including a release by Meridian of all claims in the Arbitration between the Debtor/Estate and Meridian  The Release of All Claims shall be drafted and construed to the broadest extent possible in order to fully and finally release and discharge:

        i. Any and all Pre-Petition claims that John Henry Schneider and/or the John Henry Schneider Bankruptcy Estate may have against Meridian, including but not limited to the $15 million claim disclosed on Debtor's Bankruptcy Schedules and Amended Bankruptcy Schedules;

        ii. Any and all Pre-Petition claims that Meridian may have against John Henry Schneider and/or the John Henry Schneider Bankruptcy Estate.

    d. In the Arbitration proceeding described hereinabove, all of the claims of John Henry Schneider and/or the Bankruptcy Estate against Meridian shall be dismissed with prejudice. Similarly, all of Meridian's claims against John Henry Schneider and/or the Bankruptcy Estate of John Henry Schneider shall be dismissed with prejudice. Each party shall be responsible for its own costs, expenses and attorneys' fees. This Settlement and the Mutual Release shall not affect the remaining claims by or against Meridian or Schneider Limited Partnership, Michelle Schneider or Schneider Management, LLC, in the arbitration.

    e. In the Arbitration Proceeding, the Trustee shall not oppose Meridian's Motion to Compel John Henry Schneider to give a second deposition

relating to emails that he sent and other matters provided that the deposition date of John Henry Schneider does not interfere with any subpoena the Trustee may serve on John Henry Schneider to appear and testify at the Trustee's adversary proceeding against Debtor seeking to deny his discharge in AP 15-20.

    f. The terms in this Settlement Agreement and Release apply solely to claims by and against the Debtor/Estate, individually, in the Arbitration. The releases and terms herein do not apply to and do not affect any other claims in the Arbitration.

    3.     <u>Mutual Release of Claims – Trustee/Estate and Meridian</u>. The Trustee and Meridian acknowledge and agree that, upon Court approval of this Agreement, they shall have no claims against each other, excepting only the obligations to fulfill this Agreement, or except as otherwise provided in this Agreement. In consideration of the terms and covenants contained in this Agreement, (A) the Trustee and the Bankruptcy Estate of John Henry Schneider hereby fully and forever acquit, release, and discharge Meridian and any and all of Meridian's past, present or future representatives, officers, directors, stock holders, members, partners, predecessors, successors, assigns, agents, subsidiaries, affiliates, member companies, employees and attorneys; and (B) Meridian hereby fully and forever acquits and releases, and discharges the Trustee and the Bankruptcy Estate of John Henry Schneider and their attorneys, of and from all past, present or future actions, causes of action, claims, cross-claims, counterclaims or other claims, demands, obligations, rights, damages, costs, loss of services, expenses and compensation (including, without limitation, any and all known and unknown injuries, property damages and all other types of damages, including attorney's fees and punitive damages), whether based on a tort, contract, or other theory of recovery ("<u>Claims</u>"), which each of the parties may now have, whether asserted or unasserted, known or unknown, foreseen or unforeseen, existing or which may arise in the future, as to the parties, excepting any claims related to performance of this Agreement. REGARDLESS OF ANYTHING CONTAINED HEREIN TO THE CONTRARY, THIS RELEASE DOES <u>NOT</u> APPLY TO ANY CLAIMS: (A) ASSERTED BY SCHNEIDER LIMITED PARTNERSHIP AGAINST MERIDIAN IN THE ARBITRATION OR; (B) ASSERTED BY MERIDIAN AGAINST ANY PARTY IN THE ARBITRATION, OTHER THAN THE TRUSTEE AND DEBTOR JOHN HENRY SCHNEIDER, INDIVIDUALLY.

    4.     <u>Approval of Bankruptcy Court</u>. The Parties acknowledge that the performance of this Agreement is expressly contingent on approval of the Bankruptcy Court of this Agreement. Upon execution of this Agreement, Trustee shall diligently pursue approval from the Bankruptcy Court of this Agreement pursuant to a FRBP 9019 Motion, Meridian shall review and approve the 9019 motion filed, and the Parties shall fully cooperate in such efforts. The Parties shall be bound by the terms of this Agreement unless the Bankruptcy Court fails to approve this Agreement, in which event this Agreement shall become null and void. All Parties agree that the Bankruptcy Court shall have sole and exclusive jurisdiction to enforce this Agreement. This Settlement Agreement and Release shall not be final or enforceable until after the Bankruptcy Court Order approving this Settlement is final and non-appealable. Once the Bankruptcy Court's Order approving this Settlement is final and non-appealable, the Trustee shall make payment to Meridian

within ten (10) days and Meridian shall withdraw its Proof of Claim in the Schneider Bankruptcy Estate within ten (10) days.

5. **Consent, Consultation with Counsel, and Authority.** By signing, each Party represents and warrants that the Party has carefully read this Agreement, that the Party's respective attorneys have explained the contents of this Agreement, and that each Party signs this Agreement voluntarily, intending to be legally bound thereby. Each individual executing this Agreement on behalf of another entity represents and warrants that the individual has full power and authority to bind the entity to the Agreement.

6. **Adversary Proceeding 15-00015 and 15-00020.** This settlement is exclusively between Meridian and the Trustee and shall have no impact upon the pending Adversary cases, Adversary Proceeding 15-00015 and Adversary Proceeding 15-00020.

7. **Severability.** If any portion of this Agreement is held to be void or unenforceable, the balance of this Agreement shall nevertheless be effective and enforceable, unless doing so materially vitiates the purpose of this Agreement.

8. **Governing Law.** This Agreement shall be governed by, and construed in accordance with, the laws of the State of Montana.

9. **Facsimiles and Counterparts.** This Agreement may be executed in two or more counterparts, whether by original, facsimile signature or electronic signature with appropriate authority, each of which shall be deemed an original but all of which together shall be one and the same instrument.

10. **Further Assurances.** Each Party shall, at any time after the execution of this Agreement, deliver to the other Party hereto any such additional instruments of conveyance, assignments, certificates or other documents as such other Party may reasonably request to effectuate this Agreement or assist in Trustee's recovery of property, or to take any other actions necessary to carry out the purposes of this Agreement.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of the dates set forth below. [*signatures on following pages*]

Dated: May 18, 2016.

**Trustee**

/s/ Joseph V. Womack

Joseph V. Womack, as Trustee of the Chapter 7 bankruptcy estate of John Henry Schneider, Debtor, in the United States Bankruptcy Court for the District of Montana, Bankr. Case No. 14-61357

**Meridian Surgical Partners – Montana, LLC**

Dated: May 18, 2016.

By: *John Wilson*
Its: CEO

**Meridian Surgical Partners, LLC**

Dated: May 18, 2016.

By: *John Wilson*
Its: CEO

4840-7896-3505, v. 4