Eric E. Nord (#7239)
Tanis M. Holm (#9189)
Crist, Krogh & Nord, PLLC
The Securities Building
2708 First Avenue North, Suite 300
Billings, MT 59101
Telephone: (406) 255-0400
Facsimile: (406) 255-0697
enord@cristlaw.com
tholm@cristlaw.com

Attorneys for the Wyoming Board of Medicine

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| IN RE<br><br>JOHN HENRY SCHNEIDER,<br><br>Debtor. | Case No. 14-61357-RBK<br><br>Chapter 7<br><br>**NOTICE OF HEARING**<br>DATE: May 24, 2016<br>TIME: 9:00 a.m.<br>LOCATION: Bankruptcy Courtroom<br>Bighorn Courtroom, Fifth Floor, Room 5503, 2601 Second Avenue North<br>Billings, MT |

## RESPONSE TO OBJECTION TO PROOF OF CLAIM NUMBER 11

The Wyoming Board of Medicine (Board), creditor and party in interest, hereby files this response to Debtor's Objection to Proof of Claim No. 11. This proof of claim arises out a hearing conducted by the Board.

Debtor's objection is not proper under Federal Rule of Bankruptcy Procedure Rule 3007. First, Debtor's objection was not properly noticed to the

1

Board because Debtor never mailed a copy of the objection or the notice of hearing to the Board. Second, the substance of Debtor's objection fails because Debtor does not identify a recognized objection that would invalidate the Board's Claim.

### A.  Factual Background of the Board's Proof of Claim.

A little over two years ago, the Board completed an extensive disciplinary proceeding and ordered Debtor's Wyoming medical license revoked. In addition, the Board ordered Debtor to pay the costs of prosecuting the disciplinary action in the amount of $124,431.39 and ordered that he pay a civil fine of $25,000.

When this bankruptcy proceeding began, the Board filed a claim for $149,431.39 and supported it by attaching the Board's order requiring payment. (Claim 11, 11-1 Part 2). The Board did not enter an appearance or otherwise request to be added to the electronic notice list.

### B.  Debtor's Objection Fails, as it was not properly Noticed.

Under F.R.Bank.P. Rule 3007(a), an objection to a claim along with the notice of the hearing must be mailed or otherwise delivered to the claimant, debtor or debtor in possession, and trustee at least 30 days prior to the hearing. Accordingly, Debtor is required to provide the Board with a copy of the objection and the notice of hearing.

In this matter, the lack of notice is clear on the fact of Debtor's objection. The objection indicates that service was provided in the following manner:

2

> **Pursuant to FRBP 7005 & 9014 (b) and FRCP 5(b)(2)(D) all parties noted in the Court's ECF transmission facilities have been served via ECF.**
>
> **The following have been served by mail:** None.

(Dkt. 254. emphasis in original). Debtor never mailed a copy of the objection or the notice of hearing to the Board.[1] Thus, the Board's claim should be permitted.

### C. Debtor's Objection Substantively Fails, as the Objection does Not State a Recognized Objection for an Improper Claim.

In Debtor's Objection to the Board's Claim No. 11, Debtor identifies four grounds for objection, including: the claim is contingent as to liability, the claim is unliquidated as to amount, the claim in overstated, and the claim is contested in an appellate court in Wyoming. However, these grounds are not supported by evidence and do not invalidate the Board's claim.

Under 11 U.S.C. § 101 (5)(A) a claim is broadly defined as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." Furthermore, a "validly filed proof of claim constitutes *prima facie* evidence of the claim's validity and amount." *In re Taylor,* 2008 WL 4723364 at * 6 (citations omitted); see also F.R.Bank.P. Rule 3001(f). As the Board's proof of claim is validly filed, it constitutes prima facie evidence of

---

[1] The Board became aware of Debtor's Objection and the hearing through the Trustee one week before the scheduled hearing.

the validity and amount of those claims. Accordingly, "Debtor has the burden of showing sufficient evidence and to 'show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves.' " *In re Taylor,* 2008 WL 4723364 at * 6 (citations omitted).

