UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

JOHN HENRY SCHNEIDER,

Debtor.

Case No. 14-61357

ORDER

At Butte in said District this 7th day of June, 2016.

In this Chapter 7 bankruptcy, the Trustee filed on May 19, 2016, at docket no. 340 a Motion for Approval of Compromise Settlement, Including Approval of Sale Free and Clear, seeking approving Settlement Agreement and Release (the "Settlement Agreement") between the Trustee and the various Defendants, including John Henry Schneider ("Debtor"), Michelle R. Schneider, Schneider Limited Partnership ("Schneider LP"), Schneider Management, LLC ("Schneider Management"), Medport, LLC ("MedPort"), BSC, LLC ("BSC"), Michelle R. Schneider, as Trustee of the Brandon Schneider Benefit Trust, Dated March 30, 2012 (the "Brandon Trust"), Michelle R. Schneider, as Trustee of the Shannon Schneider Benefit Trust, Dated March 30, 2012 (the "Shannon Trust"), Michelle R. Schneider, as Trustee of the Caitlin Schneider Benefit Trust, Dated March 30, 2012 (the "Caitlin Trust," and together with the Brandon Trust and the Shannon Trust comprising the "Children's Trusts"); John Schneider, as Trustee of the John Schneider Revocable Trust, Dated November 20, 2007 (the "John Trust"); and Michelle R. Schneider, as Trustee of the Michelle Schneider Revocable Trust, Dated November 20, 2007 (the "Michelle Trust"); and (2) providing that the sale of the

interests in Schneider Management and Schneider LP (as defined herein) are free and clear pursuant to 11 U.S.C. § 363(f).

In deciding whether to approve the parties' Settlement Agreement and Release, the Court considers the factors articulated in *Martin v. Kane (In re A&C Properties)*, 784 F.2d 1377, 1381 (9th Cir. 1986):

> (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

As explained in *A & C Properties*:

> The purpose of a compromise agreement is to allow the trustee and the creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims. The law favors compromise and not litigation for its own sake, and as long as the bankruptcy court amply considered the various factors that determined the reasonableness of the compromise, the court's decision must be affirmed.

*Id*. at 1380-81 (citations omitted). Considering all relevant factors, the Court finds that the parties' Settlement Agreement and Release is "fair and equitable" as required by *In re A&C Properties*. Accordingly,

IT IS ORDERED that Trustee's Motion for Approval of Compromise Settlement Agreement, Including Approval of Sale Free and Clear, filed May 19, 2016, at docket entry no. 340 is APPROVED and the parties thereto shall henceforth be bound by, and shall perform according to, its terms.

IT IS FURTHER ORDERED that the Trustee is authorized to execute such agreements and instruments required to effect settlement under the Settlement Agreement and Release without further proceedings.

IT IS FURTHER ORDERED that the sale of Debtor's (now the Estate's) interest in Schneider Limited Partnership and Schneider Management, LLC, to Michelle Schneider, as contemplated in the Settlement Agreement and Release, is free and clear pursuant to 11 U.S.C. § 363(f).

IT IS FURTHER ORDERED that the causes of action asserted by the Trustee in AP 15-00015 are all property of the bankruptcy estate, to the exclusion of any creditor, and are deemed fully settled, on the merits, pursuant to this Order.

IT IS FURTHER ORDERED that the Trustee shall not share with any other person or entity any work product with respect to this AP 15-00015 or discuss any aspect of this adversary proceeding with any other person or entity, other than what is reasonably necessary to obtain court approval or to otherwise comply with Settlement Agreement and Release, or to comply with the Trustee's duties as a chapter 7 panel trustee, or except as otherwise compelled pursuant to a court order or enforceable subpoena.

IT IS FURTHER ORDERED that Schneider Management, LLC's shares/interest in the KBS REIT I be liquidated and that the proceeds from such liquidation be sent to the Trustee for distribution in accordance with the terms of the Settlement Agreement and Release.

*[Signature]*
Honorable Ralph B. Kirscher
Chief U.S. Bankruptcy Judge