Joseph V. Womack
**Waller & Womack, P.C.**
Suite 805 US Bank Building
303 North Broadway
Billings, MT 59101
Telephone: (406) 252-7200
Fax: (406) 252-4266
Email: jwomack@jvwlaw.com
Attorney No. 2641

Attorney for Trustee

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In Re:<br>**SCHNEIDER, JOHN HENRY**<br><br>Debtor(s) | Case No.  14-61357-7 |

**TRUSTEE'S MOTION FOR AUTHORITY TO OPERATE WHISPERING WINDS RANCH AS A BUSINESS UNDER 11 U.S.C. §721**

**COMES NOW** Joseph V. Womack, Trustee, and moves the Court pursuant to 11 U.S.C. § 721 for an Order authorizing the Trustee to operate the property known as the Whispering Winds Ranch ("WWR") as a business for a period of time until it can be sold. Such authority is requested because such operation is necessary to preserve the value of the assets, it is in the best interest of the estate and is consistent with the orderly liquidation of the estate. Trustee further moves the Court for an order authorizing Trustee's operation of WWR to be effective immediately, with authority to use proceeds from assets received thus far and any proceeds from the lease or rental of buildings or land for payment of expenses as necessary, for such expenses as, utilities and maintenance, with all such expenses treated as administrative expenses of the estate. Commencement of immediate operations is necessary to prevent dissipation of assets of

the estate and to maintain the marketability of WWR to a qualified buyer. In support of this motion Trustee states as follows:

1. Debtor filed a Chapter 7 bankruptcy petition on December 4, 2014.

2. Through various stipulations, motions and order filed in this case, property of the estate included ranch property located in Park County, Wyoming, known as the Whispering Winds Ranch.

3. Trustee intends to liquidate the real property, as there is equity for the estate once the sale is complete. There is no secured lienholder on the property.

4. WWR has been abandoned by Debtor, and significant maintenance and repair needs to be completed in order to broker a sale of property. Necessary repairs and maintenance include such work as repairing broken windows, pest control, leasing the crop land, and watering the land.

5. Debtor recently, and since the filing of the bankruptcy, sold the irrigation pipes of WWR to a third party. This has resulted in an urgent need to get water to the farmable land in order to preserve the quality of the land for potential buyers. Without rectifying the irrigation issues, it is likely that Trustee will have to accept an offer well below market value for WWR.

6. Included on the property is a large riding arena, including grooming and washing areas and horse stalls. When Debtor built the property, he did not obtain proper licensing from Park County. Upon inspection after construction, Park County instructed Debtor that the arena could only be used for immediate family and friends. The current zoning will not allow for any commercial endeavors to be initiated, which greatly decreases the value of WWR to prospective buyers. In order to remedy the zoning issues and obtain top value for the property, Trustee needs

to seek a change in the zoning from Park County, and will need to hire an attorney in Wyoming to handle this petition before Park County.

7. Trustee may be able to lease the farmland to a third party or enter into some sort of crop share agreement if the irrigation issues are immediately resolved. The presence of producing farmland will greatly increase the value of the property, and may result in additional income for the Estate once the necessary issues are resolved.

8. Trustee currently holds approximately $85,000.00 in funds recovered from other assets, and is working on the sale of real property in Billings, Montana, for approximately $600,000.00. Trustee wishes to operate WWR as a business and use the funds recovered from the sale of other assets to repair and maintain WWR until such time as a sale can be brokered. Trustee anticipates a net to the Estate of at least $1,000,000.00 from the sale of WWR, and likely more once the repair, maintenance, and zoning issues are rectified.

9. It is in the best interest of the estate for Trustee to operate WWR as a business and correct the necessary maintenance and repair issues, as it will result in a faster and higher sale of WWR for distribution to unsecured creditors.

10. Trustee understands that he may be required to furnish monthly operating reports of the business operation to the United States Trustee's Office, and he is prepared to do so upon request.

11. Trustee believes that operation as a business is important in order for timely and effective administration of the asset, and therefore asks that the Court grant this motion without prior hearing, with parties in interest given an opportunity to object, request a hearing and schedule a hearing to reconsider the issuance of the Order within fourteen (14) days of the date of the Order.

12. Pursuant to LBR 9011-1(g)(2)(LL), the motion by Chapter 7 for authorization to operate a business under §721 will be routinely granted or denied without notice or hearing, and any party in interest can object and request a hearing to reconsider the order within 14 days of the issuance of said Order.

WHEREFORE, the Trustee moves the Court for an Order authorizing the Trustee to operate property in Park County, Wyoming, known as Whispering Winds Ranch, as a business while the property is marketed and sold, with authority to use the rental income for payment of the secured claims on the property and to advance other expenses as necessary, utilities and maintenance, and any other expenses deemed necessary by Trustee, with all such expenses treated as administrative expenses of the estate.

**DATED** this 20th day of June, 2016.

**WALLER & WOMACK, P.C.**

By: /s/ Joseph V. Womack
    Joseph V. Womack
    Ch. 7 Bankruptcy Trustee

## CERTIFICATE OF SERVICE

I, the undersigned, certify under penalty of perjury that on June 10, 2016, or as soon as possible thereafter, a copy of the foregoing was served electronically by the Court's ECF notice to all persons/entities requesting special notice or otherwise entitled to the same and that in addition service by mailing a true and correct copy, first class mail, postage prepaid, was made to the following persons/entities who are not ECF registered users:

**Debtor:**

John Schneider
3611 Tommy Armour Circle
Billings, MT 59106


John Schneider
543 Camino de Orchidia
Encinitas, CA 92024


**Other Interested Parties:**

Creditor Mailing Matrix


By: /s/ Lynsey Lund
    Lynsey Lund
    Legal Asst. to Trustee