Trent M. Gardner (I.D. # 7477)
Jeffrey J. Tierney (I.D. # 12989)
**GOETZ, BALDWIN & GEDDES, P.C.**
35 North Grand
P.O. Box 6580
Bozeman, MT  59771-6580
Phone: (406) 587-0618
Fax:   (406) 587-5144
Email: tgardner@goetzlawfirm.com
        jtierney@goetzlawfirm.com

Joseph V. Womack (I.D. # 2641)
**WALLER & WOMACK, P.C.**
303 North Broadway, Suite 805
Billings, Montana 59101
Telephone:  (406) 252-7200
Facsimile: (406) 252-4266
Email: jwomack@jvwlaw.com

Attorneys for Joseph V. Womack, Trustee

## UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MONTANA

In re

**JOHN HENRY SCHNEIDER**,

       Debtor.

Case No. 14-61357

## MOTION FOR APPROVAL OF COMPROMISE SETTLEMENT

Joseph V. Womack (the "Trustee"), Chapter 7 Trustee of the bankruptcy estate of John

Henry Schneider (the "Estate"), through counsel, hereby moves the Court for an Order, pursuant

to Bankruptcy Rule 9019, approving a settlement between Trustee and John Henry Schneider

and Michelle R. Schneider ("Schneider").[1]

The settlement resolves Adversary Proceeding No. 17-00021 ("AP 21").  The basic terms

of the settlement are as follows:

a.  The Estate will retain the sum of SIXTY THOUSAND DOLLARS ($60,000) from funds delivered to the Trustee from Ameriprise from the liquidation of the KBS REIT;[2]

b.  AP 21 shall be dismissed with prejudice;

c.  Schneiders agree not to file an Administrative Expense claim for costs and expenses related to any known tax issues;

d.  This settlement satisfies in full all monetary obligations of all of the Schneider Parties (as defined in the Prior Settlement Agreement) to the Estate;

e.  This Agreement and the dismissal of AP 21 shall have no impact on the validity and enforceability of the Prior Settlement Agreement,[3] including as to future discovery and recovery of undisclosed assets;

f.  Trustee and the Estate agree Schneiders have fulfilled the obligations of the Prior Settlement Agreement (reserving issues as to any future discovered undisclosed assets); and

g.  The Trustee/Estate have no further claims against Schneiders other than performance of obligations under this settlement and the Prior Settlement Agreement.

The Trustee moves for an order:

---

[1]  The terms of the settlement are set forth in the email confirming the settlement which is attached hereto as Exhibit 1.

[2]  The Trustee is anticipating receiving $79,714.55 of gross proceeds from Ameriprise related to the liquidation of the KBS REIT, which funds under the Court's Order approving the Settlement Agreement must be sent to the Trustee for distribution. Pursuant to the Prior Settlement Agreement, Schneider Management, LLC is entitled to $75,728.82 of this amount and the Estate is entitled to $3,985.73. The current settlement payment shall be satisfied by the Estate retaining $60,000.00 of the gross proceeds and sending the remainder to Schneider Management, LLC.

[3]  The "Prior Settlement Agreement" references the Settlement Agreement and Release dated May 16, 2016, filed Doc#: 340-1 and approved by the Bankruptcy Court at Doc#: 426.

a.   Approving the settlement and authorizing the Trustee to execute such agreements and instruments required to effect settlement under the settlement without further proceedings; and

b.   Granting such other and further relief as the Court deems proper.

## FACTUAL BACKGROUND

The settlement is intended to resolve all remaining issues between the Estate and the Schneiders.

The Trustee, the Schneiders and various other persons/entities were parties to a Settlement Agreement and Release dated May 16, 2016 (the "Prior Settlement Agreement"). The Prior Settlement Agreement was approved by the Bankruptcy Court. Doc. 426. Trustee filed AP 21 against the Schneiders, alleging various claims related to alleged breaches of the Prior Settlement Agreement.

