| | |
|---|---|
| **From:** | James H. (Jim) Cossitt |
| **To:** | "Trent Gardner"; Karen D"sa |
| **Cc:** | jwomack@jvwlaw.com; Lynsey Ross (llund@jvwlaw.com) |
| **Subject:** | RE: Womack v. Schneider, AP 17-21 / settlement offer accepted buy Schneider's |
| **Date:** | Tuesday, January 16, 2018 15:45:00 |

Trent,    I have received informed consent from both clients to settle this case on the terms below and they accept the trustee's offer of 1/9/18 per section 28-2-504 MCA.

I assume:

1. a Motion to Approve Compromise Settlement will be drafted and filed in the main case ( I would like to review before it is filed);

2. a notice of same in the adversary case ?

3. a motion to vacate the scheduling order in the adversary case OR we agree to ignore it (I have discovery due to your client) while the approval process is ongoing;

On an unrelated matter, I understand there is a Harley Davidson motorcycle that needs turned over or the trustee needs to take possession of and it is located in SoCal. Is it possible for Joe to just hire a dealer down there to take possession of and sell the thing ?

I think that covers the issues, please confirm and let me know your views on the above.   Thanks,            Best, *Jim*

---

**JAMES H. (JIM) COSSITT,** ATTORNEY & COUNSELLOR AT LAW
**Board Certified, Business & Consumer Bankruptcy Law, American Board of Certification**
JAMES H COSSITT, PC  |  PO BOX 1889  |  KALISPELL MT 59903-1889  |  ☎ **Tel:** 406-752-5616 (Mountain)  |  ✉ **E-mail:** jhc@cossittlaw.com  |  🌐 **Internet:** www.cossittlaw.com

---

**From:** Trent Gardner
**Sent:** Tuesday, January 09, 2018 2:49 PM
**To:** 'James H. (Jim) Cossitt' <jhc@cossittlaw.com>; Karen D'sa <karendsa@goetzlawfirm.com>
**Cc:** jwomack@jvwlaw.com; Lynsey Ross (llund@jvwlaw.com) <llund@jvwlaw.com>
**Subject:** RE: Womack v. Schneider, AP 17-21 / settlement offer #3

Jim,

Thank you for your counteroffer and comments. . . . . . The Trustee counters as follows:



1. The Estate will keep $60,000.00 total from the KBS proceeds (this number includes the $3,985.73) and the remainder ($19,714.55) will be paid to Schneider Management.
    2. Items 2-7 are acceptable.*[James H. (Jim) Cossitt]*   now 1-6

I look forward to getting this done.                Trent M. Gardner, Goetz, Baldwin & Geddes, P.C.

1. Adversary #17-21 is dismissed with prejudice;

2. My clients agree not to file an Administrative Expense claim for the costs outlined above;

3. This settlement satisfies in full all $ obligations of all of the Schneider Parties (defined in the settlement agreement) to the estate;

4. This settlement and the dismissal have no impact on the validity and enforceability of the settlement agreement (if future undisclosed assets are discovered, the settlement agreement governs them);

5. Womack and the estate agree my clients have fulfilled the obligations of the settlement agreement (reserving issues as to any future discovered undisclosed assets); and

6. The Trustee/Estate has no further claims against *[James H. (Jim) Cossitt]* my clients other than performance of obligations under the settlement agreements.