Joseph V. Womack
**Waller & Womack, P.C.**
Suite 805 US Bank Building
303 North Broadway
Billings, MT 59101
Telephone: (406) 252-7200
Fax: (406) 252-4266
Email: jwomack@jvwlaw.com
Attorney No. 2641

Attorney for Trustee

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| **In Re:** <br> **SCHNEIDER, JOHN HENRY** <br><br> **Debtor(s)** | **Case No. 14-61357-7** |

### REPORT TO COURT RE MOTION FOR APPROVAL OF COMPROMISE SETTLEMENT (DOC#: 563)

COMES NOW, Joseph V. Womack, Trustee, and hereby provides the following report to the Court regarding the anticipated distribution and effect of those funds provided for in the settlement agreement pending before the Court (Doc#: 563) and the current status of the case.

The Motion to Approve Compromise seeks approval of an agreed settlement resolving Adversary Proceeding No. 17-00021 ("AP 21"). Under the agreement the Trustee would retain $60,000.00 from funds delivered to the Trustee from Ameriprise Financial Services from the KBS Real Estate Investment Trust ("KBS REIT"). The Trustee is already entitled to retain $3,985.73 from the KBS REIT[1] so the net recovery to the Estate under the settlement is $56,014.27. Trustee has received the KBS REIT funds in the amount of $79,714.55 and is holding those funds in a separately identified Trust Account.

---
[1] See Footnote 3, ECF Doc#: 563.

The Trustee alleged in AP 21 that Debtor and his wife, Michelle Schneider were liable to the estate for a total of $103,912.89. The settlement gives the estate approximately half of this amount. The settlement is subject to a 34.32% attorney contingency fee (as will be explained in more detail below), or $20,592.00, leaving $39,408.00 for other administrative claims and distribution to creditors.

There are a number of reasons for seeking approval of the settlement as it has been negotiated. The Trustee has $79,714.55 that he is holding in his trust account that he can use to pay the settlement now, without delay. If settlement is not approved there will be additional delays associated with the ongoing litigation. Liability is disputed by the Schneiders and they will continue to litigate if the settlement is not approved. If Trustee obtains a judgment against the Defendants after trial, collection will likely be time consuming and will result in additional costs being incurred. Collection is very uncertain because the Debtor faces criminal prosecution for bankruptcy crimes that will consume the Debtor's resources, because the Debtor is unemployed and because the Defendants claim that they do not have significant assets. The probability for success as to some of the claims is not certain, as discussed in the Motion to Approve Compromise. These include the claim for the 2014 tax refund that the Trustee alleges the Schneider's misrepresented as part of the settlement and the Trustee's claim regarding the irrigation equipment for the Whispering Winds Ranch. Given all these factors, there are sound business reasons to approve the settlement.

It is difficult to isolate the effect of these settlement funds on administrative fees and expenses and distribution to creditors. Throughout this case the Trustee has paid administrative expenses and professional fees pursuant to approved applications and on June 1, 2017, made an interim distribution (Doc# 493) of $188,233.64, leaving a balance in the estate account at that time of $28,424.06. For the Courts ease of reference, attached hereto as Exhibit A is the Trustee's

Proposed Interim Distribution that was attached to the Chapter 7 Trustee's Notice of Proposed Distribution filed with the Court on April 24, 2017, that shows the actual distributions made through June 1, 2017.

Attached as Exhibit B is a Projected and Estimated Final Distribution Report. This shows all projected and actual remaining fees and costs that Trustee anticipates will be incurred, as well as a projected distribution to creditors based on those assumptions. Should the settlement not be approved, the funds available will be reduced by $60,000.00 pending final disposition of this case at trial and collection of the amount recovered.

With respect to the Projected and Estimated Final Distribution, the Trustee makes the following comments with regard to a number of line items. First, the Total Proposed Payment includes the $60,000.00 that Trustee seeks approval for, and an additional $5,000.00 for a Harley-Davidson. This Harley was part of the Bankruptcy Estate that Debtor originally lied about, saying that it had been given to his brother in law. Debtor has now, through his attorney, agreed the Trustee may liquidate the Harley. However, the Harley is located in California and has not been liquidated, so this additional $5,000.00 of income is still somewhat speculative.

