Joseph V. Womack
**WALLER & WOMACK, P.C.**
Suite 805 First Bank Building
303 North Broadway
Billings, Montana 59101
Telephone: (406) 252-7200
Facsimile: (406) 252-4266
Email: jwomack@jvwlaw.com
Attorney No. 2641
Attorneys for Trustee

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MONTANA

| | |
|---|---|
| In Re:<br><br>**JOHN HENRY SCHNEIDER**<br><br>    Debtor | Case No. __14-61357-7__ |

**FINAL APPLICATION FOR PROFESSIONAL FEES AND COSTS**
(Goetz, Baldwin & Geddes and Waller & Womack)

    **THE UNDERSIGNED TRUSTEE, Joseph V. Womack,** hereby makes application for final approval of:

    <u>Previously approved interim award</u> of fees (Doc# 472) in the total amount $260,142.93 and total costs in the amount of $13,544.21 to co-counsel, Goetz, Baldwin & Geddes, P.C. ("Goetz Law Firm") and Waller & Womack, P.C. ("Waller & Womack") (jointly referred to herein as "Professionals"), split per the terms of employment with $208,114.34 (32% contingency fee) to Goetz Law Firm and $52,028.59 (8% contingency fee) to Waller & Womack and costs in the amount of $13,544.21 to the Goetz Law Firm, for services rendered and costs incurred from February 20, 2015 through November 29, 2016 ("First Application Period"); and

    <u>New fees</u> of $344,000.00 (reduced from the original contingency amount by $100,000.00, per the Settlement Agreement and Release (Doc#: 340-1)) and total new costs of $1,459.78 with

the fees and costs split per the terms of employment. Under the original fee agreement a total of $444,000.00 would have been due with $355,200.00 due Goetz Law Firm and $88,800.00 to Waller & Womack. With a reduction of $80,000.00 per Doc#: 340-1, $275,200.00 is requested for the Goetz Law Firm and with a reduction of $20,000.00 per Doc#: 340-1, $68,800.00 is requested for Waller & Womack and costs in the amount of $1,459.78 is requested for the Goetz Law Firm, for services rendered and costs incurred from January 12, 2017, through December 4, 2017 (the "Second Application Period"). In support of this final application the undersigned, respectfully represents:

1. The Debtor, herein, filed a Chapter 7 bankruptcy petition on December 4, 2014. Joseph V. Womack was appointed Trustee of the Estate.

2. Trustee filed an application for appointment of Professionals as Co-counsel for the estate on or about February 19, 2015 (Dkt#: 50). Professionals were employed to serve as co-counsel by providing legal services in pursuing various adversarial and contested claims that the Debtors had identified in their schedules as well as other claims that had not been and would be identified by the Trustee during his investigation of ongoing claims as well as the existence of claims not fully stated in the application. The attorneys were not only to pursue prosecution of the claims as the Trustee deemed appropriate but also to assist in evaluating and identifying claims.

3. As represented to the Court at the time of retention, Professionals were retained on a contingency fee basis of 40% of the gross amount less secured claims and offsets, if any, of all sums recovered or the value of property recovered for the benefit of the Estate through settlement or judgment, with 32% to Goetz Law Firm and 8% to Waller & Womack. Additionally, Trustee proposed to reimburse said law firms for all reasonable costs and expenses incurred by them in

their representation of the Trustee and Estate, including retention of any accountants, investigators, consultants, experts and other professionals reasonably necessary in attorneys' judgment.

4. That an order appointing Professionals as co-counsel with the above terms, for the estate was entered by the Court on February 20, 2015 (Dkt# 51).

5. Professionals commenced services on February 20, 2015.

6. That this application is the second and final application filed for these Professionals in this proceeding, and that the following is a complete schedule of all prior applications submitted to the Court for approval:

First Interim Application: filed November 30, 2017 (Docket No. 470). Fees of $260,142.93 and Costs of $13,544.21, approved on December 20, 2017 (Docket No. 472)

7. That to date, Professionals has received as compensation the following amounts from the following sources:

| Payee | Date Paid | Amount Paid |
|---|---|---|
| Goetz Law Firm | 12/20/2016 | $13,544.21 – costs |
| Goetz Law Firm | 01/09/2017 | $208,114.34 – fees |
| Waller & Womack | 12/20/2016 | $52,028359 – fees |

8. The First Interim Application was based on the performance of professional services by Professionals for the following matters with total recovery, contingency percentage and calculated compensation described below:

| Description of Matter/Asset | Total Recovery | Contingency | Compensation |
|---|---|---|---|
| Resolution of AP 15-00008, relating to the allegedly fraudulent transfer of the Molt Property. Motion and Order (Dkts #198, 202) | $75,000 | 40% | $30,000.00 |
| Assets recovered and liquidated from the resolution of AP 15-00015, seeking substantive consolidation of various entities and recovery of various fraudulent transfers. Motion and Order (Dkts # 340, 426): | | | |

| | | | |
|---|---|---|---|
| Sale of the Billings House, Paragraph 2.a. of Settlement Agreement (Dkt #340-1) | $333,000.00 | 40% | $133,200.00 |
| Monies from Goetz, Baldwin & Geddes P.C. Trust Account, Paragraph 2.f. of Settlement Agreement (Dkt #340-1) | $242,357.32 | 40% | $96,942.93 |

Total Recovery for First Application Period:    $650,357.32

9. Total compensation requested for the First Application Period:  $260,142.93.

10. This second application is based on the performance of professional services by Professionals for the following matters with total recovery, contingency percentage and calculated compensation described below:

| Description of Matter/Asset | Total Recovery | Contingency | Compensation |
|---|---|---|---|
| Assets recovered and liquidated from the resolution of AP 15-00015, seeking substantive consolidation of various entities and recovery of various fraudulent transfers. Motion and Order (Dkts # 340, 426): | | | |
| Sale of the Whispering Winds, Ranch Paragraph 2.c-d of Settlement Agreement (Dkt #340-1) | $1,050,000.00 | 40% | $420,000.00 |
| Assets recovered and liquidated from the resolution of AP 17-00021-JDP, seeking damages for breach of the Settlement Agreement and other assets concealed by Debtor. | $60,000.00 | 40% | $24,000.00 |

Total Recovery for Second Application Period: $1,110,000.00

Total compensation per terms of original employment agreement at 40%:   $444,000.00.

