Joseph V. Womack
**Waller & Womack, P.C.**
Suite 805 US Bank Building
303 North Broadway
Billings, MT 59101
Telephone: (406) 252-7200
Fax: (406) 252-4266
Email: jwomack@jvwlaw.com
Attorney No. 2641

Attorney for Trustee

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| **In Re:** <br><br> **SCHNEIDER, JOHN HENRY** <br><br><br> **Debtor(s)** | **Case No. 14-61357-7** |

### SUPPLEMENTAL STATEMENT TO COURT RE FINAL APPLICATION FOR PROFESSIONAL FEES AND COSTS (DOC#: 570)

  COMES NOW, Joseph V. Womack, Trustee, and hereby provides additional information to the Court in support of Trustee's Final Application for Professional Fees and Costs (Doc#: 570).

  In Trustee's Report to Court re Motion for Approval of Compromise Settlement (Doc#: 567), Trustee provided information regarding the anticipated distribution in this case. The Trustee's Report and its exhibits are incorporated herein by reference, as much of that information is relevant to the Court's consideration of the fee application now before it. In particular the Trustee notes that the estate has already distributed $177,482.42 to the MDOR on its unsecured priority tax claim and estimates that there will be another $576,876.26 available for distribution to unsecured, non-priority claimants, per ECF Doc 567 B. This is a total distribution to unsecured claimants of $754,358.68, over three quarters of a million dollars.

That is a meaningful distribution, particularly when it is noted that based on the schedules filed by the Debtor this was a no asset case. For example, Debtor listed over 18 million dollars in contingent and unliquidated claims against Meridian Healthcare, Org, LLC and Brenda Olsen and Rocky MT Medical Services. After investigating the matter Trustee concluded that these claims were worthless and in the case of Meridian, was a liability that Trustee had to dispose of to prevent an additional massive claim being allowed against the estate. Virtually all of the assets recovered were not disclosed by the Debtor and were recovered as a result of the work of the attorneys in this case.

The Trustee was also successful in getting the Debtor's discharge denied with no attorneys' fees being charged by the Trustee for this work. This allowed creditors the opportunity to go after the Debtor for any unpaid portion of their claim, should they wish to do so.

**DATED** this 12th day of March, 2018.

                                            **WALLER & WOMACK, P.C.**

                                            By: /s/ Joseph V. Womack
                                                  Joseph V. Womack
                                                  Ch. 7 Bankruptcy Trustee

**CERTIFICATE OF SERVICE**

I, the undersigned, certify under penalty of perjury that on March 12, 2018, or as soon as possible thereafter, a copy of the foregoing was served electronically by the Court's ECF notice to all persons/entities requesting special notice or otherwise entitled to the same and that in addition service by mailing a true and correct copy, first class mail, postage prepaid, was made to the following persons/entities who are not ECF registered users:

**Debtor:**
John Schneider
1418 Foster Rd.
Iowa City, IA 52245

**Interested Parties:**
Creditor Mailing Matrix

                                                         By: /s/ Lynsey Ross
                                                            Lynsey Ross
                                                            Paralegal to Trustee