# WALLER & WOMACK, P.C.
**Attorneys at Law**
Suite 805 US Bank Building

**Robert J. Waller**  303 North Broadway  Telephone: (406) 252-7200
**Joseph V. Womack**  Billings, Montana 59101  Facsimile: (406) 252-4266
*Also Licensed in Wyoming*  jwomack@jvwlaw.com
lross@jvwlaw.com

May 30, 2018

Hon. Susan P. Watters
United States District Court
District of Montana
c/o Colin M. Rubich
US Attorney's Office
2601 2nd Avenue N, Ste 3200
Billings, MT 59101

      Re:    Victim Impact Statement
                USAO Number: 2015R00573
                Court Docket No.: 17-CR-00077
                John Schneider Bankruptcy; Case No. 14-61357-7

To the Honorable Susan P. Watters:

      My name is Joe Womack, and I am the Chapter 7 Panel Bankruptcy Trustee appointed to the bankruptcy case of John Henry Schneider, the defendant before the Court. My administration of Dr. Schneider's bankruptcy estate prompted a criminal referral to the United States' Trustee's office, leading to the charges currently against him. The purpose of this letter is to advise the Court of the impact of the defendant's criminal behavior on the victims of the crime that he has pled guilty to—that is, knowingly and fraudulently concealing bankruptcy estate property, specifically U.S. Bank Account number 1-500-9160-2881 containing approximately $309,686.00. I understand from the Criminal Indictment that this offense is punishable by up to five years' imprisonment, a $250,000.00 fine, and three years' supervised release.

      This has been a complicated bankruptcy case and I will try to break this case down into various parts so that the Court can better understand the whole of the defendant's criminal actions. The fraudulent concealment was only one part of the criminal actions. An important aspect is the understanding of his victims are and the damages they suffered because of his criminal behavior. I will also offer my perceptions of the defendant's conduct since being charged, how that demonstrates his lack of respect for the law, and lack of any remorse for his actions.



Victim Impact Statement
USAO Number: 2015R00573
Court Docket No.: 17-CR-00077
John Schneider Bankruptcy; Case No. 14-61357-7

## My Job as Trustee

As the Trustee of a bankruptcy case, I am charged with investigating the financial circumstances and activities of a debtor prior to filing of the bankruptcy, and pursuing and recovering assets of the bankruptcy estate for payment to the debtor's creditors. See The US Trustee Program's *Handbook for Chapter 7 Trustees*. I am also charged with reporting suspected bankruptcy crimes to the US Trustee's office, who in turn makes referrals of those cases to the US Attorney's office. In the criminal context, I must provide information to investigating agents of the Federal Government and provide information as requested to the US Assistant Attorney that pursues a criminal charges against a debtor/defendant. *Handbook for Chapter 7 Trustees*.

In carrying out these duties, I filed a bankruptcy adversary civil action against Dr. Schneider (and other individuals and entities) to set aside fraudulent transfers and recover fraudulently concealed assets of the bankruptcy estate. All of the fraudulent transactions and concealment of assets were done at the direction and under the control of the defendant. I ultimately settled that adversary proceeding by compromising those claims. As part of that compromise, the debtor/defendant insisted that I agree that the Court order "the trustee not to share with any other person or entity any work product with respect to this adversary proceeding or discuss any aspect of this adversary proceeding with any other person or entity . . ." I agreed to this provision but with the qualification "other than what is reasonably necessary to obtain court approval or to otherwise comply with this agreement or the trustee's duties as a chapter 7 panel trustee . . ." I am providing this information and my opinions in order to carry out my duties as a Chapter 7 panel trustee. I do not believe I am constrained by the language of the settlement agreement in providing this information to the Court as part of his criminal sentencing.

## Dr. Schneider's Victims

The parties harmed by Dr. Schneider's actions are real people who suffered from Dr. Schneider's medical malpractice—not just corporations or businesses. Those claims will now be paid by the Bankruptcy Estate at a significantly lower amount as a direct result of the fraud that the defendant carried out and has now pled guilty to. As you are aware, Dr. Schneider was a neurosurgeon in the Billings and Cody, Wyoming area prior to filing for bankruptcy. Dr. Schneider's bankruptcy petition included a creditor matrix of over 1,700 parties—the majority of which were former patients. Other claimants include accounting and legal professionals whose fees were not paid, as well as the State of Wyoming for significant costs the state incurred for the revocation of Dr. Schneider's license.

