Trent M. Gardner (I.D. # 7477)
Jeffrey J. Tierney (I.D. # 12989)
**GOETZ, BALDWIN & GEDDES, P.C.**
35 North Grand
P.O. Box 6580
Bozeman, MT  59771-6580
Phone: (406) 587-0618
Fax:    (406) 587-5144
Email: tgardner@goetzlawfirm.com
       jtierney@goetzlawfirm.com

Joseph V. Womack (I.D. # 2641)
**WALLER & WOMACK, P.C.**
303 North Broadway, Suite 805
Billings, Montana 59101
Telephone:  (406) 252-7200
Facsimile: (406) 252-4266
Email: jwomack@jvwlaw.com

Attorneys for Joseph V. Womack, Trustee

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**JOHN HENRY SCHNEIDER**,<br><br>Debtor. | Case No. 14-61357 |

DECLARATION OF TRENT M. GARDNER

I, Trent M. Gardner, declare as follows:

1. I am an attorney licensed to practice law in the State of Montana. I am one of the attorneys for Joseph V. Womack as the Chapter 7 Trustee of the Bankruptcy Estate of John Henry Schneider (the "Estate"). This affidavit is submitted in support of the Final Application for Professional Fees (Attorney) and Costs (Goetz, Baldwin & Geddes and Waller & Womack) (Doc. 592).

2.    I am a shareholder at the law firm of Goetz, Baldwin & Geddes, P.C. ("GBG"). In early 2015, Mr. Womack approached me about retaining GBG in this matter on behalf of the Estate to investigate and pursue recovery actions. I learned that the Estate had virtually no money to retain and pay attorneys on an hourly basis. I also learned that there was no reasonable anticipation of the Estate obtaining money to pay attorneys without the successful prosecution of recovery actions. I also learned that the Debtor was an extremely litigious and aggressive person.

3.    GBG agreed to represent the Estate, along with Waller & Womack as co-counsel, on a contingency basis and to front expenses for the litigation. GBG would not have agreed to represent the Estate on an hourly basis because of the risk of nonpayment and because of the complex and risky nature of the anticipated litigation.

4.    An application was filed to approve the employment on a contingency basis. Doc. 50. No objections were filed and the Court approved the employment on a contingency basis. Doc. 50.

5.    Through multiple, complex adversary proceedings and proceedings in the main case, GBG and Waller & Womack successfully recovered $1,760,357 for the benefit of the Estate. The majority, if not all, of this recovery came from assets that were either not identified on Debtor's bankruptcy schedules or were identified, but were claimed not to be property of the Estate or to have no value to the Estate. In addition, based on evidence uncovered and developed in the prosecution of the

contingency cases, Debtor was prosecuted criminally, pled guilty and was ordered to pay an additional approximately $309,000 to the Estate as restitution.

6. Attached hereto as Exhibit 1 are the time entries from GBG. GBG invested over 1100 hours of time into this matter. In addition, GBG was retained on an hourly basis to pursue a specific performance action regarding the sale of the Whispering Winds Ranch. *See* Docs. 546 and 548. GBG incurred $4,740 in attorneys' fees in successfully pursuing that action. *See* Doc. 592-3. GBG is waiving those fees because GBG believes that work was related to the contingency fee work and is adequately compensated through the contingency fee request.

7. Waller & Womack was deeply involved in the prosecution of the recovery actions, working side by side with GBG throughout the process and providing substantial assistance and support.

8. With respect to factors considered in determining the reasonableness of a fee award, the undersigned provides the following:

   a. Risk: Courts may consider the "risk of not prevailing, and the concomitant risks of nonpayment, as well as the difficulty of finding counsel to litigate the case…." *In re Buckner*, 350 B.R. 874, 881 (Bankr.D.Idaho 2005). Here, the risk of not prevailing and nonpayment were substantial. The cases were complicated, entailing a sophisticated asset protection scheme. Further, the Estate had no money to pay an attorney. The only possibility for payment was to prevail and recover money for the Estate. Because of this, it is

extremely unlikely that any attorney would have undertaken representation at a standard hourly rate;

b. Novelty and complexity of issues: there is no doubt that the issues were complex. The case involved numerous entities, trusts and individuals and the Debtor had engaged counsel to plan a sophisticated asset protection plan. It was a substantial, complex and risky undertaking to attempt to unwind that plan. It also involved complex legal issues such as substantive consolidation and jurisdictional/removal issues;

c. Special skills and experience of counsel: The undersigned and his Firm regularly engage, on a contingency basis, with Chapter 7 Trustees in complicated cases such as this one and have obtained excellent results for Trustees;

d. Quality of representation and results obtained: The professionals recovered over $1.7 million for the Estate, the bulk of which came from assets that were either not disclosed by Debtor or not claimed as property of the Estate;

e. Time and labor required: The undersigned's Firm invested over 1100 hours into this matter as well as fronting expenses. Waller & Womack worked closely with the undersigned on all aspects of the litigation;

f. Preclusion of other employment: The undersigned and his Firm forewent other employment at standard hourly rates in order to accept

representation of the Estate in this matter on a contingency basis. The undersigned could have spent such time on standard hourly matters where there would have been no risk of nonpayment;

g. Customary fee: A 40% contingency fee is a standard rate for these types of cases in the Bankruptcy Court for the District of Montana, especially in complex cases such as this one where the risk of not prevailing is substantial;

h. The amount involved: The amount involved was substantial. Further, given the litigious nature of Debtor, it was a near certainty that any recovery would require substantial time and expense;

i. The undesirability of the case: Given the complex nature of the case and the amount of time and expense required for any recovery, and the risk, the case was substantially undesirable. This is especially true at a normal hourly rate. Indeed, the undersigned's Firm would not have undertaken the representation at a standard hourly rate and it is doubtful that any other attorney would have either;

j. Nature and length of professional relationship with client: The undersigned's firm regularly represents Joseph Womack as the Trustee of bankruptcy estates and has done so for many years; and

k. Awards in similar cases: The undersigned's Firm has had numerous 40% contingency fees approved in this District and numerous other firms have had such contingency fees awarded.

9. It is my understanding that Mr. Womack is working on his application for Trustee Fees and Expenses and a "pro forma" distribution analysis, as requested by the Court and that Mr. Womack will submit those documents, as well as his time statements, when those documents are ready.

I declare under penalty of perjury that the foregoing is true and correct.

Executed October 11, 2018, in Bozeman, MT.

/s/ Trent M. Gardner

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury that on October 11, 2018, a copy of the foregoing pleading was served (i) by electronic means pursuant to LBR 9013-1(d)(2) on the parties noted in the Court's ECF transmission facilities and/or (ii) by mail on the following parties: None.

                                                                                                 */s/Trent M. Gardner*
                                                                                                  Trent M. Gardner
                                                                                                  Attorneys for Trustee Joseph V. Womack