Objection 1: The Claim is Contingent as to Liability

This objection is made without any cogent argument or explanation about why the costs and fine owed to the Board are contingent. So far as the Board can determine, the only arguable basis for claiming that it is contingent is similar to his fourth objection, and will be discussed at that time. But even if there is some other basis, it is premised on the idea that a contingent claim should be disallowed. Furthermore, Debtor has not presented evidence to defeat the Board's claim.

Objection 2: The Claim is Unliquidated as to Amount

Again, the basis of Debtor's argument is unclear. A liquidated debt is one in which "'it is certain what is due and how much is due.'" *In re Slack*, 187 F.3d 1070, 1074 (9th Cir. 1999) *quoting* Black's Law Dictionary 930 (6th ed. 1990). As the order revoking Debtor's medical license reflects, it is clear what the Board claims is due, a sum of money, and how much, $149,431.39. It is difficult to conceive of a more specific amount. Again, Debtor has not presented evidence to defeat the Board's claim.

4

Objection 3: The Claim is Overstated

It appears that this objection is subject to two meanings. Debtor could be claiming that the Board is claiming more money than the actual debt. Alternatively, Debtor could be alleging that the underlying debt is too high. However, Debtor has not presented evidence to support either assertion.

As the order itself reflects, the Board ordered Debtor to pay the precise amount claimed, no less, so Debtor cannot argue that the amount of the claim exceeds the debt. In addition, he should be barred from contending that the amount reflected in the order is too high. That amount was based on affidavit of the Board's fiscal officer regarding the actual costs associated with Debtor's disciplinary proceeding. Additionally, the civil penalty imposed was reasonable under the circumstances of the case. The order shows that Debtor's egregious conduct resulted in several violations of Wyoming's Medical Practice Act, Wyo. Stat. Ann. §33-26-101 *et seq*. Furthermore, such a penalty is exempt from discharge. *See* 11 U.S.C. § 523 (a)(7). The Board's claim is not overstated.

Objection 4: The Underlying Disciplinary Matter is Pending Judicial Review

Debtor objects based on the fact that the Board's order is currently the subject of a pending petition for judicial review.[2] He further alleges that the

---

[2] Debtor erroneously names the proceeding an "appellate plea." Under Wyoming law, final administrative agency action is challenged by filing a petition for judicial review of agency action. Wyo. Stat. Ann. § 16-3-114.

Wyoming Supreme Court will eventually hear this case. His reasoning seems to be that because the case is ongoing, the claim should be disallowed. As with his other three objections, Debtor submits no cogent argument to that effect.

Debtor is incorrect. It is true that this matter is currently under advisement in the district court. Nevertheless, the Board's order is an enforceable one that, absent the bankruptcy stay, the Board would be able to collect immediately. Indeed, Debtor moved that the district court grant a stay of the Board's order, which the court denied. Accordingly, Debtor's obligation to pay is definite and active.

### D. Conclusion.

Overall, Debtor's objection was not properly noticed to the Board because Debtor never mailed a copy of the objection or the notice of hearing to the Board. Additionally, Debtor's objection fails because Debtor does not identify a recognized objection, nor did he produce evidence of any facts which would tend to defeat the Board's proof of claim. Accordingly, the Board's claim remains valid.

Dated: May 23, 2016.

By: /s/ Eric E. Nord
Eric E. Nord
Tanis M. Holm
Crist, Krogh & Nord, LLC
2708 First Avenue North, Suite 300
Billings, MT 59101

Attorneys for the Wyoming Board of Medicine

6

# **CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of May, 2016, a copy of the foregoing document was served on the following persons by the following means:

| | |
|---|---|
| 1, 2 | CM/ECF |
| ____ | Hand Delivery |
| ____ | Mail |
| ____ | Overnight Delivery Service |
| ____ | Fax |
| ____ | Email |
| ____ | |

1. Clerk, U.S. Bankruptcy Court

2. James H. Cossitt
   James H. Cossitt, P.C.
   128 2nd St E
   Kalispell, MT 59901

7