The Trustee alleged three primary breaches. First, the Trustee alleged that, on July 20, 2015, the Schneiders received an IRS tax refund for the year 2012 in the amount of $22,287.89. The Trustee alleged that Debtor failed to disclose the 2012 refund and that it was property of the Estate.

Second, pursuant to the Prior Settlement Agreement, the Estate was to receive $61,625.00 from a 2014 IRS tax refund which the Schneiders represented they were entitled to receive. The Trustee later learned from the IRS that the 2014 Tax Return was inaccurate and that the Schneiders were not entitled to the represented 2014 Tax Return. The Trustee alleged that the Schneiders representations regarding the 2014 Tax Return were false and that the Schneiders should be required to pay the Estate $61,625.00.

Finally, the Trustee alleged that Schneiders wrongfully and in secret sold certain irrigation equipment off of the Whispering Winds Ranch and kept the money. Trustee alleged that Schneiders should be required to reimburse the approximately $20,000.00 it cost the Estate to replace the irrigation equipment.

In response to the Complaint in AP 21, Schneiders denied the allegations and filed counterclaims. Those counterclaims have now been dismissed, with prejudice. In addition, the Schneiders claim they are entitled to an administrative claim in the amount of $24,410 related to tax preparation and investigation expenses.

The current settlement is intended to resolve all remaining issues amongst the parties, while keeping the Prior Settlement Agreement in place, especially with regard to the Trustee's ability to pursue any future undisclosed assets which may be discovered.

The Trustee believes that this settlement, which recovers a substantial sum for unsecured creditors and will allow the Trustee to promptly move forward with closing this bankruptcy, is in the best interest of creditors and the Estate.

## LEGAL AUTHORITY AND ARGUMENT

### I.        THE SETTLEMENT SHOULD BE APPROVED.

Bankruptcy Rule 9019(a) gives this Court broad authority to approve a compromise or settlement.  This Court has discussed the standards for approval of the compromise of a claim in a matter arising in the Yellowstone Club Cases (Case No. 08-61570-11):

> As discussed in *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377, 1380-81 (9th Cir. 1986), in determining the fairness, reasonableness and adequacy of a proposed settlement agreement, the court must consider:
>
> > (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the

> paramount interest of the creditors and a proper deference to their reasonable views in the premises.

See also *In re Michael*, 14 Mont. B.R. 363, 365 (1995) (construing *In re A & C Properties*).

(Case no. 08-61570-11, Dkt. 1318, p.5).

In determining whether to approve a proposed settlement, the bankruptcy court does not need to substitute its judgment for that of the settlement's proponents. It just needs to determine if the settlement falls below a standard of reasonableness. An independent investigation into the underlying dispute is not required. *In re Walsh Constr. Inc.*, 669 F.2d 1325, 1328 (9th Cir. 1982). The Court may weigh the opinions of the trustee, the parties, and their attorneys, as to the appropriateness of the settlement and that the settlement is the wisest course. *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976).

The Ninth Circuit has noted that "a court generally gives deference to a trustee's business judgment in deciding whether to settle a matter" subject only to "proof that the compromise is fair and equitable and should be approved." *In re Mickey Thompson Entertainment Group, Inc.*, 292 B.R. 415, 420 (9th Cir. BAP 2003). Each of the four factors is discussed, below.

## A.   Probability of Success on the Merits.

As to the 2012 Refund, the Trustee believes he has a very strong case for recovering at least some of that refund. Schneiders maintain that, pursuant to the *Palmer* analysis, Michelle Schneider is entitled to half of that refund. Thus, the dispute is about how much of the 2012 Refund is property of the Estate.

As to the 2014 Refund, the Trustee believes he has a strong argument that the Schneiders misrepresented their entitlement to the 2014 Refund in the Prior Settlement Agreement and therefore they are required to reimburse the Estate for that amount. The Schneiders, on the other

hand, maintain that they believed, based on assurances from their accountants, they were entitled to the 2014 Refund and made no misrepresentations in the Prior Settlement Agreement. While the Trustee believes he has the better argument, the probability of success in not certain.