Second, the "Est Costs" to obtain necessary tax information will probably not be incurred. At this point the Trustee's accountant does not anticipate that the estate will have any tax liability for 2017. However, the Trustee has not been able to obtain complete information regarding the tax basis of the Whispering Winds Ranch that was sold in 2017. The tax return for 2017 is now being prepared. If the basis information regarding the Whispering Winds Ranch is needed to prevent the estate from incurring any tax liability, it will be necessary to obtain that information from Debtor's previous accountants. Trustee has requested the information and they have refused to provide the information, meaning Trustee will need to conduct a 2004 exam and issue subpoenas for the information and documents. However, based on a conversation with his accountant today, it does

not appear that it will be necessary to obtain complete information regarding the Whispering Winds Ranch basis.

Third, the Estimated Accounting Fees are based on the estate accountant filing two returns but only one may be needed. The $4,000 estimate is conservative and may actually be less.

All priority tax claims were paid at the time of the interim distribution on June 1, 2017. The remaining claims shown on Exhibit B are allowed claims and the proposed payment is the Trustee's best estimate of what will be paid to them at the time of final distribution.

It should also be noted that the attorneys were originally employed on a 40% contingency fee of the gross recovery. The gross recovery subject to the fee agreement is $1,760,357.32 (which includes the $60,000.00 settlement for which approval is sought) and 40% of that amount would have been $704,142.93. Attached hereto as Exhibit C is a summary of the property recovered subject to the 40% contingency fee and the fees relative to the properties recovered. The attorneys have reduced their fees by $100,000.00 and will request approval of total fees of $604,162.93, including the interim fees previously approved. This results in an actual contingency fee award of 34.32%, rather than 40%.

It should also be noted that both attorneys for the estate, Joseph V. Womack and Trent Gardner, agreed to perform legal services on an hourly basis for a number of other different matters not subject to the contingency fee. The attorneys anticipate that they will waive their right to receive hourly fees on those matters to help insure a meaningful distribution to the unsecured creditors. Those matters include: Adversary No. 17-00032 for breach of contract and seeking specific performance relating to the auction of the Whispering Winds Ranch where the attorney work was performed almost exclusively by Trent Gardner; Adv. No. 15-00020 brought by the Trustee seeking denial of the Debtor's Discharge where the attorney work was performed almost exclusively by the Trustee; numerous hearings involving objections to claims and resolution of

those objections that went far beyond the normal trustee work relating to claims objections and resolutions; motions to sell property under 363(f), including the review and analysis of title reports and resolution of title issues; multiple stipulations filed with the Court that were negotiated and drafted by the attorneys and submitted to the Court for approval; and Trustee's involvement as attorney for the Estate in the Meridian Arbitration and Settlement of Claims between the Debtor, the Estate and Meridian Surgical Partners. To date 566 docket entries have been made in this case during a period of over three years.

It will be difficult to accelerate a final distribution in this case because federal and state tax returns must be filed for 2017 and possibly 2018. The 2017 tax returns are being prepared now and should be completed before March 15, 2018. It is not anticipated that any tax will be due but once the returns are filed with the DOR and IRS the Trustee must wait 60 days for the prompt determination period to pass before a proposed distribution report can be prepared. If a 2018 return is required the Trustee intends to proceed with an interim distribution for as much of the funds as can safely be distributed in order to stop bank charges and get funds to personal injury creditors that have been asking for a distribution as soon as possible. Because of the review process that is required by the UST for interim distributions, it is likely that it will be October of 2018 before checks are cut for an interim distribution. The Trustee will continue to work on the 2018 return (if it is required) and will make a final distribution once the 2018 returns are filed, the prompt determination period passes and the final report is reviewed and approved by the UST.

**DATED** this 1st day of March, 2018.

                                            **WALLER & WOMACK, P.C.**

                                            By: /s/ Joseph V. Womack
                                                Joseph V. Womack
                                                Ch. 7 Bankruptcy Trustee

## **CERTIFICATE OF SERVICE**

I, the undersigned, certify under penalty of perjury that on March 1, 2018, or as soon as possible thereafter, a copy of the foregoing was served electronically by the Court's ECF notice to all persons/entities requesting special notice or otherwise entitled to the same and that in addition service by mailing a true and correct copy, first class mail, postage prepaid, was made to the following persons/entities who are not ECF registered users:

**Debtor:**

John Schneider
1418 Foster Rd.
Iowa City, IA 52245

**Interested Parties:**
Creditor Mailing Matrix

By: /s/ Lynsey Ross
Lynsey Ross
Paralegal to Trustee