11. A reduction of $100,000.00 was agreed to per paragraph 3 of the Settlement Agreement if the total recovery from the settlement is less than $2,000,000.00. The total recovery from the Settlement Agreement is less than $2,000,000.00, so Applicant has reduced the fees

requested by $100,000.00. The attorneys request final approval of total fees of $604,162.93, including the interim fees previously approved. This results in an actual contingency fee award of 34.32%, rather than 40%.

12. The amount due Goetz Law Firm would have been $355,200.00. This amount has been reduced by $80,000.00 so that amount due the Goetz Law Firm is $275,200.00.

13. The amount due Waller & Womack would have been $88,800.00. This amount has been reduced by $20,000.00 so that the amount due Waller & Womack is $68,800.00.

14. Total new compensation requested: $344,000.00 to be split as set forth above.

15. Joseph V. Womack and Trent Gardner agreed to perform legal services on an hourly basis for a number of other different matters not subject to the contingency fee. Subject to approval of these fees, the attorneys waive their right to receive hourly fees on those matters to help ensure a meaningful distribution to the unsecured creditors.

16. Those matters include: Adversary No. 17-00032 for breach of contract and seeking specific performance relating to the auction of the Whispering Winds Ranch where the attorney work was performed almost exclusively by Trent Gardner; Adv. No. 15-00020 brought by the Trustee seeking denial of the Debtor's Discharge where the attorney work was performed almost exclusively by the Trustee; numerous hearings involving objections to claims and resolution of those objections that went far beyond the normal trustee work relating to claims objections and resolutions; motions to sell property under 363(f), including the review and analysis of title reports and resolution of title issues; multiple stipulations filed with the Court that were negotiated and drafted by the attorneys and submitted to the Court for approval; and Trustee's involvement as attorney for the Estate in the Meridian Arbitration and Settlement of Claims between the Debtor,

the Estate and Meridian Surgical Partners. To date 566 docket entries have been made in this case during a period of over three years.

17. The compensation requested is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code.

18. That applicant certifies that none of the compensation or reimbursement for costs applied for in this application will be shared with any entity in violation of 11 U.S.C. §504.

19. That complete time sheets are not attached because services were rendered on a contingency fee basis.

20. That attached is a complete accounting for all new costs incurred for which reimbursement is requested. Total New Costs requested is $1,459.78.

21. That the amount of costs were computed utilizing the following methods of allocation:

| | |
|---|---|
| Postage (USPS and Overnight Mail) | Actual Cost |
| Photocopy | $ .10 per page |
| Courier | Actual Cost |
| PACER | Actual Costs |
| Electronic Research | Actual Costs |
| Transportation | Actual Cost; Any Mileage at Federal Allowed Rate |
| (Airfare, Taxis, Car Rental and Parking) | |
| Lodging | Actual Cost |
| Meals | Actual Cost |
| Depositions Conferencing Witness fees | Actual Cost |
| Court Reporting and Transcription | Actual Cost |
| Miscellaneous | Actual Cost |

22. That applicant certifies that all services for which compensation is requested were performed for or on behalf of the estate and not on behalf of a creditor or any other entity.

23. That all services for which compensation is requested were performed in connection with this bankruptcy case or proceedings related thereto, and were not for services in any other matter.

24.     That all services performed were in connection with the performance by the Trustee of the duties prescribed for such entity by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedures, or the Local rules, were otherwise beneficial to the estate, or were rendered pursuant to an order of this Court.

25.     That in addition to the payments already received, the Professionals has been promised the following payment for services in connection with this case: contingency compensation from the liquidation of the remaining assets obtained in the settlement of AP-15, pursuant to the approved employment application described above.

26.     Case Status:  Professionals have completed all services contemplated pursuant to the contingency fee employment.

27.     The Professionals have been given an opportunity to review this Application and approve the requested amount.

**WHEREFORE**, applicant prays that this Court enter an Order awarding Professionals final approval of:

Previously approved interim award of fees (Doc# 472) in the total amount $260,142.93 and total costs in the amount of $13,544.21 to co-counsel, Goetz, Baldwin & Geddes, P.C. and Waller & Womack, P.C., split per the terms of employment with $208,114.34 (32% contingency fee) to Goetz Law Firm and $52,028.59 (8% contingency fee) to Waller & Womack and costs in the amount of $13,544.21 to the Goetz Law Firm, for services rendered and costs incurred from February 20, 2015 through November 29, 2016; and

New fees of $344,000.00 (reduced from the original contingency amount by $100,000.00, and total new costs of $1,459.78 for services rendered and costs incurred from January 12, 2017, through December 4, 2017, with the fees and costs split per the terms of employment: $275,200.00

is requested for the Goetz Law Firm after a reduction of $80,000.00, $68,800.00 is requested for Waller & Womack with a reduction of $20,000.00; costs in the amount of $1,459.78 is requested for the Goetz Law Firm.

**DATED** this 5th day of March, 2018.

                                                **WALLER & WOMACK, P.C.**

                                                By: /s/ Joseph V. Womack
                                                         Joseph V. Womack
                                                         Ch. 7 Bankruptcy Trustee