The total amount of approved claims made by unsecured creditors is approximately $7.3 million. Over $6.5 million, or over 89% of that amount is for eight patients having allowed medical malpractice claims against Dr. Schneider. I estimate that there will be

Victim Impact Statement
USAO Number: 2015R00573
Court Docket No.: 17-CR-00077
John Schneider Bankruptcy; Case No. 14-61357-7

about $560,000.00 available for distribution to the medical malpractice claimants, or about 8% of their claims. The estate has already distributed $177,482.42 to the MDOR on its unsecured priority tax claim for unpaid taxes of Dr. Schneider.

I contend that had Dr. Schneider not committed bankruptcy fraud and had instead honestly disclosed the US Bank account funds the injured patients who filed claims would have a significantly higher recovery. I would have at least the $309,686.00, and a large portion of the attorneys' fees discussed below, available to distribute to these people in addition to the assets recovered through settlement.

This additional money is vitally important to these patients given the complete lack of other recovery available to each. There is no medical malpractice insurance funds available to compensate their injuries because Dr. Schneider liquidated his self-funded insurance program to divert funds away from the malpractice claims. At least one of these malpractice claims was known when Dr. Schneider redirected over $3 million from his medical malpractice insurance funds to pay for a settlement of a libel claim brought against him. In its suspension of Dr. Schneider's insurance company, the State of Montana ordered for the funds to be repaid for malpractice, but that order was never followed. With no malpractice insurance, Dr. Schneider's former patients can only obtain compensation for their injuries through the bankruptcy court. Given the high amount of the claims and lack of other recourse, any funds the estate could have obtained for distribution would make a significant impact in their lives.

### Discovery of Bankruptcy Assets and Expenses
### Incurred as a Result of the Debtor's Actions

Debtor listed over 18 million dollars in contingent and unliquidated assets or claims against Meridian Healthcare; Org, LLC and Brenda Olsen; and Rocky MT Medical Services. After investigating the claims, I concluded that they were worthless; in the case of Meridian, the claim was a liability that Trustee had to dispose of to prevent an additional massive claim being allowed against the estate.

In order to pursue the claims in the adversary proceedings, it was necessary to employ attorneys on a contingency basis because there were no funds in the estate. Funds that should have been disclosed include the $309,686.00. Virtually all of the assets recovered were not disclosed by the Debtor and were recovered as a result of the work of the attorneys in this case. As a result of his fraudulent concealment, the estate incurred $604,142.93 in legal fees and $16,032.89 in costs related to the adversary litigation. This does not include the additional attorneys' fees which were not included in the contingency fee arrangements. Additional attorneys' fees were incurred on an hourly basis for pursuit of additional claims and assets, but those fees have been waived in order to increase payment to the unsecured creditors.

Victim Impact Statement
USAO Number: 2015R00573
Court Docket No.: 17-CR-00077
John Schneider Bankruptcy; Case No. 14-61357-7

Had the estate only incurred one-third of the attorney fees, over $400,000.00 more in assets would have been available for payment to creditors, including the individuals harmed by his medical malpractice. Instead of approximately $513,650.00 available for distribution, over $900,000.00 would have been available. When the $309,686.00 that was fraudulently concealed is added to this amount the amount that would have been available to pay the unsecured creditors rises to $1.3 million, nearly triple the amount actually available for payment.

Dr. Schneider may argue that by settling the adversary case, the estate and the creditors have been paid the $309,686.00 that he admits he fraudulently concealed. But as part of the settlement the estate received no cash from the Defendant from the US Bank Account. Most of the assets taken by the estate were interests in real property that Dr. Schneider or his successors owned before the US Bank account was created. The estate had to liquidate that real property in order to recover any money for the creditors. According to the Defendant, the $309,686.00 was not his anymore and was not available to pay to the estate.