As to the irrigation equipment, the Trustee maintains that Schneiders had no authority to sell the equipment and that, even if they did, they had a duty to inform the Trustee of such sale prior to entering into the Prior Settlement Agreement whereby the Estate received Whispering Winds Ranch. The Schneiders dispute this and claim they made no representations regarding the equipment and that the Trusts that owned Whispering Winds had a right to sell irrigation equipment prior to entry of the Prior Settlement Agreement. The Schneiders also maintain that the equipment in questions was sold for $2,500 and that, even if successful on the claim, the Trustee can only recover the $2,500, not the replacement expense. The Trustee believes the probability of success on this issue is difficult to estimate.

Overall, the probability of success on the merits favors this settlement which secures substantial guaranteed funds for the Estate.

### B.  Difficulties in Collecting.

The Trustee believes there could be substantial difficulty in collecting any substantial resulting judgment from Schneiders. Both are located out of state and both their ability and their willingness to pay any judgment are highly questionable. It is likely that attempts to collect would require substantial expense and time.

The Trustee is convinced that there is a strong likelihood that, if this litigation against were to proceed to judgment, Trustee would have substantial difficulty ultimately collecting and collection efforts would be expensive and the outcome uncertain.

### C.  Complexity, Delay and Expense of Continuing Litigation.

Although the litigation is not overly complex, it does involve tax issues and analysis which would likely require the retention of experts, which would be a substantial cost. More importantly, this is the last remaining outstanding issue in the Estate. With this issue resolved pursuant to this Settlement, the Trustee can proceed with a timely administration of the Estate and distribution to creditors. Without this Settlement, the administration and closing of the Estate will be delayed pending the outcome of AP 21, including any resulting appeals. This could delay administration for, at minimum, many months and possibly years.

The Trustee believes that this settlement is prudent because it guarantees the Estate $60,000, avoids uncertain litigation and lengthy delay.

### D.  Interest of Creditors.

The Trustee believes that the interest of the Estate's creditors is best served by this settlement.  The settlement provides a guaranteed $60,000 to the Estate.  Although it is possible that the Trustee may ultimately obtain a larger judgment than that against Schneiders, such a result is not guaranteed. Further, there would be difficulties in collecting and substantial delay.

Thus, the Trustee firmly believes that the creditors of the Estate are best-served by this settlement.

### CONCLUSION

In sum, the Trustee believe this is a fair settlement which is in the best interest of the Estate. Therefore, the Trustee respectfully requests the Motion be granted.

DATED this 24th day of January, 2018.

GOETZ, BALDWIN & GEDDES, P.C.

By: */s/Trent M. Gardner*
Trent M. Gardner/Jeffrey J. Tierney
Attorneys for Trustee Joseph V. Womack

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury that on January 24, 2018, a copy of the foregoing pleading was served (i) by electronic means pursuant to LBR 9013-1(d)(2) on the parties noted in the Court's ECF transmission facilities and/or (ii) by mail on the following parties:

David W. Newman
Assistant United States Trustee
301 Central Avenue
Suite 204
Great Falls, MT 59401-3113

John Henry Schneider
543 Camino De Orchidia
Encinitas, CA 92024-3817

*/s/Trent M. Gardner*
Trent M. Gardner
Attorneys for Trustee Joseph V. Womack

## NOTICE OF OPPORTUNITY TO RESPOND
## AND REQUEST A HEARING

If you object to the motion, you must file a written responsive pleading and request a hearing within fourteen (14) days of the date of the motion. The responding party shall schedule the hearing on the motion at least twenty-one 21 days after the date of the response and request for hearing and shall include in the caption of the responsive pleading in bold and conspicuous print the date, time and location of the hearing by inserting in the caption the following:

NOTICE OF HEARING
Date: _____
Time:_____
Location:_____

If no objections are timely filed, the Court may grant the relief requested as a failure to respond by any entity shall be deemed an admission that the relief requested should be granted.