## Actions of Defendant Before Filing Bankruptcy and Since

Dr. Schneider flat-out lied in his bankruptcy schedules and in sworn testimony at his meeting of creditors. He testified under oath that his schedules were accurate and complete when they were not. They specifically did not include numerous assets, including any mention of the $309,686.00. He also was uncooperative, failing to provide information when requested to do so, and forcing me to obtain court orders and subpoenas to locate information. This resulted in the estate incurring the attorneys' fees and costs to get the information and liquidate assets as described above. In short, the Defendant showed a complete and utter contempt for the law and his obligations as a debtor in bankruptcy. More egregious was the scheme he employed to conceal assets from his creditors and prevent those harmed by his actions from recovering anything. During all these proceedings I have never heard him acknowledge his culpability in any way or express any remorse at his actions.

Since the adversary proceeding has been settled and he was charged criminally, Dr. Schneider's behavior has not changed. While carrying out the adversary settlement agreement, I learned that he took assets that were supposed to go to the estate and sold them; specifically $20,000.00 in irrigation pipe on the ranch located in Cody, Wyoming that was deeded to the estate. He also failed to disclose a tax refund of $22,287.89 which he knew had to be disclosed and turned over to me as Trustee. Instead, I had to sue him again to enforce the terms of the settlement agreement and recover assets of the estate.

Count IV of the Criminal Indictment concerns the 2001 Harley Davidson that was part of the Bankruptcy Estate. The Defendant lied about the Harley, saying that it had been given to his brother-in-law. Debtor has now—through his attorney and only in the face of criminal charges—agreed I could liquidate the Harley. He informed his attorney to tell me

Victim Impact Statement
USAO Number: 2015R00573
Court Docket No.: 17-CR-00077
John Schneider Bankruptcy; Case No. 14-61357-7

that "HD is, as I've testified to and detailed to both civil and legal counsel, not in operation as of 2005. There is no key or title paperwork in my possession. It [the Harley] will be located beginning this Tuesday [February 27, 2018] after 8am continuously on the street at 532 Camino de Orchidia. Encinitas Ca. There will be no one available to interact with a Womack agent for this repossession." This email was sent to his attorney on February 24, 2018 and I received it from defendant's bankruptcy attorney on March 1, 2018.

In his sworn testimony given on January 23, 2015, the Defendant testified that the Harley was given to his brother-in-law in 2002 but that he borrowed and used it on occasion, the last time being "two or three years ago" or 2012 or 2013. So, based on the Defendant's testimony, the Harley was in operation well after 2005. The reason for the new lie and for leaving it unattended on a California street became obvious when my agent picked up the Harley: it had been vandalized as shown by the following pictures. Costs of recovery and liquidation will not exceed its worth and will likely result in a loss of funds available for payment to claimants of the estate.

 

### Sentencing and Restitution

Dr. Schneider should be punished to the full extent possible for his fraud. He has shown no remorse for his crime and he continues to lie. I believe that it would be appropriate that he be sentenced to the maximum time allowed; that he be ordered to reimburse the estate for every penny of attorneys' fees that have been or will be paid; and that he repay the estate the $309,686.00 that he admits he fraudulently concealed. Finally, I ask that the $250,000.00 maximum fine be paid to the estate, so that his many creditors can be paid more on their claims in attempt to compensate them for their suffering due to Dr. Schneider's fraud. This bankruptcy is their last and only hope to receive compensation for their injuries.

Victim Impact Statement
USAO Number: 2015R00573
Court Docket No.: 17-CR-00077
John Schneider Bankruptcy; Case No. 14-61357-7

      I plan to attend the sentencing hearing currently scheduled for on August 15, 2018. I am prepared to testify or answer any questions the Court may have for me regarding the administration of the case and the recovery of funds to be paid to Dr. Schneider's victims through the Estate. Thank you for your time and consideration.

      Sincerely,
      **WALLER & WOMACK, PC**

      *[signature: Joseph V. Womack]*

      Joseph V. Womack
      Ch. 7 Bankruptcy Trustee

JVW/lr